UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | Criminal No. 21-552 DLF |
| | : | |
| **KENNETH JOSEPH OWEN THOMAS,** | : | |
| | : | |
| **Defendant.** | : | |

### UNITED STATES' UNOPPOSED MOTION TO CONTINUE AND TO EXCLUDE TIME UNDER THE SPEEDY TRIAL ACT AND MOTION TO CONTINUE STATUS HEARING

The United States of America hereby moves this Court for an approximate 60-day continuance of the status conference set for July 6, 2022, and to exclude the time within which the trial must commence under the Speedy Trial Act, 18 U.S.C. § 3161 *et seq.*, on the basis that the ends of justice served by taking such actions outweigh the best interest of the public and the defendant in a speedy trial pursuant to the factors described in 18 U.S.C. § 3161(h)(7)(A), (B)(i), (ii), and (iv) from the date this Court enters an Order on this motion through and including the date of the next hearing. In support of its motion, the Government states as follows:

### FACTUAL BACKGROUND

As this Court is aware, Defendant in this case is charged via indictment with 18 U.S.C. § 231(a)(3), Obstruction of Law Enforcement During Civil Disorder; 18 U.S.C. § 1512(c)(2), 2; Obstruction of Justice; 18 U.S.C § 111(a), Assaulting, Resisting, or Impeding Certain Officers or Employees (with physical contact); 18 U.S.C. § 1752(a)(1), (2), and (4), Knowingly Entering or Remaining in any Restricted Building or Grounds Without Lawful Authority, Disorderly and Disruptive Conduct in a Restricted Building or Grounds; Knowingly Committing an Act of Physical Violence in any Restricted Building or Grounds; 40 U.S.C. § 5104(e)(2)(D) and (F),

Violent Entry and Disorderly Conduct in the Capitol Grounds or Buildings and engaging in an Act of Physical Violence in the Capitol Grounds or Buildings. The Government seeks a continuance for the following reasons: (1) the United States has provided the majority of individualized discovery to Defendant, though it continues to provide global discovery generated from other sources; (2) although previously provided in global discovery, the government has found additional individual video of the Defendant on January 6, 2021 which it plans to provide to the defendant in the coming days; (3) with review of discovery ongoing, and in an attempt to resolve this matter pretrial, the United States had intended to provide a plea to the defendant since the last status conference, but has not yet done so; (4) the Government would also like to provide the defendant with a plea agreement for him to consider; and (5) in the event that plea negotiations prove to be unsuccessful and taking into account the exercise of due diligence, the Defendant and the Government will need reasonable time necessary to prepare for trial.

      To date, the Government has provided significant relevant individualized discovery to counsel. The Government is also continuing to provide global discovery in the form of evidence from other charged defendants' devices, social media accounts, and other sources which have not yet been identified or examined. Defense counsel and Defendant have and continue to review the individual and global discovery in this matter. Thus, the Government seeks additional time to disclose discovery, allow counsel time to review and consider that discovery, and to make a plea offer that Defendant should have adequate time to consider and that could result in an agreeable plea that would preserve judicial resources.

## ARGUMENT

Section 3161(h) of the Speedy Trial Act sets forth certain periods of delay which the Court must exclude from the computation of time within which a trial must commence. As is relevant to this motion for a continuance, pursuant to subsection (h)(7)(A), the Court must exclude:

> Any period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

18 U.S.C. § 3161(h)(7)(A). This provision further requires the Court to set forth its reasons for finding that that any ends-of-justice continuance is warranted. *Id.* Subsection (h)(7)(B) sets forth a non-exhaustive list factors that the Court must consider in determining whether to grant an ends-of-justice continuance, including:

> (i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.
>
> (ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.
> . . .
>
> (iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. § 3161(h)(7)(B)(i)(ii) and (iv). Importantly, "[i]n setting forth the statutory factors that justify a continuance under subsection (h)(7), Congress twice recognized the importance of

adequate pretrial preparation time." *Bloate v. United States*, 559 U.S. 196, 197 (2010) (*citing* §3161(h)(7)(B)(ii), (B)(iv)).  Finally, an interests-of-justice finding is within the discretion of the Court.  *See, e.g., United States v. Rojas-Contreras*, 474 U.S. 231, 236 (1985); *United States v. Hernandez*, 862 F.2d 17, 24 n.3 (2d Cir. 1988).

In this case, an ends-of-justice continuance is warranted under 18 U.S.C. § 3161(h)(7)(A) based on the factors described in 18 U.S.C. § 3161(h)(7)(B)(i)(ii) and (iv).  The need for a reasonable time to organize, produce, and review voluminous discovery is among multiple pretrial preparation grounds that Courts of Appeals have routinely held sufficient to grant continuances and exclude the time under the Speedy Trial Act.  *See, e.g., United States v. Bikundi*, 926 F.3d 761, 777-78 (D.C. Cir. 2019).  The Government would also like to provide additional individual discovery and extend a plea offer to Defendant and give him an adequate amount of time to consider and accept or reject the offer. Accordingly, the ends of justice served by granting a request for a continuance outweigh the best interest of the public and Defendant in a speedy trial.

Government counsel notified Defendant's counsel of the filing of this motion, and he consents on behalf of his client to the motion.

WHEREFORE, the Government respectfully requests that this Court grant the motion to continue the Status Hearing set for July 6, 2022 and for an approximate additional 60 days from the date this Court enters an Order on this motion through and including the date of the next hearing on September 20, 2022 at 11:00 a.m., and that the Court exclude the time within which the trial must commence under the Speedy Trial Act, 18 U.S.C. § 3161 *et seq*., on the basis that the ends of justice served by taking such actions outweigh the best interest of the public and Defendant in a speedy trial pursuant to the factors described in 18 U.S.C. § 3161(h)(7)(A), (B)(i), (ii), and (iv).

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
DC Bar No. 481052


By: /s/ *Jennifer M. Rozzoni*
JENNIFER M. ROZZONI
NM Bar No. 14703
Assistant United States Attorney - Detailee
United States Attorney's Office
203 3rd Street, Suite 900
Albuquerque, New Mexico 87102
Tel. No. 505-350-6818
Email: jennifer.m.rozzoni@usdoj.gov