UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | |
| : | Criminal No. 21-552 DLF |
| KENNETH THOMAS, : | |
| : | |
| Defendant. : | |

**UNITED STATES' MOTION IN LIMINE TO PRECLUDE IMPROPER DEFENSE ARGUMENTS AND EVIDENCE ABOUT LAW ENFORCEMENT**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby requests that the Court issue an order precluding defendant Kenneth Joseph Thomas from any of the following: (1) arguing any entrapment by estoppel defense related to law enforcement; (2) offering evidence or argument concerning any claim that by allegedly failing to act, law enforcement made the defendant's entry into the United States Capitol building or grounds or their conduct therein lawful; or (3) arguing or presenting evidence of alleged inaction by law enforcement unless the defendant specifically observed or was otherwise aware of such conduct.

**I.   This Court Should Preclude the Defendant from Arguing Entrapment by Estoppel.**

Defendant Thomas should be prohibited from making arguments or attempting to introduce evidence that law enforcement gave him permission to enter in and remain on restricted Capitol Grounds. "To win an entrapment-by-estoppel claim, a defendant criminally prosecuted for an offense must prove (1) that a government agent actively misled him about the state of the law defining the offense; (2) that the government agent was responsible for interpreting, administering, or enforcing the law defining the offense; (3) that the defendant actually relied on the agent's misleading pronouncement in committing the offense; and (4) that the defendant's reliance was

reasonable in light of the identity of the agent, the point of law misrepresented, and the substance of the misrepresentation." *United States v. Chrestman*, 525 F. Supp. 3d 14, 31 (D.D.C. 2021) (emphasis added) (quoting *United States v. Cox*, 906 F.3d 1170, 1191 (10th Cir. 2018)).

In *Chrestman*, this Court rejected an entrapment by estoppel argument raised by a January 6th defendant charged with, *inter alia*, violations of 18 U.S.C. §§ 1512(c)(2), 1752(a)(1) and (b)(1)(A) and 1752(a)(2) and (b)(1)(A). Although *Chrestman* involved an argument that former President Trump gave the defendant permission to enter the Capitol building, the reasoning in *Chrestman* applies equally to an argument that a member of law enforcement gave permission to the defendant to enter the Capitol building. As the Court explained in *Chrestman*, "*Cox* unambiguously forecloses the availability of the defense in cases where a government actor's statements constitute 'a waiver of law' beyond his or her lawful authority." *Chrestman*, 525 F. Supp. 3d at 32 (quoting *Cox v. Louisiana*, 379 U.S. 559, 569 (1965)).

Just as "no President may unilaterally abrogate criminal laws duly enacted by Congress as they apply to a subgroup of his most vehement supporters," no member of law enforcement could use his authority to allow individuals to enter the Capitol building during a violent riot, and after "obvious police barricades, police lines, and police orders restricting entry at the Capitol" had already been put in place by the United States Capitol Police and the Secret Service. *Id*. at 32. Indeed, the Court determined in another January 6, 2021 case that, "the logic in *Chrestman* that a U.S. President cannot unilaterally abrogate statutory law applies with equal force to government actors in less powerful offices, such as law enforcement officers protecting the U.S. Capitol Building." *United States v. Williams*, No. 21-cr-377-BAH, ECF No. 87 at *2 (D.D.C. June 8, 2022).

Even if defendant Thomas could establish that a member of law enforcement told him that it was lawful to enter in and remain on restricted Capitol Grounds or allowed him to do so,

2

defendant's reliance on any such statement would not be reasonable in light of the "obvious police barricades, police lines, and police orders restricting entry at the Capitol." *Chrestman*, 525 F. Supp. 3d at 32. Moreover, defendant Thomas' actions belie any argument that he actually relied on any such statement by law enforcement when he unlawfully remained on restricted Capitol grounds. In numerous officers' body worn camera from January 6, Thomas is observed ignoring the officers' repeated admonishments to push back and retreat from restricted areas. Rather than obey their orders, Thomas taunts and, on a number of occasions, assaults those officers. Indeed, in the minutes that follow two of Thomas' assaults of MPD officers, Thomas can be seen and heard on the body worn camera of one of the officer-victims. For example, in the image below, Thomas can be seen in the tan jacket assaulting the officer wearing the body worn camera at 15:30:49 PM.



