UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>KENNETH JOSEPH OWEN THOMAS,<br><br>*Defendant.* | No. 21-cr-552 (DLF) |

## PROPOSED VOIR DIRE

### Case-Specific Events

1. Do any of you live or work at or near the U.S. Capitol?

2. Do you or someone you know have a direct or indirect connection to the events that occurred at the U.S. Capitol on January 6, 2021?

3. Have you followed the news about the events that took place at the U.S. Capitol on January 6, 2021?

4. Have you heard or seen anything in the news or elsewhere about Kenneth Joseph Owen Thomas, the defendant in this case, or about anyone else who was present at the Capitol on January 6, 2021?

5. Does anyone have such strong feelings or opinions about the events that took place at the U.S. Capitol on January 6, 2021 that it would make it difficult for you to serve as a fair and impartial juror in this case?

6. Some of the charged offenses include allegations of assault and engaging in physical violence.  Do you have strong feelings about those charges that would make it difficult for you to render a fair and impartial verdict if you are chosen as a juror?

7. As you sit here, do you have an opinion about Mr. Thomas's guilt or innocence in this case?

**Eligibility**

8. Do you no longer live in the District of Columbia?

**Individuals Involved in the Proceedings**

9. The Government in this case is represented by AUSAs Samantha Ritvo Miller and Sean Patrick McCauley. The defendant, Kenneth Joseph Owen Thomas, is represented by John M. Pierce. Mr. Thomas resides in Ohio. Do you know any of these people?

10. *[Each side will introduce its witnesses by name, general area of residence, and employment.]* Do you know any of the witnesses who have been introduced to you?

11. If I could ask that you take a minute and look at the other potential jurors: do you recognize or think that you know any of the other potential jurors in the panel?

12. The Courtroom Deputy is Jonathan Hopkins and the court reporter is Sara Wick. My law clerks are sitting on either side of me. Do you know me or any member of my staff?

**Presumption of Innocence/Instructions**

13. The government bears the burden of proving Mr. Thomas guilty beyond a reasonable doubt, and he is presumed innocent unless and until the government meets that burden. This burden of proof never shifts to Mr. Thomas, and he has no obligation to offer his own evidence. Would you have any difficulty or hesitation with respecting this allocation of the burden of proof?

14. A defendant has a constitutional right not to testify, and if Mr. Thomas decides not to testify, I will instruct you that you cannot hold his silence against him in any way. Would you have any difficulty following that instruction?

15. Jurors are the sole judges of the facts, but they must follow the principles of law as I instruct. The jury may not follow some rules of law and ignore others.  And even if the jury disagrees or dislikes a rule of law, or does not understand the reasons for some of the rules, it is the jury's duty to follow them.  Do you have any personal beliefs that would make it difficult to follow my legal instructions, whatever they may be?

16. If you are selected as a juror in this case, I will instruct you to avoid all media coverage relating to this case, including radio, television, podcasts, social media, and other Internet sources.  That is, you will be forbidden from reading any newspaper articles about this case, listening to any radio or podcast stories about this case, or watching any TV news about this case.  You will also be forbidden from Googling this case, or blogging, tweeting, reading, or posting comments about this case on social media sites or anywhere else on the Internet.  Do you have any reservations or concerns about your ability or willingness to follow this instruction?

17. I will be instructing the jury at the end of the trial that the testimony of a police officer should be treated the same as the testimony of any other witness and that the jury should not give either greater or lesser weight to the testimony of a witness simply because that witness is a police officer.  Does anyone have such strong feelings or opinions about the police – either positive or negative – that would make it difficult for you to be a fair and impartial juror in the case?

**Experience with the Justice System**

18. *[The next three questions relate to you, members of your immediate family, and close personal friends.]* Does anyone in this group now work for, or previously worked for, any law-enforcement agency? This includes any police department in or outside the District, and it includes special police officers, as well as prosecutors' offices, such as the U.S. Attorney's Office, a State Attorney's Office. It also includes federal law enforcement agencies like the Department of Justice, the FBI, the Secret Service, the Department of Homeland Security, and the U.S. Park Police. And it includes any local police or sheriffs' departments.

19. Has any member of that group ever attended law school, worked as a lawyer, or worked in a law office?

20. Has any member of that group ever been arrested for, charged with, or convicted of a crime or been a victim of or witness to a crime?

21. Have any of you had an experience as a juror that would affect your ability to be a fair and impartial juror in this trial?

**Hardship and Catch-All**

22. We expect the presentation of evidence in this case to conclude early next week. After the close of the evidence, the jury will deliberate until it reaches a decision. Would serving as a juror in this case be an extreme hardship to you? And by this I mean extreme. Serving on a jury is often inconvenient. What I'm asking whether serving on this jury would be very difficult for you.

23. Do you have any health or physical problems that would make it difficult to serve on this jury?

24. The witnesses in this case will be testifying behind Plexiglas without their masks on, so that the jury can assess their demeanor and credibility. Would any of you be uncomfortable with the attorneys, and myself, taking our masks down when we're speaking? We are all vaccinated.

25. Do you have any difficulty reading, speaking, or understanding English?

26. My final question is what I call my "catch-all question." This asks whether there is any other reason that I have not asked about that might make it difficult for you to sit fairly, impartially, and attentively as a juror. Perhaps you have a religious, moral, or philosophical reason, or strong personal or political beliefs, that you believe would make it hard for you to be a fair and impartial juror. In sum, is there some reason that I have not already mentioned that would make it difficult for you to sit as a fair and impartial juror in this case?