UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CASE NO. 1:21-cr-00552 (DLF) |
| v. | : | |
| | : | |
| KENNETH JOSEPH OWEN THOMAS, | : | |
| | : | |
| Defendant. | : | |

**GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S
MOTION TO SUPPRESS OUT OF COURT IDENTIFICATION**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully opposes Defendant Kenneth Joseph Owen Thomas's Motion to Suppress Out of Court Identification. ECF No. 61.

**INTRODUCTION**

Defendant's boilerplate motion—which appears to take aim at some "procedure" purportedly used by the government to identify defendants in January 6 cases writ large—must be denied because it ignores the basic facts of this case, facts that have been available since the complaint was unsealed on May 25, 2021. *See* ECF No. 1-1 (also available at https://www.justice.gov/usao-dc/case-multi-defendant/file/1398806/download). In the Statement of Facts supporting the arrest of defendant Thomas, the government specifically noted that a third party "neighbor" had identified defendant Thomas after the FBI's issued a "be on the lookout" (BOLO) for AFO 214. *Id.* at 9; *see also* Photograph #214 – AFO, "Capitol Violence Images" FBI.com (*available at* https://www.fbi.gov/wanted/capitol-violence-images/214arrested.png/view). The BOLO, which contained a photograph of an unknown individual and stated, "[t]he FBI is seeking to identify individuals involved in the riots at the U.S. Capitol on January 6, 2021, including those who assaulted federal law enforcement officers." *Id.*

1

It then listed a toll-free number and website where tips could be given. There was nothing suggestive about this information, as it was provided generally to the public with no reference to Thomas. Furthermore, defendant Thomas also independently self-identified as AFO 214 in this post on a public chat group on Telegram:



*Figure 1*

Thus, defendant's assertion that "the identification of Kenneth Thomas . . . were [sic] performed by some Government staff with absolutely no knowledge of Thomas whatsoever" is plainly incorrect. . Because the out-of-court identifications of the defendant are sufficiently reliable to be admissible, and because the procedure used to identify the defendant was not "'impermissibly suggestive," the Court should deny defendant's motion. *See, e.g., Manson v. Brathwaite*, 432 U.S. 98, 113-117 (1977); *United States v. Rattler*, 475 F.3d 408, 411 (D.C. Cir. 2007) (quoting *Washington*, 12 F.3d 1128, 1134 (D.C. Cir. 1994)).

## RESPONSE

### RELEVANT FACTUAL BACKGROUND

As described in this case's Statement of Facts (ECF No. 1-1), on February 5, 2021, the FBI issued a BOLO for an individual, identified as AFO 214, who assaulted officers at the Capitol on January 6, 2021. ECF No. 1-1 at 8-9. The BOLO used the following photograph obtained from

open-source January 6 news coverage:



Figure 2

*Id.* at 9.

By April 22, 2021, the FBI had received approximately 15 tips regarding the identity of AFO 214, some of which identified individuals other than the defendant as the person depicted in AFO 214.  *Id.*  Upon receiving the conflicting identifications, FBI analysts and law enforcement investigators queried, among other things, driver's license information, criminal history convictions, and publicly available social media profiles of the approximately 15 individuals whose names were submitted as possibly being the person depicted in AFO 214.  *Id.*  In many cases a law enforcement officer directly contacted the tipster for further information regarding the person depicted in AFO 214.  *Id.*  After investigating the tips regarding the identity of AFO 214 other than Thomas, FBI determined that no further investigatory action was needed because the physical characteristics of many of the individuals associated with the tips did not match the known physical characteristics of AFO 214.  *Id.*

However, one of those tips, received on February 8, 2021, was from an individual who identified himself as having lived in the same town as defendant Thomas [.]" *Id.*  Based on a link the tipster provided to defendant's Facebook page, the FBI was able to access the then-public Facebook page of "Joe Thomas," where the defendant had posted photographs in which he is in

Washington, D.C. on January 6 wearing identical clothing and glasses as the individual in the BOLO:



*Figure 3*



*Figure 4*

Then, on February 12, 2021, the FBI interviewed that tipster, who, again, confirmed his relationship with the defendant and who, again, positively identified AFO 214 as defendant Thomas in a number of images taken in and around the U.S. Capitol on January 6, 2021. The tipster also noted he was Facebook friends with the defendant and had seen the defendant post a "selfie-style video" on the steps of the Capitol. The tipster further noted that he had seen other videos the defendant had posted to Facebook of himself from January 6, 2021, including one where the defendant was "yelling at police officers, on the steps of the Capitol, [his language] trying to incite a fight." The tipster also stated that he had talked with the defendant after viewing the videos, and the defendant had confirmed his presence on Capitol Grounds, but had denied his involvement in any illegal activity.

