UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | Case No. 1:21-cr-00552 (DLF) |
| : | |
| KENNETH JOSEPH OWEN THOMAS, : | |
| : | |
| Defendant. : | |

**GOVERNMENT'S RESPONSE IN OPPOSITION TO
DEFENDANT'S MOTION TO "EXCLUDE FALSEHOODS"**

The United States of America opposes Defendant Kenneth Joseph Owen Thomas's motion to "exclude falsehoods about police officers." ECF 60. In a filing that is replete with falsehoods, conjecture, and baseless accusations of malfeasance, the defendant moves to preclude the government from using the word "deadly" to describe the events of January 6, 2021, at the United States Capitol, to further preclude the mention of the names of any of the law enforcement officers who died in the wake of the events of that day, and to place the government "on notice that he may call the D.C. Chief Medical Examiner [Francisco] Diaz as a witness" if the government does include such information during in its case against the defendant. ECF 60 at 1. For the reasons stated below, the court should find that evidence about any death that occurred in connection with January 6 is irrelevant to this case and deny the defendant's request to call the Chief Medical Examiner.

**RESPONSE**

**BACKGROUND**

The government has set forth thorough statements of the facts that gave rise to this case numerous times. *See* ECF 1; *see also* ECF 57 - ECF 59. The government again relies on those detailed statements of fact. However, the brief facts of this case are that, on January 5, 2021, the defendant led a "MAGA Caravan" to Washington, D.C., from Alabama. On January 6, 2021, he attended the

1

"Stop the Steal" rally at the Ellipse before marching to the Capitol. The defendant breached the secure perimeter around the Capitol mounted the stairs and scaffolding on the West Front before confronting officers on the Upper West Terrace. At approximately 3:30pm, the defendant assaulted numerous police officers as they attempted to hold the line against rioters who were advancing towards the entrances to the Capitol. At approximately 4:30pm, the defendant again assaulted multiple police officers on the Upper West Terrace as they were attempting to clear rioters from the Terrace and Capitol Grounds. In connection with his actions on January 6, 2021, the defendant was arrested on May 25, 2021, and, by a second superseding indictment that was filed against on him on December 14, 2022, the grand jury has charged the defendant with twelve counts, including, *inter alia*, Disorderly Conduct During a Civil Disorder in violation of 18 U.S.C. § 231(a)(3) and five counts of Assaulting, Resisting of Impeding Certain Officers in violation of 18 U.S.C. § 111(a)(1). At no point during this case, whether in a filing or on the record, has the government either referred to the events of January 6, 2021, at the United States Capitol as "deadly" or referred obliquely or specifically to any of the law enforcement officers who died in the hours, days, and months after January 6, 2021. The government does so only now as a result of the defendant's callous filing of the instant motion, which is little more than a thinly veiled means to traffic in conspiracy theories.

## ARGUMENT

**I.     Testimony or evidence about any death that occurred in connection with January 6 is irrelevant to the case against the defendant.**

   ***A. The Government has no intention of introducing evidence or soliciting testimony about the evidence that the defendant seeks to preclude.***

At this time, the government has no intention of seeking testimony about or introducing other evidence about the deaths of any law enforcement or civilian that occurred during or in the wake of the riot at the United States Capitol on January 6, 2021. Such evidence is irrelevant.  Evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the

evidence; and the fact is of consequence in determining the action." Fed. R. Evid. 401. "The general rule is that relevant evidence is admissible," *United States v. Foster*, 986 F.2d 541, 545 (D.C. Cir. 1993), and the relevance of evidence is examined under a "liberal" standard, *United States v. Moore*, No. 18-cr-198, 2022 WL 715238, at *2 (D.D.C. Mar. 10, 2022). "[T]he law permits the prosecution considerable latitude to strike 'hard blows' based on the evidence and all reasonable inferences therefrom." *United States v. Rude*, 88 F.3d 1538, 1548 (9th Cir. 1996) (*quoting United States v. Baker*, 10 F.3d 1374, 1415 (9th Cir. 1993)). When a prosecutor's comments fairly characterize the offense, fairly characterize the defendant's conduct, and represent fair inferences from the evidence, they are not improper. *Cf. Rude*, 88 F.3d at 1548.

