UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | CASE NO. 1:21-cr-00552 (DLF) |
| v. : | |
| : | |
| KENNETH JOSEPH OWEN THOMAS, : | |
| : | |
| Defendant. : | |

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S
MOTION TO DISMISS CERTAIN COUNTS FOR MULTIPLICITY**

The United States of America respectfully submits this opposition to Defendant Kenneth Joseph Owen Thomas's Motion to Dismiss Certain Counts for Multiplicity. ECF No. 65. The Court should deny his motion because, as numerous courts in this district have already found, the defendant's arguments are meritless.

**RESPONSE**

**BACKGROUND**

Based on his actions on January 6, 2021, the defendant was charged on December 13, 2022, in a Second Superseding Indictment ("SSI") (ECF No. 49), with Obstruction of Law Enforcement During a Civil Disorder and Aiding and Abetting, in violation of 18 U.S.C. §§ 231(a)(3) (Count 1); Obstruction of an Official Proceeding and Aiding and Abetting, in violation of 18 U.S.C. §§ 1512(c)(2) and 2 (Count 2); five felony counts related to Assaulting, Resisting, or Impeding Certain Officers in violation of 18 U.S.C. §§ 111(a)(1) (Counts 3, 4, 5, 6, and 7); three felony counts relating to disorderly conduct and violence in a restricted building or grounds, in violation of 18 U.S.C. § 1752(a)(1), (2), and (4) (Counts 8, 9, and 10); and, two misdemeanor counts relating to disorderly conduct and violence in a Capitol building or grounds, in violation of 40 U.S.C. § 5104(e)(2)(D) and (F). ECF No. 49. A trial is scheduled to commence on May 15, 2023.

1

**ARGUMENT**

One of the arguments defendant makes in this particular motion—that Counts 3 through 7, the assault counts brought under 18 U.S.C. 111(a), are multiplicitous because "they the same criminal charges . . . [and] they involve the same actions alleged to have been done by Thomas at the same time, in one continuous motion" (ECF No. 65 at 1, 13-14)—is the subject of entirely separate motion, which the defendant filed on the same day as this one: ECF No. 63. Because the government has separately responded to that motion, it will not re-address that issue in this response. Instead, the government incorporates by reference herein its response to ECF No. 63.

Otherwise, the defendant argues generally that certain counts of the SSI allege precisely the same conduct and therefore violate Double Jeopardy. *Id.* at 12. The defendant also appears to argue generally that the charges in the indictment are vague and, therefore, fail to state an offense. *Id.* at 3 ("The operative Second Superseding Indictment . . . contains no allegations of facts whatsoever."), 14 ("2That is particularly true when the problem obviously arises from the Government's own tactics of being vague . . . the Government has followed its abuses of withholding specific facts supporting the charges . . . it made the choice to be vague."). Further, the defendant appears to argue that his conduct is not covered by the charged offenses. *Id.* at 7-8. And finally, defendant urges that many of the counts are multiplicitous because they are the "same crime or lesser-included offenses" of the same crime. *Id.* at 16-20.

Numerous judges in this district have denied motions to dismiss on nearly identical bases as those levied by the defendant, finding these very same arguments meritless. *See, e.g., United States v. Reffitt*, No. 21-cr-32 (D.D.C. Dec. 29, 2021), ECF No. 81 (denying motion to dismiss 18

2

U.S.C. 1512(c)(2) charge).[1] Indeed, Judge Berman Jackson issued a lengthy, thoughtful ruling on a number of these same counts and arguments one month ago. *See generally United States v. Gray*, No. 21-0495, ECF No. 71 (January 26, 2023). This Court should follow suit and deny the defendant's motion.

