UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>KENNETH JOSEPH OWEN THOMAS,<br><br>*Defendant.* | No. 21-cr-552 (DLF) |

**DEFENDANT KENNETH JOSEPH OWEN THOMAS'S OBJECTION TO CERTAIN JURY INSTRUCTIONS PROPOSED BY THE GOVERNMENT,**

**AND**

**PROPOSED JURY INSTRUCTIONS**

COMES NOW Defendant Kenneth Joseph Owen Thomas ("Defendant" or "Thomas") with this objection to certain jury instructions proposed by the government, with certain proposed jury instructions of his own.

With regard to the charged counts, Thomas has ongoing First Amendment arguments. Thus we object to instructions which compromise our constitutional arguments.

For example, we have constitutional objections to any construction of Section 1752(a)(1) which impinges on a person's First Amendment rights. A report from the Senate Judiciary Committee, drafted in 1970 when Section 1752 was first enacted, says, "explained that the key purpose of the bill was to provide that authority to the Secret Service." The report does mention the need for a federal statute "which specifically authorizes [the Secret Service] to restrict entry to areas where the President maintains temporary residences or offices," S. Rep. No. 91-1252, at 7 (1970). The Capitol is one of America's largest public buildings, with more than a million square feet of walking space.

The report emphasized that the need to protect the President must be balanced against

1

"possible interference with civil liberties," id. Section 1752(a)(1) does not authorize the Secret Service to impose limitless prohibitions regarding proximity to the Vice President. The case of Blair v. City of Evansville, 361 F. Supp. 2d 846 (S.D.In. 2005) held that a person cannot be arrested merely for protesting inside an arbitrary 500-foot zone of protection around the Vice President.

Further, the government's construction of the 'unauthorized entry' statutes violate Article 1, sections 9 & 10 of the US constitution prohibit granting titles of nobility by the federal government. Under the Constitution, no official can be considered untouchable or unapproachable.

Thomas proposes the following:

**ELEMENTS OF THE CHARGED OFFENSES**

**Instruction No. 1: Count 1, Obstructing Officers During a Civil Disorder (18 U.S.C. § 231(a)(3))** Count 1 of the indictment charges the defendant with committing or attempting to commit an act to obstruct, impede, or interfere with law enforcement officers lawfully carrying out their official duties incident to a civil disorder, which is a violation of federal law. The Court will first explain the elements of the substantive offense, along with its associated definitions. Then, the Court will explain how to determine whether the defendant committed or attempted to commit the offense. Elements In order to find the defendant guilty of obstructing officers during a civil disorder, you must find the following **five elements** beyond a reasonable doubt:

**First,** the defendant knowingly committed an act or attempted to commit an act.

**Second**, in committing or attempting to commit that act, the defendant intended to obstruct, impede, or interfere with one or more law enforcement officers.

**Third**, at the time of the defendant's actual or attempted act, the law enforcement officer or officers were engaged in the lawful performance of their official duties incident to and during a civil disorder.

2

**Fourth**, the civil disorder in any way or degree obstructed, delayed, or adversely affected either commerce or the movement of any article or commodity in commerce or the conduct or performance of any federally protected function.

**Fifth**, the defendant's conduct was <u>not</u> protected expression, speech, political advocacy, or petitioning for redress of grievances under the First Amendment.

**Definitions** A person acts "knowingly" if he realizes what he is doing and is aware of the nature of his conduct, and does not act through ignorance, mistake, or accident. In deciding whether the defendant acted knowingly, you may consider all of the evidence, including what the defendant did or said.

The term "civil disorder" means any public disturbance involving acts of violence by groups of three or more persons, which (a) causes an immediate danger of injury to another individual, (b) causes an immediate danger of damage to another individual's property, (c) results in injury to another individual, or (d) results in damage to another individual's property.

The term "commerce" means commerce (A) between any State and any place outside thereof; or (B) between points within any State through any place outside thereof. "Commerce" cannot pertain to commerce wholly within the District of Columbia.

The term "federally protected function" means any function, operation, or action carried out, under the laws of the United States, by any department, agency, or instrumentality of the United States or by an officer or employee thereof.

