**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | **CASE NO. 1:21-cr-00552 (DLF)** |
| v. | : | |
| | : | |
| **KENNETH JOSEPH OWEN  THOMAS,** | : | |
| | : | |
| **Defendant.** | : | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S OBJECTIONS**
**TO PROPOSED VOIR DIRE AND SUBSTANTIVE JURY INSTRUCTIONS**

The United States of America respectfully files this Response to the Defendant's Notice of Objections to the Court's proposed voir dire and substantive jury instructions (ECF No. 77).  For ease of review, the government has attached as Exhibit 1 a redline compare of the Defendant's filing and Exhibit A to the government's Notice of Objections.  ECF No. 76, Ex. A.

**I.   The Government cannot properly respond to the Defendant's blanket objection "to instructions which compromise our constitutional arguments" regarding the Defendant's "First Amendment arguments."**

The government first notes that the Defendant appears to misunderstand that the jury instructions to which the government responded in its Notice of Objections to Proposed Voir Dire and Substantive Jury Instructions (ECF No. 76) were those proposed by *the Court,* not those "proposed by the government."  ECF No. 77 at 1.  In addition, the government notes that it cannot properly respond to the blanket objection set forth in page one of the Defendant's ECF No. 77 because the Defendant did not specifically object to any particular instruction or portion thereof on grounds that those instructions "compromise [Defendant's] constitutional arguments" relating to First Amendment.

**II.** **The Defendant's modifications and deletions are so extensive that the Government respectfully requests a hearing on the matter.**

Because the Defendant's modifications to and deletions from the Court's proposed jury instructions are so extensive, the government submits that a hearing to discuss the Defendant's proposals is necessary.  To that end, and because the Defendant did not do so himself, the government has attached as Exhibit 1 a redline compare of the Defendant's filing and the Court's original proposed instructions, and as Exhibit 2, a redline compare of the Defendant's filing and the government's redline to the Court's instructions, which it had attached as Exhibit A to its Notice of Objections.  ECF No. 76, Ex. A.

*        *        *

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
DC Bar No. 481052

*/s/ Samantha R. Miller*
SAMANTHA R. MILLER
Assistant United States Attorney
New York Bar No. 5342175
United States Attorney's Office
For the District of Columbia
601 D Street, NW 20530
Samantha.Miller@usdoj.gov

SEAN P. MCCAULEY
Assistant United States Attorney
NY Bar No. 5600523
United States Attorney's Office
601 D Street NW
Washington, DC 20530
Sean.McCauley@usdoj.gov

# **Exhibit 1**

1

UNITED STATES OF AMERICA,

v.

KENNETH JOSEPH OWEN THOMAS,

Defendant.

**UNITED STATES DISTRICT COURT -FOR THE DISTRICT OF COLUMBIA**

UNITED STATES OF AMERICA,

v.

KENNETH JOSEPH OWEN THOMAS,

*Defendant.*

No. 21-cr-552 (DLF)

**PROPOSED DEFENDANT KENNETH JOSEPH OWEN THOMAS'S OBJECTION TO CERTAIN JURY INSTRUCTIONS SUBSTANTIVEPROPOSED BY THE GOVERNMENT,**

**AND**

**PROPOSED JURY INSTRUCTIONS**

Style Definition: Normal: Left, Indent: Left: 0", Right: 1.35", Space After: 0.25 pt, Line spacing: Multiple 2.01 li

Style Definition: Heading 1: Left, Right: 0.01", Space After: 12.65 pt

Style Definition: Heading 2

Formatted: Centered, Indent: Left: 0.04", Right: 0.05"

Formatted: Font: 10 pt

Formatted: Left, Indent: Left: 0", Space After: 1.7 pt

Formatted: Space After: 0.15 pt, Line spacing: Multiple 1.08 li, Tab stops: 4.6", Centered + Not at 3.32" + 4.53"

Formatted: Font: 11 pt, Not Bold

Formatted: Left, Indent: Left: 0", Space After: 0 pt

Formatted: No underline, Underline color: Auto

Formatted: No underline, Underline color: Auto

Formatted: Heading 1, Centered, Indent: Left: 0.04", Right: 0.03", Space After: 9.8 pt, Line spacing: single

Formatted: Font: Bookman Old Style, 14 pt

Formatted: Space After: 5.95 pt

Formatted: Footer, Line spacing: single

COMES NOW Defendant Kenneth Joseph Owen Thomas ("Defendant" or "Thomas") with this objection to certain jury instructions proposed by the government, with certain proposed jury instructions of his own.

With regard to the charged counts, Thomas has ongoing First Amendment arguments.  Thus we object to instructions which compromise our constitutional arguments.

For example, we have constitutional objections to any construction of Section 1752(a)(1) which impinges on a person's First Amendment rights.  A report from the Senate Judiciary Committee, drafted in 1970 when Section 1752 was first enacted, says, "explained that the key purpose of the bill was to provide that authority to the Secret Service."  The report does mention the need for a federal statute "which specifically authorizes [the Secret Service] to restrict entry to areas where the President maintains temporary residences or offices," S. Rep. No. 91-1252, at 7 (1970).  The Capitol is one of America's largest public buildings, with more than a million square feet of walking space.

The report emphasized that the need to protect the President must be balanced against

1

2

"possible interference with civil liberties," id.  Section 1752(a)(1) does not authorize the Secret Service to impose limitless prohibitions regarding proximity to the Vice President.  The case of Blair v. City of Evansville, 361 F. Supp. 2d 846 (S.D.In. 2005) held that a person cannot be arrested merely for protesting inside an arbitrary 500-foot zone of protection around the Vice President.

**Formatted:** Footer, Line spacing:  single

Further, the government's construction of the 'unauthorized entry' statutes violate Article 1, sections 9 & 10 of the US constitution prohibit granting titles of nobility by the federal government. Under the Constitution, no official can be considered untouchable or unapproachable.

Thomas proposes the following:

## ELEMENTS OF THE CHARGED OFFENSES

**Instruction No. 1: Count 1, Obstructing Officers During a Civil Disorder (18 U.S.C. § 231(a)(3))**

Count 1 of the indictment charges the defendant with committing or attempting to commit an act to obstruct, impede, or interfere with law enforcement officers lawfully carrying out their official duties incident to a civil disorder, which is a violation of federal law. The Court will first explain the elements of the substantive offense, along with its associated definitions. Then, the Court will explain how to determine whether the defendant committed or attempted to commit the offense.

Elements

In order to find the defendant guilty of obstructing officers during a civil disorder, you must find the following four five **elements** beyond a reasonable doubt:

**First,** the defendant knowingly committed an act or attempted to commit an act.

**Second,** in committing or attempting to commit that act, the defendant intended to obstruct, impede, or interfere with one or more law enforcement officers.

**Third**, at the time of the defendant's actual or attempted act, the law enforcement officer or officers were engaged in the lawful performance of their official duties incident to and during a civil disorder.

2

3

**Fourth**, the civil disorder in any way or degree obstructed, delayed, or adversely affected either commerce or the movement of any article or commodity in commerce or the conduct or performance of any federally protected function.

**Fifth**, the defendant's conduct was not protected expression, speech, political advocacy, or petitioning for redress of grievances under the First Amendment.

**Definitions**

A person acts "knowingly" if he realizes what he is doing and is aware of the nature of his conduct, and does not act through ignorance, mistake, or accident. -In deciding whether the defendant acted knowingly, you may consider all of the evidence, including what the defendant did or said.

The term "civil disorder" means any public disturbance involving acts of violence by groups of three or more persons, which (a) causes an immediate danger of injury to another individual, (b) causes an immediate danger of damage to another individual's property, (c) results in injury to another individual, or (d) results in damage to another individual's property.

The term "commerce" means commerce or travel(A) between one state, including the District of Columbia,any State and any other state, including the District of Columbia.  It also meansplace outside thereof; or (B) between points within any State through any place outside thereof.  "Commerce" cannot pertain to commerce wholly within the District of Columbia.

-The term "federally protected function" means any function, operation, or action carried out, under the laws of the United States, by any department, agency, or instrumentality of the United States or by an officer or employee thereof.

