# UNITED STATES DISTRICT COURT
## FOR THE  DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **Criminal Case No.** |
| | : | |
| **KENNETH JOSEPH OWEN THOMAS,** | : | **1:21-cr-00552 (CRC)** |
| | : | |
| **Defendant** | : | |
| | : | |
| _____ | : | |

# DEFENDANT KENNETH JOSEPH OWEN THOMAS'S OBJECTION TO CERTAIN JURY INSTRUCTIONS PROPOSED BY THE GOVERNMENT,

## AND

## PROPOSED JURY INSTRUCTIONS

COMES NOW Defendant Kenneth Joseph Owen Thomas ("Defendant" or "Thomas") with this objection to certain jury instructions proposed by the government, with certain proposed jury instructions of his own.

With regard to the charged counts, Thomas has ongoing First Amendment arguments.  Thus we object to instructions which compromise our constitutional arguments.

For example, we have constitutional objections to any construction of Section 1752(a)(1) which impinges on a person's First Amendment rights.

1

A report from the Senate Judiciary Committee, drafted in 1970 when Section 1752 was first enacted, says, "explained that the key purpose of the bill was to provide that authority to the Secret Service."  The report does mention the need for a federal statute "which specifically authorizes [the Secret Service] to restrict entry to areas where the President maintains temporary residences or offices," S. Rep. No. 91-1252, at 7 (1970).  The Capitol is one of America's largest public buildings, with more than a million square feet of walking space.

The report emphasized that the need to protect the President must be balanced against "possible interference with civil liberties," id.  Section 1752(a)(1) does not authorize the Secret Service to impose limitless prohibitions regarding proximity to the Vice President.  The case of Blair v. City of Evansville, 361 F. Supp. 2d 846 (S.D.In. 2005) held that a person cannot be arrested merely for protesting inside an arbitrary 500-foot zone of protection around the Vice President.

Further, the government's construction of the 'unauthorized entry' statutes violate Article 1, sections 9 & 10 of the US constitution prohibit granting titles of nobility by the federal government.  Under the Constitution, no official can be considered untouchable or unapproachable.

**DEFENDANT'S PROPOSED JURY INSTRUCTIONS**

2

Thomas proposes the following:

## I.   Furnishing the Jury with a Copy of the Instructions, Redbook[1] 2.100

Defendant accepts and agrees with the giving of the standard instruction.

## II.   Function of the Court, Redbook 2.101

Defendant accepts and agrees with the giving of the standard instruction.

## III.   Function of the Jury, Redbook 2.102

Defendant accepts and agrees with the giving of the standard instruction,

except that the Defendant would add:

> During jury deliberation you are expected and required to fully discuss with the rest of the jury your reasoning and reasons for how you view each part of the evidence and testimony that you find relevant and how you decide each element of each crime charged.  Full and thorough discussion among the jury is an important part of the jury process in our legal system.  Our legal system values and depends upon the exchange of viewpoints among the jury not merely a raw vote.

> However, no one outside of the privacy of the jury deliberations is ever entitled to know anything that you think or say.  The jury deliberations are confidential.   Only you and you alone may disclose your analysis, reasoning, thoughts, or statements based on your decision alone.  Your identity as a juror will remain confidential unless you choose to speak out.

> If any concerns come to your attention you should bring them to the attention of the judge right away.  You may notify any court personnel or bailiff or provide a note.

> Where these instructions explain the discretion of the jury to weigh the evidence and make decisions, the jury's discretion is to be guided by the law as I will explain it in these instructions and by the rulings and guidance

---

[1]     "Redbook" refers to Criminal Jury Instructions for the District of Columbia (5th Edition, 2021).

as to the admissibility of evidence and the use of evidence.

While the jury may decide how much weight it should give in good conscience to various items of evidence and testimony, including to reject evidence entirely as not being credible in your view, the jury must first actually consider and evaluate all of the evidence and testimony before reaching such decisions.

Your decision how to weigh and apply or else disregard evidence and testimony must be based on an actual evaluation by each of you and actual decision as to the reasons to give more or less weight or to disregard certain evidence or testimony. You may not just make a wholesale decision generically. You may not just accept or reject whole categories of evidence or a witness' testimony without first thinking about each part and deliberating with your fellow jurors.

Although your evaluation of the bias and/or truthfulness of a witness is an important function of the jury, you should consider that any witness could be correct about one point but mistaken about a different point (such as not being able to view what he or she thought he or she saw).

You should take into account how human beings talk. The same witness could tell you that he or she saw something with their own eyes no question but then also tell you what the rumor was around the water cooler. People may say something is true if they are really just telling you what they heard or assumed. You have to sort out if a witness may be reliable on one point but not on another. Most of the time the attorneys will have tried to make those things clear, but it is ultimately something you have to work with. One of the reasons our system depends upon jurors, not computers, is to apply your common sense about people.

The jury should consider that all human beings tend to have some biases. But it is the jury's role to decide whether a witness is testifying truthfully. If a witness has a desire to present what happened with a certain agenda, you should try to notice. But whether that results in their testimony actually being untrue is a different question you must also consider. That might include how you stack up one witness' testimony against another where they are different.

You should of course be aware that human beings often don't tell the same report of what happened. Simply because witnesses disagree with each

other does not necessarily mean that any of them are lying. Some witnesses could be lying. Or they could simply be telling you what they saw or heard from different points of view. Perhaps some witnesses participated in some events, while other witnesses participated in other events. Your task now is not easy. But you should consider whether witness' might disagree because their experiences or opportunities to see and hear were different.

You as the jury may disregard a witness' testimony entirely that you do not find credible. But before you do that, you must actually try to understand that testimony and to consider whether the testimony is actually inconsistent or just looks that way at first glance. You must not disregard any witness' testimony automatically or prematurely without first thinking about it. Ultimately, you will come to a decision. That is when you might find it necessary to set aside a witness whose testimony you just can't fit into the overall scenario. But just as judges do in many contexts, you should seek to find an understanding that includes all of the evidence as much as that can be done.

## IV.    Note-Taking by Jurors

Defendant accepts and agrees with the giving of the standard instruction.

During the trial, I have permitted those jurors who wanted to do so to take notes. You may take your notebooks with you to the jury room and use them during your deliberations if you wish. As I told you at the beginning of the trial, your notes are only to be an aid to your memory. They are not evidence in the case, and they should not replace your own memory of the evidence. Those jurors who have not taken notes should rely on their own memory of the evidence. The notes are intended to be for the notetaker's own personal use.

