**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | **CASE NO. 1:21-cr-00552 (DLF)** |
| **v.** | : | |
| | : | |
| **KENNETH JOSEPH OWEN  THOMAS,** | : | |
| | : | |
| **Defendant.** | : | |

## PARTIES' JOINT MOTION
## TO EXCLUDE TIME UNDER THE SPEEDY TRIAL ACT

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, and the Defendant, Defendant Kenneth Joseph Owen Thomas, hereby move this Court to exclude the time within which the trial must commence under the Speedy Trial Act, 18 U.S.C. § 3161, on the basis that the ends of justice served by taking such actions outweigh the best interest of the public and the defendant in a speedy trial pursuant to the factors described in 18 U.S.C. § 3161(h)(7)(A), (B)(i), (ii), and (iv), from the date this Court enters an Order on this motion through and including the day prior to the commencement of trial, May 14, 2023. Government counsel conferred with defense who consented to the government filing this Joint Motion.

### FACTUAL BACKGROUND

The Second Superseding Indictment (ECF No. 49) charges defendant Thomas with violations of 18 U.S.C. § 231(a)(3) (Civil Disorder), 18 U.S.C. § 1512(c)(2) (Obstruction of an Official Proceeding) and 2 (Aiding and Abetting), 18 U.S.C § 111(a)(1) - Assaulting, Resisting, or Impeding Certain Officers, 18 U.S.C. § 1752(a)(1) - Entering and Remaining in a Restricted Building or Grounds, 18 U.S.C. § 1752(a)(2) - Disorderly and Disruptive Conduct in a Restricted Building, 18 U.S.C. § 1752(a)(4) - Engaging in Physical Violence in a Restricted Building or Grounds, 40 U.S.C. § 5104(e)(2)(D) - Disorderly Conduct in the Capitol Grounds or Buildings,

and 40 U.S.C. § 5104(e)(2)(F) - Act of Physical Violence in the Capitol Grounds or Buildings.

Trial is currently scheduled to commence on May 15, 2023.

## ARGUMENT

Section 3161(h) of the Speedy Trial Act sets forth certain periods of delay which the Court must exclude from the computation of time within which an indictment must be filed. As is relevant to this motion for a continuance, pursuant to subsection (h)(7)(A), the Court must exclude:

> Any period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

18 U.S.C. § 3161(h)(7)(A).  This provision further requires the Court to set forth its reasons for finding that that any ends-of-justice continuance is warranted.  *Id.*  Subsection (h)(7)(B) sets forth a non-exhaustive list factors that the Court must consider in determining whether to grant an ends-of-justice continuance, including:

(i)     Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.

(ii)    Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.
. . .

(iv)    Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. § 3161(h)(7)(B)(i)(ii) and (iv).  Importantly, "[i]n setting forth the statutory factors that justify a continuance under subsection (h)(7), Congress twice recognized the importance of adequate pretrial preparation time." *Bloate v. United States*, 559 U.S. 196, 197 (2010) (*citing* §3161(h)(7)(B)(ii), (B)(iv)).  An interests of justice finding is within the discretion of the Court. *See, e.g., United States v. Rojas-Contreras*, 474 U.S. 231, 236 (1985); *United States v. Hernandez*, 862 F.2d 17, 24 n.3 (2d Cir. 1988). "The substantive balancing underlying the decision to grant such a continuance is entrusted to the district court's sound discretion." *United States v. Rice*, 746 F.3d 1074 (D.C. Cir. 2014).

In this case, an ends-of-justice continuance is warranted under 18 U.S.C. § 3161(h)(7)(A) based on the factors described in 18 U.S.C. § 3161(h)(7)(B)(i)(ii) and (iv).  The need for reasonable time to organize, produce, and review voluminous discovery and to prepare for trial are among the grounds that Courts of Appeals have routinely held sufficient to grant continuances and exclude the time under the Speedy Trial Act. *See, e.g., United States v. Bikundi*, 926 F.3d 761, 777-78 (D.C. Cir. 2019).

## CONCLUSION

WHEREFORE, the parties jointly respectfully request that the Court grant this motion and exclude the time within which the trial must commence under the Speedy Trial Act, 18 U.S.C. § 3161 et seq., up to and through May 14, 2023, on the basis that the ends of justice served by taking such actions outweigh the best interest of the public and the defendants in a speedy trial pursuant to the factors described in 18 U.S.C. § 3161(h)(7)(A), (B)(i), (ii), and (iv).

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

By:      */s/ Samantha R. Miller*

3

SAMANTHA R. MILLER
Assistant United States Attorney
New York Bar No. 5342175
United States Attorney's Office
601 D Street, NW
Washington, DC 20530
Samantha.Miller@usdoj.gov

SEAN P. MCCAULEY
Assistant United States Attorney
NY Bar No. 5600523
United States Attorney's Office
601 D Street NW
Washington, DC 20530
Sean.McCauley@usdoj.gov

By:     */s/ John M. Pierce*
        John M. Pierce
        John Pierce Law
        P.C. 21550 Oxnard
        Street 3rd Floor
        PMB #172
        Woodland Hills, CA
        91367 P: (213) 349-0054
        jpierce@johnpiercelaw.com