UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | : |
| | : |
| v. | : CASE NO. 1:21-cr-00552 (DLF) |
| | : |
| **KENNETH JOSEPH OWEN THOMAS,** | : |
| | : |
| Defendant. | : |

**GOVERNMENT'S NOTICE OF OBJECTIONS**
**TO PROPOSED VOIR DIRE AND SUBSTANTIVE JURY INSTRUCTIONS**

The United States of America respectfully files this Notice of Objections to the Court's proposed voir dire and substantive jury instructions. They are summarized below and included in redline as Exhibit A.

I. **Voir Dire**

None.

II. **Jury Instructions**

- **Instruction 1.** Modify first sentence of introductory paragraph as follows:

  The Court will first explain the elements of the substantive offense, along with its associate definitions. Then, the Court will explain how to determine whether the defendant committed or attempted to commit the offense.

- **Instruction 1.** Definitions - Modify "commerce" definition as follows:

  The term "commerce" means commerce (A) between any State or the District of Columbia and any place outside thereof; (B) between points within any State or the

1

District of Columbia, but through any place outside thereof; or (C) wholly within the District of Columbia.

- **Instruction 1.** Definitions - Modify "law enforcement officer" definition as follows:

  The term "law enforcement officer" means any officer or employee of the United States or the District of Columbia while engaged in the enforcement or prosecution of any criminal laws of the United States or the District of Columbia, or any person assisting such an officer or employee in the performance of such duties or on account of that assistance.[1]

- **Instruction 3.** Definitions - Modify "forcibly" as follows:

  Include in its definition an instruction that "Physical force or contact is sufficient but actual physical contact is not required."

  Include in its definition an instruction that "You may also find that a person who has the present ability to inflict bodily harm upon another and who threatens or attempts to inflict bodily harm upon that person acts forcibly. In such case, the threat must be a present one."[2]

- **Instruction 3.** Definitions - Define "injury" as follows:

  "Injury" as "any physical injury, however small, including a touching offense to a person of reasonable sensibility."[3]

---

[1] *See* 18 U.S.C. 1114(a) (definition includes those "assisting such an officer or employee," such as officers from the D.C. Metropolitan Police Department and the Prince George's County Police Department, both of whom were summoned by the U.S. Capitol Police's All Points Bulletin on January 6, 2021). This definition also conforms with how "officer" is used throughout remaining instructions.

[2] *United States v. Taylor*, 848 F.3d 476, 493 (1st Cir. 2017) (The element of 'forcible' action can be met by a showing of either physical contact with the federal agent, or by such a threat or display of physical aggression toward the officer as to inspire fear of pain, bodily harm, or death.") (quotation marks omitted) (citing cases).

[3] *United States v. Watts*, 798 F.3d 650, 654 (7th Cir. 2015) ("an assault may also be committed by a person who intends to threaten or attempt to make offensive rather than injurious physical contact with the victim"); *United States v. Acosta-Sierra*, 690 F.3d 1111, 1117 (9th Cir. 2012) ("Because Section 111 does not define assault, we have adopted the common law definition of assault as either (1) a willful attempt to inflict injury upon the person of another, or (2) a threat to inflict injury upon the person of another which, when coupled with an apparent present ability, causes a reasonable apprehension of immediate bodily harm.") (quotation marks omitted); *Comber v. United States*, 584 A.2d 26, 50 (D.C. 1990) (en banc) (explaining that the crime of simple assault "is designed to protect not only against physical injury, but against all forms of offensive touching, . . . and even the mere threat of such touching"); Criminal Jury Instructions

- **Instruction 6**. Modify elements as follows:

    First, that the defendant engaged in an act of physical violence against a person or property in, or in proximity to, a restricted building or grounds; and

    Second, that the defendant did so knowingly.

- **Instruction 7**. Definitions - Modify "United States Capitol Grounds" definition as follows:

    The term "United States Capitol Grounds" includes the United States Capitol located at First Street, Southeast, in Washington, D.C., and its grounds, which includes all squares, reservations, streets, roadways, walks, and other areas as defined on a map entitled "Map showing areas comprising United States Capitol Grounds," dated June 25, 1946, approved by the Architect of the Capitol, and recorded in the Office of the Surveyor of the District of Columba in book 127, page 8.

- **Instruction 8.** Include an instruction as to proof of state of mind[4] as follows:

    Someone's intent or knowledge ordinarily cannot be proved directly because there is no way of knowing what a person is actually thinking, but you may infer someone's intent or knowledge from the surrounding circumstances. You may consider any statement made or acts done or omitted by the defendants, and all other facts and circumstances received in evidence which indicate their intent or knowledge.

    You may infer, but are not required to infer, that a person intends the natural and probable consequence of acts they intentionally did or did not do. It is entirely up to you, however, to decide what facts to find from the evidence received during this trial. You should consider all the circumstances in evidence that you think are relevant in determining whether the government has proved beyond a reasonable doubt that the defendant acted with the necessary state of mind.

---

for the District of Columbia, No. 4.100 (2022 ed.) ("Injury means any physical injury, however small, including a touching offensive to a person of reasonable sensibility.").

[4] *United States v. Rhodes, et al*. (Rhodes trial I and II), 22-cr-15 (ECF 396 at 15 and ECF 457 at 14-15, respectively); *see also United States v. Herrera*, 21-cr-619 (ECF 65 at 7); *United States v. Strand*, 21-cr-85 (ECF 112 at 12).

While the defendant must act with the intent as I describe below for each charged crime, this need not be defendant's sole purpose. Defendant's unlawful intent is not negated by the simultaneous presence of another purpose for defendant's conduct.

*    *    *

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
DC Bar No. 481052

*/s/ Samantha R. Miller*
SAMANTHA R. MILLER
Assistant United States Attorney
New York Bar No. 5342175
United States Attorney's Office
For the District of Columbia
601 D Street, NW 20530
Samantha.Miller@usdoj.gov

SEAN P. MCCAULEY
Assistant United States Attorney
New York Bar No. 5600523
United States Attorney's Office,
For the District of Columbia
601 D Street NW
Washington, DC 20530
Sean.McCauley@usdoj.gov