UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>KENNETH JOSEPH OWEN THOMAS,<br><br>*Defendant.* | No. 21-cr-552 (DLF) |

**PROPOSED JURY INSTRUCTIONS – SUBSTANTIVE INSTRUCTIONS**

## ELEMENTS OF THE CHARGED OFFENSES

**Instruction No. 1: Count 1, Obstructing Officers During a Civil Disorder (18 U.S.C. § 231(a)(3))**

Count 1 of the indictment charges the defendant with committing or attempting to commit an act to obstruct, impede, or interfere with law enforcement officers lawfully carrying out their official duties incident to a civil disorder, which is a violation of federal law. The Court will first explain the elements of the substantive offense, along with its associated definitions. Then, the Court will explain how to determine whether the defendant committed or attempted to commit the offense.

### Elements

In order to find the defendant guilty of obstructing officers during a civil disorder, you must find the following four elements beyond a reasonable doubt:

First, the defendant knowingly committed an act or attempted to commit an act.

Second, in committing or attempting to commit that act, the defendant intended to obstruct, impede, or interfere with one or more law enforcement officers.

Third, at the time of the defendant's actual or attempted act, the law enforcement officer or officers were engaged in the lawful performance of their official duties incident to and during a civil disorder.

Fourth, the civil disorder in any way or degree obstructed, delayed, or adversely affected either commerce or the movement of any article or commodity in commerce or the conduct or performance of any federally protected function.

Definitions

A person acts "knowingly" if he realizes what he is doing and is aware of the nature of his conduct, and does not act through ignorance, mistake, or accident. In deciding whether the defendant acted knowingly, you may consider all of the evidence, including what the defendant did or said.

The term "civil disorder" means any public disturbance involving acts of violence by groups of three or more persons, which (a) causes an immediate danger of injury to another individual, (b) causes an immediate danger of damage to another individual's property, (c) results in injury to another individual, or (d) results in damage to another individual's property.

The term "commerce" means commerce (A) between any State or the District of Columbia and any place outside thereof; (B) between points within any State or the District of Columbia, but through any place outside thereof; or (C) wholly within the District of Columbia~~or travel between one state, including the District of Columbia, and any other state, including the District of Columbia. It also means commerce wholly within the District of Columbia~~.

The term "federally protected function" means any function, operation, or action carried out, under the laws of the United States, by any department, agency, or instrumentality of the United States or by an officer or employee thereof.

The term "department" includes executive departments. The Department of Homeland Security, which includes the United States Secret Service, is an executive department.

The term "agency" includes any department, independent establishment, commission, administration, authority, board, or bureau of the United States.

3

The term "law enforcement officer" means any officer or employee of the United States or the District of Columbia while engaged in the enforcement or prosecution of any criminal laws of the United States or the District of Columbia, or any person assisting such an officer or employee in the performance of such duties or on account of that assistance.[1]

Attempt

In Count 1, the defendant is also charged with attempt to commit the crime of obstructing officers during a civil disorder. An attempt to obstruct officers during a civil disorder is a federal crime even if the defendant did not actually complete the crime of obstructing officers during a civil disorder.

In order to find the defendant guilty of attempt to commit the crime of obstructing officers during a civil disorder, you must find that the government proved beyond a reasonable doubt each of the following two elements:

First, that the defendant intended to commit the crime of obstructing officers during a civil disorder, as I have defined that offense above.

Second, that the defendant took a substantial step toward committing the crime of obstructing officers during a civil disorder, which strongly corroborates or confirms that the defendant intended to commit that crime.

With respect to the first element of attempt, you may not find the defendant guilty of attempt to commit obstruction during a civil disorder merely because he thought about it. You

---

[1] See 18 U.S.C. 1114(a) (definition includes those "assisting such an officer or employee," such as officers from the D.C. Metropolitan Police Department and the Prince George's County Police Department, both of whom were summoned by the U.S. Capitol Police's All Points Bulletin on January 6, 2021).

must find that the evidence proved beyond a reasonable doubt that the defendant's mental state passed beyond the stage of thinking about the crime to actually intending to commit it.

With respect to the substantial step element, you may not find the defendant guilty of attempt to commit obstruction during a civil disorder merely because he made some plans to or some preparation for committing that crime. Instead, you must find that the defendant took some firm, clear, undeniable action to accomplish his intent to commit obstruction during a civil disorder. However, the substantial step element does not require the government to prove that the defendant did everything except the last act necessary to complete the crime.

