UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA        :
                                :
                                :
    v.                          : Case No. 1:21-cr-00552 (DLF)
                                :
KENNETH JOSEPH OWEN THOMAS,:
                                :

Defendant.

DEFENDANT KENNETH JOSEPH OWEN THOMAS'S RED-LINED PROPOSED JURY INSTRUCTIONS

COMES NOW Defendant Kenneth Joseph Owen Thomas ("Defendant" or "Thomas") with this red-lined set of proposed jury instructions (and objections to the government's proposed instructions). Thomas' proposed new language is in red; Thomas' objections to government's proposals identified by strike-through.

**Instruction No. 1: Count 1, Obstructing Officers During a Civil Disorder (18 U.S.C. § 231(a)(3))**

Count 1 of the indictment charges the defendant with committing or attempting to commit an act to obstruct, impede, or interfere with law enforcement officers lawfully carrying out their official duties incident to a civil disorder, which is a violation of federal law. The Court will first explain the elements of the substantive offense, along with its associated definitions. Then, the Court will explain how to determine whether the defendant committed or attempted

to commit the offense. Elements In order to find the defendant guilty of obstructing officers during a civil disorder, you must find the following four elements beyond a reasonable doubt:

**First,** the defendant knowingly committed an act or attempted to commit an act.

**Second**, in committing or attempting to commit that act, the defendant intended to obstruct, impede, or interfere with one or more law enforcement officers.

**Third**, at the time of the defendant's actual or attempted act, the law enforcement officer or officers were engaged in the lawful performance of their official duties incident to and during a civil disorder.

**Fourth**, the civil disorder in any way or degree obstructed, delayed, or adversely affected either commerce or the movement of any article or commodity in commerce or the conduct or performance of any federally protected function. The defendant cannot be convicted for effects on commerce caused by government enforcement or regulation, but only for the effects he actually personally caused.

**Fifth,** the defendant's conduct was not protected expression, speech, political advocacy, or petitioning for redress of grievances under the First Amendment.

**Definitions**

A person acts "knowingly" if he realizes what he is doing and is aware of the nature of his conduct, and does not act through ignorance, mistake, or accident. In deciding whether the defendant acted knowingly, you may consider all of the evidence, including what the defendant did or said.

The term "civil disorder" means any public disturbance involving acts of violence by groups of three or more persons, which (a) causes an immediate danger of injury to another individual,

(b) causes an immediate danger of damage to another individual's property, (c) results in injury to another individual, or (d) results in damage to another individual's property.

The term "commerce" means commerce (A) between any State ~~or the District of Columbia~~ and any place outside thereof; or (B) between points within any State ~~or the District of Columbia~~, and somewhere outside the state. ~~but through any place outside thereof; or (C) wholly within the District of Columbia.or travel between one state, including the District of Columbia, and any other state, including the District of Columbia.~~ "Commerce" cannot pertain to commerce wholly within the District of Columbia.~~It also means commerce wholly within the District of Columbia.~~

The term "federally protected function" means any function, operation, or action carried out, under the laws of the United States, by any department, agency, or instrumentality of the United States or by an officer or employee thereof.

The term "department" includes executive departments. The Department of Homeland Security, which includes the United States Secret Service, is an executive department.

The term "agency" includes any department, independent establishment, commission, administration, authority, board, or bureau of the United States.

The term "law enforcement officer" means any officer or employee of the United States or the District of Columbia while engaged in the enforcement or prosecution of any criminal laws of the United States or the District of Columbia, ~~or any person assisting such an officer or employee in the performance of such duties or on account of that assistance~~.

