UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CASE NO. 1:21-cr-00552 (DLF) |
| v. | : | |
| | : | |
| KENNETH JOSEPH OWEN THOMAS, | : | |
| | : | |
| Defendant. | : | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S SECOND
SET OF OBJECTIONS TO COURT'S PROPOSED JURY INSTRUCTIONS**

The United States of America respectfully files this Response to the Defendant's Redlined Proposed Jury Instructions (ECF No. 84), which is Defendant's second submission to the Court regarding jury instructions (*see* ECF NO. 79). Because Defendant's copious modifications/deletions are inconsistent with the charging statutes and applicable law, the government submits that the Court should instead adopt the government's minimal revisions to the Court's proposed instructions, instructions that fully and correctly set forth the law that applies to this case.

**I.   Thomas's Modifications/Deletions to the Court's Proposed Jury Instructions Appear to Include Erroneous References to other of Defense Counsel's January 6 Cases.**

Initially, Defendant's proffered modifications/deletions to this Court's proposed jury instructions appear to include various factual references and instructions wholly unrelated to Defendant Thomas's case. *See* ECF No. 84 at 19 ("First**,** the defendant assaulted, resisted, opposed, impeded, intimidated, or interfered with Officer Shauni Kerkhoff, Sergeant Adam DesCamp, Sergeant Matthew Flood, Officer Eugene Goodman, Officer Stephen Sherman, Officer Brett Sorrell, or Inspector Amy Hyman . . ."); 11 ("You are instructed that Officer Shauni Kerkhoff, Sergeant Adam DesCamp, Sergeant Matthew Flood, Officer Eugene Goodman, Officer Brett

1

Sorrell, and Inspector Amy Hyman are officers of the United States Capitol Police . . ."); 16-17 (referring to an "information" and to a defendant named "Gianos," and including entire jury instruction for a count Defendant Thomas is not charged with violating: 40 U.S.C. § 5104(e)(2)(G)); 18 (referring to a defendant named "Gianos").

As this Court noted on the record during the March 20, 2023 motions hearing, defense counsel in this matter represents numerous January 6 defendants.[1] The government suspects that these erroneous references are derived from Mr. Pierce's other cases, including, especially, those in *United States v. Alberts*, No. 21-CR-26, which is currently being tried before the Honorable Christopher R. Cooper. *See* No. 21-CR-26, ECF Nos. 122 (defense filing), 127 (government response). For this initial reason, the Court should adopt the government's proposed instructions, which fully and correctly set forth the law that applies to this case.

## II. Thomas's Copious Modifications/Deletions to the Court's Proposed Jury Instructions are "Flat Out Inconsistent" with the Charging Statutes and Contrary to Law.

Furthermore, as this Court noted on the record during the March 20, 2023 motions hearing, the Defendant's modifications and deletions to the Court's proposed jury instructions, for the second time now (*see* ECF No. 79), continue to be "flat out inconsistent with the statute or not required by the statute."[2] As the Court also observed in that hearing, Defendant continues to have made an "ungodly amount of changes," "a lot of which are not compelling." Although the Defendant has made a significant change to nearly every instruction, below, the government has attempted to place into categories some of the more problematic modifications/deletions, certain of which are the subject of the government's pending Motion in Limine to Preclude the Use of

---

[1] A search for post-January 6, 2021 D.C. dockets in which Mr. Pierce is named returned approximately 59 results as of April 13, 2023.
[2] Although the government has not yet received a transcript of that hearing, these quotes are based on the contemporaneous notes taken by the government during that hearing.

Certain Improper Defenses (ECF No. 82).  Based on the below, Defendant's changes must be rejected.

1. **New elements made up out of whole cloth:** Defendant has added additional elements to a number of charges with absolutely no citation to any statutory or legal authority for those additions.  Without some sense of why the defense is seeking these instructions, the government objects to their inclusion.  Below are but a few examples of this problem.

    - Added the following to the instructions for Count 1 (18 U.S.C. § 231(a)(3)):
        - Language as follows: "The defendant cannot be convicted for effects on commerce caused by government enforcement or regulation, but only for the effects he actually personally caused."  ECF No. 84 at 2.
        - An additional element as follows: "Fifth, the defendant's conduct was not protected expression, speech, political advocacy, or petitioning for redress of grievances under the First Amendment." *Id.*

    - Added the following to the instructions for Count 2 (18 U.S.C. § 1512(c)(2)):
        - The word "individually" to the Court's third element. *Id.* at 5.
        - "Fifth, the defendant's conduct was not protected speech, expression, advocacy or petitioning for redress of grievances under the First Amendment." *Id.*
        - The requirement that the official proceeding "must be pending at the time of the offense." *Id.*
        - The word "knowingly" to the definition of "corruptly." *Id.* at 5-6.
        - Language as follows: "And a demonstrator seeking in good faith to inspire officials in a proceeding to open additional proceedings or hearings or to examine or consider some issue or argument is not acting corruptly."

