UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CASE NO. 1:21-cr-00552 (DLF) |
| v. | : | |
| | : | |
| KENNETH JOSEPH OWEN  THOMAS, | : | |
| | : | |
| Defendant. | : | |

### GOVERNMENT'S MOTION TO EXCLUDE THE PROPOSED
### EXPERT TESTIMONY OF DEFENSE EXPERT STEVEN HILL

The United States of America respectfully files this Motion to Exclude the Defendant's

proposed expert testimony of Steven Hill on the subject of "use-of-force and police civil liability."

(ECF No. 85).  Mr. Hill should be rejected as an expert in this matter for the same reasons he was

rejected as an expert on April 11, 2023 in *United States v. Alberts*, No. 21-CR-26, a recent jury

trial before the Honorable Christopher R. Cooper, and in three other prior January 6 cases.  *See,

e.g.,* April 14, 2023 Minute Entry in No. 21-CR-26 ("The Government's [ ] motion to exclude

proposed defense expert witnesses Steven Hill and Dick Heller is hereby Granted for the reasons

stated in open court on April 11.").

### INTRODUCTION AND RELEVANT FACTS

Notably, the *Alberts* case is very similar to the instant case.  In addition to having been

charged with the same offenses (apart from those related to Alberts's possession of a firearm), they

are represented by the same counsel, and involve conduct arising from similar facts and

circumstances.  The government therefore anticipates that this case and Thomas's purported

defenses will be much like Alberts's, given the factual and evidentiary similarities of the two cases

and the corresponding similarity in defense strategy:  both defendants have relied on identical or

nearly-identical filings, both defendants' conduct on January 6 was similar, both defendants were

1

in similar locations on Capitol Grounds on January 6, both defendants claim they preached non-violence on January 6, despite their actions, both defendants claim they only were asserting their First Amendment rights on January 6, despite their actions, and both defendants have attempted to claim that their conduct on January 6 was in self-defense or the defense of others, despite their actions. *See* No. 21-CR-26, ECF Nos. 34 (Alberts SSI), 77 (Court's Mem. Op. rejecting various of Alberts's defenses, including self-defense, defense of others, First Amendment), 119 (Alberts's late-filed defense expert notice for Mr. Hill), 122 (Alberts's late-filed first set of proposed jury instructions identifying various defense theories/affirmative defenses, such as excessive force, self-defense, defense of others), 123 (gov't mot. to exclude Mr. Hill), 127 (Alberts's late-filed second set of proposed jury instructions identifying, e.g., first amendment defense).[1]

According to the defendant's notice and Mr. Hill's resume, Mr. Hill is a retired police officer, systems engineer, and "protective force" trainer. *Id.* at 4-5; *see also* No. 21-CR-26, ECF No. 119-1 at 1. As an initial matter, the defendant's Rule 16 disclosure regarding Mr. Hill is deficient.  The notice does not set forth "a complete statement of all opinions that the defendant will elicit from the witness in the defendant's case-in-chief" and "the bases and reasons for them." Fed. R. Crim. P. 16(b)(1)(C)(iii). The only opinions set forth – in just three sentences – are that

---

[1] Although not specifically raised by Thomas's expert notice, as the government has previewed in other of its filings in this matter, based on the defense's strategy in *Alberts*, it appears Thomas may seek to raise similarly improper defenses herein, including inviting jury nullification, as in *Alberts*, by attempting to "provid[e] evidence or argument to establish that his conviction would undermine the United States Constitution or dishonor him as a veteran of itsMilitary." *See, e.g.,* No. 21-CR-26, ECF 106 (gov't mot. re improper defenses, which sought to (1) preclude defense evidence of non-testifying officers' conduct and evidence that invited jury nullification, and (2) preclude improper affirmative defenses of self-defense or defense of others); *see also* No. 21-CR-26, ECF No. 123 at 1-2, 14-15 (discussing the affirmative defenses again raised by Alberts, such as "justifiable use of force," "necessity," First Amendment," and stating as follows: "Alberts also should be prohibited from eliciting testimony, presenting evidence, or arguing to the jury about his affirmative defenses, which previously were the subject of the government's motion in limine. Those purported defenses improperly seek jury nullification and raise legal arguments already rejected by this Court." (referring to ECF No. 77, Court's Memo. Op.)).

