UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CASE NO. 1:21-cr-00552 (DLF) |
| v. | : | |
| | : | |
| KENNETH JOSEPH OWEN THOMAS, | : | |
| | : | |
| Defendant. | : | |

## GOVERNMENT'S SUPPLEMENT TO ITS MOTION REGARDING PROPOSED DEFENSE EXPERT STEVEN HILL

The United States of America respectfully files this Supplement to its April 21, 2023 filing, ECF No. 87, regarding the defendant's proposed reliance on Mr. Steven Hill as an expert, and the defendant's potential, yet undisclosed, affirmative defenses. *See* ECF No. 87 n.1 (discussing anticipated replication of Alberts's defense strategy, especially with respect to affirmative defenses), n.2 (stating the government would provide the Court with the *Alberts* transcript, once it was received). Attached hereto as Exhibit A is the referenced excerpted portion of the April 11, 2023 proceedings in *United States v. Alberts*, No. 21-CR-26, a recent jury trial before the Honorable Christopher R. Cooper, wherein the parties and the Court discussed Mr. Hill and the defendant's affirmative defenses.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
DC Bar No. 481052

*/s/ Samantha R. Miller*
SAMANTHA R. MILLER
Assistant United States Attorney
New York Bar No. 5342175
United States Attorney's Office

1

        For the District of Columbia
        601 D Street, NW 20530
        Samantha.Miller@usdoj.gov

        SEAN P. MCCAULEY
        Assistant United States Attorney
        NY Bar No. 5600523
        United States Attorney's Office
        601 D Street NW
        Washington, DC 20530
        Sean.McCauley@usdoj.gov

