UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA

                          : CASE NO. 1:21-cr-00552 (DLF)

      v.                                        :

                                         :

KENNETH JOSEPH OWEN THOMAS,

                                       :

      Defendant.                   :

## DEFENDANT'S RESPONSE IN OPPOSITION TO UNITED STATES' ECF #89 MOTION IN LIMINE REGARDING SELF DEFENSE AND DEFENSE OF OTHERS

COMES NOW, Defendant, KENNETH JOSEPH OWEN THOMAS, (hereinafter, "Defendant" or "Thomas"), by and through undersigned counsel, with this response to the most recent motion in limine (ECF #89) filed by the United States.

In one of the most bizarre motions ever filed by the government in any January 6 case, the government's ECF 89 motion lays out—in almost perfect array—various statements and snippets of information which would obviously *support* a self defense defense on the part of defendant Thomas. Thomas, according to the government, "has made numerous public statements that suggest his intent to introduce arguments and evidence alleging that law enforcement officers on January 6, 2021, did not comply with standard police policies and

procedures and/or committed acts of wrongdoing with regard to other individuals who were on Capitol Grounds."

The government also states that "[t]he Defendant himself has made numerous public statements in which he has asserted that he was acting in self-defense or in defense of others. Using only one of the most recent examples, the Defendant gave a nearly two-hour long interview on Rumble in which he stated,

> I was up on the Upper West Terrance and the police were trying to push the crowd out of the area. They were pushing people up against concrete walls and smashing people. People were being squeezed and pushed and trampled on. And so I just kinda said, "look I am not going to move until these people can kinda clear out because that's a safety issue." So, I just stood there. I kept screaming at them to hold the line. That's a term that the Capitol Police use to get them to stop advancing. And I was holding back I don't know how many officers, but I was just not moving until people could be safe. So, they decided to beat me with nightsticks and spray me directly in the face.

ECF #89 at 1-2.

In the same Rumble video, the Defendant later said: "I stopped violence. I protected the defenseless. I took weapons away from people who were trying to cause trouble and violence."

**Far from precluding self defense evidence, these nuggets of information <u>open the door</u> for self defense evidence.**

The law of self defense is that a party accused of violence <u>may proffer facts</u> which support a justifiable use of force defense. And in the government's motion,

the government has now relayed Thomas' proffer of self defense defense to the Court for him.

"A defendant cannot claim self-defense if he was the aggressor or if he provoked the conflict upon himself," states the government (p. 4), citing *Waters v. Lockett*, 896 F.3d 559, 569 (D.C. Cir. 2018).  But the government's own motion evokes Thomas' proffer that the officers on the West Terrace were the aggressors:

> I was up on the Upper West Terrance and the *police were trying to push the crowd out of the area*. They were *pushing people up against concrete walls* and *smashing people*. People were being squeezed and pushed and trampled on.

Pushing a crowd out is aggression.  Pushing people up against concrete walls is aggression and excessive force. Smashing people is aggression and excessive force.  But the government assures the Court that the facts do not support Thomas' perspective. "[T]he body-worn camera and open-source footage," writes the government, "show the Defendant charging into lines of police officers who were attempting to hold the line against advancing rioters on the Upper West Terrace, not coming to the aide of any particular individual ." (p.5).  "It should therefore be excluded to avoid confusing or misleading the jury," writes the government.

**Defendant doubts the dueling perspectives of prosecution and defense can be reconciled outside trial or at an evidentiary hearing.**

The government claims, on page 2, that "The Defendant's assertions, when combined with his pre-trial filings, indicate that he intends to argue that he was acting in self-defense that day and, in effect, for jury nullification."

The government cites cases which enumerate the basic principles of self defense, but then absurdly seeks to eliminate each and every principle of law, arguing "as a matter of law" that that Thomas may not even make a showing of necessity and proportionality.

