UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : CASE NO. 1:21-cr-00552 (DLF) |
| | : |
| v. | : |
| | : |
| KENNETH JOSEPH OWEN THOMAS, | : |
| | : |
| Defendant. | : |

DEFENDANT THOMAS' OBJECTIONS TO GOVERNMENT'S PROPOSED JURY INSTRUCTIONS

COMES NOW, Defendant, KENNETH JOSEPH OWEN THOMAS, (hereinafter, "Defendant" or "Thomas"), by and through undersigned counsel, with these objections to the government's proposed jury instructions (ECF #95) filed by the United States.

**Thomas objects to Instruction No. 11 on grounds that it misstates constitutional law.**

Instruction No. 11

BURDEN OF PROOF

Every defendant in a criminal case is presumed to be innocent. This presumption of innocence remains with the defendant throughout the trial unless and until the government has proven he is guilty beyond a reasonable doubt. This burden never shifts throughout the trial. The law does not require the defendant to prove his innocence or to produce any evidence at all. If you find that the government has proven beyond a reasonable doubt every element of the offenses with which the defendant is charged, ~~it is your duty to~~ **you may** find him guilty those offenses. On the other hand, if you find that the government has failed to prove any element of a particular offense beyond a reasonable doubt, it is your duty to find the defendant not guilty of that offense.

**Explanation for objection:** by constitutional design, jurors are never required to convict anyone—even where the government proves its case beyond a reasonable doubt. (A jury may, for example, acquit a defendant who takes the witness stand and confesses under oath to every element of an offense.) Also, Thomas objects to the sequence of the last two sentences. The jury's duty to acquit if the government fails to prove its case SHOULD PROCEED the statement of the jury's option to convict if the government proves its case.


**Thomas objects to Instruction No. 14 as necessary, misleading, and constitutionally inaccurate.**

~~NATURE OF CHARGES NOT TO BE CONSIDERED~~
~~You must not allow the nature of a charge to affect your verdict. You must consider only the evidence that has been presented in this case in reaching a fair and impartial verdict.~~

**Explanation for objection:** the defense cannot think of a reason why this instruction is necessary. Additionally, the instruction is constitutionally misleading. Under the adversarial process, the due process clause, the 1st, 5th, 6th, 8th, 9th, and 10th amendments, jurors should well assess the nature of government political charges of the nature featured in this trial with some suspicion. The charges here are not charges originating with a private crime victim. Rather these are charges originating on government assertions of authority and power over advocacy, government buildings, and government budgets and facilities. By constitutional design, claims of this nature should always be suspect. (The presumption of innocence, for example, is also a presumption that the government is lying, exaggerating or misleading.) Jurors are entirely justified in regarding 'the nature of the charges' brought by the government in a trial of this nature differently than charges brought by a private crime victim, for example.

**Thomas objects to Instruction 18 because, in practice, private citizen testimony is more likely to be accurate than law enforcement testimony.**

~~Instruction No. 18~~

~~LAW ENFORCEMENT OFFICER'S TESTIMONY~~

~~In this case, you have heard testimony from a number of law enforcement officers. A police officer's testimony should be evaluated by you just as any other evidence in the case. In evaluating the officer's credibility, you should use the same guidelines that you apply to the testimony of any witness. In no event should you give either greater or lesser weight to the testimony of any witness merely because he or she is a law enforcement officer.~~

**Explanation for objection:** Law enforcement officers generally fear no repercussions or accountability for testifying in favor of the government. By contrast, private citizens who testify are often under intense pressure, scrutiny, intimidation, and threats that their testimony is inclined to be more honest and accurate than law enforcement testimony. (Police are almost never prosecuted for testifying in a way prosecutors don't like; but private citizens frequently are.)

**Thomas objects to Instruction No. 36 as unnecessary, invasive of the province of the jury, and not based on law.**

~~ATTITUDE AND CONDUCT OF JURORS IN DELIBERATIONS The attitude and conduct of jurors at the beginning of their deliberations are matters of considerable importance. It may not be useful for a juror, upon entering the jury room, to voice a strong expression of an opinion on the case or to announce a determination to stand for a certain verdict. When one does that at the outset, a sense of pride may cause that juror to hesitate to back away from an announced position after a discussion of the case. Furthermore, many juries find it useful to avoid an initial vote upon retiring to the jury room. Calmly reviewing and discussing the case at the beginning of deliberations is often a more useful way to proceed. Remember that you are not partisans or advocates in this matter, but you are judges of the facts.~~

**Explanation for objection:** Counsel knows of no cases or statutes supporting this proposition.

Jurors have every right to do the very things this instruction tells them they shouldn't do.

Dated: May 5th, 2023

                                                Respectfully Submitted,

/s/ *John M. Pierce*

John M. Pierce

John Pierce Law Firm

21550 Oxnard Street

3rd Floor, PMB #172

Woodland Hills, CA 91367

Tel: (213) 400-0725

Email: jpierce@johnpiercelaw.com

*Attorney for Defendants*

**CERTIFICATE OF SERVICE**

I, John M. Pierce, hereby certify that on this day, May 5, 2023, I caused a copy of the foregoing document to be served on all counsel through the Court's CM/ECF case filing system.

*/s/ John M. Pierce*
John M. Pierce