UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | CASE NO. 1:21-cr-00552 (DLF) |
| v. : | |
| : | |
| KENNETH JOSEPH OWEN THOMAS, : | |
| : | |
| Defendant. : | |

**GOVERNMENT'S MOTION TO EXCLUDE THE PROPOSED
EXPERT TESTIMONY OF DEFENSE EXPERT NORBERT MICHEL**

The United States of America respectfully files this Motion to Exclude the Defendant's proposed expert testimony of Norbert Michel on the subject of "evaluation of economics, commerce, and finance." (ECF No. 102). The Defendant has previously filed a notice of an expert witness, Mr. Steven Hill, in this case. ECF No. 85. At the May 8, 2023, pre-trial conference in this matter, the Court instructed the Defendant to file a supplemental notice of an expert witness with respect to Mr. Steven Hill. Instead, the Defendant has now late-filed a second expert notice for Dr. Norbert Michel, which, yet again, fails to comply with Rule 16 of the Federal Rules of Criminal Procedure. ECF No. 102.

**ARGUMENT**

Initially, Defendant's late-filed notice does not even come close to satisfying a single one of the requirements set forth in Fed. R. Crim. P. 16(b)(1)(C)(ii). First, the Defendant's six-paragraph notice does not provide a complete statement of all the opinions that he will elicit from Dr. Michel. Instead, it provides a conclusory assertion about his purported expert testimony, which is a question reserved for the jury: whether the January 6 riot had an effect on commerce within the District of Columbia. Second, the Defendant has not provided what the analytical, empirical, or even academic basis is for Dr. Michel's opinion beyond that he has an advanced degree in

1

economics and lives in the greater Washington, D.C. area. Third, the Defendant has not provided any of Dr. Michel's qualifications or his curriculum vitae. In fact, four of the six paragraphs of the Defendant's notice about Dr. Michel and his qualifications appear to be copy-pasted directly from his biography on the CATO Institute's website.[1]  Finally, the Defendant has not provided any list of cases in which Dr. Michel has previously testified, or even the cases wherein his testimony has been sought. Because the Defendant has failed to satisfy any of the notice requirements under Fed. R. Crim. P. 16(b)(1)(C)(iii), the Court should deny his late-filed motion for expert testimony.

Moreover, the Defendant filed this notice less than one week before his jury trial is supposed to commence, despite that (1) the 18 U.S.C. 231 charge has been in the Defendant's indictment since day one, and (2) the Government requested reciprocal discovery, including expert notices, when it first provided initial discovery in this matter, in or around July 2021, and again on April 24, 2023.  Five days is an insufficient "period of time for the government to meet the defendant's evidence" with respect to this expert witness.  Notably, this defense team employed an identical eve-of-trial notice strategy in *Alberts*, which Judge Cooper rejected:

> With respect to the two expert notices, the Court will exclude testimony from both experts. As an initial matter, I think both of the notices were untimely. I realize that I did not set a deadline for expert notices, but Rule 16(b)(1)(C)(ii), I think, can fairly be read to require disclosure sufficiently before trial to give the government an opportunity to counter the expert testimony notwithstanding a firm deadline from the Court. Here the experts were noticed the weekend before a Tuesday trial where the government had requested reciprocal discovery, including expert notices, several months previous in mid-January.  That timing is prejudicial to the government because it would not give them enough time to secure and prepare a counter expert.

*See* 21-cr-00026-CRC, Trial Tr. 257:10-17.

---

[1] CATO INSTITUTE, Biography of Norbert Michel, *available at* https://www.cato.org/people/norbert-michel.

Finally, because the information provided is so limited, the Government has concerns about whether Dr. Michel can actually be qualified as an expert on the matters for which he is tendered, given the "evaluation of economics, commerce, and finance" are extraordinarily broad topics.

For all of these reasons, the Court should not permit Dr. Michel to provide his opinions on any of the topics proposed.

## CONCLUSION

For the reasons stated above, the United States respectfully requests that the Court preclude the defendant from presenting Mr. Michel's testimony on the topics he noticed. Should the Court find that it lacks sufficient information to rule at this time, however, the United States requests a *Daubert* hearing.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
DC Bar No. 481052

*/s/ Samantha R. Miller*
SAMANTHA R. MILLER
Assistant United States Attorney
New York Bar No. 5342175
United States Attorney's Office
For the District of Columbia
601 D Street, NW 20530
Samantha.Miller@usdoj.gov

SEAN P. McCAULEY
Assistant United States Attorney
New York Bar No. 5600523
United States Attorney's Office
For the District of Columbia
601 D. Street, NW
Washington, DC 20530
Sean.McCauley@usdoj.gov