UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | CASE NO. 1:21-cr-00552 (DLF) |
| v. : | |
| : | |
| KENNETH JOSEPH OWEN THOMAS, : | |
| : | |
| Defendant. : | |

### GOVERNMENT'S RESPONSE TO DEFENDANT'S OBJECTIONS TO THE GOVERNMENT'S TRIAL EXHIBITS

The United States of America respectfully files this Response to the Defendant's Objections to the Government's Trial Exhibits (ECF No. 107) and the Court's 3 PM May 11, 2023 Minute Order. The Defendant's motion claims that the Government did not provide (1) its exhibit list or (2) files of its trial exhibits until this morning, May 11, 2023. These assertions are false. A review of the correct facts below will demonstrate why, in support of the Court's minute orders, the Defendant's objections to the government's exhibits should be considered waived and, therefore, the Defendant should be precluded from raising any admissibility objections at trial.

### RELEVANT FACTS

At 11:31 PM EST on April 26, 2023, the Government emailed the defense team as follows: "Pursuant to the Court's Scheduling Order (ECF No. 66), attached please find the Government's preliminary exhibit list." The defense team responded confirming receipt at 8:29 PM EST on April 27, 2023.

At 5:08 PM EST on May 2, 2023, the Government emailed the defense team as follows:

1

> **First**, attached please find an updated Government Exhibit list. It may change slightly around the edges, but should be pretty close to final.
>
> **Second**, we are also *providing via USAfx the vast majority of the exhibits on the list*. A few notes:
>
> 1. We are not re-providing you with the scoped Facebook return, given (a) it's a very large amount of data, (b) we previously provided it, and (c) you just re-sent it back to us in the production of defense exhibits we received yesterday.
>
> 2. We are still working to get actual files for the 700 series, however, these are open source materials, the links to which we provided long ago in case-specific discovery (see, e.g., serial 103).
>
> 3. There may be one or two other exhibits we're still working on obtaining, such as certifications, etc. We'll provide those as soon as we receive them.
>
> **Third**, below please find our preliminary witness list, which is in alphabetical order. This list is subject to change, of course.
>
> . . .
>
> **Fourth**, attached please find our Giglio letter, which relates to the MPD witnesses. We will be providing additional materials via USAfx, including materials relating to Officer Ainsworth with PG County. We will continue to disclose anything additional we find/receive on an on-going basis.

(Italics and highlighting added). The majorityvast majority) of the items on this list had been provided to the defense, starting as early as October 2021, as part of case-specific discovery, with the expectation that they would be part of the government's evidence at trial. The defense team responded confirming receipt at 5:37 PM EST that same day. Over the next two to three days, the Government provided nearly all of the remaining exhibits to the defense team via the USAfx folders, save for one or two exceptions, such as Ex. 121, which the Government had inadvertently omitted from its list.

On May 3, 2023, the Government complied with this Court's order and filed its Notice of Government's Objections to Defendant's Preliminary Exhibit List (ECF No. 96). On May 4, 2023,

the Court issued a Minute Order stating in relevant part as follows: "In its 66 Pretrial Order of February 24, 2023, and its email to the parties on April 26, 2023, the Court ordered the parties to . . . provide the Court with . . . objections to the admissibility of exhibits on or before May 3, 2023. To the Court's knowledge, the government has complied with these orders, but the defense has not.  Accordingly, . . . it is ORDERED that . . . on or before 9:30 a.m. on May 8, 2023, both parties shall (1) to the extent practicable, file any objections to the admissibility of exhibits; and (2) furnish to the Court two sets of binders containing their pre-marked exhibits for the Court's review."  The Defendant never filed any objections to the Government's exhibits.

On May 8, 2023, during the pretrial conference in this matter, the Government noted that it would be happy to discuss stipulations with the defense team regarding exhibits.  To that end, at 3:32 PM EST on May 9, 2023, the Government emailed the defense team stating in relevant part as follows: "<u>Meeting Request re Exhibits</u> . . . we are writing to see whether you have time to sit down at our Office (or by Zoom if absolutely necessary) to discuss exhibits.  Because I can see you have not yet downloaded any of the Government's proposed exhibits for trial, I take it you have not had time to review any of them.  . . .  I propose we walk you through what's on the Government's exhibit list, so we can at least attempt to whittle down the number of objections the jury will have to sit through . . . ."

At 7:44 AM EST on May 11, 2023, the Court emailed the parties stating that the scheduled pretrial hearing would be postponed to tomorrow, May 12, 2023, because the Court had not yet received the Defendant's objections to the Government's exhibits.  At 9:08 AM EST, the Government received a flurry of text messages from the defense team; in those messages, the defense team requested, for the first time, a jump drive of the Government's trial exhibits.  The Government promptly conferred with its IT department and responded to that it could likely have

3

a drive made by 10:30AM EST, but that the exhibits were already "on USAfx and have been for weeks." The defense responded stating no one on the defense team currently had access to USAfx, despite the fact that the defense team had provided the Court with their own exhibit files the day prior, May 11, 2023, through USAfx.

Then, at 9:29AM EST on May 11, 2023, the Government began a process to re-invite and/or re-set the defense passwords to USAfx. At 9:39 AM EST this was accomplished.

At 12:16 PM EST on May 11, 2023, the defense team late-filed its Objections.

## RESPONSE

The Government has complied with its obligations and has attempted to assist the defense in fulfilling its obligations with respect to reviewing the Government's exhibits. The Defense has failed, time and time again, to comply with this Court's orders. Moreover, as noted in the 3PM May 11, 2023 minute order, this Court previously granted the Government's Motion in Limine Regarding the Authentication of Certain Video, Photo, and Social Media Evidence (ECF NO. 45). For these reasons, the Court should consider the Defendant's objections waived.

## CONCLUSION

As stated above, the Government respectfully requests the Court preclude the Defendant from raising any admissibility objections at trial.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
DC Bar No. 481052

*/s/ Samantha R. Miller*
SAMANTHA R. MILLER
Assistant United States Attorney
New York Bar No. 5342175
United States Attorney's Office

For the District of Columbia
601 D Street, NW 20530
Samantha.Miller@usdoj.gov

SEAN P. McCAULEY
Assistant United States Attorney
New York Bar No. 5600523
United States Attorney's Office
For the District of Columbia
601 D. Street, NW
Washington, DC 20530
Sean.McCauley@usdoj.gov