UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | CASE NO. 1:21-cr-00552 (DLF) |
| v. : | |
| : | |
| KENNETH JOSEPH OWEN THOMAS, : | |
| : | |
| Defendant. : | |

### GOVERNMENT'S NOTICE REGARDING ITS POSITOIN ON THE
### 18 U.S.C. § 1512(c) JURY INSTRUCTION

The United States of America respectfully files this Notice regarding its position on the 18 U.S.C. § 1512 Jury Instruction. As noted below and on the record during the May 8, 2023 pretrial conference, the government's initial position is that the definition of "corruptly" in the Court's proposed substantive Jury Instructions, dated April 26, 2023, is legally sufficient and should be provided to the jury, notwithstanding Circuit Judge Walker's concurring opinion regarding the definition of "corruptly" in *United States v. Fischer*, No. 22-3038, 64 F.4th 329, (D.C. Cir. 2023). However, if the Court intends to re-formulate the definition of "corruptly" as set forth in Circuit Judge Walker's concurrence in *Fischer*, the government respectfully requests the Court adopt the government's proposed revised Jury Instruction, rather the Defendant's (ECF No. 103), given the Defendant's version adds entirely new elements to the crime, among other things.

### ARGUMENT

**I.     The Current 18 U.S.C. § 1512(c) Jury Instruction Is Accurate and Appropriate.**

The Court in *United States v. Fischer*, No. 22-3038, 64 F.4th 329, (D.C. Cir. 2023) did not pronounce an authoritative holding on the meaning of "corruptly" in Section 1512(c)(2). The

1

district court's dismissal of the Section 1512 count in those cases (consolidated on appeal) was based on its view that the *actus reus* of the offense requires a nexus to documents, not any concern about the statute's *mens rea* element; accordingly, the definition of "corruptly" was not extensively briefed by the parties or squarely presented to the D.C. Circuit on appeal, and the Court therefore had no cause to resolve the issue. That issue is pending before the D.C. Circuit in a different case, *United States v. Robertson*, No. 22-3062, which was argued today, on May 11, 2023, before the D.C. Circuit. Furthermore, the sole concurring opinion in *Fischer* that sought to define "corruptly" did not command sufficient support to render that definition a holding of the Court.

        A.   *Fischer* did not decide how to interpret "corruptly" in Section 1512(c)(2).

The panel in *Fischer* produced three opinions. In the portions of the lead opinion (Pan, J.) joined in full by the concurring judge (Walker, J.), *Fischer* relied on Section 1512(c)(2)'s text and structure as well as case law interpreting the statute, *see id.* at 335-39, to conclude that Section 1512(c)(2) "encompasses all forms of obstructive conduct, including . . . efforts to stop Congress from certifying the results of the 2020 presidential election." *Id.* at 335. In a section of the lead opinion that Judge Walker did not join, Judge Pan reasoned that "[t]he requirement of 'corrupt' intent prevents [Section] 1512(c)(2) from sweeping up a great deal of conduct that has nothing to do with obstruction," but refrained from defining "the exact contours of 'corrupt' intent" because "the task of defining 'corruptly'" was not before the Court. *Id.* at 340 (opinion of Pan, J.). Judge Walker, believing that defining "corruptly" was necessary to "make sense" of [Section 1512](c)(2)'s act element," wrote a concurring opinion in which he proposed defining the term to mean to "act with an intent to procure an unlawful benefit either for oneself or for some other person." *Id.* at 352 (Walker, J., concurring) (citation omitted). The dissenting opinion (Katsas, J.) criticized the concurrence's definition of "corruptly" because it "required transplanting" into

2

Section 1512(c)(2) an interpretation "that appears to have been used so far only in tax law," but did not endorse any other definition of the term. *Id.* at 381 (Katsas, J., dissenting).

