UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **Criminal Case No.** |
| | : | |
| **KENNETH JOSEPH OWEN THOMAS,** | : | **1:21-cr-00552 (CRC)** |
| | : | |
| **Defendant** | : | |

## DECLARATION OF ROGER I. ROOTS, ESQ.

I, Roger I. Roots, esq. R.I. Bar #6752, hereby declare affirm and attest, under my oath and under penalties of perjury, that the following facts are true and within my personal knowledge.

1. I have assisted Mr. John Pierce in a number of January 6 cases. We have clients who are borderline homeless, have attempted suicide, have lost their life savings due to their prosecutions, have been fired from jobs, and have seen their careers destroyed.
2. Many Jan. 6ers believe, however, that they are innocent, and have defenses. They believe their conduct on Jan. 6 was honorable, and should be protected by the First Amendment.
3. In general, my assessment of Jan. 6 defendants is that DC courts and juries have been uniformly hostile to these defendants. For these reasons we generally employ a strategy of lodging and preserving constitutional objections so that these case may have some hope of being overturned by appellate courts.
4. Many of our January 6 cases come to us after a defendant has been told to plead guilty by prior attorneys. In more than one case we've been told that prior attorneys told defendants point-blank that they would not take their cases to trial under any circumstances. In one case we were told that a prior attorney had the defendant escorted out of the building when a defendant refused to sign a government plea offer.
5. Many of our phone calls with assistant U.S. Attorneys <u>begin</u> with discussions by the prosecutors of our client pleading guilty. I have never experienced this in any other area of law in any other region or any other jurisdiction.
6. In January 6 cases, it appears to be a routine practice for federal prosecutors to add additional retaliatory charges against J6 defendants who decline to plead guilty. Off the top of my head I can think of at least a half dozen Jan. 6 cases where this has happened: Darrell Neely, Mark Sahady, Richard Barnett, Kenneth Joseph Thomas, Christopher Alberts, and Deborah Lee.
7. In the Deb Lee case, the John Pierce Firm was preparing for her trial in May on 4 misdemeanors, when prosecutors suddenly filed a retaliatory felony 1512 charge. Deb Lee's codefendant (who generally accompanied Deb in the Capitol on Jan. 6 and had the same original charges) pled guilty and was sentenced to a $2,000 fine. Deb turned down

7. the offer and then found herself—with weeks remaining before her bench trial—suddenly facing potentially 20 years in federal prison.
8. Prosecutors know they can treat Jan. 6ers unjustly, and that the courts will generally support them.
9. I am prepared to testify regarding these facts at any time, and can be reached at my telephone number and email address.
10. I confess that my personal laptop is a $230 WalMart special which has difficulty downloading and processing the vast digital discovery in the Jan. 6 cases.  I generally have our paralegal Emily Lambert download the discovery videos onto her more-high-speed laptop.
11. Partially for these reasons, I focus on written documents while others in the firm focus on the video evidence.
12. For this reason, I personally have not comprehensively downloaded the government's video exhibits in the Thomas case until very recently.
13. When I was asked to assist in evaluating objections to proposed government exhibits, my laptop froze and I was unable to process more than one video.
14. We were ordered by the Court to object on May 11 or forever waive any or all objections to the government's exhibits.  But without being able to fully view or review the proposed exhibits I suggested we simply lodge relevance and 403 objections to most of the proposed exhibits.
15. This was in good faith, as the descriptions provided and my prior experience with Jan. 6 cases leads me to predict that prosecutors generally load massive amounts of unduly prejudicial and misleading exhibits into their exhibit lists which do not depict things in the viewpoints of the defendants.
16. For example, in the recent Proud Boy trial, the government was allowed to show the jury terrifying videos of Jan. 6 violence in the upper west tunnel, where not a single defendant in the case was ever present.  In the recent *Alberts* trial the government was allowed to show the jury violent footage of cops being assaulted by people far outside the viewpoint of or control of defendant Alberts.
17. As already indicated, courts have been universally hostile to Jan. 6 defendants, and our only hope, generally, is to preserve objections so that higher courts will ultimately overturn the wrongful convictions occurring at the trial level.
18.   Additionally, my hope was that the videos I was unable to view on my own computer would be fully vetted and examined at the Court's May 11 objection hearing.  The computers owned and used by the government and the Court are vastly superior to my own.
19. I take full responsibility for my conduct in these matters.

Sworn and signed, under penalties of perjury,

 /s/ *Roger Roots*, esq.

Dated 5/11/2023