DECLARATION OF JOHN M. PIERCE

I, John M. Pierce, affirm under penalty of perjury that:

1.  I am an Attorney in good standing with the State Bar of California. I am the Founder and Owner of John Pierce Law P.C. ("JPL"). I have personal knowledge of the facts set forth herein. I submit this declaration in support of the response of Roger I. Roots to a complaint he has received from the Rhode Island Bar Association.

2.  I graduated from the University of Notre Dame in 1994. Following that, I served as an officer United States Army from 1994 to 1997. I then graduated from Harvard Law School in 2000, where I was an editor of the *Harvard Law Review*.

3.  I have previously been a partner at Quinn Emanuel Urquhart & Sullivan, LLP, a partner at Latham & Watkins LLP, and a co-Global Practice Area Leader for Litigation and Dispute Resolution at K&L Gates LLP.

4.  I have been a member of the State Bar of California since 2007. Prior to that, I was a member of the Pennsylvania Bar Association. In addition, for a period of time, I was also a member of the State Bar Association of New York. To the best of my recollection, at all times I have been in good standing in all state bars to which I have been admitted.

5.  I am also admitted to numerous federal district courts and federal Courts of Appeal around the country. I am also admitted to the Supreme Court of the United States. To the best of my recollection, at all times I have been in good standing in all federal courts to which I have been admitted.

6.  To the best of my recollection, I have never been sanctioned by a court or been disciplined by any state bar.

7.  I am also the Founder and Chairman of the National Constitutional Law Union, Inc. (the "NCLU"), a 501(c)(4) non-profit dedicated to protecting the rights of all Americans under the United States Constitution.

8.  Mr. Roots is a partner at JPL and has been since February 1, 2022. He is an individual and attorney of the utmost integrity. I have never known him to be dishonest in any fashion, and I have never observed him act in an unethical manner.

9.  My understanding of the allegations in the complaint are that, in sum, Mr. Roots is accused of submitting a "fraudulent" "Certificate of Good Standing" when applying for admission to the United States District Court for the District of Columbia. Specifically, my understanding is that the date of the certificate had been altered in some fashion.

10. Mr. Roots had nothing whatsoever to do with the submission of the application in question, nor did he alter any certificate of good standing nor instruct anyone to do so nor had knowledge that this had occurred (nor did I nor did our Client Advocate Emily Lambert). Rather, this was done by a paralegal who had worked for me for several years and is no longer with the firm.

11. By way of background, Mr. Roots and I represent close to 30 criminal and civil defendants with respect to the activities that occurred at the United States Capitol on January 6, 2001. To say we have been overwhelmed with work and court appearances would be an understatement. At the time that this application was submitted and to the current date, Mr. Roots has been in trial virtually every day in a nationally-followed seditious conspiracy

trial of several January 6th defendants. The trial is expected to continue for several more weeks. I have also been extremely busy managing other cases and preparing for numerous January 6th trials that Mr. Roots and I will conduct together this year, as well as doing my best to manage the administrative aspects of the law firm.

12. As a result of this (and as has been the practice with my firm regardless for years due to the fact we have always had an overwhelming case load), we historically relied very heavily on the paralegal in question to compile and submit documents such as admission applications and attached exhibits. This paralegal had historically been extremely competent. The paralegal was asked to compile and submit an application for permanent admission for Mr. Roots to the federal district court in D.C.

13. After the application had been submitted, our Client Advocate Emily Lambert notified me that the date on the certificate of good standing had been altered by the paralegal in some fashion in a .pdf document. The paralegal had a certificate of good standing that had been previously obtained from Rhode Island Bar Association, but it was not dated within 30 days of the application as required by the rules of the D.C. federal district court. The paralegal should have ordered a new one. Apparently, though, he took a shortcut and inappropriately altered the date of the certificate to make it appear more recent. To the best of my knowledge, neither I, nor Mr. Roots, nor Ms. Lambert, nor anyone else in the firm aside from the paralegal was aware of this until after it had been submitted. The paralegal is no longer with the firm.

14. I take full responsibility for any inadequate supervision of the paralegal in question. Mr. Roots and I have both learned a valuable lesson. Both of us should have reviewed the application in detail before it was submitted. We sincerely apologize and will ensure that we do a better job on this front going forward.

15. Please contact me at (213) 400-0725 with any further questions relating to this matter. I would be happy to discuss in detail to assist in resolving this matter favorably for Mr. Roots. He is an invaluable member of the firm, and dozens of criminal defendants around in the country are in dire need of his representation in cases that are extraordinarily important with respect to the Constitutional rights and individual liberties that are sacred to us all.

FURTHER THE DECLARANT SAYETH NOT,

/s/ John M. Pierce, esq.          Dated March 1, 2023.

John M. Pierce