UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Criminal Case No. |
| | : | |
| KENNETH JOSEPH OWEN THOMAS, | : | 1:21-cr-00552 (CRC) |
| | : | |
| Defendant | : | |
| | : | |

**DEFENDANT KENNETH THOMAS' MOTION
IN LIMINE REGARDING CERTAIN MATTERS, AND INCLUDED
MEMORANDUM OF LAW**

Defendant KENNETH JOSEPH OWEN THOMAS ("Thomas"), through the undersigned counsel, presents this Motion and Memorandum of Law and hereby moves the Court to exclude from the proceedings at trial any testimony, derivative evidence, references to or argument upon the following matters.[1]

**I.      INTRODUCTION**

Defendant asks for orders of the Court to exclude from the proceedings at trial any testimony, derivative evidence, references to or argument upon

> **A) Defendant Thomas' criminal history**, whether arrests and/or convictions, beyond the time period allowed and circumstances allowed under Federal Rules of Evidence Rule 404 and Rule 609 or unfairly prejudicial under Rule

---

[1] Note that the caption of this case tracks the indictment and is not a prejudgment of whether the Government has mistaken his identity, having originally identified the Defendants "Joseph Thomas" in the Statement of Fact at Dkt. # 1-1.

403.  While Defendant contends that exclusion of past criminal history must be excluded, pragmatically there is a possibility that law enforcement officers trained to give a complete report of all facts that seem pertinent to their work may include in their testimony matters that are not permitted for our purposes. As a matter of caution, it should be made clear that the Government will not invite and law enforcement witnesses will not comment on past criminal accusations or convictions, particularly those older than 10 years and not of a type that would be allowed under the Federal Rules of Evidence.

B) **Any mention, information, evidence or argument of elicit substances in Thomas' possession at the time of arrest.**  There has been mention in discovery of a substance (perhaps suspected to be LSD), and drug paraphernalia found when the Defendant was arrested.  To the best of counsel's knowledge, at last report, no laboratory analysis has been completed in the State of Alabama at issue to illuminate what this substance actually was to a legal certainty, nor has there been legal action taken by the State of Alabama.  It would be unfairly prejudicial under Rule 403 for the Government to refer to any substance which has not been identified to a legal standard of certainty.  Furthermore, any matter not directly related to the events of January 6, 2021, and/or occurring after those events would likely be of no legitimate relevance in the trial before the jury, and would in any event be subject to the disclosure requirements of Rule 404 and Rule 609.

C) Rule 602 of the Federal Rules of Evidence commands that "A witness may testify to a matter only if evidence is introduced sufficient to support a finding

that the witness has personal knowledge of the matter." There seems to be no room in the Rule for any decision of the Court or discretion. Rule 602 is a mandatory requirement which is not subject to waiver or suspension.

**D)** The Court should not signal to the jury that it has pre-determined any question of fact or of guilt.

## II.   GOVERNING LAW

### A. <u>Federal Rules of Evidence Rule 403:  Prejudicial or Confusing to Jury</u>

While the Federal Rules of Evidence are a seemingly self-contained set of rules, it is not often remarked that they exist of course within the context of the constitutional mandate to provide litigants and especially criminal defendants with a fair trial consistent with constitutional due process.  Here, the risk of confusing and misleading by ambiguity or lack of clarity the jury and possibly encouraging the jury to reach an unbridled lawless verdict may seriously encroach into the territory of denying due process.  While it is a necessary balance between the right of party presentation against the Rules of Evidence and guardrails of admissible evidence, the constitutional due process right to a fair trial is also in the mix.

Federal Rules of Evidence, Rule 403, provides:

> The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.

> NOTES OF ADVISORY COMMITTEE ON PROPOSED RULES [2]

> The case law recognizes that certain circumstances call for the exclusion of evidence which is of unquestioned relevance. These circumstances entail risks which range all the way from inducing

---

[2]   Legal Information Institute, Cornell Law School, **https://www.law.cornell.edu/rules/fre/rule_403**

decision on a purely emotional basis, at one extreme, to nothing more harmful than merely wasting time, at the other extreme. Situations in this area call for balancing the probative value of and need for the evidence against the harm likely to result from its admission. Slough, Relevancy Unraveled, 5 Kan. L. Rev. 1, 12–15 (1956); Trautman, Logical or Legal Relevancy—A Conflict in Theory, 5 Van. L. Rev. 385, 392 (1952); McCormick §152, pp. 319–321. The rules which follow in this Article are concrete applications evolved for particular situations. However, they reflect the policies underlying the present rule, which is designed as a guide for the handling of situations for which no specific rules have been formulated.

