UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | CASE NO. 1:21-cr-00552 (DLF) |
| v. : | |
| : | |
| KENNETH JOSEPH OWEN THOMAS, : | |
| : | |
| Defendant. : | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S OBJECTIONS
TO GOVERNMENT'S PROPOSED EXHIBITS**

The United States of America respectfully files this Response to the Defendant's Objections to the Government's Proposed Exhibits (ECF No. 113). The Defendant's objections are largely contrary to this Court's prior rulings in this matter and/or are non-sensical. Therefore, his objections should be overruled.

**RESPONSE**

The Court has preliminary ruled that the Government's exhibits are authentic and relevant to this case. Despite these rulings, the Defendant still objects to a large swath of exhibits in the 400 series, largely on relevance, hearsay, and completeness grounds. The 400 series of exhibits are all records received pursuant to a lawful search warrant issued to Facebook for the Defendant's account. The Government received all the materials listed in this series as a part of the search warrant return, including a certificate of authenticity, which is included in its Exhibit List as Exhibit 401. Thus, these records are non-hearsay under Rule 801(d)(2)(A) of the Federal Rules of evidence (opposing party's statements) and Rule 803(6) of the Federal Rules of Evidence (business records exception). In terms of completeness, the Facebook search warrant return was more than 30,000 pages in length and included hundreds of digital media files that have no relevance in this

1

case; thus, the Government has excerpted relevant portions for use at trial, and those particular posts are complete and require no additional context.[1]

Puzzlingly, the Defendant objects to all of the 500 series of exhibits on relevance and completeness grounds, but does not object to any of the 700 series of exhibits. The 500 series of exhibits are all podcasts, videos, and other types of posts on social media that were posted by the Defendant himself, most of which are still publicly available on his social media channels today. They all have indicia that they are what they purport to be, including, but not limited to: (1) they show Defendant's face, including in videos and images from January 6 or wearing similar glasses to the ones he wore on that day; (2) they contain audio of his voice; (3) he self-identifies in many of them; (4) they show his name or a version thereof, such as "Joe Thomas" or "Joseph Thomas;" (5) they show his typical aliases/usernames for his online presence, such as "PiAnon" and "blacklionjester;" and (6) they were received pursuant to a lawful search warrant (Google/YouTube) or contain the same images/videos as the ones received pursuant to a search warrant. By contrast, the 700 series, to which the Defendant no longer appears to object, includes open-source evidence from individuals other than the Defendant. Given the 500 series of exhibits were all posted to the internet by the Defendant himself, given they are non-hearsay pursuant to Rule 801(d)(2)(A) of the Federal Rules of evidence (opposing party's statements), and given they contain highly relevant footage of Defendant's crimes, his objections to these exhibits are non-sensical and should be rejected.

---

[1] The Government does note that one video file received from Facebook, Ex. 402.1.4666304223384789.mp4, does indeed lack sound. The file received from Facebook lacked sound; however, the very same video appears in one of the two compilation videos Defendant posted to Rumble, which further underscores the relevance of the Rumble exhibits. *See* Exs. 504, 505.

Finally, the Defendant objects to a smattering of other exhibits on completeness, relevance, and/or prejudice grounds. The 100 and 200 series exhibits contain redactions to protect either confidential business information (Safeway) or the identities of individuals whose identity is not relevant to this case (Safeway, HSEMA, USCP, USSS). They are highly relevant to a number of elements of the charges against the Defendant and are not *unduly* prejudicial, which is the applicable standard.

## CONCLUSION

For these reasons, Defendant's objections to the Government's exhibit list should be overruled.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
DC Bar No. 481052

*/s/ Samantha R. Miller*
SAMANTHA R. MILLER
Assistant United States Attorney
New York Bar No. 5342175
United States Attorney's Office
For the District of Columbia
601 D Street, NW 20530
Samantha.Miller@usdoj.gov

SEAN P. McCAULEY
Assistant United States Attorney
New York Bar No. 5600523
United States Attorney's Office
For the District of Columbia
601 D. Street, NW
Washington, DC 20530
Sean.McCauley@usdoj.gov