UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | Criminal Case No. |
| : | |
| KENNETH JOSEPH OWEN THOMAS, : | 1:21-cr-00552 (CRC) |
| : | |
| **Defendant** : | |
| : | |

**DEFENDANT'S PROFFER AS TO ANTICIPATED WITNESSES**
**Treniss Evans**

Defendant KENNETH JOSEPH OWEN THOMAS ("Thomas"), through the undersigned counsel, John M. Pierce, Esq. and Roger Roots, Esq., and hereby responds to the verbal Order of the Court to explain the expected testimony of the witnesses that the Defendant expects to call at trial.

Initially, Defendant reserves and notes his objection that this procedure is unduly burdensome for an under-funded Defendant's legal team, as with most January 6 Defendants, but not shouldered in like manner by the well-funded U.S. Department of Justice with regard to its witnesses. Almost everything about these cases – rushed to court with many years left to run on statutes of limitations, but clearly not ready for prime time – seems geared towards swamping the few attorneys willing to provide a legal defense to these accused citizens.

**I.  PROFERRED TESTIMONY OF TRENISS EVANS**

Treniss Evans would testify that he followed the exact same path that the Defendant Thomas took from the sidewalk at the Western edge of the Capitol grounds near the so-called

Peace Monument toward the Capitol building.  Mr. Evans would review in this testimony the video taken by Defendant Thomas showing that Thomas followed the same pathway that Evans had taken.  Indeed, most of the crowd was crossing 1st Street West around the Peace Monument and walking through the pedestrian entrance along the pedestrian walkway toward the Capitol about 2 football field's length away.

Mr. Evans would then testify from that foundation that when he travelled that same path earlier than Defendant Thomas, there were no signs visible creating a legal status of a restricted area.  There might have been earlier in the day, but

Standard jury instructions are fond of attempting to explain circumstantial evidence.  They use a now well-worn metaphor of snow:  If one goes to sleep with no snow on the ground and awakens the next morning to see snow is scattered in powder across the ground, that is circumstantial evidence that it snowed during the night while the witness was asleep.  The jury is to be instructed that this is valid evidence that it snowed.

Yet never ashamed to take contradictory positions, the Government is now attempting to suggest that if before Defendant Thomas arrived there were no signs of a restricted area when Evans was passing through that route, that maybe somehow the signs sprang back to life between the time Mr. Evans saw the pathway and the time Thomas walked the same pathway.

But this is a fact question for the jury, as the law and the jury instructions keep insisting.  It is for the jury and the jury alone to decide if it is plausible that elves somehow ran around and put up new signs in the middle of a giant crowd.  There would certainly be some video of that.  Only the jury can decide if that speculation and conjecture is credible.

And note again that if anyone noticed that at one time there had been a restricted area notice posted on a flimsy 11 inch by 14 inch sign (one of which is seen tearing in two at around

1:00 PM at the so-called "pedestrian gate" (where there is actually no gate), that would fail to establish what the restricted area was.  One cannot violate 18 U.S.C. 1752(a)(1) without being able to know that here is the line, and on that side of the line is prohibited, but on this side of the line one is permitted.

      The U.S. Capitol Police is an agency of Congress, part of the Legislative Branch.  Congress accustomed to spending trillions of dollars.  So if they left their own security force with only flimsy paper signs run off on a photocopier, they must expect that such signs are not durable and are not going to last.  Indeed, it was a very cold and extremely wind day and just weather alone could hinder such inexpensive but non-durable signs.

Dated:  May 16, 2023    RESPECTFULLY SUBMITTED
**KENNETH JOSEPH OWEN THOMAS**,

*By Counsel*

_____/s/_____
Roger Root, Esq.
John Pierce Law Firm
21550 Oxnard Street
3rd Floor, PMB #172
Woodland Hills, CA 91367
Tel: (213) 400-0725
Email: *jpierce@johnpiercelaw.com*
Attorney for Defendant

**CERTIFICATE OF SERVICE**

      I hereby certify that this document is being filed on this May 16, 2023, with the Clerk of the Court by using the U.S. District Court for the District of Columbia's CM/ECF system, which will send an electronic copy of to the following CM/ECF participants.  From my review of the PACER account for this case the following attorneys are enrolled to receive notice and a copy through the ECF system.

      MATTHEW M. GRAVES
      United States Attorney

D.C. Bar No. 481052

SAMANTHA R. MILLER
Assistant United States Attorney
New York Bar No. 5342175
United States Attorney's Office
601 D Street, NW
Washington, DC 20530
**Samantha.Miller@usdoj.gov**

SEAN P. McCAULEY
Assistant United States Attorney
New York Bar No. 5600523
United States Attorney's Office
For the District of Columbia
601 D. Street, NW
Washington, DC 20530
**Sean.McCauley@usdoj.gov**


_____/s/_____
Roger Root, Esq.