**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | **CASE NO. 1:21-cr-00552 (DLF)** |
| v. | : | |
| | : | |
| **KENNETH JOSEPH OWEN  THOMAS,** | : | |
| | : | |
| **Defendant.** | : | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION IN LIMINE**
**REGARDING CERTAIN MATTERS AND MEMORANDUM OF LAW**

The United States of America respectfully files this Response to the Defendant's Motion in Limine Regarding Certain Matters and Memorandum of Law (ECF No. 114).  In substantial part, the Defendant's Motion either (A) quotes verbatim large swaths of the Federal Rules of Evidence and its commentary, *see id.* at 3-7, 9, or (B) discusses events totally unrelated to January 6, 2021, *see id.* at 9-13.  These are not arguments; therefore, they require no response from the Government. The only apparent arguments in the Motion relate to (I) evidence regarding the Defendant's criminal history, *see id.* at 1-2, and (II) evidence regarding elicit substances found in the Defendant's possession at the time of his arrest, *see id.* at 2.[1]  Therefore, the Government responds to those two issues below.

---

[1] The Defendant also states the following, which is not argument, and which requires not response: "The Court should not signal to the jury that it has pre-determined any question of fact or of guilt." *Id.* at 3.  In fact, there is a jury instruction on this specific point to avoid any such concerns:

> "During this trial, you should not take any of my statements or actions as any indication of my opinion about how you should decide the facts. If you think that somehow I have expressed or even hinted at any opinion as to the facts in this case, you should disregard it. The verdict in this case is your sole and exclusive responsibility.

*See* Court's Preliminary Instructions at 8.

<u>RESPONSE</u>

**I.    Evidence Regarding the Defendant's Criminal History Can Come in If He Opens the Door Himself or Through Character Witnesses.**

The Government does not intend to elicit testimony or present evidence in its case-in-chief regarding the Defendant's criminal history.   However, if the Defendant presents character witnesses who opine on the Defendant's reputation for peacefulness or law-abidingness, he may open the door to cross-examination on (1) prior convictions for assault, or (2) the circumstances under which he was discharged from the Navy, which involve the use of illegal substances.[2]

The fact that his assault conviction is more than ten years old does not preclude its use in cross:  first, the cross-examination of character witnesses principally is not governed by Rule 609 of the Federal Rules of Evidence (Impeachment by Evidence of a Criminal Conviction), which typically applies to impeaching *the Defendant*, but instead by Rule 405 (Methods of Proving Character); moreover, even if Rule 609 does govern, if Defendant chooses to put on witnesses who will testify as to his peacefulness or law-abidingness, the probative value of those witnesses' knowledge of his assault convictions outweighs any prejudicial effect, particularly where, as here, the conviction is for the same type of crime as the ones herein.  *See, e.g., United States v. Edwards*, 549 F.2d 362, 367 (5th Cir.1977) (in affirming district court's decision to allow cross-examination of character witness as to 20–year old conviction of defendant, holding that Rule 609(b)'s time limit did not apply because "[a]llowing cross-examination of character witnesses as to their having heard of prior convictions or arrests of a defendant shows whether he has knowledge of defendant's reputation and whether that knowledge influences his opinion in any way"); *United States v. Tetioukhine*, 725 F.3d 1, 8–9 (1st Cir. 2013) (affirming conviction despite prosecution's cross-

---

[2] Although Attorney Roots in open Court on May 15, 2023 reversed course and stated that the Defendant will not likely call the Defendant's wife or mother, the Government submits this Response anyway, in an abundance of caution.

