UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CASE NO. 1:21-cr-00552 (DLF) |
| v. | : | |
| | : | |
| KENNETH JOSEPH OWEN THOMAS, | : | |
| | : | |
| Defendant. | : | |

### GOVERNMENT'S NOTICE OF AUTHORITY
### REGARDING FEDERAL RULE OF EVIDENCE 615

The United States of America respectfully files this Notice of Authority pursuant to the Court's request in open Court on May 16, 2023 regarding Rule 615 sequestration.

### RELEVANT AUTHORITY

"Courts have broad discretion to achieve [the goals of sequestration] and 'may make whatever provisions [they deem] necessary to manage trials in the interests of justice ... including the sequestration of witnesses before, during, and after their testimony.' In addition, Rule 611 of the Federal Rules of Evidence authorizes the trial court to 'exercise reasonable control over the mode and order of examining witnesses ... so as to ... make those procedures effective for determining the truth.' 'Several cases suggest that courts still have discretion to exclude a Rule 615(b) witness' pursuant to the Court's general powers to manage the conduct of trial or Rule." *See, e.g., Bradshaw v. Perdue*, 319 F. Supp. 3d 286, 288–89 (D.D.C. 2018) (citations omitted) (finding limited sequestration appropriate because "[p]ermitting [the witness] to remain in the courtroom during [the opposing party's key witness] testimony would risk jeopardizing the truth-seeking function of the proceeding by providing the opportunity for defendant's critical fact witness to – consciously or subconsciously – shape his testimony to counter what he has heard

1

from plaintiff's critical fact witness in court rather than simply recount events from fifteen years ago as he remembers them").

"The purpose of the sequestration rule is to prevent the shaping of testimony by one witness to match that of another, and to discourage fabrication and collusion." *Id.* (citing *Minebea Co. v. Papsti*, 374 F. Supp. 2d 231, 236–37 (D.D.C. 2005) (contrasting the situation where a member of the defense team acting as a witness sits at counsel table versus in the gallery and stating as follows: "The primary reason for prohibiting Mr. Schnayer from acting as trial counsel and appearing before the jury as both one of Papst's two primary fact witnesses—whose name undoubtedly will be invoked by witnesses for both sides throughout the trial—and as trial counsel was to avoid juror confusion. The question is whether Mr. Schnayer would, as Minebea argues, cause juror confusion if he sat in the last row of the gallery throughout the trial and never consulted with or even talked to other Papst lawyers or Mr. Papst while in the courtroom or the corridor outside simply because the jury would later see him on the witness stand. The Court thinks not.").

"Because a court may only decline to grant a party's request to sequester particular witnesses under one of the Rule 615 exemptions, the rule carries a strong presumption in favor of sequestration.  The party opposing sequestration therefore has the burden of demonstrating why the pertinent Rule 615 exception applies, and 'why the policy of the Rule in favor of automatic sequestration is inapplicable in that situation[.].'" *See, e.g., United States v. Jackson*, 60 F.3d 128, 135 (2d Cir. 1995) (citations omitted).

"In making a Rule 615 ruling, a district court must exercise discretion, and among the factors that might usefully inform the exercise of such discretion are: 1) how critical the testimony in question is, that is, whether it will involve controverted and material facts; 2) whether the information is ordinarily subject to tailoring . . ., such that cross-examination or other evidence

. . ., could bring to light any deficiencies; 3) to what extent the testimony of the witness in question is likely to encompass the same issues as that of other witnesses, . . . 4) the order in which the witnesses will testify, *see id.* at 1286; 5) any potential for bias that might motivate the witness to tailor his testimony, . . . and 6) if the court is considering exempting the witness from sequestration under Rule 615(3), whether the witness's presence is "essential" rather than simply desirable." *See Jackson*, 60 F.3d at 135 (collecting cases, citations omitted).[1]

## SEQUESTRATION AS TO MS. LAMBERT

If Ms. Lambert testifies as a summary witness (in addition to the many other proposed summary witnesses on the Defendant's witness list), the rule of sequestration—that the Defendant invoked at the beginning of jury selection on May 15, 2023—should apply to Ms. Lambert. First, there is a "strong presumption in favor of sequestration." *See, e.g., Jackson*, 60 F.3d at 135 (citations omitted). Second, "[t]he party opposing sequestration therefore has the burden of demonstrating why the pertinent Rule 615 exception applies, and 'why the policy of the Rule in favor of automatic sequestration is inapplicable in that situation.'" *See id.* Here, the Defendant has made no such showing. *See, e.g., United States v. Jackson*, 60 F.3d 128, 135 (2d Cir. 1995) (citations omitted). In fact, rather than attempt to meet its burden, the Defendant instead filed a retaliatory and baseless motion seeking to preclude the Government from having its case agent testify in its case-in-chief, which this Court properly denied without argument. *See* ECF No. 118; FRE 615(b) "an officer or employee of a party that is not a natural person, after being designated

---

[1] Differently, "[i]t is undisputed that the government is entitled to one representative at counsel table under Rule 615(b). *In re United States,* 584 F.2d 666, 667 (5th Cir.1978). District courts have discretion whether to permit more than one government agent at counsel table during trial. *United States v. Ratfield,* 342 F. App'x 510, 512 (11th Cir.2002) (per curiam) (abuse of discretion standard)." *United States v. McGregor*, No. 2:10CR186-MHT, 2012 WL 235519, at *1 (M.D. Ala. Jan. 25, 2012) (permitting more than one agent at "counsel table" and citing case law from the Third, Fifth, Sixth, and Eleventh Circuits).

as the party's representative by its attorney".

Moreover, in applying the factors listed above, it becomes clear that Ms. Lambert should be sequestered for many other reasons beyond the Defendant failing to carry his burden. Factors one and three, above, weigh in favor of sequestration because Ms. Lambert's testimony is unlikely to be critical to Defendant's case and is likely to be repetitive, given the Defendant has also suggested it intends to call at least two other summary witnesses, Mr. Hill (who has been excluded by this Court as an expert), and Mr. Moseley. The final factor above also weighs in favor of sequestration, given the Defendant has not one, but two capable attorneys representing him at trial, who should be well acquainted with the filings and evidence in this case. Therefore, she is unlikely to be "essential."

## CONCLUSION

For these reasons, the Government respectfully requests Ms. Lambert be sequestered, if the Defendant intends to call her as a summary witness.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
DC Bar No. 481052

*/s/ Samantha R. Miller*
SAMANTHA R. MILLER
Assistant United States Attorney
New York Bar No. 5342175
United States Attorney's Office
For the District of Columbia
601 D Street, NW 20530
Samantha.Miller@usdoj.gov

SEAN P. McCAULEY
Assistant United States Attorney
New York Bar No. 5600523
United States Attorney's Office
For the District of Columbia

4

601 D. Street, NW
Washington, DC 20530
Sean.McCauley@usdoj.gov