Approximately three minutes later, Thomas can be seen and heard from the same officer's body worn camera, yelling the following:



15:33:32: "Police stand down!"
15:33:34: "We want freedom! We want peace!"
15:33:36: "Police stand down!"
15:33:39: "This is our house!"

Accordingly, defendant Thomas should be prohibited from arguing that his conduct was lawful because law enforcement allegedly told him it was.

    II.    **This Court Should Preclude Defendant Thomas from Arguing that Alleged Inaction by Law Enforcement Officers Made Their Conduct on January 6, 2021 Legal.**

In addition to prohibiting any defense arguments that law enforcement actively communicated to the defendant that entering in and remaining on restricted Capitol Grounds was lawful, the Court should also bar defendant Thomas from arguing that any failure to act by law enforcement rendered his conduct legal. The same reasoning that applied in *Chrestman* again applies here. That is, like the Chief Executive, a Metropolitan Police Officer or Capitol Police Officer cannot "unilaterally abrogate criminal laws duly enacted by Congress" through his or her purported inaction. *Chrestman*, 525 F. Supp. 3d at 33. An officer cannot shield an individual from liability for an illegal act by failing to enforce the law or ratify unlawful conduct by failing to prevent it. Indeed, another the Court expressly reached that conclusion in *Williams* earlier this year. *See Williams,* No. 21-cr-377-BAH, ECF No. 87 at *3 ("Settled caselaw makes clear that law

officer inaction—whatever the reason for the inaction—cannot sanction unlawful conduct."). It should apply the same principle in this case. Accordingly, defendant Thomas should be prohibited from arguing that his conduct was lawful because law enforcement officers allegedly failed to prevent it or censure it when it occurred.

### III. This Court Should Preclude Defendant Thomas from Arguing or Presenting Evidence of Alleged Inaction by Law Enforcement Officers Unless He Specifically Observed or Was Otherwise Aware of Such Conduct.

The government acknowledges that the conduct of law enforcement officers may be relevant to defendant Thomas' state of mind on January 6, 2021. However, unless he shows that, at the relevant time, he specifically observed or was otherwise aware of some alleged inaction by law enforcement, such evidence is irrelevant to his intent. Federal Rule of Evidence 401 states that evidence is relevant if it "has any tendency to make a fact more or less probable … and the fact is of consequence in determining the action." Fed. R. Evid. 401. Here, if defendant Thomas was not aware of law enforcement's alleged inaction at the time of his entry onto restricted Capitol Grounds (or at the time they committed the other offenses charged in the Second Superseding Indictment), any alleged inaction would have no bearing on the defendant's state of mind and therefore would not meet the threshold for relevance. Again, the Court adopted the same reasoning in granting an analogous motion *in limine* in *Williams*. *See Williams*, No. 21-cr-377-BAH, ECF No. 87 at *3-4. The Court should reach the same conclusion in this case and should exclude testimony and evidence of any alleged inaction by the police as irrelevant, except to the extent defendant Thomas shows that he specifically observed or was aware of the alleged inaction by the police when he committed the offenses charged in the Second Superseding Indictment.

2

## CONCLUSION

For the reasons set forth herein, the United States respectfully requests that this Court preclude improper argument or evidence related to entrapment by estoppel, that law enforcement's alleged inaction rendered the defendant's actions lawful, and any evidence or argument relating to alleged inaction by law enforcement except to the extent that the defendant specifically observed or were otherwise aware of such conduct at the relevant time.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

By:  */s/ Samantha R. Miller*
SAMANTHA R. MILLER
Assistant United States Attorney
New York Bar No. 5342175
United States Attorney's Office
For the District of Columbia
601 D Street, NW 20530
Samantha.Miller@usdoj.gov

*/s/ Sean P. McCauley*
SEAN P. MCCAULEY
Assistant United States Attorney
NY Bar No. 5600523
United States Attorney's Office
601 D Street NW
Washington, DC 20530
Sean.McCauley@usdoj.gov