In addition, on November 20, 2022, posting as "K Joseph 'Pi Anon' Thomas", the defendant self-identified in a public Telegram chat, writing that "my number on the fbi most wanted list" is "(AFO#214)." Notably, defendant Thomas continues to operate a nearly identical Telegram page, with a similar user name, wherein he recently posted local news coverage from where he lives in northern Ohio referencing the instant filings:[1]

---

[1] *See* https://t.me/s/Pi_An0n.



*Figure 6*

**LEGAL PRINCIPLES**

The admissibility of identification evidence is governed by "fairness as required by the Due Process Clause." *United States v. Rattler*, 475 F.3d 408, 411 (D.C. Cir. 2007) (citing *Manson*, 432 U.S. at 113). In determining the admissibility of a witness's out-of-court identification, courts employ a two-step process. *Id.* First, the Court must determine "whether the identification procedure 'was impermissibly suggestive.'" *Id.* (quoting *United States v. Washington*, 12 F.3d 1128, 1134 (D.C. Cir. 1994)). If not, the inquiry ends and the out-of-court identification is admissible. *See id.*

If a court finds that the identification procedure was, in fact, impermissibly suggestive, the court must then decide whether, under the totality of the circumstances, the identification was nevertheless "sufficiently reliable to preclude 'a very substantial likelihood of irreparable misidentification.'" *Id.* (quoting *Manson*, 432 U.S. at 116). This second step "involves a balancing test in which courts weigh the degree of suggestiveness against the strength or weakness of factors indicating reliability." *United States v. Williams*, 507 F. Supp. 3d 181, 201 (D.D.C. 2020) (citing *Manson*, 432 U.S. at 114). To make this reliability determination, courts consider at least

6

the following factors: "the opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of his prior description of the criminal, the level of certainty demonstrated at the confrontation, and the time between the crime and the confrontation." *Manson*, 432 U.S. at 114. Identification evidence should not be suppressed unless "'the indicators of a witness' ability to make an accurate identification' are 'outweighed by the corrupting effect of law enforcement suggestion.'" *Perry v. New Hampshire*, 565 U.S. 228, 239 (2012) (alterations omitted) (quoting *Manson*, 432 U.S. at 114). In other words, "[i]f the identification is reliable despite its suggestiveness, it is admissible." *United States v. Thompson*, 1990 U.S. Dist. LEXIS 653, *1-3 (D.D.C. Jan. 23, 1990) (citing *Manson*, 432 U.S. at 114).

In applying this two-step inquiry, courts considering a motion to suppress identification evidence generally place the burden first on the defendant to demonstrate that the identification procedure was impermissibly suggestive. *See United States v. Jones*, 689 F.3d 12, 17 (1st Cir. 2012); *United States v. Washam*, 468 F. App'x 568, 576-77 (6th Cir. 2012); *United States v. Mendoza*, 401 F. App'x 739, 741 (4th Cir. 2010). If the defendant meets this burden, the government then bears the burden of demonstrating, under the totality of the circumstances, that the challenged identification is sufficiently reliable. *See id*.

An in-court identification by a witness of a defendant "need be excluded only if the [underlying] out-of-court identification was impermissibly suggestive." *Thompson*, 1990 U.S. Dist. LEXIS 653, at *5-6 (citing *United States v Bruner,* 657 F.2d 1278, 1294 (D.C. Cir. 1981)). If an underlying out-of-court identification was not suppressed as unduly suggestive and unreliable, subsequent in-court identification relying on the same basis must not be suppressed either. *Id.* Courts' "decisions, however, turn on the presence of state action and aim to deter police from rigging identification procedures, for example, at a lineup, showup, or photograph array."

7

*See Perry v. New Hampshire*, 565 U.S. 228, 232–33 (2012).  But, "[i]f an out-of-court statement is held inadmissible, any subsequent in-court identification by the same witness will be barred, unless the prosecution can show an independent, untainted source of the in-court identification." *United States v. Lawson*, 410 F.3d 735, 739 n.3 (D.C. Cir. 2005) (citing *United States v. Wade*, 388 U.S. 218, 241 (1967)).