Even with this broad standard that favors inclusion rather than exclusion, *Foster*, 986 F.2d at 545, in this case, evidence about any of the deaths that occurred in connection with the events of January 6 is irrelevant to the case against the defendant. *Rude*, 88 F.3d at 1548. Unlike in other cases, where the defendants were near or engaged with law enforcement officers who subsequently died, *see*, *e.g.*, *United States v. Julian Khater*, No. 1:21-cr-222, the defendant in this case engaged with no such officers and was not, to the government's present knowledge, even in the same areas as any of those officers. The defendant is charged with and his trial will be about his particular conduct on January 6. Therefore, any information that is not relevant to the defendant's specific conduct on that day is not admissible, to include evidence about any of the resulting deaths. For that reason, the government does not, at this time, plan to seek any evidence or testimony about any of the tragic deaths that occurred in connection with that day at the United States Capitol.

> **B.  *The defendant should similarly be precluded from soliciting testimony about or seeking to introduce evidence of any of the deaths connected to January 6.***

With not a whisper of irony, the defendant seeks to preclude the government from introducing evidence of any of the law enforcement officers who died in the wake of January 6 while in nearly

the same breath introducing evidence about civilians who died. *See* ECF 60 at 2-3. The defendant then goes a step further and seeks to introduce evidence about rioters other than the defendant, who have no connection to the defendant, and who were injured during the riot. *Id.* By framing his motion in this way, the defendant is seeking to make his trial not about his specific actions on January 6 but instead as a means by which he may peddle in conjecture and conspiracy about the tragic events that day.[1] As with any evidence about law enforcement officers who died following the riot, evidence about civilians who died or were injured during the riot is irrelevant to this case.

As stated above, evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence; and the fact is of consequence in determining the action." Fed. R. Evid. 401. The defendant was not in the vicinity of any of the three civilians whom he names in his motion. In fact, the defendant was in a completely different part of the Capitol Complex. Such information is irrelevant as it makes no fact about the defendant's specific case more or less probable. *Id.* Therefore, the defendant should be precluded from soliciting testimony about or introducing other evidence of the deaths of any civilian that occurred January 6.

**II.    The defendant's request to call the Chief Medical Examiner for the District of Columbia should be denied as moot.**

For the reasons stated above, testimony or other evidence about *any* death that occurred in connection with or in the time following January 6, 2021, is not relevant and the court should thus exclude it. Therefore, the defendant's request to call the Francisco Diaz, the Chief Medical Examiner for the District of Columbia, should be denied as moot.

---

[1] "The fact that January 6, 2021, occurred and then the suicides occurred does not support any causal relationship between one and the other. […] Nor is there the slightest common sense or rationality to the suggestion. During the months following January 6, 2021, while the police were celebrated and honored nationwide, the only possible scenario one can imagine for any connection is a dark motivation we would not be able to say in polite company. We can only think it." Defendant's Motion, ECF 60 at 14.

## **CONCLUSION**

For these reasons, the court should find that evidence about any death that occurred in connection with January 6 is irrelevant to this case and deny the defendant's request to call the Chief Medical Examiner.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney DC
Bar No. 481052

*/s/ Samantha R. Miller*
SAMANTHA R. MILLER
Assistant United States Attorney
New York Bar No. 5342175
United States Attorney's Office
For the District of Columbia
601 D Street, NW 20530
Samantha.Miller@usdoj.gov


SEAN P. McCAULEY
Assistant United States Attorney
NY Bar No. 5600523
United States Attorney's Office
601 D Street NW
Washington, DC 20530
Sean.McCauley@usdoj.gov