I. **The Second Superseding Indictment Is Sufficient Because It Tracks the Statutory Language and Includes All Elements Necessary for Each Offense.**

The defendant's general assertion that the SSI is somehow impermissibly vague because it "contains no allegations of facts whatsoever" demonstrates a misunderstanding of the purpose of an indictment and the low bar an indictment must clear to satisfy the Federal Rules of Criminal

---

[1] *See generally United States v. Williams*, No. 21-cr-618, 2022 WL 2237301 (D.D.C. June 22, 2022); *see also United States v. Rodriguez*, No. CR 21-cr-246, 2022 WL 3910580 (D.D.C. Aug. 31, 2022); Order, *United States v. Black,* Case No. 21-cr-127 (D.D.C. July 26, 2022); *United States v. Sandlin*, 575 F. Supp. 3d 16, 21–34 (D.D.C. 2021); *United States v. Caldwell*, 581 F. Supp. 3d 1, 10–34 (D.D.C. 2021); *United States v. Mostofsky*, 579 F. Supp. 3d 9, 24–27 (D.D.C. 2021); *United States v. Montgomery*, 578 F. Supp. 3d 54, 61–87 (D.D.C. 2021); *United States v. Nordean*, 579 F. Supp. 28, 41–54 (D.D.C. 2021); *United States v. McHugh*, 583 F. Supp. 3d 1, 11–23 (D.D.C. 2022), *recons. denied*, No. 21-cr-453 (JDB), 2022 WL 1302880, at *2–13 (D.D.C. May 2, 2022); *United States v. Grider*, 585 F. Supp. 3d 21, 27–34 (D.D.C. 2022), *recons. denied*, No. 21-cr-22 (CKK), 2022 WL 3016775, at *3–8 (D.D.C. July 29, 2022); *United States v. Bozell*, Case No. 21-cr-216 (JDB), 2022 WL 474144, at *1–7 (D.D.C. Feb. 16, 2022); *United States v. Robertson*, 588 F. Supp. 3d 114, 119–124 (D.D.C. 2022), *recons. denied*, No. 21- cr-34 (CRC), 2022 WL 2438546, at *1–8 (D.D.C. July 5, 2022); *United States v. Andries*, No. 21-cr-93 (RC), 2022 WL 768684, at *3–17 (D.D.C. Mar. 14, 2022); *United States v. Puma*, 596 F. Supp. 3d 90, 96–115 (D.D.C. 2022); *United States v. Bingert*, Case No. 21-cr-91 (RCL), 2022 WL 1659163, at *3–11, *12–15 (D.D.C. May 25, 2022); *United States v. Fitzsimons*, Case No. 21- cr-158 (RC), 2022 WL 1698063, at *3–13 (D.D.C. May 26, 2022); *United States v. Rhodes*, No. 22-cr-15 (APM), 2022 WL 2315554, at *13–14 (D.D.C. June 28, 2022); *United States v. Robertson*, No. 21-cr-34 (CRC), 2022 WL 2438546, at *1–5 (D.D.C. July 5, 2022); *United States v. Rhodes*, No. 22-cr-15 (APM), 2022 WL 3042200, at *2–4, 6 (D.D.C. Aug. 2, 2022); *United States v. Brock*, No. 21-140 (JDB), 2022 WL 3910549, at *2–5 (D.D.C. Aug. 31, 2022); *United States v. Hale-Cusanelli*, No. 21-cr-37 (TNM), 2022 WL 4300000, at *1 (D.D.C. Sept. 19, 2022); *United States v. Weeks*, No. 21-247 (TFH), 2022 WL 9296415, at *3–6 (D.D.C. Oct. 14, 2022); *United States v. Gillespie*, No. CR 22-60 (BAH), 2022 WL 17262218, at *3–6 (D.D.C. Nov. 29, 2022); *United States v. Nordean*, No. CR 21-175 (TJK), 2022 WL 17583799, at *15 (D.D.C. Dec. 11, 2022); *United States v. Sheppard*, No. CR 21-203 (JDB), 2022 WL 17978837, at *2–4 (D.D.C. Dec. 28, 2022); *United States v. Gossjankowski*, No. CR 21-0123 (PLF), 2023 WL 130817, at *7–10 (D.D.C. Jan. 9, 2023).