The term "department" includes executive departments. The Department of Homeland Security, which includes the United States Secret Service, is an executive department.

The term "agency" includes any department, independent establishment, commission, administration, authority, board, or bureau of the United States.

The term "law enforcement officer" means any officer or employee of the United States or the District of Columbia while engaged in the enforcement or prosecution of any criminal laws of

the United States or the District of Columbia, or any person assisting such an officer or employee in the performance of such duties or on account of that assistance.

**Attempt** In Count 1, the defendant is also charged with attempt to commit the crime of obstructing officers during a civil disorder. An attempt to obstruct officers during a civil disorder is a federal crime even if the defendant did not actually complete the crime of obstructing officers during a civil disorder. In order to find the defendant guilty of attempt to commit the crime of obstructing officers during a civil disorder, you must find that the government proved beyond a reasonable doubt each of the following two elements:

**First**, that the defendant intended to commit the crime of obstructing officers during a civil disorder, as I have defined that offense above.

**Second**, that the defendant took a substantial step toward committing the crime of obstructing officers during a civil disorder, which strongly corroborates or confirms that the defendant intended to commit that crime. With respect to the first element of attempt, you may not find the defendant guilty of attempt to commit obstruction during a civil disorder merely because he thought about it. You must find that the evidence proved beyond a reasonable doubt that the defendant's mental state passed beyond the stage of thinking about the crime to actually intending to commit it. With respect to the substantial step element, you may not find the defendant guilty of attempt to commit obstruction during a civil disorder merely because he made some plans to or some preparation for committing that crime. Instead, you must find that the defendant took some firm, clear, undeniable action to accomplish his intent to commit obstruction during a civil disorder. However, the substantial step element does not require the government to prove that the defendant did everything except the last act necessary to complete the crime.

**Instruction No. 2: Count 2, Obstructing an Official Proceeding (18 U.S.C. § 1512(c)(2))**

Count 2 of the indictment charges the defendant with corruptly obstructing an official

4

proceeding, which is a violation of the law. Count 2 also charges the defendant with attempt to obstruct or impede an official proceeding and aiding and abetting others to commit that offense. The Court will first explain the elements of the substantive offense, along with its associated definitions. Then, the Court will explain how to determine whether the defendant attempted the offense and whether the defendant aided and abetted the offense.

**Elements**

In order to find the defendant guilty of corruptly obstructing an official proceeding, you must find that the government proved each of the following **five** elements beyond a reasonable doubt:

**First**, the defendant attempted to or did obstruct or impede an official proceeding.

**Second**, the defendant acted with the intent to obstruct or impede an official proceeding which is currently occurring and which the defendant reasonably believed was aware of the defendant's actions.

**Third**, the defendant acted knowingly, with awareness that the natural and probable effect of his conduct would be to obstruct or impede the official proceeding.

**Fourth**, the defendant acted corruptly.

**Fifth**, the defendant's conduct was not protected speech, expression, advocacy or petitioning for redress of grievances under the First Amendment.

**Definitions** The term "official proceeding" includes a proceeding before the Congress. The official proceeding must be pending or about to be instituted at the time of the offense. The government must prove beyond a reasonable doubt that disrupting the official proceeding was reasonably foreseeable to the defendant.

A person acts "knowingly" if he realizes what he is doing and is aware of the nature of his conduct, and does not act through ignorance, mistake, or accident. In deciding whether the defendant acted knowingly, you may consider all of the evidence, including what the defendant did

5

or said.

To act "corruptly," the defendant must knowingly use unlawful means or act with an unlawful purpose, or both. The defendant must also act with "consciousness of wrongdoing." "Consciousness of wrongdoing" means with an understanding or awareness that what the person is doing is wrong. Not all attempts to obstruct or impede an official proceeding involve acting corruptly. For example, a witness in a court proceeding may refuse to testify by invoking his constitutional privilege against self-incrimination, thereby obstructing or impeding the proceeding, but he does not act corruptly. In contrast, an individual who obstructs or impedes a court proceeding by bribing a witness to refuse to testify in that proceeding, or by engaging in other independently unlawful conduct, does act corruptly. A person does not act corruptly where he reasonably believes his expressive conduct is protected by the First Amendment.