-The term "department" includes executive departments. -The Department of Homeland Security, which includes the United States Secret Service, is an executive department.

————The term "agency" includes any department, independent establishment, commission, administration, authority, board, or bureau of the United States.

The term "law enforcement officer" means any officer or employee of the United States or the District of Columbia while engaged in the enforcement or prosecution of any criminal laws of ~~the United States or the District of Columbia.~~

3

4

the United States or the District of Columbia, or any person assisting such an officer or employee in the performance of such duties or on account of that assistance.

**<u>Attempt</u>**

In Count 1, the defendant is also charged with attempt to commit the crime of obstructing officers during a civil disorder. -An attempt to obstruct officers during a civil disorder is a federal crime even if the defendant did not actually complete the crime of obstructing officers during a civil disorder.

In order to find the defendant guilty of attempt to commit the crime of obstructing officers during a civil disorder, you must find that the government proved beyond a reasonable doubt each of the following two elements:

5

**First**, that the defendant intended to commit the crime of obstructing officers during a civil

disorder, as I have defined that offense above.

**Second**, that the defendant took a substantial step toward committing

the crime of obstructing officers during a civil disorder, which strongly

corroborates or confirms that the defendant intended to commit that crime.

With respect to the first element of attempt, you may not find the

defendant guilty of attempt to commit obstruction during a civil disorder

merely because he thought about it. You must find that the evidence proved

beyond a reasonable doubt that the defendant's mental state passed beyond the

stage of thinking about the crime to actually intending to commit it.

With respect to the substantial step element, you may not find the defendant guilty of

attempt to commit obstruction during a civil disorder merely because he made some plans to or

some preparation for committing that crime. Instead, you must find that the defendant took some

firm, clear, undeniable action to accomplish his intent to commit obstruction during a civil disorder.

However, the substantial step element does not require the government to prove that the defendant

did everything except the last act necessary to complete the crime.

**Instruction No. 2: Count 2, Obstructing an Official Proceeding (18 U.S.C. § 1512(c)(2))**

Count 2 of the indictment charges the defendant with corruptly obstructing an official

proceeding, which is a violation of the law. Count 2 also charges the defendant with attempt to

obstruct or impede an official proceeding and aiding and abetting others to commit that offense.

The Court will first explain the elements of the substantive offense, along with its associated definitions. ~~-~~Then, the Court will explain how to determine whether the defendant attempted the offense and whether the defendant aided and abetted the offense.

**Elements**

In order to find the defendant guilty of corruptly obstructing an official proceeding, you must find that the government proved each of the following ~~four~~five elements beyond a reasonable doubt:

**First**, the defendant attempted to or did obstruct or impede an official proceeding.

**Second**, the defendant acted with the intent to obstruct or impede ~~the~~an official proceeding which is currently occurring and which the defendant reasonably believed was aware of the defendant's actions.

**Third**, the defendant acted knowingly, with awareness that the natural and probable effect of his conduct would be to obstruct or impede the official proceeding.

**Fourth**, the defendant acted corruptly.

**Fifth**, the defendant's conduct was not protected speech, expression, advocacy or petitioning for redress of grievances under the First Amendment.

**Definitions**

The term "official proceeding" includes a proceeding before the Congress. ~~-~~The official proceeding ~~need not~~must be pending or about to be instituted at the time of the offense. ~~If the official proceeding was not pending or about to be instituted, the~~The government must prove beyond a reasonable doubt that disrupting the official proceeding was reasonably foreseeable to the defendant. ~~As used in Count 2, the term "official proceeding" means Congress's Joint Session to certify the Electoral College vote.~~

A person acts "knowingly" if he realizes what he is doing and is aware of the nature of his conduct, and does not act through ignorance, mistake, or accident. -In deciding whether the defendant acted knowingly, you may consider all of the evidence, including what the defendant did ~~or said.~~

5

6

or said.

To act "corruptly," the defendant must knowingly use unlawful means or act with an unlawful purpose, or both. -The defendant must also act with "consciousness of wrongdoing." "Consciousness of wrongdoing" means with an understanding or awareness that what the person is doing is wrong. -Not all attempts to obstruct or impede an official proceeding involve acting corruptly.- For example, a witness in a court proceeding may refuse to testify by invoking his constitutional privilege against self-incrimination, thereby obstructing or impeding the proceeding, but he does not act corruptly. -In contrast, an individual who obstructs or impedes a court proceeding by bribing a witness to refuse to testify in that proceeding, or by engaging in other independently unlawful conduct, does act corruptly. A person does not act corruptly where he reasonably believes his expressive conduct is protected by the First Amendment.

[Formatted: Indent: Left:  -0.01"]

### Attempt

[Formatted: Underline]

In Count 2, the defendant is also charged with attempt to commit the crime of obstruction of an official proceeding. -An attempt to commit obstruction of an official proceeding is a crime even if the defendant did not actually complete the crime of obstruction of an official proceeding.

[Formatted: Footer, Line spacing:  single]

In order to find the defendant guilty of attempt to commit obstruction of

an official proceeding, you must find that the government proved beyond a

reasonable doubt each of the following two elements:

First, that the defendant intended to commit the crime of obstruction of

an official proceeding, as I have defined that offense above.

Second, that the defendant took a substantial step toward committing

obstruction of an official proceeding which strongly corroborates or confirms

that the defendant intended to commit that crime.

With respect to the first element of attempt, you may not find the

defendant guilty of attempt to commit obstruction of an official proceeding

merely because he thought about it. -You must find that the evidence proved

beyond a reasonable doubt that the defendant's mental state passed beyond the

stage of thinking about the crime to actually intending to commit it.

With respect to the substantial step element, you may not find the defendant guilty of

attempt to commit obstruction of an official proceeding merely

6

7

because he made some plans to or some preparation for committing that

crime.- Instead, you must find that the defendant took some firm, clear,

undeniable action to accomplish his intent to commit obstruction of an official

proceeding. -However, the substantial step element does not require the

government to prove that the defendant did everything except the last act

necessary to complete the crime.

Formatted: Footer, Line spacing:  single

**Formatted:** Underline

Aiding and Abetting

**Formatted:** Indent: Left:  -0.01"

In this case, the government further alleges that the defendant aided and abetted others in committing obstruction of an official proceeding as charged in Count 2. A person may be guilty of an offense if he aided and abetted another person in committing the offense.  A person who has aided and abetted another person in committing an offense is often called an accomplice.  The person whom the accomplice aids and abets is known as the principal. It is not necessary that all the people who committed the crime be caught or identified. It is sufficient if you find beyond a reasonable doubt that the crime was committed by someone and that the defendant knowingly and intentionally aided and abetted that person in committing the crime.

In order to find the defendant guilty of obstruction of an official proceeding because he aided and abetted others in committing this offense, you must find the that the government proved beyond a reasonable doubt the following five requirements:

First, that others committed obstruction of an official proceeding by committing each of the elements of the offense charged, as I have explained above.

Second, that the defendant knew that obstruction of an official proceeding was going to be committed or was being committed by others.

Third, that the defendant performed an act or acts in furtherance of the offense.

Fourth, that the defendant knowingly performed that act or acts for the purpose of aiding, assisting, soliciting, facilitating, or encouraging others in committing the offense of obstruction of an official proceeding.

**Formatted:** Footer, Line spacing:  single

Fifth, that the defendant did that act or acts with the intent that others commit the offense of obstruction of an official proceeding.

To show that the defendant performed an act or acts in furtherance of the offense charged, the government needs to show some affirmative participation by the defendant which at least encouraged others to commit the offense.  That is, you must find that the defendant's act or acts did, in some way, aid, assist, facilitate, or encourage others to commit the offense.  The defendant's act or acts need not further aid, assist, facilitate, or encourage every part or phase of the offense charged; it is enough if the defendant's act or acts further aid, assist, facilitate, or encourage only one or some parts or phases of the offense.  Also, the defendant's acts need not themselves be against the law.