## V.    Jury's Recollection Controls, Redbook 2.103

The Defendant _objects_ to the standard instruction to the extent that without

clarification it invites a lawless (standardless) jury verdict.  While the jury hearing

evidence must rely upon its recollection of the evidence and attorneys cannot step

on the jury's roles, the jury must strive to accurately and faithfully listen to and follow the evidence as presented in the trial.  The jury is not free to sleep during the trial and/or remember what a juror chooses to remember in the way the juror chooses to remember it and feel free to decide the verdict lawlessly without standards and without fidelity to the evidence.

In fact, it is the evidence that is provided to the jury to take into the jury room that is the primary controlling evidence.  The jury's role in remembering the evidence presented applies only where there is not actual evidence available to the jury to refer to during their deliberations.

The Defendant suggests the following instruction instead:

### Evidence Available to Jury and Jury's Recollection Controls, modifying Redbook 2.103

Much of the evidence presented during the trial will be made available to the jury for you to refer to in the jury room during your deliberations.  The actual evidence admitted into the trial should control your evaluation of the case, even if there are details in the evidence you did not notice at the time the evidence was originally admitted.

You should pay attention, and feel free to ask a question to the judge if necessary, when evidence was admitted for only a limited purpose and not outside that limitation.  You may provide a note for me to the court's personnel and they will get it to me.

You should be provided with the key evidence that the parties believe you should have in the jury room with you.  If you decide that you need to review evidence that was properly admitted or a transcript of a witness' testimony, you may and should request it by a note to the court personnel.

If on a particular point or question there is no evidence provided to you for your deliberations, you may fall back on your recollection

6

We rely upon juries as the decision-maker, but you are to be faithful to the facts admitted into evidence as much as you can be.

## VI.    Evidence in the Case, Redbook 2.104

The Defendant assumes that the Government is proposing standard jury instruction "Considering the Evidence in the Case"  and agrees with the giving of the standard instruction, provided that the other proposed jury instructions clarifying that the jury may not engage in a standardless or lawless verdict are also given.

## VII.    Statements of Counsel, Redbook 2.105

Defendant accepts and agrees with the giving of the standard instruction.

The statements and arguments of the lawyers are not evidence. They are only intended to assist you in understanding the evidence. Similarly, the questions of the lawyers are not evidence.

## VIII.    Indictment Not Evidence, Redbook 2.106

Defendant accepts and agrees with the giving of the standard instruction, except where the Grand Jury under the leadership of the U.S. Attorney's Office may have issued inconsistent, self-contradictory allegations on the same matters. If the Government including its investigators, prosecutors and Grand Jury had sufficient reason to formally allege a factual allegation in an indictment and then later had sufficient reason to believe the opposite, the jury may conclude that the Government has admitted the existence of reasonable doubt on that point.  The Defendant asserts that where the Government comes to a formal decision that A is

true and then later comes to a formal decision that A is not true and B is true instead, the jury is required to be informed, disclosure under *Brady v. Maryland* is mandatory, a verdict is subject to being vacated if these requirements are not satisfied, and the Government (if the point is material to the elements of the charges) has probably already officially admitted the existence of reasonable doubt.

## IX.    Burden of Proof—Presumption of Innocence, Redbook 2.107

Defendant accepts and agrees with the giving of the standard instruction, except that the Defendant would add:

> Every defendant in a criminal case is presumed to be innocent. This presumption of innocence remains with the defendant *at all times including* throughout the trial unless and until the government has proven he is guilty beyond a reasonable doubt. This burden never shifts throughout the trial. The law does not require the defendant to prove his innocence or to produce any evidence at all.
>
> You will notice that each criminal charge has several ingredients or "elements" and that each and every "element" of the crime alleged must individually be proven by the Government beyond a reasonable doubt.  If for example there are 5 elements of a crime, and you find that the Government has proven only 4 of the 5  parts or elements of that crime beyond a reasonable doubt, you must find the Defendant not guilty. There are reasons why each criminal charge has several ingredients.  You cannot find a Defendant to be "almost guilty" or "close enough" to be guilty. If you are unsure of what the Government must prove to establish guilt of one of the alleged crimes, you may submit a question to the Court for possible clarification.
>
> If you find that the government has proven beyond a reasonable doubt every element of a particular offense with which the defendant is charged,

it is your duty to find him guilty of that offense. On the other hand, if you find the government has failed to prove even just one element of a particular offense beyond a reasonable doubt, you must find the defendant not guilty of that offense.

The elements of a crime are all required. They are not suggestions.  A person is not guilty if most of the elements are met.  If even one of the elements is not proven beyond a reasonable doubt, then the Defendant is not guilty.  In effect, no Defendant

## X.    Reasonable Doubt, Redbook 2.108

Defendant accepts and agrees with the giving of the standard instruction,

except that the Defendant would add:

The government has the burden of proving the defendant guilty beyond a reasonable doubt. You might understand better by noticing that our courts have two completely different kind of legal cases – civil lawsuits and criminal prosecutions – which follow different rules.  In civil cases you might be familiar with, it is only necessary to prove that a fact is more likely true than not, or, in some cases, that its truth is highly probable.

However, this is a criminal prosecution and the rules are different.  In criminal cases such as this one, the government's proof must be more powerful than that. It must be beyond a reasonable doubt. Reasonable doubt, as the name implies, is a doubt based on reason—a doubt for which you have a reason based upon the evidence or lack of evidence in the case.

If, after careful, honest, and impartial consideration of all the evidence, you cannot say that you are firmly convinced of the defendant's guilt, then you have a reasonable doubt.  If you see that there are two or more non-frivolous possibilities, one establishing guilt and another consistent with innocence, then reasonable doubt exists that the Defendant is not guilty. Obviously, this does not require you to consider an absurd possibility, but any reasonable or realistic one.

A jury may hear a witness say things like something could be true.  Or they think it's true.  Or they believe it.  Standing alone, that constitutes reasonable doubt.  Evidence in fact rarely stands alone.  You may consider all of the evidence on that point.  You may conclude that the testimony is

strengthened and confirmed by other evidence.  But if the only evidence were a witness saying something could be true, that creates reasonable doubt because the witness advancing a point does not know for sure if it is true.

By contrast, Defendants are usually focused on convincing you that there is more than one reasonable possibility.  If you are convinced that there is an innocent explanation and a second explanation that involves the Defendant's guilt, you must vote to acquit.  Two possibilities means you cannot be convinced of the guilty explanation beyond a reasonable doubt. Of course, again, you do not consider frivolous or absurd explanations, only reasonable ones.

Reasonable doubt is the kind of doubt that would cause a reasonable person, after careful and thoughtful reflection, to hesitate to act in the graver or more important matters in life. However, it is not an imaginary doubt, nor a doubt based on speculation or guesswork; it is a doubt based on reason. The government is not required to prove guilt beyond all doubt, or to a mathematical or scientific certainty. Its burden is to prove guilt beyond a reasonable doubt.  Nevertheless you the jury decide if the Government has satisfied that standard.