**Instruction No. 2: Count 2, Obstructing an Official Proceeding (18 U.S.C. § 1512(c)(2))**

Count 2 of the indictment charges the defendant with corruptly obstructing an official proceeding, which is a violation of the law. Count 2 also charges the defendant with attempt to obstruct or impede an official proceeding and aiding and abetting others to commit that offense. The Court will first explain the elements of the substantive offense, along with its associated definitions. Then, the Court will explain how to determine whether the defendant attempted the offense and whether the defendant aided and abetted the offense.

<u>Elements</u>

In order to find the defendant guilty of corruptly obstructing an official proceeding, you must find that the government proved each of the following four elements beyond a reasonable doubt:

First, the defendant attempted to or did obstruct or impede an official proceeding.

Second, the defendant acted with the intent to obstruct or impede the official proceeding.

5

Third, the defendant acted knowingly, with awareness that the natural and probable effect of his conduct would be to obstruct or impede the official proceeding.

Fourth, the defendant acted corruptly.

Definitions

The term "official proceeding" includes a proceeding before the Congress. The official proceeding need not be pending or about to be instituted at the time of the offense. If the official proceeding was not pending or about to be instituted, the government must prove beyond a reasonable doubt that the official proceeding was reasonably foreseeable to the defendant. As used in Count 2, the term "official proceeding" means Congress's Joint Session to certify the Electoral College vote.

A person acts "knowingly" if he realizes what he is doing and is aware of the nature of his conduct, and does not act through ignorance, mistake, or accident. In deciding whether the defendant acted knowingly, you may consider all of the evidence, including what the defendant did or said.

To act "corruptly," the defendant must use unlawful means or act with an unlawful purpose, or both. The defendant must also act with "consciousness of wrongdoing." "Consciousness of wrongdoing" means with an understanding or awareness that what the person is doing is wrong. Not all attempts to obstruct or impede an official proceeding involve acting corruptly. For example, a witness in a court proceeding may refuse to testify by invoking his constitutional privilege against self-incrimination, thereby obstructing or impeding the proceeding, but he does not act corruptly. In contrast, an individual who obstructs or impedes a court proceeding by bribing

6

a witness to refuse to testify in that proceeding, or by engaging in other independently unlawful conduct, does act corruptly.

Attempt

In Count 2, the defendant is also charged with attempt to commit the crime of obstruction of an official proceeding. An attempt to commit obstruction of an official proceeding is a crime even if the defendant did not actually complete the crime of obstruction of an official proceeding.

In order to find the defendant guilty of attempt to commit obstruction of an official proceeding, you must find that the government proved beyond a reasonable doubt each of the following two elements:

First, that the defendant intended to commit the crime of obstruction of an official proceeding, as I have defined that offense above.

Second, that the defendant took a substantial step toward committing obstruction of an official proceeding which strongly corroborates or confirms that the defendant intended to commit that crime.

With respect to the first element of attempt, you may not find the defendant guilty of attempt to commit obstruction of an official proceeding merely because he thought about it. You must find that the evidence proved beyond a reasonable doubt that the defendant's mental state passed beyond the stage of thinking about the crime to actually intending to commit it.

With respect to the substantial step element, you may not find the defendant guilty of attempt to commit obstruction of an official proceeding merely because he made some plans to or some preparation for committing that crime. Instead, you must find that the defendant took some firm, clear, undeniable action to accomplish his intent to commit obstruction of an official

7

proceeding. However, the substantial step element does not require the government to prove that the defendant did everything except the last act necessary to complete the crime.

## Aiding and Abetting

In this case, the government further alleges that the defendant aided and abetted others in committing obstruction of an official proceeding as charged in Count 2. A person may be guilty of an offense if he aided and abetted another person in committing the offense. A person who has aided and abetted another person in committing an offense is often called an accomplice. The person whom the accomplice aids and abets is known as the principal. It is not necessary that all the people who committed the crime be caught or identified. It is sufficient if you find beyond a reasonable doubt that the crime was committed by someone and that the defendant knowingly and intentionally aided and abetted that person in committing the crime.

In order to find the defendant guilty of obstruction of an official proceeding because he aided and abetted others in committing this offense, you must find the that the government proved beyond a reasonable doubt the following five requirements:

First, that others committed obstruction of an official proceeding by committing each of the elements of the offense charged, as I have explained above.