**Attempt**

In Count 1, the defendant is also charged with attempt to commit the crime of obstructing officers during a civil disorder. An attempt to obstruct officers during a civil disorder is a federal

crime even if the defendant did not actually complete the crime of obstructing officers during a civil disorder. In order to find the defendant guilty of attempt to commit the crime of obstructing officers during a civil disorder, you must find that the government proved beyond a reasonable doubt each of the following two elements: **First,** that the defendant intended to commit the crime of obstructing officers during a civil disorder, as I have defined that offense above. **Second**, that the defendant took a substantial step toward committing the crime of obstructing officers during a civil disorder, which strongly corroborates or confirms that the defendant intended to commit that crime. With respect to the first element of attempt, you may not find the defendant guilty of attempt to commit obstruction during a civil disorder merely because he thought about it. You must find that the evidence proved beyond a reasonable doubt that the defendant's mental state passed beyond the stage of thinking about the crime to actually intending to commit it. With respect to the substantial step element, you may not find the defendant guilty of attempt to commit obstruction during a civil disorder merely because he made some plans to or some preparation for committing that crime. Instead, you must find that the defendant took some firm, clear, undeniable action to accomplish his intent to commit obstruction during a civil disorder. However, the substantial step element does not require the government to prove that the defendant did everything except the last act necessary to complete the crime.

### Instruction No. 2: Count 2, Obstructing an Official Proceeding (18 U.S.C. § 1512(c)(2))

Count 2 of the indictment charges the defendant with corruptly obstructing an official proceeding, which is a violation of the law. Count 2 also charges the defendant with attempt to obstruct or impede an official proceeding and aiding and abetting others to commit that offense.

The Court will first explain the elements of the substantive offense, along with its associated definitions. Then, the Court will explain how to determine whether the defendant attempted the offense and whether the defendant aided and abetted the offense.

**Elements**

In order to find the defendant guilty of corruptly obstructing an official proceeding, you must find that the government proved each of the following **five** elements beyond a reasonable doubt:

**First,** the defendant attempted to or did obstruct or impede an official proceeding.

**Second,** the defendant individually acted with the intent to obstruct or impede the official proceeding.

**Third**, the defendant knew an official proceeding was occurring and that his actions would likely end, sabotage, or thwart the outcome of the official proceeding. ~~acted knowingly, with awareness that the natural and probable effect of his conduct would be to obstruct or impede the official proceeding.~~

**Fourth**, the defendant acted corruptly.

**Fifth,** the defendant's conduct was not protected speech, expression, advocacy or petitioning for redress of grievances under the First Amendment.

Definitions

The term "official proceeding" includes a proceeding before the Congress. The official proceeding ~~need not be pending or about to be instituted at the time of the offense.~~[1] must be pending at the time of the offense. ~~If the official proceeding was not pending or about to be instituted, the government must prove beyond a reasonable doubt that the official proceeding was reasonably foreseeable to the defendant.~~

As used in Count 2, the term "official proceeding" means Congress's Joint Session to certify the Electoral College vote.

A person acts "knowingly" if he realizes what he is doing and is aware of the nature of his conduct, and does not act through ignorance, mistake, or accident. In deciding whether the defendant acted knowingly, you may consider all of the evidence, including what the defendant did or said.

To act "corruptly," the defendant must knowingly use unlawful means or act with an unlawful purpose, or both. The defendant must also act with "consciousness of wrongdoing." "Consciousness of wrongdoing" means with an understanding or awareness that what the person is doing is morally wrong.[2]

To prove that the Defendant acted "corruptly," the Government must prove more than

---

[1] The plain language of the statute suggests the official proceeding must be actually pending, existing and occurring. Literally nothing in the statute supports the government's proposed language that the proceeding can be conceptual, future-tense, or past-tense.

[2] The addition of the word **morally** is necessary here because a person can innocently do something "wrong" without being corrupt. Consider efforts of abolitionists to stoke slave revolts or harbor fugitive slaves, or efforts of those who harbored Ann Frank, who were obviously doing something "wrong" but who were acting in accordance with their morals and in good faith.

the Defendant knowingly acted unlawfully.  Not all attempts to obstruct or impede an official proceeding involve acting corruptly. For example, a witness in a court proceeding may refuse to testify by invoking his constitutional privilege against self-incrimination, thereby obstructing or impeding the proceeding, but he does not act corruptly. And a demonstrator seeking in good faith to inspire officials in a proceeding to open additional proceedings or hearings or to examine or consider some issue or argument is <u>not</u> acting corruptly. In contrast, an individual who obstructs or impedes a court proceeding by bribing a witness to refuse to testify in that proceeding, or by engaging in other independently unlawful conduct, does act corruptly. ³