    - Added the following to the instructions for Counts 3, 4, 5, 6, and 7 (18 U.S.C. § 111(a)(1)):
        - The phrase "with the intent to harm or injure the officer or employee" to the Court's fifth element. *Id.* at 11. Again, the Defendant fails to offer any legal authority as to why this instruction should be included for these counts. Insofar as there is any authority to support the inclusion of this instruction, the Defendant should be the burden of presenting that authority and articulating its applicability in this case.

    - Added the following to the instructions for Count 8 (18 U.S.C. § 1752(a)(1)):
        - The following language to the Court's second element: the defendant "knew that the building and grounds were off-limits to him because the Vice President or the Vice President's immediate family were in the immediate vicinity. But the authority to restrict access to public facilities is not limitless and should not interfere with civil liberties. Under the American constitutional order, no person can have a title of nobility or be immune from criticism, approach, or confrontation." *Id.* at 12.  First, this proposed language adds significant additional proof requirements to the government's burden that are not contained

3

    in the statute. Second, because these requirements are not required, they will confuse the issues. Third, although Defendant includes an explanatory footnote for this addition, it is not clear to the government how that footnote supports this proposed additional language when the restricted perimeter established on January 6, 2021 was neither "limitless" nor "arbitrary."
    - o The definition of "knowingly." *Id.* at 13.

- Added the following to the instructions for Count 9 (18 U.S.C. § 1752(a)(2)):
    - o An additional element as follows: "Fourth, the defendant's conduct was not protected speech, expression, advocacy or petitioning for redress of grievances under the First Amendment." *Id.* at 13. This addition is the subject of the government's pending motion in limine (ECF No. 82) and has been rejected by other courts in this District, including by Judge Cooper in Mr. Pierce's on-going *Alberts* trial. *See* No. 21-CR-26, ECF No. 77 (Memorandum Opinion & Order) (Rejecting First Amendment challenges and holding as follows: "Alberts is charged with the crimes listed in all of the challenged counts because on January 6 he allegedly committed acts of violence and fled from law enforcement . . . These actions are 'plainly not expressive conduct.' The First Amendment does not immunize a defendant engaging in physical violence and destructive acts. The 'mere fact' that Alberts was on restricted grounds to protest the 2020 election does not make his conduct expressive. Alberts's conduct on January 6, to the extent it violated any of the charged statutes, is therefore not protected by the First Amendment.") (citations omitted). For these reasons, the Defendant's proposed jury instruction regarding the "First Amendment Rights" should also be rejected. ECF No. 84 at 19.

- Added the following to the instructions for Count 11 (40 U.S.C. § 5104(e)(2)(D)) [also could be included in Categories 2 and 3 below].
    - o Deleted the intent portion of the second element and replaced it with the following language: "knew that his actions would" impede, disrupt, or disturb. ECF No. 84 at 15. This change overhauls the government's burden, is contrary to law, and the Defendant has not supplied any supporting statutory or case law for this change.
    - o Similarly, deleted the phrase "do something that the law forbids, that is, to disobey or disregard the law" from the definition of "willfully," and replaced it with "break the law." First, to the government's knowledge, "break the law" is not a recognized legal term of art or a term used in any applicable statute. Second, the change is contrary to applicable law because disregarding the law, alone, is sufficient to prove this crime. *See, e.g., Bryan v. United States*, 524 U.S. 184, 192, 118 S. Ct. 1939, 1945, 141 L. Ed. 2d 197 (1998) (quoting with approval the following definition for willfully: "A person acts willfully if he acts intentionally and purposely and with the intent to do something the law forbids, that is, with the bad purpose to *disobey or to disregard the law*. Now, the person need not be aware of the specific law or rule that his conduct may be violating. But he must act with the intent to do something that the law forbids.") (emphasis added) (citing 1 L. Sand, J. Siffert, W. Loughlin, & S. Reiss, Modern Federal Jury

4

  Instructions & para; 3A.01, p. 3A–18 (1997) ("'Willfully' means to act with knowledge that one's conduct is unlawful and with the intent to do something the law forbids, that is to say with the bad purpose to disobey or to disregard the law.")).

2. **Modifications and deletions that are entirely in opposition to what the law actually provides:** Certain of Defendant's modifications serve to reverse what the law actually provides, and Defendant provides absolutely no citation to any statutory or case law support for the changes. The government opposes these instructions. Below are but a few examples of this problem.

    - Defendant's modifications to the definition of "commerce" for Count 1 (18 U.S.C. § 231(a)(3)) change that definition so entirely that it now says the opposite of what was proposed and what the law provides. ECF No. 84 at 3; *but see, e.g.,* 18 U.S.C. 18 U.S.C. § 232(2) ("The term 'commerce' means commerce (A) between any State or the District of Columbia and any place outside thereof; (B) between points within any State or the District of Columbia, but through any place outside thereof; or (C) *wholly within the District of Columbia*.") (emphasis added).