(1) law enforcement officers were "required to consider" that their conduct was not justified, (2) the use of less-than-lethal force violated official policies and procedures, and (3) officers responded with "overly aggressive tactics which was dangerous and provocative, in violation of their training and the standards governing police use of force." ECF No. 85 at 3.

Just as Judge Cooper recently found in *Alberts*, and just as three other Judges on this Court have found, Thomas should be barred from presenting the proposed expert testimony because (1) his notice fails to comply with Fed. R. Crim. P. 26, (2) Mr. Hill is not qualified to opine on the particular subjects for which he is noticed, (3) Mr. Hill's areas of purported expertise are irrelevant and would introduce improper testimony, and (4) he would testify regarding issues of law and meritless defenses.  *See, e.g.,* No. 21-CR-26, April 14, 2023 Minute Entry; *see also United States v. Pezzola*, No. 1:21-cr-175-TJK (6) (Tr. of Jury Trial Day 61 at 17299-30); *United States v. Barnett*, No. 1:21-cr-38-CRC; *United States v. Rhodes*, No. 1:22-cr-15-APM, ECF Nos. 267, 285.

## ARGUMENT

Thomas provided improper notice of his intent to call purported expert Steven Hill and Mr. Hill should not and cannot be qualified as an expert on the matters for which the defendant seeks to call him: "use-of-force and police civil liability."  Even if Mr. Hill could be so qualified, he appears to base his opinions on speculation and/or insufficiently reliable facts. Finally, even if the defense could surmount those first two hurdles, each issue about which the defendant seeks to have Mr. Hill opine to the jury is either irrelevant or an improper legal conclusion. The Court should not permit Mr. Hill to provide his opinions on any of these topics.

## I.    Legal Standard.

Under Fed. R. Crim. P. 16, a defendant must make expert disclosures by a deadline "sufficiently before trial to provide a fair opportunity for the government to meet the defendant's

evidence." Fed. R. Crim. P. 16(b)(1)(C)(ii). The disclosure for each expert witness must contain,

(1) "a complete statement of all opinions that the defendant will elicit from the witness in the

defendant's case-in-chief," (2) "the bases and reasons for them," (3) "the witness's qualifications,

including a list of all publications authored in the previous 10 years," and, (4) "a list of all other

cases in which, during the previous 4 years, the witness has testified as an expert at trial or by

deposition." Fed. R. Crim. P. 16(b)(1)(C)(iii).

> Federal Rule of Evidence 702 principally governs the admission of expert testimony:
>
> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) [t]he expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) [t]he testimony is based on sufficient facts or data; (c) [t]he testimony is the product of reliable principles and methods; and (d) [t]he expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702. The Court has "the responsibility of acting as [a] 'gatekeeper[]' to shield

unreliable or irrelevant expert testimony and evidence from the jury. *United States v. Sutton*, No.

CR 21-0598 (PLF), 2022 WL 16960338, at *2 (D.D.C. Nov. 16, 2022) (citing *Daubert v. Merrell*

*Dow Pharms., Inc.*, 509 U.S. 579, 597 (1993)). Thus, "the twin requirements for the admissibility

of expert testimony are evidentiary reliability and relevance." *FTC v. Whole Foods Mkt., Inc.*, No.

1 : 07-cv-1021 (PLF), 2007 WL 7632283, at *1 (D.D.C. July 27, 2007).

''With respect to relevance, the Court must determine whether the proffered testimony is

sufficiently tied to the facts of the case and whether it will aid the factfinder in resolving a factual

dispute." *FTC v. Whole Foods Mkt., Inc.*, 2007 WL 7632283, at *1 (citing Daubert, 509 U.S. at

592-93). In addition to presenting reliable and relevant testimony, "an expert witness also must be

"qualified" under Rule 702[,]" such that they possess sufficient "knowledge skill, experience,

training or education," for their conclusions. *In re Rail Freight Fuel Surcharge Antitrust Litig.*, 292 F. Supp. 3d 14, 49 (D.D.C. 2017) (quoting Fed. R. Evid. 702).

The defendant cannot meet these standards, at least not on the topics for which his claimed expert testimony is proposed.

## II.     Steven Hill Must Be Rejected as an Expert.

Thomas's expert notice for Mr. Hill is identical to the one filed in *Alberts*, except that in *Alberts,* the defendant stated that Mr. Hill would also testify to "demonstration crowd control[.]". *Compare* ECF No. 85 *with* No. 21-CR-26, ECF No. 119.  Thomas's notice states he intends "to designate Steve Hill as the defense team's expert on the evaluation of in the fields of [sic] use-of-force and police civil liability." ECF No. 85 at 1; *see also id.* at 2 (Mr. Hill "stands ready to testify on his evaluation of the fields of law enforcement use-of-force, police civil liability, and the movement and actions of the crowd").