# Exhibit A

```
 1                IN THE UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA
 2
       - - - - - - - - - - - - - - - - x
 3     THE UNITED STATES OF AMERICA,
                                              Criminal Action No.
 4                    Plaintiff,              1:21-cr-00026-CRC-1
                                              Tuesday, April 11, 2023
 5     vs.                                    9:15 a.m.

 6     CHRISTOPHER ALBERTS,

 7                    Defendant.
       - - - - - - - - - - - - - - - - x
 8

       _____
 9
                       TRANSCRIPT OF JURY IMPANELMENT
10          HELD BEFORE THE HONORABLE CHRISTOPHER R. COOPER
                       UNITED STATES DISTRICT JUDGE
11     _____
       APPEARANCES:
12
       For the United States:     **JORDAN ANDREW KONIG, ESQ.**
13                                **U.S. DEPARTMENT OF JUSTICE**
                                  P.O. Box 55
14                                Ben Franklin Station
                                  Washington, DC 20044
15                                (202) 305-7917
                                  jordan.a.konig@usdoj.gov
16
                                  **SAMUEL DALKE, ESQ.**
17                                **DOJ-USAO**
                                  228 Walnut Street, Suite 220
18                                Harrisburg, PA 17101
                                  (717) 221-4453
19                                samuel.s.dalke@usdoj.gov

20                                **SHALIN NOHRIA, ESQ.**
                                  **UNITED STATES ATTORNEY'S OFFICE**
21                                601 D Street NW
                                  Suite Office 6.713
22                                Washington, DC 20001
                                  (202) 344-5763
23                                shalin.nohria@usdoj.gov

24

25     (CONTINUED ON NEXT PAGE)
```

```
 1     APPEARANCES (CONTINUED):

 2     For the Defendant:            JOHN M. PIERCE, ESQ.
                                     ROGER ROOTS, ESQ.
 3                                   JOHN PIERCE LAW P.C.
                                     21550 Oxnard Street
 4                                   Suite 3rd Floor OMB #172
                                     Woodland Hills, CA 91367
 5                                   (213) 400-0725
                                     jpierce@johnpiercelaw.com
 6                                   rroots@johnpiercelaw.com

 7
       Court Reporter:               Lisa A. Moreira, RDR, CRR
 8                                   Official Court Reporter
                                     U.S. Courthouse, Room 6718
 9                                   333 Constitution Avenue, NW
                                     Washington, DC  20001
10                                   (202) 354-3187

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

*<u>Excerpted Portion Only</u>*

1           THE COURT: Okay. So I suspect it will take us
2   about an hour to finish up in the morning, so you should be
3   prepared to probably take a break, let them put their stuff
4   in the jury room, and then we'll come back and roll into
5   openings.
6           I know there are a few loose ends from I guess
7   it's yesterday -- it seems like a long time ago now --
8   regarding the filings that were made after the pretrial
9   conference.
10          With respect to the two expert notices, the Court
11  will exclude testimony from both experts. As an initial
12  matter, I think both of the notices were untimely. I
13  realize that I did not set a deadline for expert notices,
14  but Rule 16(b)(1)(C)(ii), I think, can fairly be read to
15  require disclosure sufficiently before trial to give the
16  government an opportunity to counter the expert testimony
17  notwithstanding a firm deadline from the Court.
18          Here the experts were noticed the weekend before a
19  Tuesday trial where the government had requested reciprocal
20  discovery, including expert notices, several months previous
21  in mid-January. That timing is prejudicial to the
22  government because it would not give them enough time to
23  secure and prepare a counter expert.
24          As an alternative independent basis, the Court
25  also would exclude the testimony of both experts under Rules

1        401 and 403.

2               With respect to Mr. Hill, expert testimony on
3        excessive force by Capitol Police is not relevant to what
4        the Court understands to be the potential self-defense claim
5        by Mr. Alberts.  Whether officers violated certain policies
6        or standards in trying to control the crowd does not inform
7        whether Mr. Alberts reasonably believed that he faced
8        imminent threat of death or serious bodily harm or whether
9        he could have taken actions to avoid any such threat.

10              Any threat by the officers or from the officers
11       can be established through the videos and percipient witness
12       testimony.  There's not a need for an expert to say whether
13       the officers' actions violated some rule or standard.

14              Even if Mr. Hill were qualified to testify about
15       the rules of engagement governing Capitol Police officers
16       specifically, which the notices do not establish, and even
17       if Mr. Hill's proposed testimony had some marginal
18       relevance, it is still inadmissible under 403 because it
19       would risk confusing the jury about the relevant elements of
20       any self-defense claim, and that risk substantially
21       outweighs whatever probative value the testimony would have.

22              That said, Mr. Pierce, consistent with my practice
23       in other cases -- and it sounds like similar to what Judge
24       Kelly did in his case -- I have allowed the defense to call
25       as a summary witness, you know, a paralegal or another