To hear the government tell it, the mere fact of Thomas' presence at a First-Amendment demonstration on Capitol Grounds constituted an 'aggression,' and therefore Thomas had no right to defend himself or others because he was in the wrong place to begin with.  Nothing in the law of self-defense or defense of others supports the government's arguments. The rule against 'aggressors' arguing self defense applies to persons who first unlawfully attack someone, not to alleged 'trespassers.' See PAUL ROBINSON CRIM.L.DEF. § 131(b)(2) (2018).

The D.C. Circuit noted in *United States v. Peterson* that "'[t]he law of self-defense is a law of necessity'; the right of self-defense arises only when the necessity begins, and equally ends with the necessity; and never must the necessity be greater than when the force employed defensively is deadly." *United States v. Peterson*, 483 F.2d 1222, 1229 (D.C. Cir. 1973).

Thomas contests the assertion that the Capitol grounds were a highly restricted area as defined in federal law on Jan. 6, 2021.[1]

But even if the Capitol grounds *were* restricted, the moment Thomas encountered aggressive excessive violence on the grounds, such as officers "pushing people up against concrete walls and smashing people," he was justified in resisting with enough force to protect himself and others from immediate injury. Again, the level of force reasonable under the circumstances is a question for the jury.

**Proportionality is a question of fact for the jury; not a matter of law to be decided by a judge.**

In Thomas' trial it will be shown that Thomas' alleged use of force was *exceedingly* mild under the circumstances.[2]  What the government is calling "assaults," in several instances, are mere brush-offs or momentary pressings by

---

[1] Thomas contests both that areas outside the Capitol building are lawfully restricted, and that officers have probable cause to arrest people who are merely present on the Capitol's steps, grounds, or walkways. *Jeannette Rankin Brigade v. Chief of Capitol Police*, 342 F. Supp. 575 (D.D.C. 1972). In *Jeannette Rankin Brigade* a special 3-judge panel of the DC District Court held that the Capitol Grounds are "an area to which access cannot be denied broadly or absolutely." 342 F. Supp. 575, 583-84 (D.D.C. 1972). The Supreme Court summarily affirmed, making *Jeannette Rankin Brigade* binding precedent. 409 U.S. 972 (1972). Later, in *Community for Creative Non-Violence v. Kerrigan* ("CCNV"), the DC Circuit held that "there is no doubt that the Capitol Grounds are a public forum." 865 F.2d 382, 383, 387 (1989) (upholding as "a reasonable time, place or manner restriction" a regulation limiting the length of time during which demonstration "props and equipment" may remain on the Grounds). Clearly, therefore, the "Grounds (excluding such places as the Senate and House floors, committee rooms, etc.) have traditionally been open to the public," and "the primary purpose for which the Capitol was designed--legislating"-- is entirely consistent "with the existence of all parades, assemblages, or processions which may take place on the grounds." *Jeannette Rankin Brigade*, 342 F. Supp. at 584.  Indeed, in *Jeannette Rankin Brigade*, the district court observed that "the fundamental function of a legislature in a democratic society assumes accessibility to [public] opinion." Id.

[2] One would have difficulty believing that a demonstrator could be criminally prosecuted for "assaulting officers" over such mild touching in any context outside Jan. 6.

Thomas' hand or arm, against heavily protected advancing police riot gear. But even if Thomas' alleged force was disproportionate under the circumstances, such proportionality is a question of fact for the jury; not an issue to be decided by a judge.

Dated: April 28, 2023

                        Respectfully Submitted,

/s/ *John M. Pierce*
John M. Pierce
John Pierce Law Firm
21550 Oxnard Street
3rd Floor, PMB #172
Woodland Hills, CA 91367
Tel: (213) 400-0725
Email: jpierce@johnpiercelaw.com

*Attorney for Defendants*

## **CERTIFICATE OF SERVICE**

I, John M. Pierce, hereby certify that on this day, April 28, 2023, I caused a copy of the foregoing document to be served on all counsel through the Court's CM/ECF case filing system.

                                                                 /s/ John M. Pierce
                                                                 John M. Pierce