As explained in both the lead and dissenting opinions in *Fischer*, the definition of "corruptly" was not squarely presented in that case and therefore was not resolved. *See id.* at 340-41 (opinion of Pan, J.) ("expressing [no] preference for any particular definition of 'corruptly'" because "the allegations against appellees appear to be sufficient to meet any proposed definition of 'corrupt' intent"); *id.* at 341 (noting that the dissent also "declines to settle on a precise meaning of 'corruptly' at this time" and thus "share[s] much common ground" with the lead opinion "on the issue of *mens rea*"); *id.* at 379-81 (Katsas, J., dissenting) (surveying possible definitions of "corruptly" but declining to adopt any particular one). Although the concurrence would have determined that "corruptly" means "a criminal intent to procure an unlawful benefit," *id.* at 352 (Walker, J., concurring), the resolution of that *mens rea* issue was not necessary to the court's holding concerning the *actus reus* of the offense—which Judge Walker joined by concurring in all but a section and a footnote in the lead opinion and concurring in the judgment—and his views on the meaning of "corruptly" were not adopted by the other judges on the panel.

Reading *Fischer* to have left unresolved the definition of "corruptly" in Section 1512(c)(2) is consistent with how the case was litigated. Although the defendant argued below that Section 1512(c)(2)'s *mens rea* requirement was unconstitutionally vague, *see United States v. Miller*, 589 F. Supp. 3d 60, 65 (D.D.C. 2022), the district court did not address that argument and specifically declined to interpret "corruptly" when adjudicating the government's reconsideration motion, *see United States v. Miller*, 605 F. Supp. 3d 63, 70 n.3 (D.D.C. 2022). The question presented in *Fischer* concerned Section 1512(c)(2)'s *actus reus* requirement, *see* Brief for the United States, *United States v. Fischer*, No. 22-3038, at 2-3 (whether Section 1512(c)(2) covers the defendants'

3

"alleged conduct"), and the government's opening 68-page brief devoted only three pages to addressing "corruptly" when discussing limitations on the statute's reach. *See Fischer*, 64 F.4th at 340 (opinion of Pan, J.) (noting that the parties addressed "corruptly" "only peripherally" in the briefs). With respect to defining "corruptly" in Section 1512(c)(2), the Court in *Fischer* did not have the "benefits of the normal litigation process," *id.*, which in turn risks an "improvident or ill-advised" ruling on an issue not squarely presented, *United States v. West*, 392 F.3d 450, 459 (D.C. Cir. 2004).

Relatedly, treating the concurrence's "corruptly" definition in *Fischer* as a binding holding is in tension with the party-presentation principle, under which courts "rely on the parties to frame issues for decision and assign courts the role of neutral arbiter of matters the parties present." *Sineneng-Smith v. United States*, 140 S. Ct. 1575, 1579 (2020) (citing *Greenlaw v. United States*, 554 U.S. 237, 243 (2008)). The concurrence's suggestion, *Fischer*, 64 F.4th at 352 n.1 (Walker, J. concurring), that the parties adequately presented the interpretation of "corruptly" is mistaken. The concurrence observed that the defendants had "raised the issue below," *id.*, without acknowledging that the district court never adjudicated the vagueness challenge or defined "corruptly." And although the concurrence relied on "lengthy discussions by several district judges in similar cases," *id.*, those judges also declined to offer definitive interpretations of "corruptly" in those rulings. *See, e.g.*, *United States v. Montgomery*, 578 F. Supp. 3d 54, 84 n.5 (D.D.C. 2021) ("[B]ecause the Court has yet to hear from the parties on the proper jury instructions, the Court will leave for another day the question whether this formulation [of corruptly]—or a slightly different formulation—will best guide the jury."). In short, the concurrence's interpretation of "corruptly" did not result from the "crucible of litigation," *Fischer*, 64 F.4th at 340 (opinion of Pan, J.), and thus should not be treated as authoritative. Additionally,

the government is not aware of any district court judge that has instructed a jury using only the concurrence's "corruptly" interpretation or found it to be authoritative.

### B. Even if the Marks rule applied, it would not counsel in favor of defining "corruptly" using the definition provided by the concurrence in *Fischer*.

Courts interpreting *Fischer* need not *United States v. Marks*, 430 U.S. 188 (1977), for guidance on how to interpret *Fischer*'s holding. In *Marks*, the Supreme Court held that, "[w]hen a fragmented Court decides a case and no single rationale explaining the result enjoys the assent of five Justices, 'the holding of the Court may be viewed as that position taken by those Members who concurred in the judgments on the narrowest grounds[.]'" 430 U.S. at 193 (quoting *Gregg v. Georgia*, 428 U.S. 153, 169 n.15 (1976) (plurality op.)). *Marks* is inapposite for several reasons.