Exclusion for risk of unfair prejudice, confusion of issues, misleading the jury, or waste of time, all find ample support in the authorities. "Unfair prejudice" within its context means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one.

The rule does not enumerate surprise as a ground for exclusion, in this respect following Wigmore's view of the common law. 6 Wigmore §1849. Cf. McCormick §152, p. 320, n. 29, listing unfair surprise as a ground for exclusion but stating that it is usually "coupled with the danger of prejudice and confusion of issues." While Uniform Rule 45 incorporates surprise as a ground and is followed in Kansas Code of Civil Procedure §60–445, surprise is not included in California Evidence Code §352 or New Jersey Rule 4, though both the latter otherwise substantially embody Uniform Rule 45. While it can scarcely be doubted that claims of unfair surprise may still be justified despite procedural requirements of notice and instrumentalities of discovery, the granting of a continuance is a more appropriate remedy than exclusion of the evidence. Tentative Recommendation and a Study Relating to the Uniform Rules of Evidence (Art. VI. Extrinsic Policies Affecting Admissibility), Cal. Law Revision Comm'n, Rep., Rec. & Studies, 612 (1964). Moreover, the impact of a rule excluding evidence on the ground of surprise would be difficult to estimate.

In reaching a decision whether to exclude on grounds of unfair prejudice, consideration should be given to the probable effectiveness or lack of effectiveness of a limiting instruction. See Rule 106 [now 105] and Advisory Committee's Note thereunder. The availability of other means of proof may also be an appropriate factor.

B. **Federal Rules of Evidence Rule 609: Impeachment by Evidence of a Criminal Conviction**

(a) **In General**. The following rules apply to attacking a witness's character for truthfulness by evidence of a criminal conviction:

(1) for a crime that, in the convicting jurisdiction, was punishable by death or by imprisonment for more than one year, the evidence:

(A) must be admitted, subject to **Rule 403**, in a civil case or in a criminal case in which the witness is not a defendant; and

(B) must be admitted in a criminal case in which the witness is a defendant, if the probative value of the evidence outweighs its prejudicial effect to that defendant; and

(2) for any crime regardless of the punishment, the evidence must be admitted if the court can readily determine that establishing the elements of the crime required proving — or the witness's admitting — a dishonest act or false statement.

(b) **Limit on Using the Evidence After 10 Years**. This subdivision (b) applies if more than 10 years have passed since the witness's conviction or release from confinement for it, whichever is later. Evidence of the conviction is admissible only if:

(1) its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect; and

(2) the proponent gives an adverse party reasonable written notice of the intent to use it so that the party has a fair opportunity to contest its use.

\* \* \*

## C.  FRE Rule 404: Character Evidence; Other Crimes, Wrongs or Acts

(a) **Character Evidence**.

(1) *Prohibited Uses*. Evidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait.

(2) *Exceptions for a Defendant or Victim in a Criminal Case*. The following exceptions apply in a criminal case:

(A) a defendant may offer evidence of the defendant's pertinent trait, and if the evidence is admitted, the prosecutor may offer evidence to rebut it;

(B) subject to the limitations in **Rule 412**, a defendant may offer evidence of an alleged victim's pertinent trait, and if the evidence is admitted, the prosecutor may:

(i) offer evidence to rebut it; and

(ii) offer evidence of the defendant's same trait; and

(C) in a homicide case, the prosecutor may offer evidence of the alleged victim's trait of peacefulness to rebut evidence that the victim was the first aggressor.

(3) Exceptions for a Witness. Evidence of a witness's character may be admitted under **Rules 607**, **608**, and **609**.

(b) **Other Crimes, Wrongs, or Acts**.

(1) *Prohibited Uses*. Evidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.

(2) *Permitted Uses*. This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.

(3) *Notice in a Criminal Case*. In a criminal case, the prosecutor must:

(A) provide reasonable notice of any such evidence that the prosecutor intends to offer at trial, so that the defendant has a fair opportunity to meet it;

(B) articulate in the notice the permitted purpose for which the prosecutor intends to offer the evidence and the reasoning that supports the purpose; and

(C) do so in writing before trial–or in any form during trial if the court, for good cause, excuses lack of pretrial notice.

### D. **FRE Rule 106: Doctrine of Completeness**

Rule 106. Remainder of or Related Writings or Recorded Statements, provides:

> If a party introduces all or part of a writing or recorded statement, an adverse party may require the introduction, at that time, of any other part — or any other writing or recorded statement — that in fairness ought to be considered ***at the same time***.