examination regarding a more than 10 year old conviction where defendant opened the door in multiple ways:  "A party may introduce evidence to impeach a witness's specific testimony by contradiction. Where this evidence is used to 'contradict material false testimony injected into the trial by [the defendant] himself,' 'the general strictures' of Federal Rules of Evidence 402 and 403 govern. The defendant may open the door to such evidence even if it is otherwise inadmissible. This principle applies to the admission of prior convictions . . . Thus, 'a defendant can ... open the door to evidence about prior convictions' under Rules 402 and 403 . . . regardless of whether the conviction meets Rule 609's requirements . . ..") (*citing, e.g., United States v. Landry*, 631 F.3d 597, 604 (1st Cir.2011); *United States v. Gilmore*, 553 F.3d 266, 272 (3d Cir.2009) ("[P]rior felony convictions more than ten years old may be used to impeach by contradiction even if they do not satisfy Rule 609's balancing and notice conditions.")); *see also Lee v. State,* 770 S.W.2d 148, 154 (1989)[3] (applying state law corollaries to FRE).[4]

---

[3] Because *Lee v. State,* 770 S.W.2d 148, 154 (1989) presents the exact situation we have here, it bears quoting further:

> Rules 404(a)(1) and 405(a) . . . permit an accused to initiate evidence of his character or a pertinent character trait by reputation or opinion evidence. However, when he puts his character in evidence, inquiry into relevant, specific instances of conduct is allowable on cross-examination. . . .The purpose of cross-examination of a character witness is not to attack the character or credibility of the accused, but to ascertain the witness's awareness of things having a bearing on the reputation for which the witness has vouched. The only limitation this rule places on cross-examination is that the facts inquired into be relevant to the issue of character. If the witness has never heard that the accused has previously been convicted of a crime or engaged in violent misconduct, then the witness's credibility suffers. If he has heard or knows of such facts but disregards them in forming his opinion or testifying to one's reputation, that may legitimately go to the weight to be given the opinion or reputation evidence. . . .
>
> The witnesses testified that the appellants' reputations in the community were good, and, in their opinions, those reputations were earned. The fact that appellant Gerald Lee had been convicted of burglary and theft would certainly be relevant to those witnesses' opinions and bases for knowledge of his reputation for truth and veracity. The fact that both appellants had been engaged in acts or threats of

## II.   Evidence Regarding the Illegal Substances Found in Defendant's Possession at the Time of His Arrest.

The Government also does not intend to elicit testimony or present evidence in its case-in-chief regarding the illicit substances found in the Defendant's possession at the time of his arrest. However, if the Defendant himself or any of his character witnesses open the door by discussing the Defendant's reputation for sobriety, lawfulness, and/or good judgment, the Defendant may open the door to cross-examination on these facts.

## CONCLUSION

For these reasons, Defendant's Motion should be denied, or, at a minimum, limited in the above-stated manner.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
DC Bar No. 481052

---

violence would be relevant to the witnesses' opinions and knowledge of appellants' reputations for being law-abiding citizens. We find no error.

Appellant Gerald Lee also contends, however, that the court should not have allowed the witnesses to be questioned about his conviction for burglary and theft because it was forty years old and therefore irrelevant. We initially note that, when the questions concerning the conviction were asked and answered, appellant objected only on the grounds that the conviction was "more than ten years old." It was not until the close of the case that counsel for appellant asserted that the conviction was forty years old. While cross-examination of a witness about his own convictions that are more than ten years old is not allowed under Ark.R.Evid. 609, that rule has no application to the facts of this case. *See Reel v. State, supra.* This case is governed by Rule 405, which contains no such limitation but merely requires that the evidence be relevant. We cannot conclude that the character witnesses' knowledge of a conviction "more than ten years old" was irrelevant or that its probative value was substantially outweighed by the danger of unfair prejudice.

*Id.* (certain citations omitted).

4

/s/ Samantha R. Miller
SAMANTHA R. MILLER
Assistant United States Attorney
New York Bar No. 5342175
United States Attorney's Office
For the District of Columbia
601 D Street, NW 20530
Samantha.Miller@usdoj.gov

SEAN P. McCAULEY
Assistant United States Attorney
New York Bar No. 5600523
United States Attorney's Office
For the District of Columbia
601 D. Street, NW
Washington, DC 20530
Sean.McCauley@usdoj.gov