## ARGUMENT

Here, the third party out-of-court identification of defendant Thomas by the tipster was not suggestive at all, let alone "'impermissibly suggestive.'"  *United States v. Rattler*, 475 F.3d 408, 411 (D.C. Cir. 2007) (quoting *Washington*, 12 F.3d 1128, 1134 (D.C. Cir. 1994)).  The FBI publicly issued a BOLO for AFO 214; the tipster saw it and responded to the BOLO through the FBI's tip website.  The tipster's tip positively identified defendant Thomas as the individual depicted in the BOLO as AFO 214, and briefly described his personal relationship with the defendant.

Then, the FBI interviewed the identifying tipster.  During the interview, the tipster discussed his relationship with the defendant, and his review of a number of videos and images the defendant had posted on his Facebook account depicting the defendant's riotous activities on January 6.  The tipster also told the FBI about conversations he had had with the defendant following January 6, including the defendant's presence on Capitol Grounds on that date.  Finally, the tipster also, again, positively identified the defendant in additional images from January 6, and proactively provided the FBI with additional links to materials the defendant had posted of himself on January 6 to Facebook.

Moreover, the defendant confirmed his identity as AFO #214 in a public message on Telegram: "While [the Sedition Hunters] were 'scouring' the internet in an attempt to identify me

8

they gave me the code-name #TanOnCamo.  I think I'm gonna get it as a tattoo. [face with tears of joy emoji] **Along with my number on the fbi most wanted list (AFO#214)."**  (Emphasis added).

In this motion, the defendant posits that "the identification of Kenneth Thomas out of thousands of hours of surveillance and private video recordings were [sic] performed by some Government staff with absolutely no knowledge of Thomas whatsoever."  *See* ECF No. 61 at 7. He is plainly mistaken: as the case-specific discovery makes abundantly clear, the defendant was identified by a third party who personally knew him, personally observed the defendant's extensive postings to social media of his riotous activities on January 6, and heard firsthand from the defendant that he was at the Capitol on January 6, 2021.  Not only was the FBI's identification procedure not suggestive, most of the identifying witness's knowledge was derived from sources other than the government (including the defendant himself).  Because a due process violation requires governmental action that results in an unduly suggestive identification procedure and no such procedure occurred here, the inquiry therefore ends here, and the out-of-court identification is admissible.  *See Rattler*, 475 F.3d at 411.  Furthermore, defendant's own admission on Telegram will corroborate this out-of-court identification.[2]  For these reasons, the defendant's motion is

---

[2] Defendant Thomas delivered a speech to a caravan of individuals traveling together to the rally in Washington, D.C. and subsequently gave an interview to the press in the early morning hours of January 6, 2021 identifying himself as "Pi Anon" and wearing the same clothes as AFO #214. ECF No. 1-1 at 2.  In a video clip of the interview, which the defendant posted to YouTube (as user "Joseph Thomas"), Pi Anon describes his intent to go the District of Columbia later that day. *Id*.  This and other publicly available information, most of it supplied by the defendant himself on social media platforms, allowed another tipster, who had no personal knowledge of the defendant, to positively identity AFO #214 as Thomas and share it with the FBI.  *Id*. at 10-15.  Although this second tipster will not testify, the evidence upon which this conclusion was based will be presented to the finder of fact and, even without an identification witness, there will be sufficient circumstantial evidence in the record to positively identify the defendant as AFO #214 beyond a reasonable doubt.  This wealth of identifying information therefore corroborates the identifications and eliminates any chance of misidentification in this case.

frivolous and should be denied.

## CONCLUSION

Based on the above, the government respectfully requests that defendant's motion be denied because he has provided no basis whatsoever for suppression.

        Respectfully submitted,

        MATTHEW M. GRAVES
        United States Attorney
        D.C. Bar No. 481052

By:   */s/ Samantha R. Miller*
        SAMANTHA R. MILLER
        Assistant United States Attorney
        New York Bar No. 5342175
        United States Attorney's Office
        601 D Street, NW
        Washington, DC 20530
        Samantha.Miller@usdoj.gov

        SEAN P. MCCAULEY
        Assistant United States Attorney
        NY Bar No. 5600523
        United States Attorney's Office
        601 D Street NW
        Washington, DC 20530
        Sean.McCauley@usdoj.gov