Procedure and the Constitution. ECF No. 65 at 3-8, 14 ("That is particularly true when the problem obviously arises from the Government's own tactics of being vague . . . the Government has followed its abuses of withholding specific facts supporting the charges . . . it made the choice to be vague.").

As the D.C. Circuit explained in *United States v. Haldeman*, 559 F.2d 31 (D.C. Cir. 1976), "[a]lthough an indictment must in order to fulfill constitutional requirements apprise the defendants of the essential elements of the offense with which they are charged, neither the Constitution, the Federal Rules of Criminal Procedure, nor any other authority suggests that an indictment must put the defendants on notice as to every means by which the prosecution hopes to prove that the crime was committed." *Id.* at 124. Indeed, "the validity of an indictment 'is not a question of whether it could have been more definite and certain.'" *United States v. Verrusio*, 762 F.3d 1, 13 (D.C. Cir. 2014) (quoting *United States v. Debrow*, 346 U.S. 374, 378 (1953)). "While detailed allegations might well have been required under common-law pleading rules, . . . they surely are not contemplated by Rule 7(c)(1), which provides that an indictment 'shall be a plain, concise, and definite written statement of the essential facts constituting the offense charged.'" *Id.* at 110.

As a mere notice pleading, an indictment is sufficient if it "contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend." *United States v. Resendiz-Ponce*, 549 U.S. 102, 108 (2007); *Haldeman*, 559 F.2d at 123 ("The validity of alleging the elements of an offense in the language of the statute is, of course, well established."). Only in the rare case where "guilt depends so crucially upon . . . a specific identification of fact" not included in the statutory language will an indictment that restates the statute's language be insufficient. *Haldeman*, 559 F.2d at 125 (quoting *Russell v. United States*,

4

369 U.S. 749, 764 (1962)).  Indeed, dismissal of an indictment "is granted only in unusual circumstances," because "a court's 'use [of] its supervisory power to dismiss an indictment . . . directly encroaches upon the fundamental role of the grand jury.'" *Id.* at 148 (quoting *Whitehouse v. U.S. Dist. Court*, 53 F.3d 1349, 1360 (1st Cir. 1995)).

Applying these principles, courts in this District have upheld the sufficiency of indictments far less specific than the defendant's.  For example, in *United States v. Apodaca*, 275 F. Supp. 3d 123 (D.D.C. 2017), the defendants were charged with offenses under 18 U.S.C. § 924(c).  The indictments provided only "general detail as to the places where the offenses were committed: namely, Mexico and the United States."  *Id.* at 154.  As to the "when" of the offenses, the indictments alleged that the offenses had occurred over a two- and nine-year period.  *Id.*  Finally, the indictments "d[id] not specify a particular weapon that was possessed," or "specify whether the firearms were 'used, carried or brandished'" under the statute.  *Id.*  Nonetheless, the indictments were sufficient.

These principles have also been applied to uphold indictments in this District nearly identical to the second superseding indictment herein.  In *United States v. Sargent,* Judge Hogan rejected a similar challenge by a defendant charged with violations of 18 U.S.C. § 111(a)(1), 18 U.S.C. § 1752(a)(1), 18 U.S.C. § 1752(a)(2), 18 U.S.C. § 1752(a)(4), and 40 U.S.C. § 5104(e)(2)(F) arising from the defendant's conduct at the U.S. Capitol on January 6, 2021.  No. 21-CR-258, 2022 WL 1124817, at *3 (D.D.C. Apr. 14, 2022).  As Judge Hogan stated, the issue presented was "a narrow one": "When viewed on its face and accepting the allegations as true, does the Superseding Indictment allege the elements of the charges sufficiently such that, if proven, a jury could find that Mr. Sargent committed the charged crimes?"  *Id.* at *3.  The court ruled that the indictment cleared this "low bar."  *Id.*  In *United States v. Williams,* Judge Jackson