Attempt In Count 2, the defendant is also charged with attempt to commit the crime of obstruction of an official proceeding. An attempt to commit obstruction of an official proceeding is a crime even if the defendant did not actually complete the crime of obstruction of an official proceeding. In order to find the defendant guilty of attempt to commit obstruction of an official proceeding, you must find that the government proved beyond a reasonable doubt each of the following two elements: First, that the defendant intended to commit the crime of obstruction of an official proceeding, as I have defined that offense above. Second, that the defendant took a substantial step toward committing obstruction of an official proceeding which strongly corroborates or confirms that the defendant intended to commit that crime. With respect to the first element of attempt, you may not find the defendant guilty of attempt to commit obstruction of an official proceeding merely because he thought about it. You must find that the evidence proved beyond a reasonable doubt that the defendant's mental state passed beyond the stage of thinking about the crime to actually intending to commit it. With respect to the substantial step element, you may not find the defendant guilty of attempt to commit obstruction of an official proceeding merely

because he made some plans to or some preparation for committing that crime. Instead, you must find that the defendant took some firm, clear, undeniable action to accomplish his intent to commit obstruction of an official proceeding. However, the substantial step element does not require the government to prove that the defendant did everything except the last act necessary to complete the crime. Aiding and Abetting In this case, the government further alleges that the defendant aided and abetted others in committing obstruction of an official proceeding as charged in Count 2.

**Instruction No. 3: Counts 3, 4, 5, 6, 7, Assaulting, Resisting or Impeding Certain Officers (18 U.S.C. § 111(a)(1))**

**Elements** Counts 3, 4, 5, 6, and 7 each charge the defendant with forcibly assaulting, resisting, opposing, impeding, intimidating, or interfering with officer(s) of the United States, or any person(s) assisting such an officer, who were engaged in the performance of official duties, while making physical contact with the person or acting with the intent to commit another felony, which is a violation of federal law. In order to find the defendant guilty of Count 3, you must find that the government proved each of the following **five** elements beyond a reasonable doubt with respect to Officer R.A.; in order to find the defendant guilty of Count 4, you must find that the government proved each of the **five** elements beyond a reasonable doubt with respect to Officer M.N.; in order to find the defendant guilty of Count 5, you must find that the government proved each of the five elements beyond a reasonable doubt with respect to Officer S.A.; in order to find the defendant guilty of Count 6, you must find that the government proved each of the five elements beyond a reasonable doubt with respect to Officer K.V.; and in order to find the defendant guilty of Count 7, you must find that the government proved each of the five elements beyond a reasonable doubt with respect to Officer R.N.

**First,** the defendant assaulted, resisted, opposed, impeded, intimidated, or interfered with an officer of the United States, or any person assisting such an officer.

**Second**, the defendant did such acts forcibly.

7

**Third**, the defendant did such acts voluntarily and intentionally.

**Fourth**, the officer was then engaged in the performance of official duties, or the person was assisting such an officer while such officer was engaged in the performance of official duties.

**Fifth**, the defendant made forceful physical contact with the victim in a way that had a potential to injure or harm the victim, or acted with the intent to commit another felony.

For purposes of this element, "another felony" refers to the offense charged in Count 1 (civil disorder) or Count 2 (obstruction of an official proceeding and aiding and abetting). Definitions The term "forcibly" means that the defendant used force, attempted to use force, or threatened to use force against the officer.

A threat to use force at some unspecified time in the future is not sufficient to establish that the defendant acted forcibly.

The term "assault" means any intentional attempt or threat to inflict injury upon someone else, when coupled with an apparent present ability to do so. A finding that one used force (or attempted or threatened to use it) isn't the same as a finding that he attempted or threatened to inflict injury.

In order to find that the defendant committed an "assault," you must find beyond a reasonable doubt that the defendant acted forcibly and that the defendant intended to inflict or intended to threaten injury. The terms "resist," "oppose," "impede," "intimidate," and "interfere with" carry their everyday, ordinary meanings. The term "intentionally" means that the defendant knowingly, consciously, and voluntarily committed an act which the law makes a crime. This general intent may be inferred from the doing of the act. "Knowingly" has the same meaning I gave you previously.