In deciding whether the defendant had the required knowledge and intent to satisfy the fourth requirement for aiding and abetting, you may consider both direct and circumstantial evidence, including the defendant's words and actions and other facts and circumstances.  However, evidence that the defendant merely associated with persons involved in a criminal venture or was merely present or was merely a knowing spectator during the commission of the offense is not enough for you to find the defendant guilty as an aider and abetter.  If the evidence shows that the defendant knew that the offense was being committed or was about to be committed, but does not also prove beyond a reasonable doubt that it was the defendant's intent and purpose to aid, assist, encourage, facilitate, or otherwise associate himself with the offense, you may not find the defendant guilty of the obstruction of an official proceeding as an

**Formatted:** Footer, Line spacing:  single

aider and abettor.  The government must prove beyond a reasonable doubt that

the defendant in some way participated in the offense committed by others as

something the defendant wished to bring about and to make succeed.

_____

Formatted: Footer, Line spacing:  single

**Instruction No. 3: Counts 3, 4, 5, 6, 7, Assaulting, Resisting or Impeding Certain**

Officers

**(18 U.S.C. § 111(a)(1))**

**Elements**

Counts 3, 4, 5, 6, and 7 each charge the defendant with forcibly assaulting, resisting, opposing, impeding, intimidating, or interfering with officer(s) of the United States, or any person(s) assisting such an officer, who were engaged in the performance of official duties, while making physical contact with the person or acting with the intent to commit another felony, which is a violation of federal law.

-In order to find the defendant guilty of Count 3, you must find that the government proved each of the following **five** elements beyond a reasonable doubt with respect to Officer R.A.; in order to find the defendant guilty of Count 4, you must find that the government proved each of the **five** elements beyond a reasonable doubt with respect to Officer M.N.; in order to find the defendant guilty of Count 5, you must find that the government proved each of the five elements beyond a reasonable doubt with respect to Officer S.A.; in order to find the defendant guilty of Count 6, you must find that the government proved each of the five elements beyond a reasonable doubt with respect to Officer K.V.; and in order to find the defendant guilty of Count 7, you must find that the government proved each of the five elements beyond a reasonable doubt with respect to Officer R.N.

**First,** the defendant assaulted, resisted, opposed, impeded, intimidated, or interfered with an officer of the United States, or any person assisting such an officer.

**Second,** the defendant did such acts forcibly.

**Third**, the defendant did such acts voluntarily and intentionally.

**Fourth**, the officer was then engaged in the performance of official duties, or the person

was assisting such an officer while such officer was engaged in the performance of official duties.

**Fifth**, the defendant made forceful physical contact with the victim in a way that had a potential to

injure or harm the victim, or acted with the intent to commit another felony.

~~Fifth, the defendant made physical contact with the victim, or acted with the intent to~~
~~commit another felony.~~ For purposes of this element, "another felony" refers to the offense
charged in Count 1

(civil disorder) or Count 2 (obstruction of an official proceeding and

aiding and abetting).

Definitions

The term "forcibly" means that the defendant used force, attempted to use force, or threatened to

use force against the officer.

A threat to use force at some unspecified time in the future is not sufficient to establish that

the defendant acted forcibly.

The term "assault" means any intentional attempt or threat to inflict injury upon someone

else, when coupled with an apparent present ability to do so. A finding that one used force (or

attempted or threatened to use it) isn't the same as a finding that he attempted or threatened to

inflict injury.

In order to find that the defendant committed an "assault," you must find

beyond a reasonable doubt that the defendant acted forcibly and that the

defendant intended to inflict or intended to threaten injury.

The terms "resist," "oppose," "impede," "intimidate," and "interfere"

with" carry their everyday, ordinary meanings.

The term "intentionally" means that the defendant knowingly, consciously, and voluntarily

Formatted: Indent: Left: -0.01"

committed an act which the law makes a crime. -This general intent may be inferred from the doing

of the act. -"Knowingly" has the same meaning I gave you previously. The government does not

have to prove that the defendant knew that the victim was a federal officer, or a person assisting a

federal officer in the performance of official duties.

It is not necessary to show that the defendant knew the person being

forcibly assaulted, resisted, opposed, impeded, intimidated, or interfered with

was, at that time, carrying out an official duty so long as it is established

beyond a reasonable doubt that the person was, in fact, carrying out an official

duty and that the defendant intentionally forcibly assaulted, resisted, opposed,

impeded, intimidated, or interfered with that officer.

Formatted: Footer, Line spacing: single

**Instruction No. 4: Count 8, Entering or Remaining in a Restricted Area or Grounds**

**(18 U.S.C. § 1752(a)(1))**

**Elements**

8

9

Count 8 of the indictment charges the defendant with entering or remaining in a restricted building or grounds, which is a violation of federal law.

In order to find the defendant guilty of this offense, you must find that the government proved each of the following ~~two~~ elements beyond a reasonable doubt:

1.    First, that the defendant entered or remained in a restricted building or grounds without lawful authority to do so.

2.    Second, that the defendant ~~knew that~~did so while knowing the building or grounds ~~was restricted and he knew that he lacked~~were off-limits to him because the ~~lawful~~Vice President or the Vice President's immediate family were in the immediate vicinity.

The Secret Service has broad authority to ~~enter or remain there.~~restrict areas from the public where the Vice President and the immediate family of the Vice President may visit or reside.  But this authority is not limitless and should not interfere with civil liberties.  Under the American constitutional order, no person can have a title of nobility or be immune from criticism, approach, or confrontation.

A person acts "knowingly" if he realizes what he is doing and is aware of the nature of his conduct, and does not act through ignorance, mistake, or accident. In deciding whether the defendant knowingly entered or remained in a restricted building, you may consider all of the evidence, including what the defendant did or said.

16

**Definitions** ⟵ Formatted: Heading 1, Indent: Left:  0.51", Right:  0"

The term "restricted building or grounds" means any posted, cordoned off, or otherwise ⟵ Formatted: Indent: Left:  -0.01"
restricted area of a building or grounds in the precise vicinity where a person protected by the
Secret Service is or will be temporarily visiting. so long a reasonable person would understand the
area is restricted.

-The term "person protected by the Secret Service" includes the Vice President and the ⟵ Formatted: Indent: Left:  -0.01", Space After:  0 pt
immediate family of the Vice President.

The termA person acts "knowingly" hasif he realizes what he is doing and is aware of the
same meaning I gavenature of his
9

17

Formatted: Footer, Line spacing:  single

10

conduct, and does not act through ignorance, mistake, or accident. In deciding whether the defendant acted knowingly, you ~~previously~~may consider all of the evidence, including what the defendant did or said.

---

**Instruction No. 5: Count 9, Disorderly or Disruptive Conduct in a Restricted Area or Grounds (18 U.S.C. § 1752(a)(2))**

**Elements**

Count 5 of the indictment charges the defendant with disorderly or disruptive conduct in a restricted building or grounds. In order to find the defendant guilty of this offense, you must find that the government proved each of the following four elements beyond a reasonable doubt:

~~In order to find the defendant guilty of this offense, you must find that the government proved each of the following three elements beyond a reasonable doubt:~~

First, that the defendant ~~knowingly~~ engaged in disorderly or disruptive conduct in, or in proximity to, any restricted building or grounds.

Second, that the defendant did so knowingly, and with the intent to impede or disrupt the orderly conduct of Government business or official functions.

Third, that the defendant's conduct in fact impeded or disrupted the orderly conduct of Government business or official functions.

Fourth, that the defendant's conduct was not protected speech, advocacy, expression, or petitioning for redress of grievances under the First Amendment.