## XI.    Direct and Circumstantial Evidence, Modified from Redbook 2.109

The Defendant objects to the jury instruction as inviting a lawless and

standardless jury verdict, in the absence of counter-vailing clarification, and would

substitute the following I nstruction:

There are at least six (7) major types of evidence which you may be presented with in this case (1) direct evidence, (2) circumstantial evidence, (3) speculation, (4) conjecture, (5) assumptions, (6) rumors or gossip (allegedly "common knowledge)" and (7) attempts at suggesting guilt by association.

The Federal Rules of Evidence require that a witness can only testify from their own personal knowledge, that is direct observation or hearing, in FRE Rule 602.

When a witness, such as an eyewitness, asserts actual personal knowledge

of a fact, that witness's testimony is classified as direct evidence. If you find that the witness' testimony is believable, such as for example whether the witness could have seen, heard, and/or known what he or she claims, truthful, and relevant having weight to the point asserted, it is direct evidence of the fact or facts asserted.

On the other hand, evidence of facts and circumstances that are not known directly but only from which reasonable inferences may be drawn is circumstantial evidence.  Circumstantial evidence can be valid evidence, primarily in civil not criminal cases, of the facts asserted but can also be invalid in a number of ways.

The use of circumstantial evidence does not and cannot relieve the Government of its burden to prove each and every element of the crime charged beyond a reasonable doubt.  Circumstantial evidence cannot be understood as a lower hurdle of proof.  It is a different type of evidence but the Government must still meet the exceedingly high standard of proving guilt beyond a reasonable doubt.

The fact that circumstantial evidence could possibly in some situations be compelling does not make every incidence of circumstantial evidence necessarily valid.  Employing circumstantial evidence instead of direct evidence does not remove the requirement of proof beyond a reasonable doubt.  The fact that some circumstantial evidence can sometimes be valid does not automatically make all circumstantial evidence acceptable for a criminal conviction.

The jury must remember that a criminal defendant is never to be convicted on mere suspicion or conjecture.[2]

A witness' speculation or an invitation for the jury to speculate may not be considered as valid evidence, whether or not the jury was made aware of an objection by attorneys.  Speculation is never valid circumstantial evidence.

Suggestions that the Defendant is guilty by being in the vicinity of others who committed a crime or guilty by association with others are not evidence and do not qualify as circumstantial evidence.

You are to consider only what is in evidence here before you as it relates

---

[2]     https://www.justice.gov/atr/case-document/united-states-proposed-jury-instructions-1

to the guilt or innocence of the Defendant now on trial.  [3]  Guilt of other people in the vicinity or nearby does not qualify as circumstantial evidence that may be applied to this Defendant.  The fact that someone else is guilty of a crime is not valid circumstantial evidence against this Defendant.

The circumstances could inform you of the Defendant's knowledge, state of mind, intent, or plans, but not automatically or necessarily.  In other words, the juror would require more in the way of specific details and proof to attach the knowledge, state of mind, intent, or plans of others to the particular Defendant being prosecuted before you.

I should give you some examples:  If a tourist visiting Washington, D.C. is taking photographs, not paying attention, and accidentally bumps into a police officer on the sidewalk without looking where the tourist is walking and backing up, the tourist would not be guilty of assaulting the police officer.  (Technically, the situation would lack intent and would be an involuntary movement.)  But if a person were standing in a line of 100 people each in turn attacking a police officer and the person also attacked the police officer when it became his "turn" in line, we would reasonably conclude that the person knew what was going on and was individually, himself, attacking the police officer, not as the guilt of others, but with knowledge, intent, state of mind, and planning to do the same thing that other people were already doing.  The second example would be valid circumstantial evidence that the person intended to knowingly and willfully assault the police officer.  The person would not be guilty by transference from the guilt of others but because he saw what was going on and then acted himself, individually.

Let me give you another example. Assume a person looked out a window and saw that snow was falling. If he or she later testified in court about what they had seen, their testimony would be direct evidence that snow was falling at the time he saw it happen.

Assume, instead, that a person looked out a window and saw no snow on the ground, and then went to sleep and saw snow on the ground after he woke up. That testimony about what had been seen could be circumstantial evidence that either (1) a strong wind during the night blew accumulated snow from days earlier off a nearby hill or mountain and

---

[3]   https://www.justice.gov/atr/case-document/united-states-proposed-jury-instructions-1

redistributed existing snow drifts down into the town or blew snow off of trees, or (2) it snowed while the person was asleep. Either or other scenarios may be equally possible. It's even possible that a prankster pulled a snow making machine down that street to tease his buddy living at that house.

As such, that circumstantial evidence could not satisfy the Government's burden to prove guilt beyond a reasonable doubt in a criminal case. To be specific, this circumstantial evidence is *incomplete* without knowing more information: Is the house near a mountain that was covered with snow and hit with a strong wind? Were the trees covered in snow? Were the roofs of houses buried in snow? We would need to know more. The circumstantial evidence might take us only so far, but more would be needed before it could prove a matter beyond a reasonable doubt. Or, consider the alternative: The evidence might show that there had been no previous snow that Winter at all. Those additional facts might make the circumstantial evidence complete enough to constitute valid evidence.

Evidence that is merely not contradictory to guilt does not count as circumstantial evidence of guilt.

Here, in this case, you have heard references, for example, to Proud Boys talking about "minecraft." The Government alleges that is a code. Maybe it is. Maybe it isn't. Standing by itself, such references are not circumstantial evidence or any other kind of evidence. Combined with other evidence, however, it might cross the finish line to proving something. But evidence that is not inconsistent with guilt does not count as circumstantial evidence. Being merely not inconsistent with guilt has no place in a criminal prosecution. Any prosecutor in any criminal trial in any courtroom must actually prove guilt beyond a reasonable doubt. The point is that that evidence of guilt may come in many parts, not all at once, all in one place. But eventually there must be a collective set of evidence that adds up to guilt beyond a reasonable doubt.

Let me give you an example: Suppose the FBI records a conversation among two suspected gangsters: "Remember the thing? You know the thing we were talking about in Omaha. Our friends in Nashville are very interested in the Omaha thing. They say they can get us ten cars for transportation." Sadly, it is true that some conspiracies and criminal activity is planned and implemented using vague

The use of circumstantial evidence in civil lawsuits is different from its use in a criminal case. The law permits the use of circumstantial evidence in civil cases but does not lessen the strict requirements of criminal prosecutions.

## XII.   EXPRESSIONS OF FREE SPEECH DISTINGUISHED

Defendant proposes adding the following jury instruction, which is based on the instruction that was given in *USA v. Stewart Rhodes, et al.* in this District, Criminal Case No. 22-cr-00015 given by the Honorable District Judge Amit Mehta at ECF Dkt. #400.