Second, that the defendant knew that obstruction of an official proceeding was going to be committed or was being committed by others.

Third, that the defendant performed an act or acts in furtherance of the offense.

Fourth, that the defendant knowingly performed that act or acts for the purpose of aiding, assisting, soliciting, facilitating, or encouraging others in committing the offense of obstruction of an official proceeding.

Fifth, that the defendant did that act or acts with the intent that others commit the offense of obstruction of an official proceeding.

To show that the defendant performed an act or acts in furtherance of the offense charged, the government needs to show some affirmative participation by the defendant which at least encouraged others to commit the offense. That is, you must find that the defendant's act or acts did, in some way, aid, assist, facilitate, or encourage others to commit the offense. The defendant's act or acts need not further aid, assist, facilitate, or encourage every part or phase of the offense charged; it is enough if the defendant's act or acts further aid, assist, facilitate, or encourage only one or some parts or phases of the offense. Also, the defendant's acts need not themselves be against the law.

In deciding whether the defendant had the required knowledge and intent to satisfy the fourth requirement for aiding and abetting, you may consider both direct and circumstantial evidence, including the defendant's words and actions and other facts and circumstances. However, evidence that the defendant merely associated with persons involved in a criminal venture or was merely present or was merely a knowing spectator during the commission of the offense is not enough for you to find the defendant guilty as an aider and abetter. If the evidence shows that the defendant knew that the offense was being committed or was about to be committed, but does not also prove beyond a reasonable doubt that it was the defendant's intent and purpose to aid, assist, encourage, facilitate, or otherwise associate himself with the offense, you may not find the defendant guilty of the obstruction of an official proceeding as an aider and abettor. The government must prove beyond a reasonable doubt that the defendant in some way participated in

the offense committed by others as something the defendant wished to bring about and to make succeed.

**Instruction No. 3: Counts 3, 4, 5, 6, 7, Assaulting, Resisting or Impeding Certain Officers**

**(18 U.S.C. § 111(a)(1))**

Elements

Counts 3, 4, 5, 6, and 7 each charge the defendant with forcibly assaulting, resisting, opposing, impeding, intimidating, or interfering with officer(s) of the United States, or any person(s) assisting such an officer, who were engaged in the performance of official duties, while making physical contact with the person or acting with the intent to commit another felony, which is a violation of federal law.

In order to find the defendant guilty of Count 3, you must find that the government proved each of the following five elements beyond a reasonable doubt with respect to Officer R.A.; in order to find the defendant guilty of Count 4, you must find that the government proved each of the five elements beyond a reasonable doubt with respect to Officer M.N.; in order to find the defendant guilty of Count 5, you must find that the government proved each of the five elements beyond a reasonable doubt with respect to Officer S.A.; in order to find the defendant guilty of Count 6, you must find that the government proved each of the five elements beyond a reasonable doubt with respect to Officer K.V.; and in order to find the defendant guilty of Count 7, you must find that the government proved each of the five elements beyond a reasonable doubt with respect to Officer R.N.

First, the defendant assaulted, resisted, opposed, impeded, intimidated, or interfered with an officer of the United States, or any person assisting such an officer.

Second, the defendant did such acts forcibly.

Third, the defendant did such acts voluntarily and intentionally.

11

Fourth, the officer was then engaged in the performance of official duties, or the person was assisting such an officer while such officer was engaged in the performance of official duties.

Fifth, the defendant made physical contact with the victim, or acted with the intent to commit another felony. For purposes of this element, "another felony" refers to the offense charged in Count 1 (civil disorder) or Count 2 (obstruction of an official proceeding and aiding and abetting).

### Definitions

The term "forcibly" means that the defendant used force, attempted to use force, or threatened to use force against the officer. Physical force or contact is sufficient but actual physical contact is not required. A threat to use force at some unspecified time in the future is not sufficient to establish that the defendant acted forcibly. You may also find that a person who has the present ability to inflict bodily harm upon another and who threatens or attempts to inflict bodily harm upon that person acts forcibly. In such case, the threat must be a present one.[2]

The term "assault" means any intentional attempt or threat to inflict injury upon someone else, when coupled with an apparent present ability to do so. A finding that one used force (or attempted or threatened to use it) isn't the same as a finding that he attempted or threatened to inflict injury. In order to find that the defendant committed an "assault," you must find beyond a reasonable doubt that the defendant acted forcibly and that the defendant intended to inflict or

---

[2] *United States v. Taylor*, 848 F.3d 476, 493 (1st Cir. 2017) (The element of 'forcible' action can be met by a showing of either physical contact with the federal agent, or by such a threat or display of physical aggression toward the officer as to inspire fear of pain, bodily harm, or death.") (quotation marks omitted) (citing cases).

intended to threaten injury. Injury means any physical injury, however small, including a touching offensive to a person of reasonable sensibility.[3]

The terms "resist," "oppose," "impede," "intimidate," and "interfere with" carry their everyday, ordinary meanings.