---

³      See *United States v. Aguilar*, 515 U.S. 593, 616 (1995) (Scalia, J., concurring in part) *(emphases added)* for 18 U.S.C. 1503 must apply:

> Finally, respondent posits that the phrase "'corruptly ... endeavors to influence, obstruct, or impede' may be unconstitutionally vague," in that it fails to provide sufficient notice that lying to potential grand jury witnesses in an effort to thwart a grand jury investigation is proscribed. Brief for Respondent 22, n. 13. Statutory language need not be colloquial, however, and the term "corruptly" in criminal laws has a longstanding and well-accepted meaning. It denotes ***"[a]n act done with an intent to give some advantage inconsistent with official duty and the rights of others*** .... It includes bribery but is more comprehensive; because an act may be corruptly done though the advantage to be derived from it be not offered by another." *United States* v. *Ogle,* 613 F.2d 233, 238 (CAlO) (internal quotation marks omitted), cert. denied, 449 U. S. 825 (1980). *See also* Ballentine's Law Dictionary 276 (3d ed. 1969); Black's Law Dictionary 345 (6th ed. 1990). **As the District Court here instructed the jury:**
>
> "An act is done corruptly if it's done voluntarily and intentionally to bring about either an unlawful result or a lawful result by some unlawful method, with a hope or expectation of either financial gain or other benefit to oneself or a benefit of another person." App. 117.

"Black's Law Dictionary defines 'corruptly' as used in criminal-law statutes as 'indicates a wrongful desire for pecuniary gain or other advantage.' Black's Law Dictionary 371 (8th ed. 2004)." *United States of America vs. Samuel Saldana*, U.S. Court of Appeals for the Fifth Circuit, Case No. 04-50527, Opinion, August 18, 2005 , footnote 7.

**Attempt**
In Count 2, the defendant is also charged with attempt to commit the crime of obstruction of an official proceeding. An attempt to commit obstruction of an official proceeding is a crime even if the defendant did not actually complete the crime of obstruction of an official proceeding. In order to find the defendant guilty of attempt to commit obstruction of an official proceeding, you must find that the government proved beyond a reasonable doubt each of the following two elements:
**First**, that the defendant intended to commit the crime of obstruction of an official proceeding, as I have defined that offense above.
**Second,** that the defendant took a substantial step toward committing obstruction of an official proceeding which strongly corroborates or confirms that the defendant intended to commit that crime. With respect to the first element of attempt, you may not find the defendant guilty of attempt to commit obstruction of an official proceeding merely because he thought about it.

You must find that the evidence proved beyond a reasonable doubt that the defendant's mental state passed beyond the stage of thinking about the crime to actually intending to commit it. With respect to the substantial step element, you may not find the defendant guilty of attempt to commit obstruction of an official proceeding merely because he made some plans to or some preparation for committing that crime. Instead, you must find that the defendant took some firm, clear, undeniable action to accomplish his intent to commit obstruction of an official proceeding. However, the substantial step element does not require the government to

---

*Marinello v. United States*, 138 Ct. 1101, 1114 (2018) is highly instructive:

> The difference between these *mens rea* requirements is significant. While "willfully" requires proof only "that the law imposed a duty on the defendant, that the defendant knew of this duty, and that he voluntarily and intentionally violated that duty," *Cheek v. United States,* 498 U.S. 192, 201, 111 S.Ct. 604, 112 L.Ed.2d 617 (1991), "corruptly" requires proof that the defendant "act[ed] with an intent to procure an unlawful benefit either for [himself] or for some other person," *United States v. Floyd,* 740 F.3d 22, 31 (C.A.1 2014) (collecting cases); see also Black's Law Dictionary 414 (rev. 4th ed. 1951) ("corruptly" "generally imports a wrongful design to acquire some pecuniary or other advantage"). In other words, "corruptly" requires proof that the defendant not only knew he was obtaining an "unlawful benefit" but that his "objective" or "purpose" was to obtain that unlawful benefit. See 21 Am.Jur.2d, Criminal Law § 114 (2016) (explaining that specific intent requires both knowledge and purpose).

prove that the defendant did everything except the last act necessary to complete the crime.