    - Defendant's deletions in various places regarding what constitutes a law enforcement officer create instructions that are contrary to applicable law. *See* ECF No. 84 at 3, 9, 10 (deleting references stating that a law enforcement officer can be "any person assisting such an officer or employee in the performance of such duties or on account of that assistance"). Because 18 U.S.C. § 1114(a) includes those "assisting such an officer or employee," and because statutes must be read in *pari materia,* officers such as those from the D.C. Metropolitan Police Department and the Prince George's County Police Department necessarily are included as "law enforcement officers" for the charged violation of 18 U.S.C. § 111(a), because both law enforcement agencies were among those summoned by the U.S. Capitol Police's All Points Bulletin on January 6, 2021.

    - Defendant's deletions in the instructions for Court 12 (40 U.S.C. §5104(e)(2)(F)) change the definition so entirely that it now says the opposite of what was proposed and what the law provides.
        - The deletion of the word "grounds" in the first element is problematic for two reasons. ECF No. 84 at 16. First, this is contrary to the plain language of the charging statute, which provides as follows: "(F) engage in an act of physical violence *in the Grounds* or any of the Capitol Buildings." (Emphasis added). Second, it is contrary to the explicit language in the Second Superseding Indictment, which provides that the Defendant "engaged in an act of physical violence *within the United States Capitol Grounds* and any of the Capitol Buildings." ECF No. 49 at 6 (emphasis added).
        - The deletion of the language regarding the threat of infliction of harm and damage/destruction of property from the definition of "act of physical violence" is problematic because it is contrary to the definitions provided in the statute. ECF No. 84 at 16. Specifically, 40 U.S.C. 40 USC § 5104(a)(1) defines "act of

5

    physical violence" as follows: "The term 'act of physical violence' means any act involving— (A) an assault or other infliction or *threat of infliction* of death or bodily harm on an individual; or (B) *damage to, or destruction of, real or personal property*." (Emphasis added).

3. **Other modifications and deletions that lack support and are contrary to law:** Defendant also deletes relevant and key portions of instructions without adequate support. Without such support, the government objects to their inclusion. Below are but a few examples of this problem.

    - Defendant deleted, without any statutory or case law support, two highly relevant portions of the aiding and abetting instruction:
        - Defendant deleted the following: "It is sufficient if you find beyond a reasonable doubt that the crime was committed by someone and that the defendant knowingly and intentionally aided and abetted that person in committing the crime." ECF No. 84 at 8.
        - Defendant deleted language regarding encouraging others. *Id.* at 8-19. Although Defendant includes an explanatory footnote for this deletion, he does not reference any statutory or case law support for it. Furthermore, courts have held that verbal encouragement is sufficient to establish criminal liability. *See, e.g., U.S. v. Providence*, 378 Fed. Appx. 192, 195, 2010 WL 1641540 at *2 (3d Cir. 2010) ("We have indicated that in certain circumstances even 'verbal encouragement of an assault' or remaining with a group after its members disclose their intention to commit a crime is enough to establish participation." (citing *United States v. Barber*, 429 F.2d 1394, 1397 n. 4 (3d Cir. 1970))); *Commonwealth v. Carter,* 115 N.E.3d 559 (2019) (upholding involuntary manslaughter conviction where defendant "via text messages and telephone calls, wantonly or recklessly instructed the victim to kill himself, which instructions caused his death").

    - Defendant deleted highly relevant portions of the assault instruction:
        - "It is not necessary to show that the defendant knew the person being forcibly assaulted, resisted, opposed, impeded, intimidated, or interfered with was, at that time, a federal officer carrying out an official duty so long as it is established beyond a reasonable doubt that the victim was, in fact, a federal officer acting in the course of his duty and that the defendant intentionally forcibly assaulted, resisted, opposed, impeded, intimidated, or interfered with that officer." ECF No. 84 at 11-12.
        - Although Defendant states in a brief explanatory footnote that "mistake regarding whether a person is an officer can constitute a valid claim of self defense in some circumstances," Defendant has made absolutely no proffer that he (1) acted in self-defense, or (2) mistook any of the 5 uniformed officers he assaulted on January 6 for anything other than law enforcement.

    - Defendant deleted the highly relevant "jostling against or unnecessarily crowding" language in the definition of "disorderly conduct" for the instruction for Count 9

6

(18 U.S.C. § 1752(a)(2)).  His only support for this deletion was his opinion that "'jostle' is a term which seems to not be regular use." *Id.* at 14 n.8.  The government disagrees and believes that, as an alternative example, it provides useful guidance to the jury.

## CONCLUSION

Because Defendant's copious modifications/deletions to the Court's proposed jury instructions are inconsistent with the charging statutes and applicable law, the government respectfully requests that the Court reject Defendant's proposals, and adopt the government's instructions, which fully and correctly set forth the law that applies to this case.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
DC Bar No. 481052

*/s/ Samantha R. Miller*
SAMANTHA R. MILLER
Assistant United States Attorney
New York Bar No. 5342175
United States Attorney's Office
For the District of Columbia
601 D Street, NW 20530
Samantha.Miller@usdoj.gov

SEAN P. MCCAULEY
Assistant United States Attorney
NY Bar No. 5600523
United States Attorney's Office
601 D Street NW
Washington, DC 20530
Sean.McCauley@usdoj.gov