The defense has also indicated that Mr. Hill will serve as "a rebuttal witness" regarding "the use-of-force by the defendant and [ ] the use-of-force by police officers when confronted by citizens in possession of various weapons." *Id.* at 5. Thomas provides little to no bases for these opinions. He states only that Mr. Hill will "testify about video recordings" and that unidentified conduct by undisclosed officers constituted "prohibited and illegal practices in violation of the officers' training and the standards[.]" *Id.* at 4. Thomas neglects to identify any training, policies, or procedures on which Mr. Hill bases his opinions. He also does not set forth the video recordings reviewed by Mr. Hill to inform his conclusions.

As noted above, Mr. Hill's expert testimony has been rejected before, including on April 11, 2023.[2] Also, on April 6, 2023, a defendant represented by Thomas's and Alberts's counsel

---

[2] The government has requested the relevant portion of the *Alberts* transcript and will supplement

attempted to call Mr. Hill to offer his opinion on nearly identical matters during the ongoing trial

of *United States v. Pezzola*, No. 1:21-cr-175-TJK (6) (Tr. of Jury Trial Day 61 at 17299-30). There,

Judge Kelly excluded Mr. Hill's proposed expert testimony "both on notice grounds and on

relevance grounds and on 403 grounds, to the extent there is any relevance, because I do think it

would be extremely difficult for the jury, even if there was some relevance to it, to pull that apart

from a, sort of, self-defense theory that I've excluded and that Mr. Pezzola is not saying he's

offering that for." Mr. Hill's proposed expert testimony about the officers' use-of-force on January

6, 2021 also has been excluded by this Court in *United States v. Barnett*, No. 1:21-cr-38-CRC, and

by Judge Mehta in *United States v. Rhodes*, No. 1:22-cr-15-APM, ECF Nos. 267, 285.

    A.  <u>Mr. Hill is not qualified to opine on USCP Training, Policies, or Procedures.</u>

Even if the subjects of his testimony were relevant and admissible – which they are not –

Mr. Hill is not qualified to speak on the topics for which the defendant has noticed him as an expert

and seeks to allow the jury to hear his unfounded opinions. And Mr. Hill's trial testimony would

be limited to the contents of his Rule 16 notice. See *United States v. Robinson*, 258 F. Supp. 3d 85,

86 (D.D.C. 2017) (granting government's motion in limine to exclude expert testimony not

previously disclosed). According to the defendant's notice, he specifically wishes to call Mr. Hill

to opine based upon unidentified video evidence that unidentified officers engaged in excessive

force and otherwise acted contrary to unspecified law enforcement training, policies, and

procedures. *See* ECF No. 85 at 3. But Mr. Hill is not a current or former USCP officer, does not

appear to have undergone training as a USCP officer, and claims no familiarity with the policies

and procedures of USCP. *See* ECF No. 85-1. Mr. Hill worked as a police officer in Albuquerque,

New Mexico, and as a systems engineer at the Sandia National Laboratory from 1986 until the

_____

this filing once it receives it.

present. *Id.* Although he claims to have trained dignitaries and students in topics including less-lethal munitions between 2000 and 2003, while he intermittently served as an adjunct instructor at the Department of Energy National Training Center, *id.* at 3, his knowledge of the subject matter of his testimony appears to be sparse and dated.

There is no indication that Mr. Hill ever served in a riot control capacity or is familiar with the less-lethal tools employed by the USCP on January 6, 2021 or at any time.[3] Mr. Hill appears to have no background or experience with Congress, the U.S. Capitol Police ("USCP"), the Metropolitan Police Department ("MPD"), the Prince Georges County Police Department ("PG PD") or the U.S. Capitol building and grounds – and certainly does not have the specialized experience that would qualify him as an expert. He does not claim knowledge about the crowd control techniques or devices utilized by the USCP, MDP, or PG PD, or the conditions under which they were used on January 6, 2021. Consequently, there is no basis for allowing him to muse to the jury about what he thinks the USCP, MDP, or PG PD should have done differently to deter Thomas (who repeatedly attacked various of these officers over the course of numerous hours), clear the rioters, secure the building, and resume the certification proceeding. These are matters beyond his knowledge and experience. On these topics, he is an outsider or armchair quarterback, not an expert.