```
 1    consultant -- I don't know if Mr. Hill would fit this bill
 2    or not -- through which the defense can introduce, you know,
 3    video evidence from the voluminous discovery that has been
 4    received that, you know, calls the jury's attention to
 5    something that the government believes is relevant and
 6    admissible and goes to its theory of the case.  All right?
 7             So, you know, for example, in past cases, you
 8    know, some defendants have claimed that, you know, they were
 9    waved in, and I've said, "Look, you know, if you can show me
10    in the video where someone is waving your client in, feel
11    free to call a summary witness and ask them to point that
12    out."  Okay?
13             No opinions.  No editorials.  No expert testimony.
14    But to the extent that there are things within the videos
15    that you've been provided in discovery that you think are
16    admissible and would be helpful to the jury, I've allowed --
17    similar to the government's, you know, case agent, who has
18    pointed out things that are relevant to the government's
19    case, I've allowed the defense to do that as well.
20             So if Mr. Hill would like to fulfill that role or
21    is prepared to fulfill that role, I would welcome him to
22    provide testimony along those lines.  But, again, no
23    editorialization or nothing that goes to a defense that is
24    not a legally recognized or valid defense.
25             And then, you know, once those videos are in
```

1    evidence, counsel can make argument in closing as to what
2    import the jury should place on them.
3            With respect to Mr. Heller, he's being offered as
4    an expert in, quote, D.C. politics, D.C. community culture,
5    and the Second Amendment and D.C. gun regulation.  That
6    testimony purportedly supports Mr. Alberts's necessity and
7    Second Amendment defenses as described in the notice, but
8    neither of those defenses is legally valid based on the
9    facts of this case.
10           With respect to necessity, as we discussed
11   yesterday, if the defense is that Mr. Alberts had no choice
12   but to arm himself and enter the Capitol grounds to protest
13   the election, then that is not a proper necessity defense.
14   It's more in line with a jury nullification argument; and,
15   therefore, evidence that goes to a legally insufficient
16   defense is not relevant.
17           Again, that said, if the defendant testifies, and
18   you were to ask him, you know, "Why did you come to
19   Washington that day?" I would give him some leeway as to
20   what the answer would be.
21           But that doesn't mean he's entitled to an
22   instruction.  That doesn't mean that counsel can argue
23   necessity.  But it's hard to -- you know, unless he goes too
24   far, to stop him from saying, you know, "This is what
25   motivated me to come to Washington."  All right?

1  don't or I have yet to see.
2           Finally, there's a notice of a civil disobedience
3  defense, which, as far as I can tell, is not a recognized
4  affirmative defense in a criminal case as far as the Court
5  knows.
6           So that should dispose of the -- and I read the
7  belated opposition to the government's omnibus motion in
8  limine, and nothing in it altered the Court's rulings on
9  that motion in limine that I gave at the pretrial
10 conference.
11          So with that, there should be, you know, some
12 guardrails for openings.  Obviously don't go into any areas
13 in openings that the Court has excluded.
14          You know, sometimes, Mr. Pierce, in criminal cases
15 if you don't anticipate the defendant is going to -- if you
16 don't in good faith anticipate that the defendant is going
17 to testify, then you can't say what the jury is likely to
18 hear about things that only the defendant can testify about.
19 You follow me, right?
20          MR. PIERCE:  I do, Your Honor.
21          THE COURT:  Okay.
22          MR. PIERCE:  I mean, he is going to testify, but I
23 understand.
24          THE COURT:  Okay.  Counsel, anything else?  I'm
25 sure you're going to remind me of something, Mr. Konig.

1           MR. KONIG:  Just two very brief things.
2           The first is, I don't know if Mr. Roots is
3   doing opening or Mr. Pierce is doing opening, but I'd ask
4   Mr. Pierce to convey the Court's ruling to Mr. Roots if he
5   does intend to have Mr. Roots open.
6           And, secondly, we have provided our slides for our
7   anticipated opening for tomorrow; so we may need five
8   minutes before the opening so, if he has any objections to
9   put on the record, that he can do so outside the presence of
10  the jury.
11          THE COURT:  Sure.  Mr. Pierce, who's opening
12  tomorrow?
13          MR. PIERCE:  I intend to, Your Honor.
14          THE COURT:  Okay.  Great.
15          And if you have a PowerPoint or a demonstrative,
16  let Mr. Konig see it soon enough before so he can lodge any
17  objections in the morning.
18          MR. PIERCE:  Absolutely.
19          THE COURT:  All right.  Have a good night.  We'll
20  see you in the morning.
21              (Whereupon the hearing was
22               adjourned at 5:03 p.m.)
23
24
25

**CERTIFICATE OF OFFICIAL COURT REPORTER**

I, LISA A. MOREIRA, RDR, CRR, do hereby certify that the above and foregoing constitutes a true and accurate transcript of my stenographic notes and is a full, true and complete transcript of the proceedings to the best of my ability.

Dated this 24th day of April, 2023.

/s/Lisa A. Moreira, RDR, CRR
Official Court Reporter
United States Courthouse
Room 6718
333 Constitution Avenue, NW
Washington, DC 20001