*First*, there *is* a "single rationale explaining the result" in *Fischer* that a majority of the Court adopted: all but Section I.C.1 (declining to interpret "corruptly") and footnote 8 of the lead opinion. That opinion held in Section I.A that Section 1512(c)(2) was "unambiguous": it "applies to all forms of corrupt obstruction of an official proceeding" other than the document destruction and evidence tampering already covered in Section 1512(c)(1). *Fischer*, 64 F.4th at 336. Thus, unlike the situation described in *Marks*—where more than five Justices agreed on a result, but no five Justices agreed on a rationale—here, a majority of the Court did agree on a rationale explaining the result: Section 1512(c)(2)'s unambiguous statutory text describing the *actus reus* of the offense.

In this respect, the *Fischer* lead opinion resembles those that have commanded a five-Justice majority in the Supreme Court, with one Justice writing a concurring opinion explaining his or her disagreement with aspects of the majority opinion but joining it anyway. *See, e.g.*, *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 352-53 (2011) (Thomas, J., concurring); *Arizona v. Gant*, 556 U.S. 332, 354 (2009) (Scalia, J., concurring); *U.S. Airways, Inc. v. Barnett*, 535 U.S.

391, 408 (2002) (O'Connor, J, concurring).  In such a case, the majority opinion controls and *Marks* has no applicability.  *See* Richard M. Re, *Beyond the Marks Rule*, 132 Harv. L. Rev. 1942, 2001-02 nn.311, 322 (2019) (noting that appellate courts have never applied the *Marks* rule to *Concepcion* and *Gant*).  Here, Judge Walker joined the portion of the lead opinion holding that Section 1512(c)(2) encompasses all forms of obstructive conduct.  That is *Fischer*'s clear holding.  The fact that Judge Walker's understanding of the statute's *mens rea* requirement informed his decision to join the majority opinion does not make that understanding a holding of the court.  *Cf. King v. Palmer*, 950 F.2d 771, 784 (D.C. Cir. 1991) (en banc) (observing that "the result is binding even when the Court fails to agree on reasoning") (citing *National Mut. Ins. Co. v. Tidewater Transfer Co.,* 337 U.S. 582, 655 (1949) (Frankfurter, J., dissenting)).

*Second*, as both the lead opinion and the concurrence in *Fischer* recognized, the D.C. Circuit has never applied *Marks* to its own cases.  *See Fischer*, 64 F.4th at 341 n.5 (opinion of Pan, J.); *id.* at 362 n.10 (Walker, J., concurring).  Indeed, "only one federal appellate court has done so." *Id.* at 341 n.5 (opinion of Pan, J.) (citing *Binderup v. U.S. Att'y Gen.*, 836 F.3d 336, 356 (3d Cir. 2016) (en banc)).  Insofar as this Court "needs *some* rule to decide the holding" of *Fischer*, 64 F.4th at 362 n.10 (Walker, J., concurring), that rule is apparent: it should follow the parts of the opinion agreed upon by a majority of the panel, namely, that Section 1512(c)(2)'s plain text encompasses all forms of obstructive conduct.

Applying the concurrence's view of *Marks* to *Fischer* would be particularly "problematic." *King*, 950 F.2d at 782; *see Fischer*, 64 F.4th at 362 n.10 (Walker, J., concurring) (suggesting that his "reading of 'corruptly' may . . . be controlling" under *Marks*).  As the D.C. Circuit has observed, when all the Justices but one "do not subscribe to a given approach to a legal question, it surely cannot be proper to endow that approach with controlling force, no matter how persuasive

6

it may be." *Id.* So too here a single opinion that "lacks majority support," *id.*, because it decides a question the other members of the panel expressly declined to resolve should not become the law of the circuit.