*(Emphasis added).* According to the Legal Information Institute of Cornell Law School's

legal encyclopedia "WEX", [3]

> …. This additional evidence is called explanatory evidence, and its purpose is to qualify, explain or put in context the original piece of introduced evidence.

The explanatory writing does not have to be part of same writing or recording. Additionally, even otherwise inadmissible evidence, such as hearsay, can be admissible under this rule if it is necessary to correct any confusion or wrongful impression created by the admission of the original evidence.

Note that Rule 106 does not invest any discretion or authority to decide anything in the trial judge. Nor does the FRE relegate the complete document or video to the back of the bus, as a second class matter raised only in the defense's case in defense after the jury has already prematurely made up its mind.

On the other hand, Rule 106 does require the objecting defendant to point the Court and the prosecution in the direction of what else should be included.  The Rule does not leave the prosecution or the Court in the dark to guess about what might need to be included.  But once the Defendant has invoked Rule 106 and demanded that other parts of the document or video be also shown to the jury, there is no decision or discretion left.  It shall be done.  And it shall be done contemporaneously, not relegating the rest of the document or video to later in the trial.  No part of the document or video is admissible unless all of it that is necessary to show the true, entire, accurate picture is shown to the jury as well.

---

[3] https://www.law.cornell.edu/wex/doctrine_of_completeness#:~:text=Doctrine%20of%20Completeness.%20Under%20Rule%20106%20of%20the,with%20the%20writing%20or%20recorded%20statement%20originally%20introduced.

### E. Federal Rules of Evidence Rule 602 – Personal Knowledge
FRE Rule 602 requires that:

> A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter. Evidence to prove personal knowledge may consist of the witness's own testimony. This rule does not apply to a witness's expert testimony under Rule 703.

## III. CIRCUMSTANCES MATERIAL TO THE MOTION

The U.S. Government has chosen as a departure from past handling and pragmatic approach to prosecute over 1,000 persons mostly in minor roles that historically have not been pursued. Now, choking with this extra caseload, in addition to civil cases, the Courts are irritable at the Government pursuing 1,000 extra people in its normal workload in stark contrast to recent, past incidents treated differently.

But depriving the Defendants, U.S. citizens, of constitutional rights of due process and the right to be presumed innocent until proven guilty simply to suit the choice of the Government to flood the system – particularly with as many as 3 years minimum yet to run on the statutes of limitation – is misguided. There is no "*unless you're busy*" exception to the constitutional rights of the Bill of Rights.

For example, in January 2017, at and after the inauguration of then President Donald Trump, tens of thousands of rioters openly and explicitly violated 18 U.S.C. 2384 by publicly announcing and declaring a massive conspiracy – which the conspirators explicitly declared as "resistance" to the President chosen by the people of the United States – to oppose by force the peaceful transfer of presidential power from President Barack Obama to President Donald Trump and to oppose by force the authority of the U.S. Government and by force to prevent, hinder, or delay the execution of any law of the United States. The anti-Trump rioters burned buildings,

9

committing the federal crime of arson, burned police cars, assaulted police, and hindered the exercise of the duties of law enforcement in connection with a civil disturbance.  In 2017, millions of people protested against the duly elected President of the United States, while at least tens of thousands of them openly announced their seditious conspiracy in press releases and internet campaigns.

Yet, the Government dropped almost all of the charges rather than pursuing all involved, as the Government has chosen to do here.  Therefore, the problems imposed upon the federal courts for the District of Columbia are the result of the Government's action.  There is no justification in this for curtailing the Constitutional rights of those unfairly accused, including by over-charging and multiplitious charges repeating the same conduct.

Associated Press, "**Trump inauguration protest damages parts of downtown Washington," CBS News**," January 21, 2017, **https://www.cbsnews.com/news/donald-trump-inauguration-protest-damages-downtown-washington/**

> **WASHINGTON** -- Protesters registered their rage against the new president Friday in a chaotic confrontation with police who used pepper spray and stun grenades in a melee just blocks from **Donald Trump**'s inaugural parade route. Scores were arrested for trashing property and attacking officers.
> Officers arrested 217 protesters, **CBS affiliate WUSA reports**. Six police officers were hurt during the protests, including three who were hit in the head with flying objects. All of them have minor injuries.
> The bulk of the criminal acts happened at 10:30 a.m. when 400 to 500 people on 13th Street destroyed property, Interim Police Chief Peter Newsham said. The protesters were armed with crowbars and threw objects at people and businesses, destroying storefronts and damaging vehicles. Police used pepper spray to diffuse the situation.