similarly found that language charging a violation of 18 U.S.C. § 231(a)(3) that largely tracked the statute was sufficiently specific.  No. 21-cr-618, 2022 WL 2237301, at *8 (D.D.C. June 22, 2022).  She observed, "the first paragraph of the indictment comprising Count I sets forth all of the elements of section 231(a)(3). *See* Indictment at 1–2. It thereby enables Williams to prepare a defense and plead that an acquittal or conviction is a bar to future prosecutions." *Id.*  Judge Berman Jackson further noted, "There has been extensive discovery in this case, but in the event there is any lingering confusion about the particular facts underlying the charged offense, the remedy would be a request for a bill of particulars, not dismissal." *Id.*  The charges that passed muster in both *Sargent* and *Williams* are identical to the counts in the SSI here.  *Compare* ECF No. 49 (SSI), *with Sargent*, No. 21-CR-258, ECF No. 32, *Williams*, No. 21-CR-618, ECF No. 27.  The same result should follow.

      Defendant Thomas does not dispute that all of the elements of each offense are properly alleged in the indictment, which, by itself, identifies the criminal conduct with which Thomas is charged.  As in *Sargent* and *Williams*, the SSI provides sufficient information to the defendant to fairly inform him of those offenses:  the defendant knows the exact day on which the alleged crimes occurred: January 6, 2021, which is alleged in all counts; he knows that all charged conduct occurred in this District, from the indictment's allegation; he knows, by their initials in Counts 3 through 7, which officers he is alleged to have assaulted and their place of employment at the time; and five of the counts, Counts 8 through 12, specifically refer to conduct on U.S. Capitol grounds, further narrowing the "where" of the charged crimes.  *See generally* ECF No. 49.  In addition, the statutes charged are not so unusually vague that they require allegations beyond the elements of the offenses.

The defendant appears to take issue with the fact that the indictment does not explain *how* his conduct was disorderly or disruptive, *how* he was physically violent, *how* the defendant allegedly committed or attempted to commit a violation of 18 U.S.C. § 231, or *how* he is alleged to have forcibly assaulted an employee of the United States. *See* ECF No. 49 at 3-8. Judge Berman Jackson aptly responded to this very concern just over one month ago in her denial of a remarkably similar motion to dismiss to defendant's:

> Defendant devotes a considerable portion of his motion to disputing whether the facts set forth in the Statement of Facts in support of the warrant for his arrest are sufficient to establish a violation of section 1512(c)(2) on his part, and he poses several questions about what took place on January 6 and what prompted the evacuation of the House and Senate chambers. But the factual contentions in the motion are misplaced, as none of this bears on the question before the Court: whether the indictment fairly informs the defendant of the offense charged. The government will have to prove each of the elements of the offense beyond a reasonable doubt, including that the defendant attempted to, or did obstruct or impede an official proceeding, that he intended to obstruct or impede the proceedings, and that he acted knowingly and corruptly, and/or that he aided and abetted others in the commission of the offense. Those questions will be up to the jury to decide. The fact that in defendant's view, the government will be unable to carry its burden at the end of the day does not render the indictment defective on its face.

*United States v. Gray,* No. 21-0495, ECF No. 71 at 6, 7 n.1 (January 26, 2023). Indeed, the defendant's "complaint seems to result . . . from a general misunderstanding of the purpose of the indictment and, especially, from an inflated notion of what must be included therein." *Haldeman*, 559 F.2d at 124. As the D.C. Circuit explained in rejecting another identical argument to the defendant's: "Verrusio contends that Count Two of the indictment failed to allege an official act because it failed to say 'how Mr. Verrusio was going to use his position' to help United Rentals . . . . The indictment certainly need not allege precisely how Verrusio contemplated [committing the crime]. Would he do it by himself or ask someone else to do it? Would that someone else be

Colonel Mustard or Professor Plum? With a candlestick or a rope, in the library or the study? Answering those questions is not required at the indictment stage." 762 F.3d at 14-15.