**Instruction No. 4: Count 8, Entering or Remaining in a Restricted Area or Grounds (18 U.S.C. § 1752(a)(1))**

**Elements**

8

Count 8 of the indictment charges the defendant with entering or remaining in a restricted building or grounds, which is a violation of federal law.

In order to find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

1. First, that the defendant entered or remained in a restricted building or grounds without lawful authority to do so.

2. Second, that the defendant did so while knowing the building or grounds were off-limits to him because the Vice President or the Vice President's immediate family were in the immediate vicinity.

The Secret Service has broad authority to restrict areas from the public where the Vice President and the immediate family of the Vice President may visit or reside. But this authority is not limitless and should not interfere with civil liberties. Under the American constitutional order, no person can have a title of nobility or be immune from criticism, approach, or confrontation.

A person acts "knowingly" if he realizes what he is doing and is aware of the nature of his conduct, and does not act through ignorance, mistake, or accident. In deciding whether the defendant knowingly entered or remained in a restricted building, you may consider all of the evidence, including what the defendant did or said.

**Definitions**

The term "restricted building or grounds" means any posted, cordoned off, or otherwise restricted area of a building or grounds in the precise vicinity where a person protected by the Secret Service is or will be temporarily visiting so long a reasonable person would understand the area is restricted.

The term "person protected by the Secret Service" includes the Vice President and the immediate family of the Vice President.

A person acts "knowingly" if he realizes what he is doing and is aware of the nature of his

9

conduct, and does not act through ignorance, mistake, or accident. In deciding whether the defendant acted knowingly, you may consider all of the evidence, including what the defendant did or said.

**Instruction No. 5: Count 9, Disorderly or Disruptive Conduct in a Restricted Area or Grounds (18 U.S.C. § 1752(a)(2))**

**Elements**

Count 5 of the indictment charges the defendant with disorderly or disruptive conduct in a restricted building or grounds. In order to find the defendant guilty of this offense, you must find that the government proved each of the following four elements beyond a reasonable doubt:

First, that the defendant engaged in disorderly or disruptive conduct in, or in proximity to, any restricted building or grounds.

Second, that the defendant did so knowingly, and with the intent to impede or disrupt the orderly conduct of Government business or official functions.

Third, that the defendant's conduct in fact impeded or disrupted the orderly conduct of Government business or official functions.

Fourth, that the defendant's conduct was not protected speech, advocacy, expression, or petitioning for redress of grievances under the First Amendment.

Definitions

"Disorderly" conduct is that which tends to disturb the public peace, offend public morals, or undermine public safety. For example, disorderly conduct occurs when a person is unreasonably loud and disruptive under the circumstances, or interferes with another person by jostling against or unnecessarily crowding that person.

Conduct is "disruptive" if it interrupts an event, activity, or the normal course of process.

The term "restricted building or grounds" has the same meaning as described in the

10

instructions for Count One.

The term "knowingly" has the same meaning as described in the instructions for Count One.

**Instruction No. 6: Count 10, Engaging in Physical Violence in a Restricted Building or Grounds (18 U.S.C. § 1752(a)(4))**

**Elements**

Count 6 of the indictment charges the defendant with physical violence in a restricted building or grounds. In order to find the defendant guilty of this offense, you must find that the government proved each of the following **two** elements beyond a reasonable doubt: **First**, that the defendant engaged in an act of physical violence against a person or property in, or in proximity to, a restricted building or grounds; and that the defendant engaged in physical violence against a person or property in, or in proximity to, a restricted building or grounds. **Second**, that the defendant did so knowingly that the defendant knew the building/grounds was restricted and that he lacked authority to remain there.

Definitions

The term "physical violence" means any act involving an assault or other infliction of death or bodily harm on an individual, or damage to, or destruction of, real or personal property committed with intent to cause injury or bodily harm.

The terms "knowingly" and "restricted building or grounds" have the same meanings I gave you previously.