18

[Formatted: Indent: Left: -0.01", Space After: 0 pt, Line spacing: single, Tab stops: Not at 2.77"]

[Formatted: Font: Not Bold]

[Formatted: Indent: Left: 0.5", Space After: 12.6 pt]

[Formatted: Left, Indent: Left: 0.5", Right: 0", Space After: 12.65 pt]

[Formatted: Font: Bold]

[Formatted: Font: Not Bold]

[Formatted: Heading 1, Indent: Left: 0.51", Right: 0"]

[Formatted: Indent: Left: -0.01"]

[Formatted: Indent: Left: -0.01"]

[Formatted: Indent: Left: -0.01", Space After: 0 pt]

[Formatted: Indent: Left: 0.5", Space After: 12.6 pt, Tab stops: Not at 6.5"]

[Formatted: Indent: Left: -0.01"]

[Formatted: Footer, Line spacing: single]

Definitions

"Disorderly" conduct" is that which tends to disturb the public peace, offend public morals, or undermine public safety.  For example, disorderly conduct occurs when a person acts in such a manner as to cause another person to be in reasonable fear that a person or property in a person's immediate possession is likely to be harmed or taken, uses words likely to produce violence on the part of others, is unreasonably loud and disruptive under the circumstances, or interferes with another person by jostling against or unnecessarily crowding that person.

"Disruptive conduct" Conduct is a disturbance that "disruptive" if it interrupts an event, activity, or the normal course of a process.

The terms term "restricted building or grounds" and "knowingly" have has the same meaning I gave you previously as described in the

10

11

instructions for Count One.

The term "knowingly" has the same meaning as described in the instructions for Count One.

**Instruction No. 6: Count 10, Engaging in Physical Violence in a Restricted Building or Grounds (18 U.S.C. § 1752(a)(4))**

**Elements**

Count 6 of the indictment charges the defendant with physical violence in a restricted building or grounds.

In order to find the defendant guilty of this offense, you must find that the government proved each of the following **two** elements beyond a reasonable doubt:

19

**First**, that the defendant engaged in an act of physical violence against a person or property in, or in proximity to, a restricted building or grounds; and that the defendant engaged in physical

violence against a person or property in, or in proximity to, a restricted building or grounds.

**Second**, that the defendant did so knowingly that the defendant knew the building/grounds was restricted and that he lacked authority to remain there.

Second, that the defendant knew the building/grounds was restricted and that

he lacked authority to remain there.

Definitions

The term "physical violence" means any act involving an assault or other infliction of death

or bodily harm on an individual, or damage to, or destruction of, real or personal property,

committed with intent to cause injury or bodily harm.

The terms "knowingly" and "restricted building or grounds" have the

same meanings I gave you previously.

**Instruction No. 7: Count 11, Disorderly Conduct in a Capitol Building (40 U.S.C. § 5104(e)(2)(D))**

Count 11 of the indictment charges the defendant with engaging in disorderly and disruptive

conduct within the United States Capitol Grounds, which is a violation of federal law.

In order to find the defendant guilty of this offense, you must find that the government

11

12

proved each of the following ~~three~~ elements beyond a reasonable doubt:

First, that the defendant engaged in disorderly or disruptive conduct in <u>any of</u> the United States

Capitol ~~Grounds~~<u>Buildings</u>.

> **Formatted:** Indent: Left:  -0.01", Space After:  12.6 pt, Line spacing:  Multiple 1.08 li

> **Formatted:** Indent: Left:  -0.01"

Second, that the defendant did so with the intent to impede, disrupt, or disturb the orderly

conduct of a session of Congress or either House of Congress, ~~or the orderly conduct of a hearing before or any deliberation of a committee of Congress or either House of Congress.~~.

Third, that the defendant acted willfully and knowingly.

<u>Fourth, that the defendant reasonably knew that a session of either House of Congress was currently ongoing.</u>

Definitions

> **Formatted:** Normal, Indent: Left:  0.5", Right:  0", Space After:  12.6 pt, Line spacing:  Multiple 1.08 li

The term "United States Capitol ~~Grounds~~<u>Buildings</u>" includes the United States Capitol located at

First Street, Southeast, in Washington, D.C.

<u>The term "disorderly or disruptive conduct" has the same meaning described in the instructions for Count Two defining "disorderly conduct" and "disruptive conduct."</u>

> **Formatted:** Indent: Left:  -0.01"

A person acts "willfully" if he acts with the intent to do something that the law forbids, that is, to disobey or disregard the law. "Willfully" does not, however, require proof that the defendant be aware of the specific law or rule that his conduct may be violating.

> **Formatted:** Footer, Line spacing:  single

The ~~term~~term "knowingly~~," "disruptive conduct," and "disorderly conduct" have~~" has the
same ~~meanings I gave you previously.~~meaning as that described in the instructions for
Count

One.

**Additionally, Thomas offers the following proposed jury instructions:**

THREE PROPOSED INSTRUCTIONS: MERE PRESENCE, INDIVIDUALIZED GUILT,
AND FIRST AMENDMENT RIGHTS:
We would like to propose a "mere presence" jury instruction along the lines of the 9th

Circuit's Criminal Jury instruction 6.10 .  (see

https://www.ce9.uscourts.gov/juryinstructions/node/387#:~:text=The%20defendant%E2%80%99s

%20presence%20may%20be%20c

12

13

onsidered%20by%20the,been%20instructed%20on%20the%20elements%20of%20the%20crime. )

~~Proposed~~ Instruction No. ~~8: Count 12, Engaging in Physical Violence in the Capitol
Grounds~~

MERE PRESENCE
Mere presence at the scene of a crime or mere knowledge that a crime is being committed is

not sufficient to establish that the defendant committed the crimes of unlawful entry or unlawful

picketing and parading. The defendant must be a participant and not merely a knowing spectator.

> **Formatted:** Indent: Left:  0.5", Space After:  12.6 pt, Line spacing:  Multiple 1.08 li

> **Formatted:** Font: Not Bold

> **Formatted:** Left, Indent: Left:  -0.01", First line:  0", Right:  0", Space After:  0 pt, Line spacing:  single

> **Formatted:** Footer, Line spacing:  single

Page 23  of of 2727

~~Building (40 U.S.C. § 5104(e)(2)(F))~~

<div align="center">~~Elements~~</div>

~~Count 12 of the indictment charges the defendant with engaging in an~~ ~~act of physical violence in the United States Capitol Grounds or any of the~~ ~~Capitol Buildings, which is a violation of federal law.~~

~~In order to find the defendant guilty of this offense, you must find that~~ ~~the government proved each of the following two elements beyond a~~ ~~reasonable doubt:~~

~~First, that the defendant engaged in an act of physical violence in the United States Capitol~~ ~~Grounds.~~

~~Second, that the defendant acted willfully and knowingly.~~

<div align="center">~~Definitions~~</div>

~~The term "act of physical violence" means any act involving an assault or~~ ~~other infliction or threat of infliction of death or bodily harm on an individual,~~ ~~or damage to, or destruction of, real or personal property.~~

~~The terms "knowingly," "willfully," and "United States Capitol~~ ~~Grounds" have the same meanings I gave you previously.~~

The defendant's presence may be considered by the jury along with other evidence in the case.


**Proposed Instruction No.     Guilt Must be individualized**

Guilt by association is not allowed under the American Constitution. The determination of guilt must be an individualized matter.  Defendant Thomas cannot be convicted of crimes by a mob or group, unless you find beyond a reasonable doubt that Thomas himself committed such crimes.

**Formatted:** Footer, Line spacing:  single

The right to associate does not lose all constitutional protection merely because some members of the group may have participated in conduct or advocated doctrine that itself is not protected.

*N.A.A.C.P. v. Claiborne Hardware Co.*, 458 U.S. 886, 908 (1992); Scales v. United States, 367 U.S. 203, 229 (1961); *Carr v. District of Columbia*, 561 F. Supp. 2d 7, 13 (D.D.C. 2008). See also *Barham v. Ramsey*, 434 F.3d 565, 573 (D.C. Cir. 2006). "Where the standard is probable cause, a search or seizure of a person must be supported by probable cause particularized with respect to that person. This requirement cannot be undercut or avoided by simply pointing to the fact that coincidentally there exists probable cause to search or seize another ...."

**Proposed Instruction No.     First Amendment Rights**

13

14

Every United States citizen has the right to petition his or her government, and express ideas and bring their concerns to their legislators. Citizens also have the right to peaceably assemble with others to petition their government.