> You will be responsible for the difficult job of separating protected speech and activity that is authorized under our Constitution from illegal conduct that is not protected by the Constitution.

> You have heard evidence about statements made to and by some defendants and other individuals. We live in a time when the use of social media and the like can blur or broaden communications directly between individuals with public statements to the world in general or the same conversations being both privately aimed and publicly visible.

> However, some crimes include as part of the crime planning, discussions, conversations, communications, etc. There may be communications about the plans or preparations for a crime. The First Amendment does not provide a right to engage in speech that is integral to criminal conduct. Criminal conduct is not immunized because speech is part of the crime committed.

In other words, words alone are almost never a crime.  But a crime may include the use of words.

Words may play a role in planning or carrying out a crime. Words may reveal the difference between an accident or mistake and a planned crime.  But words standing alone are protected by the First Amendment to the U.S. Constitution with very few, rare exceptions that usually do not apply.

Let me give you an example:  A tourist taking photographs on the sidewalk in the District of Columbia is not looking where he is walking while peering through his camera.  He bumps into a police officer, then profusely apologizes.  Or, consider the alternative example:  A man shouts that he hates the cops and wants to kill cops, and then rushes and tackles a police officer like a football linebacker.  The words themselves are protected speech under the U.S. Constitution if merely spoken.  But when the man assaults a police officer, the words inform us of the person's knowing, willful, intentional state of mind in committing the crime of assault.

Or if a man tells his friend while watching the news "You know, we should shoot Senator Foghorn," and then they change the channel and watch a movie.  That reprehensible and contemptible statement is nevertheless protected free speech under the First Amendment.

But, if the two friends then shut off the TV, go buy a gun (which is a constitutional right) and make plans to and do drive to Senator Foghorn's home residence and pull out the gun but are stopped before they can shoot the Senator, their words would form a part of the crime of attempted murder.

The words are not the crime.  But the crime may include the words.

Yet you may not find that a defendant committed a crime, or that a conspiracy existed, simply because you find that a defendant, or other individuals, engaged in speech or holds political opinions that you find to be offensive.

The expression of opinions about political issues including the conduct of government cannot be a crime nor an element of a charged crime. Public expressions or communications about political issues and the conduct of the government are guaranteed, protected rights under the First Amendment and cannot constitute any crime.

You may, however, consider the statements made by defendants and other individuals as evidence that, for example, a conspiracy existed as defined in detail elsewhere, a defendant entered into a conspiracy, or a defendant had a certain motive, intent, or knowledge that makes their behavior criminal.

There is also a rule in criminal law under the odd-sounding Latin phrase, *corpus delicti*. That is, words spoken by a criminal defendant must be confirmed by other, physical evidence that the crime actually occurred and that the Defendant is guilty or one of the people guilty of it.

It is a somewhat mysterious phenomenon that people confess to crimes they clearly did not commit. Sometimes people confess to killing someone who is in fact still alive. The crime might not have ever happened. A person may claim to have done the crime which they could not have. Therefore, developed over centuries, the doctrine of *corpus delicti* requires that "the body of the crime" be independently confirmed by evidence other than the Defendant's statements alone. But, of course, the Defendant's statements might in your view add to that evidence and be part of your overall evaluation of all the evidence.

The First Amendment of the United States Constitution protects an individual's right to free speech, including

speech that you may find to be vile, hateful, or offensive. The First Amendment also protects the right of citizens to petition their government for redress of grievances. Not only lobbyists but ordinary citizens can make requests of Congress generally or to individual Members of Congress, and ask Congress to do things differently.  Every U.S. citizen and indeed resident has the constitutional right to attempt to influence decisions by Congress and the agencies and departments of Government.  However, of course, no one may use illegal means such as threats, violence, intimidation, bribes, or other criminal activity to do so.

Obviously, any one may tell their Senator "You should reject this nominee because he would be bad for America, and here is why."  And obviously it would be a crime to tell their Senator "You should reject this nominee because I have kidnapped your son's dog and will kill the dog if you vote to confirm this nominee.

Unfortunately, you are burdened with the difficult task of navigating these fault lines in this case.

You may not find that engaging in a peaceful demonstration which is also a constitutional right under the First Amendment is in itself a crime or evidence of a crime.  There is evidence of demonstrations that took place on January 6, 2021, pursuant to permits issued by the U.S. Park Police or U.S. Capitol Police.  It would violate the Constitution for you to consider anyone's peaceful participation in a political demonstration as a crime or evidence of a crime, even if their political opinions are directly the opposite of yours or even if you think their opinions are unhelpful or harmful.

On the other hand, political demonstrations can be illegal if the demonstrators have no right to be on private or public property without the necessary permits.  A person cannot make a speech at 3 AM in a residential neighborhood. There can be many aspects of a protest that

are illegal such as using amplified sound so as to create a disturbance or disruption. But this Court and you as the jury cannot contemplate the message of a protest, as to whether you agree or disagree with the message.

However, you have also heard of gatherings about which the Government presented evidence that those degenerated into violence, riots, assaults on police, property damage, and the like. Clearly, the involvement of political opinions does not lessen in any way guilt for such criminal conduct. Political views should be viewed as irrelevant one way or the other. A crime does not become any less of a crime simply because there was a political message or protest involved.

You are required under our Constitution to separate the conduct from the message.

Let me be specific: No one committed any crime merely by claiming that the 2020 elections for President were accurate or inaccurate, fraudulent or fair, carried out properly or against pre-existing rules, or that Donald Trump or Joe Biden won the election. It would in fact be a very serious matter to censor any U.S. citizen's or resident's political opinions.

If people riot and break things and assault people, it really does not matter why. The only way in which one's motivations might enter into a criminal case of this nature is to resolve any uncertainty about whether a Defendant did or did not actually engage in the conduct alleged against them, including acting intentionally or with certain intent. But no political message, opinion, position, or belief can be a crime or a part of a crime in the United States of America.

## XIII.   Credibility of Witnesses, Redbook 2.20

Defendant accepts and agrees with the giving of the standard instruction, but

with the following addition and clarification.  The instruction as drafted invites a

lawless, standardless, arbitrary, subjective jury verdict.