The term "intentionally" means that the defendant knowingly, consciously, and voluntarily committed an act which the law makes a crime. This general intent may be inferred from the doing of the act. "Knowingly" has the same meaning I gave you previously. The government does not have to prove that the defendant knew that the victim was a federal officer, or a person assisting a federal officer in the performance of official duties.

It is not necessary to show that the defendant knew the person being forcibly assaulted, resisted, opposed, impeded, intimidated, or interfered with was, at that time, carrying out an official duty so long as it is established beyond a reasonable doubt that the person was, in fact, carrying out an official duty and that the defendant intentionally forcibly assaulted, resisted, opposed, impeded, intimidated, or interfered with that officer.

---

[3] *United States v. Watts*, 798 F.3d 650, 654 (7th Cir. 2015) ("an assault may also be committed by a person who intends to threaten or attempt to make offensive rather than injurious physical contact with the victim"); *United States v. Acosta-Sierra*, 690 F.3d 1111, 1117 (9th Cir. 2012) ("Because Section 111 does not define assault, we have adopted the common law definition of assault as either (1) a willful attempt to inflict injury upon the person of another, or (2) a threat to inflict injury upon the person of another which, when coupled with an apparent present ability, causes a reasonable apprehension of immediate bodily harm.") (quotation marks omitted); *Comber v. United States*, 584 A.2d 26, 50 (D.C. 1990) (en banc) (explaining that the crime of simple assault "is designed to protect not only against physical injury, but against all forms of offensive touching, . . . and even the mere threat of such touching"); Criminal Jury Instructions for the District of Columbia, No. 4.100 (2022 ed.) ("Injury means any physical injury, however small, including a touching offensive to a person of reasonable sensibility.").

## Instruction No. 4: Count 8, Entering or Remaining in a Restricted Area or Grounds

## (18 U.S.C. § 1752(a)(1))

Elements

Count 8 of the indictment charges the defendant with entering or remaining in a restricted building or grounds, which is a violation of federal law.

In order to find the defendant guilty of this offense, you must find that the government proved each of the following two elements beyond a reasonable doubt:

First, that the defendant entered or remained in a restricted building or grounds without lawful authority to do so.

Second, that the defendant knew that the building or grounds was restricted and he knew that he lacked the lawful authority to enter or remain there.

Definitions

The term "restricted building or grounds" means any posted, cordoned off, or otherwise restricted area of a building or grounds where a person protected by the Secret Service is temporarily visiting.

The term "person protected by the Secret Service" includes the Vice President and the immediate family of the Vice President.

The term "knowingly" has the same meaning I gave you previously.

14

**Instruction No. 5: Count 9, Disorderly or Disruptive Conduct in a Restricted Area or Grounds (18 U.S.C. § 1752(a)(2))**

Elements

Count 5 of the indictment charges the defendant with disorderly or disruptive conduct in a restricted building or grounds.

In order to find the defendant guilty of this offense, you must find that the government proved each of the following three elements beyond a reasonable doubt:

First, that the defendant knowingly engaged in disorderly or disruptive conduct in, or in proximity to, any restricted building or grounds.

Second, that the defendant did so with the intent to impede or disrupt the orderly conduct of Government business or official functions.

Third, that the defendant's conduct in fact impeded or disrupted the orderly conduct of Government business or official functions.

Definitions

"Disorderly conduct" occurs when a person acts in such a manner as to cause another person to be in reasonable fear that a person or property in a person's immediate possession is likely to be harmed or taken, uses words likely to produce violence on the part of others, is unreasonably loud and disruptive under the circumstances, or interferes with another person by jostling against or unnecessarily crowding that person.

"Disruptive conduct" is a disturbance that interrupts an event, activity, or the normal course of a process.

15

The terms "restricted building or grounds" and "knowingly" have the same meaning I gave you previously.