**Aiding and Abetting**

In this case, the government further alleges that the defendant aided and abetted others in committing obstruction of an official proceeding as charged in Count 2. A person may be guilty of an offense if he aided and abetted another person in committing the offense. A person who has aided and abetted another person in committing an offense is often called an accomplice. The person whom the accomplice aids and abets is known as the principal. It is not necessary that all the people who committed the crime be caught or identified. ~~It is sufficient if you find beyond a reasonable doubt that the crime was committed by someone and that the defendant knowingly and intentionally aided and abetted that person in committing the crime.~~

In order to find the defendant guilty of obstruction of an official proceeding because he aided and abetted others in committing this offense, you must find the that the government proved beyond a reasonable doubt the following five requirements:

**First,** that others committed obstruction of an official proceeding by committing each of the elements of the offense charged, as I have explained above.

**Second**, that the defendant knew that obstruction of an official proceeding was going to be committed or was being committed by others.

**Third**, that the defendant performed an act or acts in furtherance of the offense.

**Fourth**, that the defendant knowingly performed that act or acts for the purpose of aiding, assisting, soliciting, facilitating, or encouraging others in committing the offense of obstruction of an official proceeding.

**Fifth,** that the defendant did that act or acts with the intent that others commit the offense of obstruction of an official proceeding.

~~To show that the defendant performed an act or acts in furtherance of the offense charged, the government needs to show some affirmative participation by the defendant which at least encouraged others to commit the offense. That is, you must find that the defendant's act or acts~~

~~did, in some way, aid, assist, facilitate, or encourage others to commit the offense. The defendant's~~

~~act or acts need not further aid, assist, facilitate, or encourage every part or phase of the offense~~

~~charged; it is enough if the defendant's act or acts further aid, assist, facilitate, or encourage only~~

~~one or some parts or phases of the offense. Also, the defendant's acts need not themselves be against the law.~~[4]

~~In deciding whether the defendant had the required knowledge and intent to satisfy the fourth requirement for aiding and abetting, you may consider both direct and circumstantial~~

---

[4] This proposed language wrongly suggests that someone can aid and abet by "encouraging." This implicates First Amendment protected advocacy. This proposed language further suggests that someone may be convicted of aiding and abetting even in the absence of every element of the offense being proffered. For example, this language suggests that if someone "acts" in a way to aid and abet an assault he may be convicted of murder, even if no murder was convicted by the principals.

~~evidence, including the defendant's words and actions and other facts and circumstances.~~[5] ~~However,~~ Evidence that the defendant merely associated with persons involved in a criminal venture or was merely present or was merely a knowing spectator during the commission of the offense is not enough for you to find the defendant guilty as an aider and abetter. If the evidence shows that the defendant knew that the offense was being committed or was about to be committed, but does not also prove beyond a reasonable doubt that it was the defendant's intent and purpose to aid, assist, encourage, facilitate, or otherwise associate himself with the offense, you may not find the defendant guilty of the obstruction of an official proceeding as an aider and abettor. The government must prove beyond a reasonable doubt that the defendant in some way participated in the offense committed by others as something the defendant wished to bring about and to make succeed.

### Instruction No. 20:  Counts 3,4,5,6,7 – Assaulting, Resisting or Impeding Certain Officers

(18 U.S.C. § 111(a)(1); O'Malley, Grenig, and Lee, Federal Practice and Instructions § 24:03 (6th ed.); *United States v. Feola*, 420 U.S. 671, 684 (1975); *United States v. Arrington*, 309 F.3d 40, 44-45 (D.C. Cir. 2002))

Elements Counts 3, 4, 5, 6, and 7 each charge the defendant with forcibly assaulting, resisting, opposing, impeding, intimidating, or interfering with officer(s) of the United States, ~~or any person(s) assisting such an officer,~~ who were engaged in the performance of official duties, while making physical contact with the person or acting with the intent to commit another felony, which is a violation of federal law.