B. Mr. Hill's proffered opinions are irrelevant and based on defenses that should be disallowed.

Even if Mr. Hill were qualified to render expert opinions on the topics noticed, and even if those opinions were based on reliable principles and methods, the Court should still preclude Mr. Hill from testifying as an expert on these matters because his opinions on them are irrelevant.

---

[3] Mr. Hill's lack of knowledge of the specifics of January 6, 2021 is further shown by his unfounded suggestion that U.S. Capitol Police officers on the Northwest Steps utilized "rubber pellets" to deter rioters. *See* ECF No. 85 at 3. They did not.

First, whether officers from USCP, MDP, or PG PD violated their internal training, policies, or procedures when attempting to repel an armed and violent mob on January 6, 2021 is entirely irrelevant to Thomas's guilt of the crimes for which he is charged.

Moreover, Thomas is not entitled to raise self-defense or defense of others to save him from criminal liability. "A defendant cannot claim self-defense if he was the aggressor or if he provoked the conflict upon himself." *Waters v. Lockett*, 896 F.3d 559, 569 (D.C. Cir. 2018) (internal quotation marks and citation omitted); *see also United States v. Peterson*, 483 F.2d 1222, 1231 (D.C. Cir. 1973) ("If one has reason to believe that he will be attacked, in a manner which threatens him with bodily injury, he must avoid the attack if it is possible to do so, and the right of self-defense does not arise until he has done everything in his power to prevent its necessity"). That principle applies fully to § 111 prosecutions. *See, e.g., United States v. Mumuni Saleh*, 946 F.3d 97, 110 (2d Cir. 2019). Thomas cannot establish a prima facie case of self-defense or necessity, and therefore is not entitled to present evidence in support of that defense at trial. *United States v. Cramer*, 532 F. App'x 789, 791 (9th Cir. 2013) (citing *United States v. Bailey*, 444 U.S. 394, 415 (1980)). To justify a self-defense instruction in Superior Court (in a non-§ 111 case), a defendant must establish that "(1) there was an actual or apparent threat to the defendant; (2) the threat was unlawful and immediate; (3) the defendant honestly and reasonably believed that he was in imminent danger of death or serious bodily harm; and (4) the defendant's response was necessary to save himself from danger." *Waters*, 896 F.3d at 569 (quoting Murphy-Bey v. United States, 982 A.2d 682, 690 (D.C. 2009)).

To raise a valid claim of self-defense to a charge of assault under 18 U.S.C. § 111, the defendant must show: (1) that he did not know the official status of the person assaulted; (2) that he reasonably believed that he was being attacked; and (3) that he used reasonable force to defend

8

himself. *United States v. Jennings*, 855 F. Supp. 1427, 1435 (M.D. Pa. 1994), aff'd, 61 F.3d 897 (3d Cir. 1995) (citing E. Devitt, C. Blackmar, and K. O'Malley, 2 Federal Jury Practice and Instructions § 23.12)). Thomas cannot do so. There is no question that the officers Thomas attacked were uniformed.   Furthermore, Thomas's own videos and officers' body-worn camera unequivocally show that Thomas was trespassing within the restricted perimeter and then acted as an aggressor:  in the 3:30pm timeframe, Thomas proactively, twice, ran up a set of  stairs to attack a line officers; in the 4:30pm timeframe,  Thomas's own videos capture him screaming, "HOLD THE LINE" and "PUSH" while doing exactly that against another, different line of officers.  So, any alleged wrongdoing by USCP, MDP, or PG PD officers is irrelevant to his guilt, and Mr. Hill's opinion testimony would be inappropriate.

## CONCLUSION

For the reasons stated above, the United States respectfully requests that the Court preclude the defendant from presenting Mr. Hill's testimony on the topics he noticed. Should the Court find that it lacks sufficient information to rule at this time, however, the United States requests a *Daubert* hearing.


Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
DC Bar No. 481052

*/s/ Samantha R. Miller*
SAMANTHA R. MILLER
Assistant United States Attorney
New York Bar No. 5342175
United States Attorney's Office
For the District of Columbia
601 D Street, NW 20530
Samantha.Miller@usdoj.gov

SEAN P. MCCAULEY
Assistant United States Attorney
NY Bar No. 5600523
United States Attorney's Office
601 D Street NW
Washington, DC 20530
Sean.McCauley@usdoj.gov