*Third*, even were courts interpreting this issue to apply a *Marks* analysis to *Fischer*, it would not require courts to adopt the concurrence's view of the meaning of "corruptly" in Section 1512(c)(2). In *King*, the D.C. Circuit sitting *en banc* held that "*Marks* is workable—one opinion can be meaningfully regarded as 'narrower' than another—only when one opinion is a logical subset of other, broader opinions. In essence, the narrowest opinion must represent a common denominator of the Court's reasoning; it must embody a position implicitly approved by at least five Justices who support the judgment." 950 F.2d at 781; *see generally Beyond the Marks Rule*, *supra*, at 1994-95 (noting that the D.C. Circuit has adopted a narrower reading of *Marks* than other courts of appeals); *see also United States v. Duvall*, 740 F.3d 604, 618 (D.C. Cir. 2013) (Williams, J., concurring in denial of rehearing en banc). But the concurrence's reading of "corruptly" does not "embody a position implicitly approved by at least [two judges] who support the judgment"; to the contrary, a "majority of the panel . . . expressly declined to endorse the concurrence's definition of 'corruptly.'" *Fischer*, 2023 WL 2817988, at 341 n.5 (opinion of Pan, J.).

Moreover, the concurrence's definition was "not one with which [the lead] opinion 'must *necessarily agree as a logical consequence* of its own, broader position' because [the lead] opinion t[ook] no position on the exact meaning of 'corruptly.'" *Id.* (quoting *King*, 950 F.2d at 782). To be sure, Judge Walker contended that his opinion was "narrower" than the lead opinion because he "read[s] [Section 1512](c)(2) to cover only *some* of the conceivable defendants the lead opinion might allow a court to convict," *id.* at 362 n.10 (Walker, J., concurring). But that contention

7

proceeds from the mistaken premise that the lead opinion adopted "all th[e] formulations" of "corruptly" that it considered, *id.*, when in fact it declined to adopt a specific definition. Rather, the lead opinion resolved only the narrow question of whether an indictment grounded upon the defendants' assaultive conduct properly stated a violation of Section 1512. The Court had no need to delineate the world of "conceivable defendants" that could be convicted under the statute. *Id.* at 339-41 (opinion of Pan, J.). Nor did the Court have any need to resolve the meaning of the term "corruptly" at the motion-to-dismiss stage. The indictments in *Fischer* all alleged that the defendants acted "corruptly," as the statute requires, and any dispute about the meaning of that term could have no bearing on the sufficiency of the indictment for purposes of a motion to dismiss. *See United States v. Williamson*, 903 F.3d 124, 130 (D.C. Cir. 2018) (indictment "echo[ing] the operative statutory text while also specifying the time and place of the offense" fairly informs a defendant of the charge against him).

With respect to the interpretation of the term "corruptly" in Section 1512(c)(2), therefore, *Fischer* contains "no governing rule," *King*, 950 F.2d at 782, and no "'narrowest' opinion . . . to resolve all future cases," *Duvall*, 740 F.3d at 611 (Kavanaugh, J., concurring in denial of rehearing en banc). The concurrence's definition of "corruptly" in *Fischer* does not bind future panels but is instead entitled to whatever "persuasive authority" it may possess. *Duvall*, 740 F.3d at 605 (Rogers, J., concurring in denial of rehearing en banc). And for the reasons given in the government's answering brief in this case, *see* Gov. Br. 35-39, the Court should conclude that the concurrence's interpretation is sufficient, but not necessary, to prove that a defendant acted corruptly for purposes of Section 1512(c)(2).

## II. If the Court is Inclined to Modify the Section 1512(c) Instruction, it Should Adopt the Government's Proposal, Rather than the Defendant's.

However, if the Court is inclined to modify the Section 1512(c) instruction at all, it should adopt the government's proposal, which adds the following with respect to "corruptly": "Often, acting corruptly involves acting with the intent to secure an unlawful advantage or benefit either for oneself or for another person." *See United States v. Ethan Nordean, et al*, 21-cr-175-TJK (ECF No. 767).[1]

The relevant portion of the current version of the Jury Instruction, as well as the government's proposed modification are attached hereto as Attachment 1.