> There were protests in other cities, including Portland, where protesters and police clashed and police used flashbangs and tear gas, **CBS affiliate KOIN reports**.
>
> The planned protest began peacefully Friday afternoon, but the tone of the event changed when police said protesters began throwing "rocks, bottles, flares and unknown liquids" at officers who blocked them from walking onto local bridges.

But then: "**GOVERNMENT DROPS CHARGES AGAINST ALL INAUGURATION PROTESTERS**," NBC News, July 6, 2018, accessible at:

https://www.nbcnews.com/news/us-news/government-drops-charges-against-all-inauguration-protesters-n889531

The announced purpose of these organized riots, with identifiable leaders publicly announcing their plans and recruiting rioters?  To "resist" the lawful authority of the U.S. Government by stopping the newly-elected President from assuming office and being able to govern.  Yet the number promising to be ungovernable prosecuted for seditious conspiracy?  None.  The number prosecuted under 18 U.S.C. 111(a)?  None.  The number prosecuted under 18 U.S.C. § 231(a)(3)?  None.

Therefore, now, today, the decision of the U.S. Department of Justice to take a different approach to the demonstrations and some riots on January 6, 2021, cannot justify cutting corners in the constitutional rights of accused Defendants.  It has always been the normal approach to prosecute the ringleaders – who walk free from the inauguration riots of 2017 – and not everyone who merely attended.  The Government's choice has flooded the judicial system.





Police and demonstrators clash in downtown Washington, D.C. after a limo was set on fire following the inauguration of President Donald Trump on Jan. 20. Spencer Platt / Getty Images

**Washington (CNN)** — Six police officers were injured and 217 protesters arrested Friday after a morning of peaceful protests and coordinated disruptions of Donald Trump's inauguration ceremony *gave way to ugly street clashes in downtown Washington.*

*At least two DC police officers and one other person were taken to the hospital after run-ins with protesters*, DC Fire Spokesman Vito Maggiolo told CNN. Acting DC Police Chief Peter Newsham said the officers' injuries were considered minor and not life threatening.

Bursts of chaos erupted on 12th and K streets as black-clad "antifascist" protesters <u>smashed storefronts and bus stops, hammered out the windows of a limousine and eventually launched rocks at a phalanx of police lined up in an eastbound crosswalk.</u> Officers responded by

    launching smoke and flash-bang devices, which could be heard from
    blocks away, into the street to disperse the crowds.

Gregory Krieg, "**Police injured, more than 200 arrested at Trump inauguration protests in DC**," CNN, Updated January 21, 2017, accessible at: **https://www.cnn.com/2017/01/19/politics/trump-inauguration-protests-womens-march** *(Emphases added.)*

    *Also see* Phil McCausland, Emmanuelle Saliba, Euronews, Erik Ortiz and Corky Siemaszko, "**More Than 200 Arrested in D.C. Protests on Inauguration Day: 217 people were arrested and six police officers suffered minor injuries after some protesters set fires and smashed windows in the nation's capital**," NBC News, January 21, 2017, accessible at: **https://www.nbcnews.com/storyline/inauguration-2017/washington-faces-more-anti-trump-protests-after-day-rage-n709946**

.

**CONCLUSION**

The Court should enter the requested orders in limine.

Dated: May 15, 2023                 RESPECTFULLY SUBMITTED

                                       **KENNETH JOSEPH OWEN THOMAS**,

                                       *By Counsel*

                            _____/s/_____
                            Roger Root, Esq.
                            John Pierce Law Firm
                            21550 Oxnard Street
                            3rd Floor, PMB #172
                            Woodland Hills, CA 91367
                            Tel: (213) 400-0725
                            Email: *jpierce@johnpiercelaw.com*
                            Attorney for Defendant

**CERTIFICATE OF SERVICE**

I hereby certify that this document is being filed on this May 15, 2023, with the Clerk of the Court by using the U.S. District Court for the District of Columbia's CM/ECF system, which will send an electronic copy of to the following CM/ECF participants. From my review of the PACER account for this case the following attorneys are enrolled to receive notice and a copy through the ECF system.

>MATTHEW M. GRAVES
>United States Attorney
>D.C. Bar No. 481052
>
>SAMANTHA R. MILLER
>Assistant United States Attorney
>New York Bar No. 5342175
>United States Attorney's Office
>601 D Street, NW
>Washington, DC 20530
>**Samantha.Miller@usdoj.gov**
>
>SEAN P. McCAULEY
>Assistant United States Attorney
>New York Bar No. 5600523
>United States Attorney's Office
>For the District of Columbia
>601 D. Street, NW
>Washington, DC 20530
>**Sean.McCauley@usdoj.gov**

_____/s/_____
Roger Root, Esq.