For the same reasons, the defendant's specificity argument fails, and the SSI is plainly sufficient as written.

**II.     None of the Counts of the Indictment are Multiplicitous Because Each has at Least One Element that Another Does Not.**

Although two-thirds of the defendant's motion consists of a generic recitation of legal standards, in the limited portion of the motion where the defendant purports to address his multiplicity allegations, he appears to argue that the government the motion, defendant Thomas asserts that "several counts in the indictment are simply rewordings and variations of other counts but which cite different statutes" and the counts of indictment "expose him to double, and even triple jeopardy for the same alleged acts." (ECF No. 52 at 1, 4.)  Defendant Thomas is incorrect.

A defendant may be convicted of and sentenced under different statutory provisions for multiple offenses arising out of the same single act or course of conduct so long as Congress authorized the imposition of such multiple punishments.  *See United States v. McLaughlin*, 164 F.3d 1, 8 (D.C. Cir. 1998) ("If the legislature intends to impose multiple punishment, imposition of such sentences does not violate Double Jeopardy.").  "To determine multiplicity vel non, courts generally apply the *Blockburger* test:  '[W]here the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not,' i.e., whether either is a lesser included offense of the other."  *United States v. Mahdi*, 598 F.3d 883, 888 (D.C. Cir. 2010) (quoting *United States v. Weathers*, 186 F.3d 948, 951 (D.C. Cir. 1999), and *Blockburger v. United States*, 284 U.S. 299, 304 (1932)).

If the two offenses each require proof of a fact the other does not, then the charges are not multiplicitous.[2] *Id.* at 890. The *Blockburger* "test focuses on the statutory elements of the offense, not on the proof offered in a given case." *United States v. McLaughlin*, 164 F.3d 1, 8 (D.C. Cir. 1998). Thus, it is irrelevant whether there is significant overlap in the factual proof of each count at trial, or even whether two counts "are based upon the exact same set of facts and circumstances," as long as each count's elements require proof of a fact that the others do not. *United States v. Manafort*, 313 F. Supp. 3d 311, 314 (D.D.C. 2018); *see id.* ("[T]he test for multiplicity is not whether two counts are based on the same set of facts; rather, it is whether the statutory elements of the two offenses are the same.").

Here, the defendant's multiplicity arguments fail because each of the offenses charged in the indictment "requires proof of a fact which the other does not." *Blockburger*, 284 U.S. at 304. Thus, the Indictment satisfies *Blockburger*.

Defendant is charged with:

**Count 1**: Civil Disorder, in violation of 18 U.S.C. § 231(a)(3).

The elements of the crime are:

- The defendant knowingly committed or attempted to commit any act to obstruct, impede or interfere with any law enforcement officer;
- The law enforcement officer was lawfully engaged in the lawful performance of his official duties incident to and during the commission of a civil disorder; and
- The civil disorder in any way or degree obstructed, delayed, or adversely affected commerce or the movement of any article or commodity in commerce or the conduct or performance of any federally protected function.

---

[2] On the other hand, if two offenses fail the *Blockburger* test—because one is a lesser-included offense of the other—that is not the end of the inquiry. In that scenario, the "*Blockburger* test . . . provides only a canon of construction, not a 'conclusive presumption of law,'" *id.* at 888 (quoting *Garrett v. United States*, 471 U.S. 773, 779 (1985)), because there "'is nothing in the Constitution which prevents Congress from punishing separately each step leading to the consummation of a transaction which it has power to prohibit and *punishing also the completed transaction.*'" *Id.* (quoting *Garrett*, 471 U.S. at 779) (emphasis in original). Here, the offenses clearly each require proof of a fact the others do not, so it is not necessary to conduct this further analysis.

**Count 2**: Obstruction of an Official Proceeding and Aiding and Abetting, in violation of 18 U.S.C. §§ 1512(c)(2) and (2).