**Instruction No. 7: Count 11, Disorderly Conduct in a Capitol Building (40 U.S.C. § 5104(e)(2)(D))**

Count 11 of the indictment charges the defendant with engaging in disorderly and disruptive conduct within the United States Capitol Grounds, which is a violation of federal law.

In order to find the defendant guilty of this offense, you must find that the government

11

proved each of the following elements beyond a reasonable doubt:

First, that the defendant engaged in disorderly or disruptive conduct in any of the United States Capitol Buildings.

Second, that the defendant did so with the intent to impede, disrupt, or disturb the orderly conduct of a session of Congress or either House of Congress.

Third, that the defendant acted willfully and knowingly.

Fourth, that the defendant reasonably knew that a session of either House of Congress was currently ongoing.

Definitions


The term "United States Capitol Buildings" includes the United States Capitol located at First Street, Southeast, in Washington, D.C.

The term "disorderly or disruptive conduct" has the same meaning described in the instructions for Count Two defining "disorderly conduct" and "disruptive conduct."

A person acts "willfully" if he acts with the intent to do something that the law forbids, that is, to disobey or disregard the law. "Willfully" does not, however, require proof that the defendant be aware of the specific law or rule that his conduct may be violating.

The term "knowingly" has the same meaning as that described in the instructions for Count One.


**Additionally, Thomas offers the following proposed jury instructions:**

THREE PROPOSED INSTRUCTIONS: MERE PRESENCE, INDIVIDUALIZED GUILT, AND FIRST AMENDMENT RIGHTS:
We would like to propose a "mere presence" jury instruction along the lines of the 9th Circuit's Criminal Jury instruction 6.10 . (see https://www.ce9.uscourts.gov/jury-instructions/node/387#:~:text=The%20defendant%E2%80%99s%20presence%20may%20be%20c

12

onsidered%20by%20the,been%20instructed%20on%20the%20elements%20of%20the%20crime. )


**Proposed Instruction No. __**

MERE PRESENCE

     Mere presence at the scene of a crime or mere knowledge that a crime is being committed is not sufficient to establish that the defendant committed the crimes of unlawful entry or unlawful picketing and parading. The defendant must be a participant and not merely a knowing spectator. The defendant's presence may be considered by the jury along with other evidence in the case.


**Proposed Instruction No. __**
**Guilt Must be individualized**

     Guilt by association is not allowed under the American Constitution. The determination of guilt must be an individualized matter. Defendant Thomas cannot be convicted of crimes by a mob or group, unless you find beyond a reasonable doubt that Thomas himself committed such crimes.

     The right to associate does not lose all constitutional protection merely because some members of the group may have participated in conduct or advocated doctrine that itself is not protected.

     *N.A.A.C.P. v. Claiborne Hardware Co.*, 458 U.S. 886, 908 (1992); Scales v. United States, 367 U.S. 203, 229 (1961); *Carr v. District of Columbia*, 561 F. Supp. 2d 7, 13 (D.D.C. 2008). See also *Barham v. Ramsey*, 434 F.3d 565, 573 (D.C. Cir. 2006). "Where the standard is probable cause, a search or seizure of a person must be supported by probable cause <u>particularized with respect to that person</u>. This requirement cannot be undercut or avoided by simply pointing to the fact that coincidentally there exists probable cause to search or seize another ...."

**Proposed Instruction No. __**
**First Amendment Rights**

Every United States citizen has the right to petition his or her government, and express ideas and bring their concerns to their legislators. Citizens also have the right to peaceably assemble with others to petition their government.

Dated: March 15, 2023

Respectfully Submitted,

*/s/ John M. Pierce*
John M. Pierce
John Pierce Law
P.C. 21550 Oxnard
Street 3rd Floor
PMB #172
Woodland Hills, CA
91367 P: (213) 349-0054
jpierce@johnpiercelaw.com

**CERTIFICATE OF SERVICE**

  I hereby certify that on March 15, 2023, a true and accurate copy of the forgoing was electronically filed and served through the ECF system of the U.S. District Court for the District of Columbia.

      */s/ John M. Pierce*
      John M. Pierce