Dated: March 15, 2023              Respectfully Submitted,

*/s/ John M. Pierce*
John M. Pierce
John Pierce Law
P.C. 21550 Oxnard
Street 3rd Floor
PMB #172
Woodland Hills, CA 91367
P:     (213)     349-0054
jpierce@johnpiercelaw.com

**Formatted:** Footer, Line spacing:  single

14

25

**Formatted:** Footer, Line spacing:  single

**Formatted:** Centered, Indent: Left:  0.2", Right:  0"

**Formatted:** Left:  0.92", Right:  1.11", Top:  1", Bottom: 1", Header distance from edge:  0.07"

<u>**CERTIFICATE OF SERVICE**</u>

<u>I hereby certify that on March 15, 2023, a true and accurate copy of the forgoing was electronically filed and served through the ECF system of the U.S. District Court for the District of Columbia.</u>

<u>*/s/ John M. Pierce*</u>
<u>John M. Pierce</u>

**Formatted:** Footer, Line spacing:  single

15

**Formatted:** Centered, Indent: Left:  0.2", Right:  0"

**Formatted:** Indent: Left:  -0.01", Tab stops:  3.33", Centered

**Formatted:** Footer, Line spacing:  single

# **Exhibit 2**

1

UNITED STATES OF AMERICA,

v.

KENNETH JOSEPH OWEN THOMAS,

Defendant.

**UNITED STATES DISTRICT COURT -FOR THE DISTRICT OF COLUMBIA**

UNITED STATES OF AMERICA,

v.

KENNETH JOSEPH OWEN THOMAS,

*Defendant.*

No. 21-cr-552 (DLF)

**PROPOSED DEFENDANT KENNETH JOSEPH OWEN THOMAS'S OBJECTION TO CERTAIN JURY INSTRUCTIONS SUBSTANTIVEPROPOSED BY THE GOVERNMENT,**

**AND**

**PROPOSED JURY INSTRUCTIONS**

Style Definition: Normal: Left, Indent: Left: 0", Right: 1.35", Space After: 0.25 pt, Line spacing: Multiple 2.01 li

Style Definition: Heading 1: Left, Right: 0.01", Space After: 12.65 pt

Style Definition: Footnote Text

Formatted: Centered, Indent: Left: 0.04", Right: 0.05"

Formatted: Font: 10 pt

Formatted: Left, Indent: Left: 0", Space After: 1.7 pt

Formatted: Space After: 0.15 pt, Line spacing: Multiple 1.08 li, Tab stops: 4.6", Centered + Not at 3.32" + 4.53"

Formatted: Font: 11 pt, Not Bold

Formatted: Left, Indent: Left: 0", Space After: 0 pt

Formatted: No underline, Underline color: Auto

Formatted: No underline, Underline color: Auto

Formatted: Heading 1, Centered, Indent: Left: 0.04", Right: 0.03", Space After: 9.8 pt, Line spacing: single

Formatted: Font: Bookman Old Style, 14 pt

Formatted: Space After: 5.95 pt

Formatted: Footer, Line spacing: single

COMES NOW Defendant Kenneth Joseph Owen Thomas ("Defendant" or "Thomas") with this objection to certain jury instructions proposed by the government, with certain proposed jury instructions of his own.

With regard to the charged counts, Thomas has ongoing First Amendment arguments.  Thus we object to instructions which compromise our constitutional arguments.

For example, we have constitutional objections to any construction of Section 1752(a)(1) which impinges on a person's First Amendment rights.  A report from the Senate Judiciary Committee, drafted in 1970 when Section 1752 was first enacted, says, "explained that the key purpose of the bill was to provide that authority to the Secret Service."  The report does mention the need for a federal statute "which specifically authorizes [the Secret Service] to restrict entry to areas where the President maintains temporary residences or offices," S. Rep. No. 91-1252, at 7 (1970).  The Capitol is one of America's largest public buildings, with more than a million square feet of walking space.

The report emphasized that the need to protect the President must be balanced against

1

2

"possible interference with civil liberties," id.  Section 1752(a)(1) does not authorize the Secret Service to impose limitless prohibitions regarding proximity to the Vice President.  The case of Blair v. City of Evansville, 361 F. Supp. 2d 846 (S.D.In. 2005) held that a person cannot be arrested merely for protesting inside an arbitrary 500-foot zone of protection around the Vice President.

Formatted: Footer, Line spacing:  single

Further, the government's construction of the 'unauthorized entry' statutes violate Article 1,
sections 9 & 10 of the US constitution prohibit granting titles of nobility by the federal government.
Under the Constitution, no official can be considered untouchable or unapproachable.


Thomas proposes the following:

**ELEMENTS OF THE CHARGED OFFENSES**

**Instruction No. 1: Count 1, Obstructing Officers During a Civil Disorder (18 U.S.C. §
231(a)(3))**

Count 1 of the indictment charges the defendant with committing or
attempting to commit an act to obstruct, impede, or interfere with law
enforcement officers lawfully carrying out their official duties incident to a
civil disorder, which is a violation of federal law. -The Court will first explain
the elements of the substantive offense, along with its associated definitions.
Then, the
Court will explain how to determine whether the defendant committed or
attempted to commit the offense.

Elements

In order to find the defendant guilty of obstructing officers during a civil disorder, you must
find the following ~~four~~five **elements** beyond a reasonable doubt:

**First,** the defendant knowingly committed an act or attempted to commit an act.

**Second,** in committing or attempting to commit that act, the defendant intended to obstruct,
impede, or interfere with one or more law enforcement officers.

3

**Third**, at the time of the defendant's actual or attempted act, the law enforcement officer or

officers were engaged in the lawful performance of their official duties incident to and during a

civil disorder.

2

3

**Fourth**, the civil disorder in any way or degree obstructed, delayed, or adversely affected

either commerce or the movement of any article or commodity in commerce or the conduct or

performance of any federally protected function.

**Fifth**, the defendant's conduct was not protected expression, speech, political advocacy, or

petitioning for redress of grievances under the First Amendment.

**Definitions**

A person acts "knowingly" if he realizes what he is doing and is aware of the nature of his

conduct, and does not act through ignorance, mistake, or accident. -In deciding whether the

defendant acted knowingly, you may consider all of the evidence, including what the defendant did

or said.

The term "civil disorder" means any public disturbance involving acts of violence by groups

of three or more persons, which (a) causes an immediate danger of injury to another individual, (b)

causes an immediate danger of damage to another individual's property, (c) results in injury to

another individual, or (d) results in damage to another individual's property.

The term "commerce" means commerce (A) between any State ~~or the District of Columbia~~

and any place outside thereof; or (B) between points within any State ~~or the District of Columbia,~~

~~but~~ through any place outside thereof~~; or (C).~~  "Commerce" cannot pertain to commerce wholly

within the District of Columbia.

———The term "federally protected function" means any function, operation, or action

carried out, under the laws of the United States, by any department, agency, or instrumentality of

the United States or by an officer or employee thereof.

———The term "department" includes executive departments. -The Department of Homeland

Security, which includes the United States Secret Service, is an executive department.

———The term "agency" includes any department, independent establishment, commission,

administration, authority, board, or bureau of the United States.

The term "law enforcement officer" means any officer or employee of the United States or

the District of Columbia while engaged in the enforcement or prosecution of any criminal laws of

~~3~~

4

the United States or the District of Columbia, or any person assisting such an officer or employee

in the performance of such duties or on account of that assistance.[1]

**Attempt**

In Count 1, the defendant is also charged with attempt to commit the

crime of obstructing officers during a civil disorder. -An attempt to obstruct

officers during a civil disorder is a federal crime even if the defendant did not

actually complete the crime of obstructing officers during a civil disorder.

---

[1] ~~See 18 U.S.C. 1114(a) (definition includes those "assisting such an officer or employee," such as officers from the D.C. Metropolitan Police Department and the Prince George's County Police Department, both of whom were summoned by the U.S. Capitol Police's All Points Bulletin on January 6, 2021).~~

In order to find the defendant guilty of attempt to commit the crime of obstructing officers during a civil disorder, you must find that the government proved beyond a reasonable doubt each of the following two elements:

**First**, that the defendant intended to commit the crime of obstructing officers during a civil disorder, as I have defined that offense above.