> In determining whether the government has proved its case, you must consider and weigh the testimony of all the witnesses who have appeared before you.
>
> You are the sole judge of the credibility of the witnesses. In other words, you alone *(each juror)* are to determine whether to believe any witness and the extent to which any witness should be believed. *However, in making those decisions you must be guided by the standards of the law, the decisions on the admissibility of evidence in the trial as valid evidence, and the procedures directed by the presiding judge.  The role of every juror to weigh the testimony of the witnesses is not an invitation to a standardless or lawless verdict.  In making those decisions you must apply sound reasons and analysis, not arbitrary speculation.*
>
> However, again, your decision is to be based upon sound analysis of specific circumstances and details of the testimony, not as an arbitrary assumption.  Examples of factors that might be relevant, but examples only, would be which if any witnesses would be in the best position to be able to see, hear, or know what they testified to, whether their recollection has changed over time, whether they have motivations to remember or recount events in a certain way (but you should be careful to avoid raw speculation), etc.  That is, one witness with a clear view of events might be more believable to you than a dozen witnesses without a clear view. Many witnesses who viewed only a chaotic mass of people whom they do not know might be less credible than one witness who actually knows and recognizes a Defendant well.
>
> Note that it is important for you to evaluate what evidence and witnesses are credible, especially if there is inconsistent testimony or evidence.  But credible means more than truthful.  A witness could be sincere and trying to be honest but have less ability to accurately identify what happened than another person with a better view or ability to hear.  A witness not wearing necessary eyeglasses might offer less credible testimony than someone else, even if they are both equally honest.
>
> Generally speaking you should start with the position that everyone is telling the truth, or trying to be honest and accurate, particularly where

their testimony all agrees on a point.  If you have to resolve conflicting testimony and conflicting evidence, then you should see if there is a way that the testimony and evidence can fit together, such as one person was viewing from up close while another was viewing from far away.  If there is still a conflict, then you may need to seriously evaluate who is more credible and believable, including who is telling the truth.

In reaching a conclusion as to the credibility of any witness, you may consider any matter that may have a bearing on the subject *which is valid evidence in the case*. You may consider the demeanor and the behavior of the witness on the witness stand; the witness's manner of testifying; whether the witness impresses you as a truthful person; whether the witness impresses you as having an accurate memory and recollection; how careful they are in reporting the facts, whether the witness has any motive for not telling the truth; whether the witness had a full opportunity to observe the matters about which he or she has testified; whether the witness has any interest in the outcome of this case, or friendship or hostility toward other people concerned with this case.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses, may or may not cause you to discredit such testimony. Two or more persons witnessing an incident or transaction may see or hear it differently; an innocent mis-recollection, like a failure of recollection, is not an uncommon experience. In weighing the effect of the inconsistency or discrepancy, *you may* consider whether it pertains to a matter of important or unimportant detail, and whether the inconsistency or discrepancy results from innocent error or intentional falsehood.

You may consider that a witness' report of events closer in time to when those events happened, when it was fresh in their minds, is probably more accurate than after the passage of time.  However, you should also take note of whether one report was informal and unofficial but another was formal and official, such that the witness might be speaking more carefully and precisely.

You may consider the reasonableness or unreasonableness, the probability or improbability, of the testimony of a witness in determining whether to accept it as true and accurate. You may consider whether the witness has been contradicted or supported by other credible evidence.

If you believe that any witness has shown him or herself to be biased or prejudiced, for or against either side in this trial, you may consider and determine whether such bias or prejudice has colored the testimony of the witness so as to affect the desire and capability of that witness to tell the truth.

## ELEMENTS OF THE CHARGED OFFENSES

## Instruction No. 1: Count 1, Obstructing Officers During a Civil Disorder (18 U.S.C. § 231(a)(3))

Count 1 of the indictment charges the defendant with committing or attempting to commit an act to obstruct, impede, or interfere with law enforcement officers lawfully carrying out their official duties incident to a civil disorder, which is a violation of federal law. The Court will first explain the elements of the substantive offense, along with its associated definitions. Then, the Court will explain how to determine whether the defendant committed or attempted to commit the offense. Elements In order to find the defendant guilty of obstructing officers during a civil disorder, you must find the following **five elements** beyond a reasonable doubt:

**First,** the defendant knowingly committed an act or attempted to commit an act.  The fact that other people may have done so does not make this Defendant guilty of a crime under this Count.

**Second**, in committing or attempting to commit that act, the defendant

intended to obstruct, impede, or interfere with one or more law enforcement officers, with identifiable officer(s), not just theoretically or possibly or conceivably.

**Third**, the Government must prove specific act(s) by the Defendant actually obstructing, impeding, or interfering with specific officer(s) in identifiable ways, each of which must be proven beyond a reasonable doubt. Evidence that is merely consistent with the possibility that some officer somewhere might have been obstructed, impeded, or interfered is not sufficient to convict this particular Defendant of any crime.

**Fourth**, at the time of the defendant's actual or attempted act, the law enforcement officer or officers were engaged in the lawful performance of their official duties incident to and during a civil disorder.

**Fifth**, the civil disorder in any way or degree obstructed, delayed, or adversely affected either commerce or the movement of any article or commodity in commerce or the conduct or performance of any federally protected function.

**Sixth**, the defendant's conduct was <u>not</u> protected expression, speech, political advocacy, or petitioning for redress of grievances under the First Amendment.

**Definitions** A person acts "knowingly" if he realizes what he is doing and is aware of the nature of his conduct, and does not act through ignorance, mistake, or

accident. In deciding whether the defendant acted knowingly, you may consider all of the evidence, including what the defendant did or said.

The term "civil disorder" means any public disturbance involving acts of violence by groups of three or more persons, which (a) causes an immediate danger of injury to another individual, (b) causes an immediate danger of damage to another individual's property, (c) results in injury to another individual, or (d) results in damage to another individual's property.

The term "commerce" means commerce (A) between any State and any place outside thereof; or (B) between points within any State through any place outside thereof. "Commerce" cannot pertain to commerce wholly within the District of Columbia.

The term "federally protected function" means any function, operation, or action carried out, under the laws of the United States, by any department, agency, or instrumentality of the United States or by an officer or employee thereof.

The term "department" includes executive departments. The Department of Homeland Security, which includes the United States Secret Service, is an executive department.

The term "agency" includes any department, independent establishment, commission, administration, authority, board, or bureau of the United States.

The term "law enforcement officer" means any officer or employee of the

United States or the District of Columbia while engaged in the enforcement or
prosecution of any criminal laws of the United States or the District of Columbia,
or any person assisting such an officer or employee in the performance of such
duties or on account of that assistance.

**Attempt**

In Count 1, the defendant is also charged with attempt to commit the crime
of obstructing officers during a civil disorder. An attempt to obstruct officers
during a civil disorder is a federal crime even if the defendant did not actually
complete the crime of obstructing officers during a civil disorder. In order to find
the defendant guilty of attempt to commit the crime of obstructing officers during a
civil disorder, you must find that the government proved beyond a reasonable
doubt each of the following two elements:

**First**, that the defendant intended to commit the crime of obstructing
officers during a civil disorder, as I have defined that offense above.