### Instruction No. 6: Count 10, Engaging in Physical Violence in a Restricted Building or Grounds (18 U.S.C. § 1752(a)(4))

<u>Elements</u>

Count 6 of the indictment charges the defendant with physical violence in a restricted building or grounds.

In order to find the defendant guilty of this offense, you must find that the government proved each of the following two elements beyond a reasonable doubt:

First, that the defendant engaged in an act of physical violence against a person or property in, or in proximity to, a restricted building or grounds; and ~~that the defendant engaged in physical violence against a person or property in, or in proximity to, a restricted building or grounds~~.

- Second, that the defendant knew the building/grounds was restricted and that he lacked authority to remain there.

<u>Definitions</u>

The term "physical violence" means any act involving an assault or other infliction of death or bodily harm on an individual, or damage to, or destruction of, real or personal property.

The terms "knowingly" and "restricted building or grounds" have the same meanings I gave you previously.

**Instruction No. 7: Count 11, Disorderly Conduct in a Capitol Building (40 U.S.C. § 5104(e)(2)(D))**

Count 11 of the indictment charges the defendant with engaging in disorderly and disruptive conduct within the United States Capitol Grounds, which is a violation of federal law.

In order to find the defendant guilty of this offense, you must find that the government proved each of the following three elements beyond a reasonable doubt:

First, that the defendant engaged in disorderly or disruptive conduct in the United States Capitol Grounds.

Second, that the defendant did so with the intent to impede, disrupt, or disturb the orderly conduct of a session of Congress or either House of Congress, or the orderly conduct of a hearing before or any deliberation of a committee of Congress or either House of Congress.

Third, that the defendant acted willfully and knowingly.

<u>Definitions</u>

The term "United States Capitol Grounds" includes the United States Capitol located at First Street, Southeast, in Washington, D.C., and its grounds, which includes all squares, reservations, streets, roadways, walks, and other areas as defined on a map entitled "Map showing areas comprising United States Capitol Grounds," dated June 25, 1946, approved by the Architect of the Capitol, and recorded in the Office of the Surveyor of the District of Columba in book 127, page 8.

17

A person acts "willfully" if he acts with the intent to do something that the law forbids, that is, to disobey or disregard the law. "Willfully" does not, however, require proof that the defendant be aware of the specific law or rule that his conduct may be violating.

The terms "knowingly," "disruptive conduct," and "disorderly conduct" have the same meanings I gave you previously.

### Instruction No. 8: Count 12, Engaging in Physical Violence in the Capitol Grounds or Building (40 U.S.C. § 5104(e)(2)(F))

Elements

Count 12 of the indictment charges the defendant with engaging in an act of physical violence in the United States Capitol Grounds or any of the Capitol Buildings, which is a violation of federal law.

In order to find the defendant guilty of this offense, you must find that the government proved each of the following two elements beyond a reasonable doubt:

First, that the defendant engaged in an act of physical violence in the United States Capitol Grounds.

Second, that the defendant acted willfully and knowingly.

Definitions

The term "act of physical violence" means any act involving an assault or other infliction or threat of infliction of death or bodily harm on an individual, or damage to, or destruction of, real or personal property.

The terms "knowingly," "willfully," and "United States Capitol Grounds" have the same meanings I gave you previously.

### Instruction No. 8: Proof of State of Mind[4]

Someone's intent or knowledge ordinarily cannot be proved directly because there is no way of knowing what a person is actually thinking, but you may infer someone's intent or knowledge from the surrounding circumstances. You may consider any statement made or acts done or omitted by the defendants, and all other facts and circumstances received in evidence which indicate their intent or knowledge.

You may infer, but are not required to infer, that a person intends the natural and probable consequence of acts they intentionally did or did not do. It is entirely up to you, however, to decide what facts to find from the evidence received during this trial. You should consider all the circumstances in evidence that you think are relevant in determining whether the government has proved beyond a reasonable doubt that the defendant acted with the necessary state of mind.

While the defendant must act with the intent as I describe below for each charged crime, this need not be defendant's sole purpose. Defendant's unlawful intent is not negated by the simultaneous presence of another purpose for defendant's conduct.

---

[4] *United States v. Rhodes, et al.* (Rhodes trial I and II), 22-cr-15 (ECF 396 at 15 and ECF 457 at 14-15, respectively); *see also United States v. Herrera,* 21-cr-619 (ECF 65 at 7); *United States v. Strand*, 21-cr-85 (ECF 112 at 12).