In order to find the defendant guilty of Count 3, you must find that the government proved each of

---

[5] This proposed language gives a false impression that protected speech or advocacy may subject someone to criminal punishment for his words.

the following five elements beyond a reasonable doubt with respect to Officer R.A.; in order to find the defendant guilty of Count 4, you must find that the government proved each of the five elements beyond a reasonable doubt with respect to Officer M.N.; in order to find the defendant guilty of Count 5, you must find that the government proved each of the five elements beyond a reasonable doubt with respect to Officer S.A.; in order to find the defendant guilty of Count 6, you must find that the government proved each of the five elements beyond a reasonable doubt with respect to Officer K.V.; and in order to find the defendant guilty of Count 7, you must find that the government proved each of the five elements beyond a reasonable doubt with respect to Officer R.N.

<u>Elements</u>

**First,** the defendant assaulted, resisted, opposed, impeded, intimidated, or interfered with Officer Shauni Kerkhoff, Sergeant Adam DesCamp, Sergeant Matthew Flood, Officer Eugene Goodman, Officer Stephen Sherman, Officer Brett Sorrell, or Inspector Amy Hyman, ~~or another officer from the United States Capitol Police.~~

**Second,** the defendant did such acts forcibly.

**Third,** the defendant did such acts voluntarily and intentionally.

**Fourth**, the person assaulted, resisted, opposed, impeded, intimidated, or interfered with was an officer or an employee of the United States who was then engaged in the performance of his official duties, ~~or any person assisting such an officer or employee in the performance of that officer's duties.~~

**Fifth**, the defendant made physical contact with and assaulted a person who was

an officer or an employee of the United States who was then engaged in the performance of his official duties, <span style="color:red">with the intent to harm or injure the officer or employee</span>, or acted with the intent to commit another felony.  For purposes of this element, "another felony" refers to the offense charged in Count One.

<u>Definitions</u>

The defendant acted "forcibly" if he used force, attempted to use force, or threatened to use force against an officer.  A threat to use force at some unspecified time in the future is not sufficient to establish that the defendant acted forcibly.

The term "assault" means any intentional attempt or threat to inflict injury upon someone else, when coupled with an apparent present ability to do so.  A finding that one used force (or attempted or threatened to use it) isn't the same as a finding that he attempted or threatened to inflict injury.  In order to find that the defendant committed an "assault," you must find beyond a reasonable doubt that the defendant acted forcibly and that the defendant intended to inflict or intended to threaten injury.

The terms "resist," "oppose," "impede," "intimidate," and "interfere with" carry their everyday, ordinary meanings.

You are instructed that Officer Shauni Kerkhoff, Sergeant Adam DesCamp, Sergeant Matthew Flood, Officer Eugene Goodman, Officer Brett Sorrell, and Inspector Amy Hyman are officers of the United States Capitol Police and that it was a part of the official duty of such officers to protect the U.S. Capitol complex on January 6, 2021, and detain individuals who lacked authorization to enter the restricted area around the complex.  ~~It is not necessary to show that the defendant knew the person being forcibly assaulted, resisted, opposed, impeded,~~

~~intimidated, or interfered with was, at that time, a federal officer carrying out an official duty so long as it is established beyond a reasonable doubt that the victim was, in fact, a federal officer acting in the course of his duty and that the defendant intentionally forcibly assaulted, resisted, opposed, impeded, intimidated, or interfered with that officer.[6]~~

**Instruction No. 4: Count 8, Entering or Remaining in a Restricted Area or Grounds (18 U.S.C. § 1752(a)(1))**

**Elements**

Count 8 of the indictment charges the defendant with entering or remaining in a restricted building or grounds, which is a violation of federal law. In order to find the defendant guilty of this offense, you must find that the government proved each of the following two elements beyond a reasonable doubt: **First**, that the defendant entered or remained in a restricted building or grounds without lawful authority to do so.

**Second**, that the defendant knew that the building and grounds were off-limits to him because the Vice President or the Vice President's immediate family were in the immediate vicinity. But the authority to restrict access to public facilities is not limitless and should not interfere with civil liberties.  Under the American constitutional order, no person can have a title of nobility or be immune from criticism, approach, or confrontation.[7]

---

[6] We believe this language contradicts the Supreme Court's rulings in United States v. Feola, that mistake regarding whether a person is an officer can constitute a valid claim of self defense in some circumstances.