## CONCLUSION

As stated above, the current Section 1512(c)(2) instruction is legally sufficient and should be provided to the jury in this case, notwithstanding Circuit Judge Walker's non-binding concurring opinion regarding the definition of "corruptly." Alternatively, if this Court intends to re-formulate the definition of "corruptly" as set forth in Circuit Judge Walker's concurrence in *Fischer*, the government would propose the attached revised Jury Instruction, which is consistent with that concurrence.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney

---

[1] In reviewing a number of Section 1512 instructions in preparation for this filing, the Government now also believes the following sentence should be added to this instruction, regardless of whether a *Fischer*-specific formulation is used, given this sentence appears in a large number of 1512 instructions: "While the defendant must act with intent to obstruct the official proceeding, this need not be his sole purpose. A defendant's unlawful intent to obstruct an official proceeding is not negated by the simultaneous presence of another purpose for his conduct." *See, e.g., United States v. Kelly*, 1-cr-00708-RCL (ECF No. 101); *United States v. Ethan Nordean*, et al, 21-cr-175-TJK (ECF No. 767); *United States v. Jenkins*, 21-cr-245 (ECF No. 78).

DC Bar No. 481052

*/s/ Samantha R. Miller*
SAMANTHA R. MILLER
Assistant United States Attorney
New York Bar No. 5342175
United States Attorney's Office
For the District of Columbia
601 D Street, NW 20530
Samantha.Miller@usdoj.gov

SEAN P. McCAULEY
Assistant United States Attorney
New York Bar No. 5600523
United States Attorney's Office
For the District of Columbia
601 D. Street, NW
Washington, DC 20530
Sean.McCauley@usdoj.gov

10

# **Attachment 1**

## OBSTRUCTION OF AN OFFICIAL PROCEEDING

**NOTE**: This is the preferred instruction by the government and has been used in or derived from multiple jury trials. *See also, e.g., United States v. Sara Carpenter*, 21-cr-305-JEB (ECF No. 95); *United States v. Thomas Robertson*, 21-cr-34-CRC (ECF No. 86); *United States v. Dustin Thompson*, 21-cr-161-RBW (ECF No. 83); *United States v. Anthony Williams*, 21-cr-377-BAH (ECF No. 112); *United States v. Alexander Sheppard*, 21-cr-203-JDB (final instructions not available on ECF).

To act "corruptly," the defendant must use unlawful means or act with an unlawful purpose, or both. The defendant must also act with "consciousness of wrongdoing." "Consciousness of wrongdoing" means with an understanding or awareness that what the person is doing is wrong. Not all attempts to obstruct or impede an official proceeding involve acting corruptly. For example, a witness in a court proceeding may refuse to testify by invoking his constitutional privilege against self-incrimination, thereby obstructing or impeding the proceeding, but he does not act corruptly. In contrast, an individual who obstructs or impedes a court proceeding by bribing a witness to refuse to testify in that proceeding, or by engaging in other independently unlawful conduct, does act corruptly.

## OBSTRUCTION OF AN OFFICIAL PROCEEDING (ALTERNATIVE)

**NOTE:** This is an alternative instruction, considering *United States v. Fischer*, No. 22-3038 (D.C. Cir. Apr. 7, 2023). A similarly modified instruction was provided in *United States v. Kelly*, 1-cr-00708-RCL (ECF No. 101) and *United States v. Ethan Nordean, et al*, 21-cr-175-TJK (ECF No. 767). The entire Section 1512(c) instruction remains the same, except the paragraph containing the definition of "corruptly" now reads as follows:

To act "corruptly," the defendant must use independently unlawful means or act with an unlawful purpose, or both. The defendant must also act with "consciousness of wrongdoing." "Consciousness of wrongdoing" means with an understanding or awareness that what the person is doing is wrong. Not all attempts to obstruct or impede an official proceeding involve acting corruptly. For example, a witness in a court proceeding may refuse to testify by invoking his constitutional privilege against self-incrimination, thereby obstructing or impeding the proceeding, but he does not act corruptly. Accordingly, an individual who does no more than lawfully exercise those rights does not act corruptly. In contrast, an individual who obstructs or impedes a court proceeding by engaging in conduct such as offering illegal bribes, engaging in violence, committing fraud, or through other independently unlawful conduct, is acting corruptly. Often, acting corruptly involves acting with the intent to secure an unlawful advantage or benefit either for oneself or for another person.