The elements of the crime are:

- The defendant attempted to or did obstruct or impede an official proceeding;
- The defendant intended to obstruct or impede the official proceeding;
- The defendant acted knowingly, with awareness that the natural and probable effect of his conduct would be to obstruct or impede the official proceeding; and
- The defendant acted corruptly.

**Counts 3 through 7**: Assaulting, Resisting, or Impeding Certain Officers, in violation of 18 U.S.C. § 111(a)(1).

The elements of these crimes are:

- The defendant assaulted, resisted, opposed, impeded, intimidated, or interfered with any officer or employee of the United States or of any agency in any branch of the United States Government, as designated in 18 U.S.C. § 1114, or someone assisting officers of the United States;
- The defendant did so forcibly;
- The defendant did so while the officer or employee was engaged in or on account of the performance of official duties; and
- The act involved physical contact with the victim or the intent to commit another felony.

**Count 8**: Entering and Remaining in a Restricted Building or Grounds, in violation of 18 U.S.C. § 1752(a)(1).

The elements of the crime are:

- The defendant entered or remained in a restricted building or grounds without lawful authority to do so; and
- The defendant did so knowingly.

**Count 9**: Disorderly and Disruptive Conduct in a Restricted Building or Grounds, in violation of 18 U.S.C. § 1752(a)(2).

The elements of the crime are:

- The defendant engaged in disorderly or disruptive conduct in, or in proximity to, any restricted building or grounds;
- The defendant did so knowingly, and with the intent to impede or disrupt the orderly conduct of Government business or official functions; and
- The defendant's conduct occurred when, or so that, his conduct in fact impeded or disrupted the orderly conduct of Government business or official functions.

**Count 10**:  Engaging in Physical Violence in a Restricted Building or Grounds, in violation of 18 U.S.C. § 1752(a)(4).

The elements of the crime are:

- The defendant knowingly engaged in any act of physical violence against any
- person or property in any restricted building or grounds.

**Count 11**:  Disorderly Conduct in a Capitol Building, in violation of 40 U.S.C. § 5104(e)(2)(D).

The elements of the crime are:

- The defendant engaged in disorderly or disruptive conduct within the United States Capitol Grounds;
- The defendant did so with the intent to impede, disrupt, or disturb the orderly conduct of a session of Congress or either House of Congress; and
- The defendant acted willfully and knowingly.

**Count 12**:  Act of Physical Violence in the Capitol Grounds or Buildings, in violation of 40 U.S.C. § 5104(e)(2)(F).

The elements of the crime are:

- The defendant engaged in an act of physical violence in the Grounds or any of the Capitol Buildings; and
- The defendant did so willfully and knowingly.

Based on the foregoing elements, none of the counts in the SSI are multiplicitous because each requires proof of a fact that the other does not.

Defendant Thomas argues that the government is improperly prosecuting him for multiple statutory violations based on the same alleged act.  It appears the defendant misunderstands that the *Blockburger* multiplicity analysis refers to the elements of the offenses, not whether a single act could violate multiple statutes. The very premise of *Blockburger* and its progeny is that the "same act or transaction"—here, Thomas's presence and violence at the Capitol and on its Grounds—could form the basis for multiple criminal charges so long as each Count requires proof of a fact that the others do not.  *Mahdi*, 598 F.3d at 888.  That the various counts relate to the

defendant's presence at the Capitol, and his conduct therein, is unsurprising and ordinary. Several defendants involved in the attack on the Capitol have been convicted of and sentenced for some or all of these counts among others. *See, e.g.*, *United States v. Thomas Robertson*, 21-cr-34-CRC; *United States v. Rubenacker*, 21-cr-00193-BAH; *United States v. Guy Reffit*, 21-cr-32-DLF; *United States v. Thomas Webster*, 21-cr-208-APM; *United States v. Nicholas Rodean*, 21-cr-57-TNM; and *United States v. Matthew Bledsoe*, 21-cr-204-BAH.