**Second**, that the defendant took a substantial step toward committing the crime of obstructing officers during a civil disorder, which strongly corroborates or confirms that the defendant intended to commit that crime.

With respect to the first element of attempt, you may not find the defendant guilty of attempt to commit obstruction during a civil disorder merely because he thought about it. -You must find that the evidence proved beyond a reasonable doubt that the defendant's mental state passed beyond the stage of thinking about the crime to actually intending to commit it.

With respect to the substantial step element, you may not find the defendant guilty of attempt to commit obstruction during a civil disorder merely because he made some plans to or some preparation for committing that crime. -Instead, you must find that the defendant took some firm, clear, undeniable action to accomplish his intent to commit obstruction during a civil disorder. However, the substantial step element does not require the government to prove that the defendant did everything except the last act necessary to complete the crime.

**Instruction No. 2: Count 2, Obstructing an Official Proceeding (18 U.S.C. § 1512(c)(2))**

Count 2 of the indictment charges the defendant with corruptly obstructing an official

4

5

6

proceeding, which is a violation of the law.- Count 2 also charges the defendant with attempt to obstruct or impede an official proceeding and aiding and abetting others to commit that offense. The Court will first explain the elements of the substantive offense, along with its associated definitions. -Then, the Court will explain how to determine whether the defendant attempted the offense and whether the defendant aided and abetted the offense.

**Elements**

In order to find the defendant guilty of corruptly obstructing an official proceeding, you must find that the government proved each of the following ~~four~~five elements beyond a reasonable doubt:

**First**, the defendant attempted to or did obstruct or impede an official proceeding.

**Second**, the defendant acted with the intent to obstruct or impede ~~the~~an official proceeding which is currently occurring and which the defendant reasonably believed was aware of the defendant's actions.

**Third**, the defendant acted knowingly, with awareness that the natural and probable effect of his conduct would be to obstruct or impede the official proceeding.

**Fourth**, the defendant acted corruptly.

**Fifth**, the defendant's conduct was not protected speech, expression, advocacy or petitioning for redress of grievances under the First Amendment.

**Definitions**

The term "official proceeding" includes a proceeding before the Congress. -The official proceeding ~~need not~~must be pending or about to be instituted at the time of the offense. ~~If the official proceeding was not pending or about to be instituted, the~~The government must prove beyond a reasonable doubt that disrupting the official proceeding was reasonably foreseeable to the

defendant. As used in Count 2, the term "official proceeding" means Congress's Joint Session to certify the Electoral College vote.

A person acts "knowingly" if he realizes what he is doing and is aware of the nature of his conduct, and does not act through ignorance, mistake, or accident. In deciding whether the defendant acted knowingly, you may consider all of the evidence, including what the defendant did or said.

5

6

or said.

To act "corruptly," the defendant must knowingly use unlawful means or act with an unlawful purpose, or both. The defendant must also act with "consciousness of wrongdoing." "Consciousness of wrongdoing" means with an understanding or awareness that what the person is doing is wrong. Not all attempts to obstruct or impede an official proceeding involve acting corruptly. For example, a witness in a court proceeding may refuse to testify by invoking his constitutional privilege against self-incrimination, thereby obstructing or impeding the proceeding, but he does not act corruptly. In contrast, an individual who obstructs or impedes a court proceeding by bribing a witness to refuse to testify in that proceeding, or by engaging in other independently unlawful conduct, does act corruptly. A person does not act corruptly where he reasonably believes his expressive conduct is protected by the First Amendment.

**Attempt**

In Count 2, the defendant is also charged with attempt to commit the crime of obstruction of an official proceeding. An attempt to commit

**Formatted:** Indent: Left:  -0.01"

**Formatted:** Footer, Line spacing:  single

obstruction of an official proceeding is a crime even if the defendant did not

actually complete the crime of obstruction of an official proceeding.

In order to find the defendant guilty of attempt to commit obstruction of

an official proceeding, you must find that the government proved beyond a

reasonable doubt each of the following two elements:

First, that the defendant intended to commit the crime of obstruction of

an official proceeding, as I have defined that offense above.

Second, that the defendant took a substantial step toward committing

obstruction of an official proceeding which strongly corroborates or confirms

that the defendant intended to commit that crime.

With respect to the first element of attempt, you may not find the

defendant guilty of attempt to commit obstruction of an official proceeding

merely because he thought about it. -You must find that the evidence proved

beyond a reasonable doubt that the defendant's mental state passed beyond the

stage of thinking about the crime to actually intending to commit it.

With respect to the substantial step element, you may not find the defendant guilty of

attempt to commit obstruction of an official proceeding merely

6

7

because he made some plans to or some preparation for committing that

crime.- Instead, you must find that the defendant took some firm, clear,

undeniable action to accomplish his intent to commit obstruction of an official

proceeding. -However, the substantial step element does not require the

Formatted: Footer, Line spacing:  single

government to prove that the defendant did everything except the last act

necessary to complete the crime.

<u>Aiding and Abetting</u>

In this case, the government further alleges that the defendant aided and abetted others in

committing obstruction of an official proceeding as charged in Count 2. A person may be guilty of

an offense if he aided and abetted another person in committing the offense.  A person who has

aided and abetted another person in committing an offense is often called an accomplice.  The

person whom the accomplice aids and abets is known as the principal. It is not necessary that all the

people who committed the crime be caught or identified. It is sufficient if you find beyond a

reasonable doubt that the crime was committed by someone and that the defendant knowingly and

intentionally aided and abetted that person in committing the crime.

In order to find the defendant guilty of obstruction of an official

proceeding because he aided and abetted others in committing this offense, you

must find the that the government proved beyond a reasonable doubt the

following five requirements:

First, that others committed obstruction of an official proceeding by

committing each of the elements of the offense charged, as I have explained

above.

Second, that the defendant knew that obstruction of an official

proceeding was going to be committed or was being committed by others.

Third, that the defendant performed an act or acts in furtherance of the

offense.

10

Fourth, that the defendant knowingly performed that act or acts for the purpose of aiding, assisting, soliciting, facilitating, or encouraging others in committing the offense of obstruction of an official proceeding.

Fifth, that the defendant did that act or acts with the intent that others commit the offense of obstruction of an official proceeding.

To show that the defendant performed an act or acts in furtherance of the offense charged, the government needs to show some affirmative participation by the defendant which at least encouraged others to commit the offense.  That is, you must find that the defendant's act or acts did, in some way, aid, assist, facilitate, or encourage others to commit the offense.  The defendant's act or acts need not further aid, assist, facilitate, or encourage every part or phase of the offense charged; it is enough if the defendant's act or acts further aid, assist, facilitate, or encourage only one or some parts or phases of the offense.  Also, the defendant's acts need not themselves be against the law.

In deciding whether the defendant had the required knowledge and intent to satisfy the fourth requirement for aiding and abetting, you may consider both direct and circumstantial evidence, including the defendant's words and actions and other facts and circumstances.  However, evidence that the defendant merely associated with persons involved in a criminal venture or was merely present or was merely a knowing spectator during the commission of the offense is not enough for you to find the defendant guilty as an aider and abetter.  If the evidence shows that the defendant knew that the offense was being committed or was about to be committed, but does not also prove beyond

**Formatted:** Footer, Line spacing:  single

a reasonable doubt that it was the defendant's intent and purpose to aid, assist,
encourage, facilitate, or otherwise associate himself with the offense, you may
not find the defendant guilty of the obstruction of an official proceeding as an
aider and abettor.  The government must prove beyond a reasonable doubt that
the defendant in some way participated in the offense committed by others as
something the defendant wished to bring about and to make succeed.

_____

12

**Formatted:** Footer, Line spacing:  single

**Instruction No. 3: Counts 3, 4, 5, 6, 7, Assaulting, Resisting or Impeding Certain Officers**

**(18 U.S.C. § 111(a)(1))**

### Elements

Counts 3, 4, 5, 6, and 7 each charge the defendant with forcibly assaulting, resisting, opposing, impeding, intimidating, or interfering with officer(s) of the United States, or any person(s) assisting such an officer, who were engaged in the performance of official duties, while making physical contact with the person or acting with the intent to commit another felony, which is a violation of federal law.