**Second**, that the defendant took a substantial step toward committing the
crime of obstructing officers during a civil disorder, which strongly corroborates or
confirms that the defendant intended to commit that crime. With respect to the first
element of attempt, you may not find the defendant guilty of attempt to commit
obstruction during a civil disorder merely because he thought about it. You must
find that the evidence proved beyond a reasonable doubt that the defendant's

mental state passed beyond the stage of thinking about the crime to actually intending to commit it. With respect to the substantial step element, you may not find the defendant guilty of attempt to commit obstruction during a civil disorder merely because he made some plans to or some preparation for committing that crime. Instead, you must find that the defendant took some firm, clear, undeniable action to accomplish his intent to commit obstruction during a civil disorder. However, the substantial step element does not require the government to prove that the defendant did everything except the last act necessary to complete the crime.

**Instruction No. 2: Count 2, Obstructing an Official Proceeding (18 U.S.C. § 1512(c)(2))**

Count 2 of the indictment charges the defendant with corruptly obstructing an official proceeding, which is a violation of the law. Count 2 also charges the defendant with attempt to obstruct or impede an official proceeding and aiding and abetting others to commit that offense. The Court will first explain the elements of the substantive offense, along with its associated definitions. Then, the Court will explain how to determine whether the defendant attempted the offense and whether the defendant aided and abetted the offense.

**Elements**

In order to find the defendant guilty of corruptly obstructing an official proceeding, you must find that the government proved each of the following **five** elements beyond a reasonable doubt:

**First**, the defendant attempted to or did obstruct or impede an official proceeding.

**Second**, the defendant committed acts personally and individually that directly caused the obstruction or impeding of an official proceeding.

**Third**, the defendant acted with the intent to obstruct or impede an official proceeding which is currently occurring and which the defendant reasonably believed was aware of the defendant's actions.

**Fourth**, the defendant acted knowingly, with awareness that the natural and probable effect of his conduct would be to obstruct or impede the official proceeding.

**Fifth**, the defendant acted corruptly.

**Sixth**, the defendant's conduct was not protected speech, expression, advocacy or petitioning for redress of grievances under the First Amendment.

**Definitions** The term "official proceeding" includes a proceeding before the Congress. The official proceeding must be pending or about to be instituted at the time of the offense.  The government must prove beyond a reasonable doubt that disrupting the official proceeding was reasonably foreseeable to the defendant.

A person acts "knowingly" if he realizes what he is doing and is aware of the nature of his conduct, and does not act through ignorance, mistake, or accident. In deciding whether the defendant acted knowingly, you may consider all of the evidence, including what the defendant did or said.

To act "corruptly," the defendant must knowingly use unlawful means or act with an unlawful purpose, or both. The defendant must also act with "consciousness of wrongdoing." "Consciousness of wrongdoing" means with an understanding or awareness that what the person is doing is wrong.

To prove that the Defendant acted "corruptly," the Government must prove more than the Defendant acted "unlawfully." The qualifier "unlawfully" is not the same as "corruptly."  The Government must prove that the Defendant used unlawful means "with the intent to secure an unlawful [financial] advantage or benefit either for one's self or for another." [4]

---

[4]  The definition provided under *United States v. Aguilar*, 515 U.S. 593, 616 (1995) (Scalia, J., concurring in part) *(emphases added)* for 18 U.S.C. 1503 must apply:

> Finally, respondent posits that the phrase "'corruptly ... endeavors to influence, obstruct, or impede' may be unconstitutionally vague," in that it fails to provide sufficient notice that lying to potential grand jury witnesses in an effort to thwart a grand jury investigation is proscribed. Brief for Respondent 22, n. 13. Statutory language need not be colloquial, however, and the term "corruptly" in criminal laws has a longstanding and well-accepted meaning. It denotes ***"[a]n act done with an intent to give some advantage inconsistent with official duty and the rights of others*** .... It includes bribery but is more comprehensive; because an act may be corruptly done though the advantage to be derived from it be not offered by another." *United States* v. *Ogle,* 613 F.2d 233, 238 (CAlO) (internal quotation marks omitted), cert. denied, 449 U. S. 825 (1980). *See also* Ballentine's Law Dictionary 276 (3d ed. 1969); Black's Law Dictionary 345 (6th ed. 1990). **As the District Court here instructed the jury:**

Not all attempts to obstruct or impede an official proceeding involve acting

corruptly. For example, a witness in a court proceeding may refuse to testify by

invoking his constitutional privilege against self-incrimination, thereby obstructing

or impeding the proceeding, but he does not act corruptly. In contrast, an

individual who obstructs or impedes a court proceeding by bribing a witness to

refuse to testify in that proceeding, or by engaging in other independently unlawful

conduct, does act corruptly. A person does not act corruptly where he reasonably

---

"An act is done corruptly if it's done voluntarily and intentionally to bring about either an unlawful result or a lawful result by some unlawful method, with a hope or expectation of either financial gain or other benefit to oneself or a benefit of another person." App. 117.

"[7] Black's Law Dictionary defines 'corruptly' as used in criminal-law statutes as 'indicates a wrongful desire for pecuniary gain or other advantage.' Black's Law Dictionary 371 (8th ed. 2004)." *United States of America vs. Samuel Saldana*, U.S. Court of Appeals for the Fifth Circuit, Case No. 04-50527, Opinion, August 18, 2005 , footnote 7.

*Marinello v. United States*, 138 Ct. 1101, 1114 (2018) is highly instructive:

The difference between these *mens rea* requirements is significant. While "willfully" requires proof only "that the law imposed a duty on the defendant, that the defendant knew of this duty, and that he voluntarily and intentionally violated that duty," *Cheek v. United States,* 498 U.S. 192, 201, 111 S.Ct. 604, 112 L.Ed.2d 617 (1991), "corruptly" requires proof that the defendant "act[ed] with an intent to procure an unlawful benefit either for [himself] or for some other person," *United States v. Floyd,* 740 F.3d 22, 31 (C.A.1 2014) (collecting cases); see also Black's Law Dictionary 414 (rev. 4th ed. 1951) ("corruptly" "generally imports a wrongful design to acquire some pecuniary or other advantage"). In other words, "corruptly" requires proof that the defendant not only knew he was obtaining an "unlawful benefit" but that his "objective" or "purpose" was to obtain that unlawful benefit. See 21 Am.Jur.2d, Criminal Law § 114 (2016) (explaining that specific intent requires both knowledge and purpose).

believes his expressive conduct is protected by the First Amendment.

**Attempt**

In Count 2, the defendant is also charged with attempt to commit the crime of obstruction of an official proceeding. An attempt to commit obstruction of an official proceeding is a crime even if the defendant did not actually complete the crime of obstruction of an official proceeding. In order to find the defendant guilty of attempt to commit obstruction of an official proceeding, you must find that the government proved beyond a reasonable doubt each of the following two elements:

*First,* that the defendant intended to commit the crime of obstruction of an official proceeding, as I have defined that offense above.