[7] A report from the Senate Judiciary Committee, drafted in 1970 when Section 1752 was first enacted, says, "explained that the key purpose of the bill was to provide that authority to the Secret Service."  The report does mention the need for a federal statute "which specifically authorizes [the Secret Service] to restrict entry to areas where the President maintains temporary residences or offices," S. Rep. No. 91-1252, at 7 (1970).  The Capitol is one of America's largest public buildings, with more than a million square feet of walking space.  The report emphasized that the need to protect the President must be balanced against "possible interference with civil liberties," id.  Section 1752(a)(1) does not authorize the Secret Service to impose limitless prohibitions regarding proximity to the Vice President.  The case of Blair v. City of Evansville, 361 F. Supp. 2d 846 (S.D.In. 2005) held that a person cannot be arrested merely for protesting inside an arbitrary 500-foot zone of protection around the Vice President.

**Definitions**

A person acts "knowingly" if he realizes what he is doing and is aware of the nature of his conduct, and does not act through ignorance, mistake, or accident. In deciding whether the defendant knowingly entered or remained in a restricted building, you may consider all of the evidence, including what the defendant did or said.

The term "restricted building or grounds" means any posted, cordoned off, or otherwise restricted area of a building or grounds where a person protected by the Secret Service is temporarily visiting. The term "person protected by the Secret Service" includes the Vice President and the immediate family of the Vice President.

## Instruction No. 5:

## Count 9,

## Disorderly or Disruptive Conduct in a Restricted Area or Grounds (18 U.S.C. § 1752(a)(2))

**Elements**

Count 5 of the indictment charges the defendant with disorderly or disruptive conduct in a restricted building or grounds.

In order to find the defendant guilty of this offense, you must find that the government proved each of the following **four** elements beyond a reasonable doubt:

**First,** that the defendant knowingly engaged in disorderly or disruptive conduct in, or in proximity to, any restricted building or grounds.

**Second**, that the defendant did so knowingly with the intent to impede or disrupt the orderly conduct of Government business or official functions.

**Third,** that the defendant's conduct in fact impeded or disrupted the orderly conduct of Government business or official functions.

**Fourth,** the defendant's conduct was not protected speech, expression, advocacy or petitioning for redress of grievances under the First Amendment.

**Definitions**

"Disorderly conduct" occurs when a person acts in such a manner as to cause another person to be in reasonable fear that a person or property in a person's immediate possession is likely to

---

Further, the government's construction of the 'unauthorized entry' statutes violate Article 1, sections 9 & 10 of the US constitution prohibit granting titles of nobility by the federal government.  Under the Constitution, no official can be considered untouchable or unapproachable.

be harmed or taken, uses words likely to produce violence on the part of others, is unreasonably loud and disruptive under the circumstances, or interferes with another person by roughly shoving or elbowing ~~jostling against or unnecessarily crowding~~ that person.[8]

"Disruptive conduct" is a disturbance that interrupts an event, activity, or the normal course of a process.

The terms "restricted building or grounds" and "knowingly" have the same meaning I gave you previously.

**Instruction No. 6:**

**Count 10, Engaging in Physical Violence in a Restricted Building or Grounds (18 U.S.C. § 1752(a)(4))**

Elements

Count 6 of the indictment charges the defendant with physical violence in a restricted building or grounds. In order to find the defendant guilty of this offense, you must find that the government proved each of the following two elements beyond a reasonable doubt:

**First**, that the defendant engaged in an act of physical violence against a person or property in, or in proximity to, a restricted building or grounds; and that the defendant engaged in physical violence against a person ~~or property~~ in, ~~or in proximity to~~, a restricted building or grounds.

**Second**, that the defendant knew the building/grounds was restricted and that he lacked authority to remain there.

Definitions

The term "physical violence" means ~~any act involving~~ an assault or other infliction of death or bodily harm on an individual. ~~or damage to, or destruction of, real or personal property.~~ The terms "knowingly" and "restricted building or grounds" have the same meanings I gave you previously.