The defendant uses Counts 9 and 11 as his example to show multiplicity, stating conclusorily that "[d]isorderly conduct in a Capitol building is sufficient" to prove both crimes. ECF No. 65 at 14. Not so. When reviewed side by side, it is quite clear that Count 9 includes an additional element that Count 11 does not: that "defendant's conduct occurred when, or so that, his conduct *in fact impeded or disrupted* the orderly conduct of Government business or official functions." (Emphasis added).

| **Count 9**: Disorderly and Disruptive Conduct in a Restricted Building or Grounds, in violation of 18 U.S.C. § 1752(a)(2). | **Count 11**: Disorderly Conduct in a Capitol Building, in violation of 40 U.S.C. § 5104(e)(2)(D). |
|---|---|
| The elements of the crime are:<br><br>• The defendant engaged in disorderly or disruptive conduct in, or in proximity to, any restricted building or grounds;<br>• The defendant did so knowingly, and with the intent to impede or disrupt the orderly conduct of Government business or official functions; and<br>• The defendant's conduct occurred when, or so that, *his conduct in fact impeded or disrupted* the orderly conduct of Government business or official functions. | The elements of the crime are:<br><br>• The defendant engaged in disorderly or disruptive conduct within the United States Capitol Grounds;<br>• The defendant did so with the intent to impede, disrupt, or disturb the orderly conduct of a session of Congress or either House of Congress; and<br>• The defendant acted willfully and knowingly. |

Whatever the functional similarity the defendant sees in these statutes, charging them neither violates Double Jeopardy nor results in a multiplicitous SSI. That Worrell's conduct on January 6, 2021 has led to multiple related charges is utterly ordinary in a criminal case. Therefore, none of the counts in the SSI are multiplicitous, and the defendant's motion to dismiss on this ground should be rejected.

### III.   No Counts of the Indictment are Lesser-Included Offenses of any Other Counts.

The defendant also contends that (a) Count 2, brought under 18 U.S.C. 1512(c)(2), is a lesser-included offense of Count 9, brought under U.S.C. § 1752(a)(2) and Count 11, brought under 40 U.S.C. § 5104(e)(2)(D) (*see* ECF No. 65 at 16-17), (b) Count 11, brought under 40 U.S.C. § 5104(e)(2)(D), is the "same crime" or a lesser-included offense Count 9, brought under U.S.C. § 1752(a)(2) (*see* ECF No. 65 at 18-19), and (c) Count 10, brought under 18 U.S.C. § 1752(a)(4), is the "same crime and the same facts" as Count 12, Count 12," brought under 40 U.S.C. § 5104(e)(2)(F) (*see* ECF No. 65 at 19-20).

But "one offense is not 'necessarily included' in another unless the elements of the lesser offense are a subset of the elements of the charged offense." *Schmuck v. United States*, 489 U.S. 705, 716 (1989). When, as shown above, each count requires proof of a fact that the other count does not require, neither count can be a lesser-included offense of the other. Defendant Thomas fails the *Schmuck* test, and this Court should deny his motion to dismiss on these grounds.

## **CONCLUSION**

For the foregoing reasons, the Government respectfully requests that defendant Thomas's Motion to Dismiss be denied.

          Respectfully submitted,

          MATTHEW M. GRAVES
          United States Attorney
          D.C. Bar No. 481052

By:   */s/ Samantha R. Miller*
       SAMANTHA R. MILLER
       Assistant United States Attorney
       New York Bar No. 5342175
       United States Attorney's Office
       For the District of Columbia
       601 D Street, NW 20530
       Samantha.Miller@usdoj.gov

       SEAN P. McCAULEY
       Assistant United States Attorney
       New York Bar No. 5600523
       United States Attorney's Office
       For the District of Columbia
       601 D Street, NW 20530
       Sean.McCauley@usdoj.gov