In order to find the defendant guilty of Count 3, you must find that the government proved each of the following **five** elements beyond a reasonable doubt with respect to Officer R.A.; in order to find the defendant guilty of Count 4, you must find that the government proved each of the **five** elements beyond a reasonable doubt with respect to Officer M.N.; in order to find the defendant guilty of Count 5, you must find that the government proved each of the five elements beyond a reasonable doubt with respect to Officer S.A.; in order to find the defendant guilty of Count 6, you must find that the government proved each of the five elements beyond a reasonable doubt with respect to Officer K.V.; and in order to find the defendant guilty of Count 7, you must find that the government proved each of the five elements beyond a reasonable doubt with respect to Officer R.N.

**First,** the defendant assaulted, resisted, opposed, impeded, intimidated, or interfered with an officer of the United States, or any person assisting such an officer.

**Second,** the defendant did such acts forcibly.

7

8

13

**Third**, the defendant did such acts voluntarily and intentionally.

**Fourth**, the officer was then engaged in the performance of official duties, or the person

was assisting such an officer while such officer was engaged in the performance of official duties.

**Fifth**, the defendant made forceful physical contact with the victim in a way that had a potential to injure or harm the victim, or acted with the intent to commit another felony.

~~Fifth, the defendant made physical contact with the victim, or acted with the intent to commit another felony.~~ For purposes of this element, "another felony" refers to the offense charged in Count 1

(civil disorder) or Count 2 (obstruction of an official proceeding and

aiding and abetting).

<u>Definitions</u>

The term "forcibly" means that the defendant used force, attempted to use force, or threatened to

use force against the officer.

A threat to use force at some unspecified time in the future is not sufficient to establish that

the defendant acted forcibly.

The term "assault" means any intentional attempt or threat to inflict injury upon

someone else, when coupled with an apparent present ability to do so. A finding that one used

force (or attempted or threatened to use it) isn't the same as a finding that he attempted or

threatened to inflict injury.

In order to find that the defendant committed an "assault," you must find

beyond a reasonable doubt that the defendant acted forcibly and that the

defendant intended to inflict or intended to threaten injury.

The terms "resist," "oppose," "impede," "intimidate," and "interfere"

with" carry their everyday, ordinary meanings.

The term "intentionally" means that the defendant knowingly, consciously, and voluntarily committed an act which the law makes a crime. This general intent may be inferred from the doing of the act. "Knowingly" has the same meaning I gave you previously. ~~The government does not have to prove that the defendant knew that the victim was a federal officer, or a person assisting a federal officer in the performance of official duties.~~

~~It is not necessary to show that the defendant knew the person being foribly assaulted, resisted, opposed, impeded, intimidated, or interfered with was, at that time, carrying out an official duty so long as it is established beyond a reasonable doubt that the person was, in fact, carrying out an official duty and that the defendant intentionally foribly assaulted, resisted, opposed, impeded, intimidated, or interfered with that officer.~~

**Formatted:** Indent: Left:  -0.01"

**Formatted:** Footer, Line spacing:  single

15

**Instruction No. 4: Count 8, Entering or Remaining in a Restricted Area or Grounds**

**(18 U.S.C. § 1752(a)(1))**

**Elements**

8

9

Count 8 of the indictment charges the defendant with entering or remaining in a restricted building or grounds, which is a violation of federal law.

In order to find the defendant guilty of this offense, you must find that the government proved each of the following two elements beyond a reasonable doubt:

1.      First, that the defendant entered or remained in a restricted building or grounds without lawful authority to do so.

2.      Second, that the defendant knew thatdid so while knowing the building or grounds was restricted and he knew that he lackedwere off-limits to him because the lawfulVice President or the Vice President's immediate family were in the immediate vicinity.

The Secret Service has broad authority to enter or remain there.restrict areas from the public where the Vice President and the immediate family of the Vice President may visit or reside.  But this authority is not limitless and should not interfere with civil liberties.  Under the American constitutional order, no person can have a title of nobility or be immune from criticism, approach, or confrontation.

A person acts "knowingly" if he realizes what he is doing and is aware of the nature of his conduct, and does not act through ignorance, mistake, or accident. In deciding whether the defendant knowingly entered or remained in a restricted building, you may consider all of the evidence, including what the defendant did or said.

**Definitions**

The term "restricted building or grounds" means any posted, cordoned off, or otherwise restricted area of a building or grounds in the precise vicinity where a person protected by the Secret Service is or will be temporarily visiting. so long a reasonable person would understand the area is restricted.

The term "person protected by the Secret Service" includes the Vice President and the immediate family of the Vice President.

The termA person acts "knowingly" hasif he realizes what he is doing and is aware of the same meaning I gavenature of his

9

conduct, and does not act through ignorance, mistake, or accident. In deciding whether the defendant acted knowingly, you ~~previously~~may consider all of the evidence, including what the defendant did or said.

**Instruction No. 5: Count 9, Disorderly or Disruptive Conduct in a Restricted Area or Grounds (18 U.S.C. § 1752(a)(2))**

**Elements**

Count 5 of the indictment charges the defendant with disorderly or disruptive conduct in a restricted building or grounds. In order to find the defendant guilty of this offense, you must find that the government proved each of the following four elements beyond a reasonable doubt:

~~In order to find the defendant guilty of this offense, you must find that the government proved each of the following three elements beyond a reasonable doubt:~~

First, that the defendant ~~knowingly~~ engaged in disorderly or disruptive conduct in, or in proximity to, any restricted building or grounds.

Second, that the defendant did so knowingly, and with the intent to impede or disrupt the orderly conduct of Government business or official functions.

Third, that the defendant's conduct in fact impeded or disrupted the orderly conduct of Government business or official functions.

Fourth, that the defendant's conduct was not protected speech, advocacy, expression, or petitioning for redress of grievances under the First Amendment.

**Formatted:** Indent: Left:  -0.01", Space After:  0 pt, Line spacing:  single, Tab stops: Not at  2.77"

**Formatted:** Font: Not Bold

**Formatted:** Indent: Left:  0.5", Space After:  12.6 pt

**Formatted:** Left, Indent: Left:  0.5", Hanging:  0.01", Right:  0", Space After:  12.65 pt, Don't keep with next

**Formatted:** Font: Not Bold

**Formatted:** Heading 1, Indent: Left:  0.51", Right:  0"

**Formatted:** Indent: Left:  -0.01"

**Formatted:** Indent: Left:  -0.01"

**Formatted:** Indent: Left:  -0.01", Space After:  0 pt

**Formatted:** Indent: Left:  0.5", Space After:  12.6 pt, Tab stops: Not at  6.5"

**Formatted:** Indent: Left:  -0.01"

**Formatted:** Footer, Line spacing:  single

Definitions

"Disorderly" conduct" is that which tends to disturb the public peace, offend public morals, or undermine public safety.  For example, disorderly conduct occurs when a person~~acts in such a manner as to cause another person to be in reasonable fear that a person or property in a person's immediate possession is likely to be harmed or taken, uses words likely to produce violence on the part of others,~~ is unreasonably loud and disruptive under the circumstances, or interferes with another person by jostling against or unnecessarily crowding that person.

~~"Disruptive conduct"~~Conduct is ~~a disturbance that~~"disruptive" if it interrupts an event, activity, or the normal course of ~~a~~process.

The ~~term~~term "restricted building or grounds" ~~and "knowingly" have~~has the same meaning ~~I gave you previously~~as described in the

10

11

instructions for Count One.

The term "knowingly" has the same meaning as described in the instructions for Count One.

**Instruction No. 6: Count 10, Engaging in Physical Violence in a Restricted Building or Grounds (18 U.S.C. § 1752(a)(4))**

**Elements**

Count 6 of the indictment charges the defendant with physical violence

in a restricted building or grounds.

In order to find the defendant guilty of this offense, you must find that

the government proved each of the following **two** elements beyond a

reasonable doubt:

19

**First**, that the defendant engaged in an act of physical violence against a person or property

in, or in proximity to, a restricted building or grounds; and that the defendant engaged in physical

violence against a person or property in, or in proximity to, a restricted building or grounds.