*Second*, that the defendant took a substantial step toward committing obstruction of an official proceeding which strongly corroborates or confirms that the defendant intended to commit that crime. With respect to the first element of attempt, you may not find the defendant guilty of attempt to commit obstruction of an official proceeding merely because he thought about it. You must find that the evidence proved beyond a reasonable doubt that the defendant's mental state passed beyond the stage of thinking about the crime to actually intending to commit it. With respect to the substantial step element, you may not find the defendant guilty of attempt to commit obstruction of an official proceeding merely because he made some plans to or some preparation for committing that crime.

Instead, you must find that the defendant took some firm, clear, undeniable action to accomplish his intent to commit obstruction of an official proceeding. However, the substantial step element does not require the government to prove that the defendant did everything except the last act necessary to complete the crime. Aiding and Abetting In this case, the government further alleges that the defendant aided and abetted others in committing obstruction of an official proceeding as charged in Count 2.

## Instruction No. 3: Counts 3, 4, 5, 6, 7, Assaulting, Resisting or Impeding Certain Officers (18 U.S.C. § 111(a)(1))

**Elements** Counts 3, 4, 5, 6, and 7 each charge the defendant with forcibly assaulting, resisting, opposing, impeding, intimidating, or interfering with officer(s) of the United States, or any person(s) assisting such an officer, who were engaged in the performance of official duties, while making physical contact with the person or acting with the intent to commit another felony, which is a violation of federal law. In order to find the defendant guilty of Count 3, you must find that the government proved each of the following **five** elements beyond a reasonable doubt with respect to Officer R.A.; in order to find the defendant guilty of Count 4, you must find that the government proved each of the **five** elements beyond a reasonable doubt with respect to Officer M.N.; in order to find the defendant guilty

of Count 5, you must find that the government proved each of the five elements beyond a reasonable doubt with respect to Officer S.A.; in order to find the defendant guilty of Count 6, you must find that the government proved each of the five elements beyond a reasonable doubt with respect to Officer K.V.; and in order to find the defendant guilty of Count 7, you must find that the government proved each of the five elements beyond a reasonable doubt with respect to Officer R.N.

*First,* the defendant assaulted, resisted, opposed, impeded, intimidated, or interfered with an officer of the United States, or any person assisting such an officer.

*Second*, the defendant did such acts forcibly.

*Third*, the defendant did such acts voluntarily and intentionally.

*Fourth*, the officer was then engaged in the performance of official duties, or the person was assisting such an officer while such officer was engaged in the performance of official duties.

*Fifth*, the defendant made forceful physical contact with the victim in a way that had a potential to injure or harm the victim, or acted with the intent to commit another felony.

For purposes of this element, "another felony" refers to the offense charged in Count 1 (civil disorder) or Count 2 (obstruction of an official proceeding and aiding and abetting).

**Definitions**

The term "forcibly" means that the defendant used force, attempted to use force, or threatened to use force against the officer.

A threat to use force at some unspecified time in the future is not sufficient to establish that the defendant acted forcibly.

The term "assault" means any intentional attempt or threat to inflict injury upon someone else, when coupled with an apparent present ability to do so. A finding that one used force (or attempted or threatened to use it) isn't the same as a finding that he attempted or threatened to inflict injury.

In order to find that the defendant committed an "assault," you must find beyond a reasonable doubt that the defendant acted forcibly and that the defendant intended to inflict or intended to threaten injury. The terms "resist," "oppose," "impede," "intimidate," and "interfere with" carry their everyday, ordinary meanings. The term "intentionally" means that the defendant knowingly, consciously, and voluntarily committed an act which the law makes a crime. This general intent may be inferred from the doing of the act. "Knowingly" has the same meaning I gave you previously.

**Instruction No. 4: Count 8, Entering or Remaining in a Restricted Area or Grounds (18 U.S.C. § 1752(a)(1))**

**Elements**

Count 8 of the indictment charges the defendant with knowingly entering or remaining in a restricted building or grounds, which is a violation of federal law.

In order to find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

***First***, that the defendant entered or remained in a restricted building or grounds without lawful authority to do so.

***Second***, that the defendant did so while knowing the building or grounds were off-limits to him because the Vice President or the Vice President's immediate family were in the immediate vicinity. The Secret Service has broad authority to restrict areas from the public where the Vice President and the immediate family of the Vice President may visit or reside. But this authority is not limitless and should not interfere with civil liberties. Under the American constitutional order, no person can have a title of nobility or be immune from criticism, approach, or confrontation.

***Third,*** that the defendant entered a restricted area (building or grounds) knowingly with regard to what exact area was and was not restricted. That is, the defendant must be able to know where the line is so that being on one side of the

line is lawful while being on the other side of the line is unlawful.

**Fourth,** the defendant must have been on notice of the restriction at the time of his or her entry into a restricted building or grounds. It would not be sufficient for the Government to prove that at some other time of the day there was notice posted if the posted notice was not present at the time the defendant entered an allegedly restricted grounds or building.

A person acts "knowingly" if he realizes what he is doing and is aware of the nature of his conduct, and does not act through ignorance, mistake, or accident. In deciding whether the defendant knowingly entered or remained in a restricted building, you may consider all of the evidence, including what the defendant did or said.

**Definitions**

The term "restricted building or grounds" means any posted, cordoned off, or otherwise restricted area of a building or grounds in the precise vicinity where a person protected by the Secret Service is or will be temporarily visiting so long a reasonable person would understand the area is restricted.

The term "person protected by the Secret Service" includes the Vice President and the immediate family of the Vice President.

A person acts "knowingly" if the Government can prove that he knows the facts which make his conduct unlawful, he realizes what he is doing and is aware

of the nature of his conduct, and does not act through ignorance, mistake, or accident. In deciding whether the defendant acted knowingly, you may consider all of the evidence, including what the defendant did or said.

**Instruction No. 5: Count 9, Disorderly or Disruptive Conduct in a Restricted Area or Grounds (18 U.S.C. § 1752(a)(2))**

**Elements**

Count 5 of the indictment charges the defendant with disorderly or disruptive conduct in a restricted building or grounds. In order to find the defendant guilty of this offense, you must find that the government proved each of the following four elements beyond a reasonable doubt:

*First*, that the defendant engaged in disorderly or disruptive conduct in, or in proximity to, any restricted building or grounds.

*Second,* that the defendant did so knowingly, and with the intent to impede or disrupt the orderly conduct of Government business or official functions.

*Third,* that the defendant's conduct in fact impeded or disrupted the orderly conduct of Government business or official functions.  The Government must prove the individual guilt of the defendant, not the guilt of others or of a crowd generally.