**Instruction No. 7:**

 **Count 11,**

**Disorderly Conduct in a Capitol Building (40 U.S.C. § 5104(e)(2)(D))**

---

[8] The word "jostle" is a term which seems to not be in regular use. Webster's Dictionary, 3d Ed. (1967), defines "jostle" as "to bump or push, as in a crowd; to elbow or shove roughly."

Count 11 of the indictment charges the defendant with engaging in disorderly and disruptive conduct within the United States Capitol Grounds, which is a violation of federal law. In order to find the defendant guilty of this offense, you must find that the government proved each of the following **three** elements beyond a reasonable doubt:

**First**, that the defendant engaged in disorderly or disruptive conduct in the United States Capitol Grounds.

**Second**, that the defendant knew that his actions would ~~did so with the intent to~~ impede, disrupt, or disturb the orderly conduct of a session of Congress or either House of Congress, or the orderly conduct of a hearing before or any deliberation of a committee of Congress or either House of Congress.

**Third**, that the defendant acted willfully and knowingly.

Definitions

The term "United States Capitol Grounds" includes the United States Capitol located at First Street, Southeast, in Washington, D.C., as well as covered entryways, terraces and adjacent structures. ~~all squares, reservations, streets, roadways, walks, and other areas as defined on a map entitled "Map showing areas comprising United States Capitol Grounds," dated June 25, 1946, approved by the Architect of the Capitol, and recorded in the Office of the Surveyor of the District of Columba in book 127, page 8.~~

A person acts "willfully" if he acts with the intent to break the law. ~~do something that the law forbids, that is, to disobey or disregard the law.~~ "Willfully" does not, however, require proof that the defendant knew ~~be aware of~~ the specific law ~~or rule~~ that his conduct may be violating.

The terms "knowingly," "disruptive conduct," and "disorderly conduct" have the same meanings I gave you previously.


**Instruction No. 8:**

**Count 12,**

Engaging in Physical Violence in the Capitol ~~Grounds~~ or Building (40 U.S.C. § 5104(e)(2)(F))

**Elements**

Count 12 of the indictment charges the defendant with engaging in an act of physical violence in the United States Capitol Grounds or any of the Capitol Buildings, which is a violation of federal law. In order to find the defendant guilty of this offense, you must find that the government proved each of the following **two** elements beyond a reasonable doubt:

**First,** that the defendant engaged in an act of physical violence in the United States Capitol ~~Grounds~~. **Second**, that the defendant acted willfully and knowingly.

Definitions

The term "act of physical violence" means any act of ~~involving an~~ assault or other infliction ~~or threat of infliction~~[9] of death or bodily harm on an individual, ~~or damage to, or destruction of, real or personal property~~. The terms "knowingly," "willfully," and "United States Capitol Grounds" have the same meanings I gave you previously.

**Proposed Instruction No. \_\_**

COUNT FOUR

PARADING, DEMONSTRATING, OR PICKETING IN A CAPITOL BUILDING

40 U.S.C. § 5104(e)(2)(G)

Count Two of the Information charges the defendant with parading, demonstrating, or picketing in a Capitol Building, which is a violation of federal law.

In order to find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

1. First, that the defendant paraded, demonstrated, or picketed in any of the United

States Capitol Buildings.

2. Second, that the defendant acted willfully and knowingly.

3. Third that the defendant's parading, demonstrating, or picketing delayed, impeded, or otherwise disrupted the orderly processes of the legislature.

The terms "parade" "demonstrating" and "picket" have their ordinary meanings. The term "demonstrate"

The law does not prohibit all organized expression, speechmaking, or advocacy; only conduct that would disrupt the orderly business of Congress by, for example, impeding or obstructing passageways, hearings, or meetings.[10]

---

[9] The plain meaning of "physical violence" precludes any mere threat of violence.

[10] In *Bynum v. United States Capitol Police Board*, 93 F. Supp. 2d 50, 58 (D.D.C. 2000), this district court specifically upheld an organized "prayer tour" inside the Capitol, during which "Reverend Bynum led a small group of people to various historic sites in the Capitol," viewing, praying, and speaking "in a quiet, conversational tone, during which the members of the group bowed their heads and folded their hands."