**Second**, that the defendant did so knowingly that the defendant knew the building/grounds was

restricted and that he lacked authority to remain there.

Second, that the defendant did so knowingly.

Definitions

The term "physical violence" means any act involving an assault or other infliction of death

or bodily harm on an individual, or damage to, or destruction of, real or personal property

committed with intent to cause injury or bodily harm.

The terms "knowingly" and "restricted building or grounds" have the

same meanings I gave you previously.

**Instruction No. 7: Count 11, Disorderly Conduct in a Capitol Building (40 U.S.C. §
5104(e)(2)(D))**

Count 11 of the indictment charges the defendant with engaging in disorderly and disruptive

conduct within the United States Capitol Grounds, which is a violation of federal law.

In order to find the defendant guilty of this offense, you must find that the government

---

Formatted: Font: Bold

Formatted: Indent: Left: -0.01"

Formatted: Normal, Indent: Left: 0.5", Right: 0", Space After: 12.6 pt, Line spacing: Multiple 1.08 li

Formatted: Indent: Left: -0.01"

Formatted: Indent: Left: -0.01", Line spacing: single

Formatted: Left, Indent: Left: 0.5", Right: 0", Space After: 12.65 pt

Formatted: Indent: Left: -0", Right: 0"

Formatted: Indent: Left: -0.01"

Formatted: Footer, Line spacing: single

11

12

proved each of the following ~~three~~ elements beyond a reasonable doubt:

First, that the defendant engaged in disorderly or disruptive conduct in <u>any of</u> the United

States

Capitol ~~Grounds~~<u>Buildings</u>.

> *Formatted: Indent: Left: -0.01", Space After: 12.6 pt, Line spacing: Multiple 1.08 li*

> *Formatted: Indent: Left: -0.01"*

Second, that the defendant did so with the intent to impede, disrupt, or disturb the orderly

conduct of a session of Congress or either House of Congress~~, or the orderly conduct of a hearing~~

~~before or any deliberation of a committee of Congress or either House of Congress~~.

Third, that the defendant acted willfully and knowingly.

<u>Fourth, that the defendant reasonably knew that a session of either House of Congress was</u>

<u>currently ongoing.</u>

Definitions

_____

> *Formatted: Normal, Indent: Left: 0.5", Right: 0", Space After: 12.6 pt, Line spacing: Multiple 1.08 li*

The term "United States Capitol ~~Grounds~~<u>Buildings</u>" includes the United States Capitol
located at

First Street, Southeast, in Washington, D.C~~., and its grounds, which includes all squares,~~

~~reservations, streets, roadways, walks, and other areas as defined on a map entitled "Map showing~~

~~areas comprising United States Capitol Grounds," dated June 25, 1946, approved by.~~

<u>The term "disorderly or disruptive conduct" has</u> the ~~Architect of the Capitol, and~~

~~recorded~~<u>same meaning described</u> in the ~~Office of the Surveyor of the District of Columba in book~~

~~127, page 8.~~<u>instructions for Count Two defining "disorderly conduct" and "disruptive conduct."</u>

> *Formatted: Font color: Black*
> *Formatted: Indent: Left: -0.01"*
> *Formatted: Font color: Black*

A person acts "willfully" if he acts with the intent to do something that the law forbids, that

is, to disobey or disregard the law. ~~"~~Willfully" does not, however, require proof that the defendant

be aware of the specific law or rule that his conduct may be violating.

> *Formatted: Footer, Line spacing: single*

The ~~term~~term "knowingly~~," "disruptive conduct," and "disorderly conduct" have~~" has the same ~~meanings I gave you previously.~~meaning as that described in the instructions for Count

One.

**Additionally, Thomas offers the following proposed jury instructions:**

THREE PROPOSED INSTRUCTIONS: MERE PRESENCE, INDIVIDUALIZED GUILT, AND FIRST AMENDMENT RIGHTS: We would like to propose a "mere presence" jury instruction along the lines of the 9th

Circuit's Criminal Jury instruction 6.10 .  (see

https://www.ce9.uscourts.gov/juryinstructions/node/387#:~:text=The%20defendant%E2%80%99s

%20presence%20may%20be%20c

12

13

onsidered%20by%20the,been%20instructed%20on%20the%20elements%20of%20the%20crime. )

~~Proposed~~ Instruction No. ~~8: Count 12, Engaging in Physical Violence in the Capitol Grounds~~

MERE PRESENCE
Mere presence at the scene of a crime or mere knowledge that a crime is being committed is not sufficient to establish that the defendant committed the crimes of unlawful entry or unlawful picketing and parading. The defendant must be a participant and not merely a knowing spectator.

22

> **Formatted:** Indent: Left:  0.5", Space After:  12.6 pt, Line spacing:  Multiple 1.08 li

> **Formatted:** Font: Not Bold

> **Formatted:** Left, Indent: Left:  -0.01", First line:  0", Right:  0", Space After:  0 pt, Line spacing:  single

> **Formatted:** Footer, Line spacing:  single

Building (40 U.S.C. § 5104(e)(2)(F))

### Elements

Count 12 of the indictment charges the defendant with engaging in an act of physical violence in the United States Capitol Grounds or any of the Capitol Buildings, which is a violation of federal law.

In order to find the defendant guilty of this offense, you must find that the government proved each of the following two elements beyond a reasonable doubt:

First, that the defendant engaged in an act of physical violence in the United States Capitol Grounds.

Second, that the defendant acted willfully and knowingly.

### Definitions

The term "act of physical violence" means any act involving an assault or other infliction or threat of infliction of death or bodily harm on an individual, or damage to, or destruction of, real or personal property.

The terms "knowingly," "willfully," and "United States Capitol Grounds" have the same meanings I gave you previously. The defendant's presence may be considered by the jury along with other evidence in the case.


**Proposed Instruction No.     Guilt Must be individualized**

Guilt by association is not allowed under the American Constitution. The determination of guilt must be an individualized matter.  Defendant Thomas cannot be convicted of crimes by a mob or group, unless you find beyond a reasonable doubt that Thomas himself committed such crimes.

**Formatted:** Footer, Line spacing:  single

The right to associate does not lose all constitutional protection merely because some members of the group may have participated in conduct or advocated doctrine that itself is not protected.

*N.A.A.C.P. v. Claiborne Hardware Co.*, 458 U.S. 886, 908 (1992); Scales v. United States, 367 U.S. 203, 229 (1961); *Carr v. District of Columbia*, 561 F. Supp. 2d 7, 13 (D.D.C. 2008). See also *Barham v. Ramsey*, 434 F.3d 565, 573 (D.C. Cir. 2006). "Where the standard is probable cause, a search or seizure of a person must be supported by probable cause particularized with respect to that person. This requirement cannot be undercut or avoided by simply pointing to the fact that coincidentally there exists probable cause to search or seize another ...."

**Proposed Instruction No.     First Amendment Rights**

13

14

Every United States citizen has the right to petition his or her government, and express ideas and bring their concerns to their legislators. Citizens also have the right to peaceably assemble with others to petition their government.

Dated: March 15, 2023          Respectfully Submitted,

/s/ *John M. Pierce*
John M. Pierce
John Pierce Law
P.C. 21550 Oxnard
Street 3rd Floor
PMB #172
Woodland Hills, CA 91367
P:     (213)     349-0054
jpierce@johnpiercelaw.com

Formatted: Footer, Line spacing:  single

14

25

**Formatted:** Footer, Line spacing:  single

**Formatted:** Centered, Indent: Left:  0.2", Right:  0"

**Formatted:** Left:  0.92", Right:  1.11", Top:  1", Bottom: 1", Header distance from edge:  0.07"

### CERTIFICATE OF SERVICE

I hereby certify that on March 15, 2023, a true and accurate copy of the forgoing was electronically filed and served through the ECF system of the U.S. District Court for the District of Columbia.

*/s/ John M. Pierce*
John M. Pierce

**Formatted:** Footer, Line spacing:  single

Case 1:21-cr-00552-DLF   Document 77   Filed 03/27/23   Page 27 of 27

15