*Fourth,* that the grounds or building were restricted <u>*at the time*</u> that the

35

Defendant engaged in disorderly or disruptive conduct.

**Fifth**, that the Defendant knew or should have known *at the time* that the Defendant entered or remained that the building or grounds were (temporarily) restricted.

**Sixth**, that the defendant's conduct was not protected speech, advocacy, expression, or petitioning for redress of grievances under the First Amendment.

**Definitions**

"Disorderly" conduct is that which tends to disturb the public peace, offend public morals, or undermine public safety.  For example, disorderly conduct occurs when a person is unreasonably loud and disruptive under the circumstances, or interferes with another person by jostling against or unnecessarily crowding that person.

Conduct is "disruptive" if it interrupts an event, activity, or the normal course of process.

Disorderly and disruptive conduct each requires a voluntary and willful act. For example, if a person were to slip and fall in the Capitol Rotunda and cried out in pain, the yelling would certainly be disorderly or disruptive, but not willful and not a crime.

The term "restricted building or grounds" has the same meaning as described in the instructions for Count One.

The term "knowingly" has the same meaning as described in the instructions for Count Eight.

**Instruction No. 6: Count 10, Engaging in Physical Violence in a Restricted Building or Grounds (18 U.S.C. § 1752(a)(4))**

**Elements**

Count 6 of the indictment charges the defendant with physical violence in a restricted building or grounds. In order to find the defendant guilty of this offense, you must find that the government proved each of the following **two** elements beyond a reasonable doubt: **First**, that the defendant engaged in an act of physical violence against a person or property in, or in proximity to, a restricted building or grounds; and that the defendant engaged in physical violence against a person or property in, or in proximity to, a restricted building or grounds. **Second**, that the defendant did so knowingly that the defendant knew the building/grounds was restricted and that he lacked authority to remain there.

**Definitions**

The term "physical violence" means any act involving an assault or other infliction of death or bodily harm on an individual, or damage to, or destruction of, real or personal property committed with intent to cause injury or bodily harm.

The terms "knowingly" and "restricted building or grounds" have the same meanings I gave you previously.

**Instruction No. 7: Count 11, Disorderly Conduct in a Capitol Building (40 U.S.C. § 5104(e)(2)(D))**

Count 11 of the indictment charges the defendant with engaging in disorderly and disruptive conduct within the United States Capitol Grounds, which is a violation of federal law.

In order to find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

***First,*** that the defendant engaged in disorderly or disruptive conduct in any of the United States Capitol Buildings.

***Second***, that the defendant did so with the intent to impede, disrupt, or disturb the orderly conduct of a session of Congress or either House of Congress.

***Third,*** that the defendant acted willfully and knowingly.

***Fourth,*** that the defendant reasonably knew that a session of either House of Congress was currently ongoing.

**Definitions**

The term "United States Capitol Buildings" includes the United States Capitol located at First Street, Southeast, in Washington, D.C.

The term "disorderly or disruptive conduct" has the same meaning described in the instructions for Count Two defining "disorderly conduct" and "disruptive conduct."

A person acts "willfully" if he acts with the intent to do something that the law forbids, that is, to disobey or disregard the law. "Willfully" does not, however, require proof that the defendant be aware of the specific law or rule that his conduct may be violating.

The term "knowingly" has the same meaning as that described in the instructions for Count Nine.


**Additionally, Thomas offers the following proposed jury instructions:**

THREE PROPOSED INSTRUCTIONS: MERE PRESENCE, INDIVIDUALIZED GUILT, AND FIRST AMENDMENT RIGHTS:

We would like to propose a "mere presence" jury instruction along the lines of the 9th Circuit's Criminal Jury instruction 6.10 . (see

https://www.ce9.uscourts.gov/jury-instructions/node/387#:~:text=The%20defendant%E2%80%99s%20presence%20may%20be%20considered%20by%20the,been%20instructed%20on%20the%20elements%20of%20the%20crime. )


**Proposed Instruction No. __**

MERE PRESENCE

Mere presence at the scene of a crime or mere knowledge that a crime is being committed is not sufficient to establish that the defendant committed the

crimes of unlawful entry or unlawful picketing and parading. The defendant must be a participant and not merely a knowing spectator. The defendant's presence may be considered by the jury along with other evidence in the case.


**Proposed Instruction No. __**
**Guilt Must be individualized**

Guilt by association is not allowed under the American Constitution. The determination of guilt must be an individualized matter. Defendant Thomas cannot be convicted of crimes by a mob or group, unless you find beyond a reasonable doubt that Thomas himself committed such crimes.

The right to associate does not lose all constitutional protection merely because some members of the group may have participated in conduct or advocated doctrine that itself is not protected.

*N.A.A.C.P. v. Claiborne Hardware Co.*, 458 U.S. 886, 908 (1992); Scales v. United States, 367 U.S. 203, 229 (1961); *Carr v. District of Columbia*, 561 F. Supp. 2d 7, 13 (D.D.C. 2008). See also *Barham v. Ramsey*, 434 F.3d 565, 573 (D.C. Cir. 2006). "Where the standard is probable cause, a search or seizure of a person must be supported by probable cause <u>particularized with respect to that person</u>. This requirement cannot be undercut or avoided by simply pointing to the fact that coincidentally there exists probable cause to search or seize another ...."

**Proposed Instruction No. __**
**First Amendment Rights**

Every United States citizen has the right to petition his or her government, and express ideas and bring their concerns to their legislators. Citizens also have the right to peaceably assemble with others to petition their government.

Dated:  March 16, 2023

Respectfully Submitted,

/s/ *John M. Pierce*
John M. Pierce
21550 Oxnard Street
3rd Floor, PMB #172
Woodland Hills, CA 91367
Tel: (213) 400-0725
Email: jpierce@johnpiercelaw.com

*Attorney for Defendant*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 16, 2023, a true and accurate copy of the forgoing was electronically filed and served through the ECF system of the U.S. District Court for the District of Columbia.

**MATTHEW M. GRAVES**
United States Attorney

SAMANTHA R. MILLER
Assistant United States Attorney

---

[1] *See* 18 U.S.C. 1114(a) (definition includes those "assisting such an officer or employee," such as officers from the D.C. Metropolitan Police Department and the Prince George's County Police Department, both of whom were summoned by the U.S. Capitol Police's All Points Bulletin on January 6, 2021). This definition also conforms with how "officer" is used throughout remaining instructions.

United States Attorney's Office For the District of
Columbia 601 D Street, NW 20530
Samantha.Miller@usdoj.gov

SEAN P. MCCAULEY
Assistant United States Attorney
United States Attorney's Office 601 D Street NW
Washington, DC 20530 Sean.McCauley@usdoj.gov

Respectfully submitted
/s/ John Pierce