The terms "United States Capitol Buildings," "knowingly," and "willfully" have the same meanings described elsewhere in these instructions.

Additionally, Gianos offers the following proposed jury instructions:

---

While Bynum did pronounce that the interior of the Capitol is not a "public forum" in the way that a public sidewalk is, *Bynum* did not set much of a floor or ceiling on freedom of speech or advocacy.

> As the seat of the legislative branch of the federal government, the inside of the Capitol might well be considered to be the heart of the nation's expressive activity and exchange of ideas. After all, every United States citizen has the right to petition his or her government, and the Houses of Congress are among the great democratic, deliberative bodies in the world. But it also has been recognized that the expression of ideas inside the Capitol may be regulated in order to permit Congress peaceably to carry out its lawmaking responsibilities and to permit citizens to bring their concerns to their legislators. There are rules that members of Congress must follow, as well as rules for their constituents. To that end, Congress enacted the statute at issue here so that citizens would be "<u>assured of the rights of freedom of expression and of assembly and the right to petition their Government,</u>" without extending to a minority "a license . . . to delay, impede, or otherwise disrupt the orderly processes of the legislature which represents all Americans."

*Bynum* at 55-56.

Later, on page 57 of the Opinion, Judge Friedman explicitly held that "speechmaking" and other "expressive conduct" <u>is allowed</u> in the halls of the Capitol.

> While the regulation is justified by the need expressed in the statute to prevent disruptive conduct in the Capitol, it sweeps too broadly by inviting the Capitol Police to restrict behavior that is in no way disruptive, such as **"speechmaking . . . or other expressive conduct. . . ."**

At the bottom of the opinion, Judge Friedman ruled that it is "FURTHER ORDERED that defendants, their agents and employees are ENJOINED AND RESTRAINED from enforcing **any restrictions on First Amendment** conduct within the United States Capitol on the basis that such conduct is "expressive conduct that convey[s] a message supporting or opposing a point of view or has the . . . propensity to attract a crowd of onlookers."

**THREE PROPOSED INSTRUCTIONS: MERE PRESENCE, INDIVIDUALIZED GUILT, AND FIRST AMENDMENT RIGHTS:**

We would like to propose a "mere presence" jury instruction along the lines of the 9th Circuit's Criminal Jury instruction 6.10 . (see https://www.ce9.uscourts.gov/jury-instructions/node/387#:~:text=The%20defendant%E2%80%99s%20presence%20may%20be%20considered%20by%20the,been%20instructed%20on%20the%20elements%20of%20the%20crime. )

**Proposed Instruction No. __**

MERE PRESENCE

Mere presence at the scene of a crime or mere knowledge that a crime is being committed is not sufficient to establish that the defendant committed the crimes of unlawful entry or unlawful picketing and parading. The defendant must be a participant and not merely a knowing spectator. The defendant's presence may be considered by the jury along with other evidence in the case.

**Proposed Instruction No. __**

**Guilt Must be individualized**

The determination of guilt must be an individualized matter.  Defendant Gianos cannot be convicted of crimes by a mob or group, unless you find beyond a reasonable doubt that Gianos himself committed such crimes.

The right to associate does not lose all constitutional protection merely because some members of the group may have participated in conduct or advocated doctrine that itself is not protected.

*N.A.A.C.P. v. Claiborne Hardware Co.*, 458 U.S. 886, 908 (1992); Scales v. United States, 367 U.S. 203, 229 (1961); *Carr v. District of Columbia*, 561 F. Supp. 2d 7, 13 (D.D.C. 2008). See also *Barham v. Ramsey*, 434 F.3d 565, 573 (D.C. Cir. 2006). "Where the standard is probable cause, a search or seizure of a person must be supported by probable cause particularized with respect to that person. This requirement cannot be undercut or avoided by simply pointing to the fact that coincidentally there exists probable cause to search or seize another ...."

**Proposed Instruction No. \_\_**

**First Amendment Rights**

Every United States citizen has the right to petition his or her government, and express ideas and bring their concerns to their legislators. Citizens also have the right to peaceably assemble with others to petition their government.  Any law or