UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | CASE NO. 1:21-cr-00552 (DLF) |
| v. : | |
| : | |
| KENNETH JOSEPH OWEN THOMAS, : | |
| : | |
| Defendant. : | |

### GOVERNMENT'S RESPONSE TO DEFENSE WITNESS LIST AND PROFFERS

The United States of America respectfully files this Response to the defense's witness list and, in particular, its recent supplemental proffers regarding Mr. Moseley and Mr. Evans.

### RESPONSE

**1. Jonathan Moseley.**

The Defendant's proffer regarding Mr. Moseley (ECF No. 120) states that he will both a fact and overview witness. First, as noted in the Government's filing relating to Ms. Lambert (ECF No. 122), the Defendant has offered three, maybe four, separate witnesses as potential overview/summary witnesses: Mr. Hill, Ms. Lambert, Mr. Sumrall, and Mr. Moseley. Were all three of these witnesses to testify, their testimony would be cumulative and a usurpation of the Court's, the parties', and the jurors' time.

Second, Mr. Moseley's testimony as both fact and summary would be confusing to the jury, particularly because Defendant's proffer readily concedes that Mr. Moseley was not neither temporally nor geographically near Mr. Thomas on January 6, 2021.. *See* ECF No. 120 at 4-5 (Mr. Thomas was on the west side of the Capitol only, from approximately 2:15 PM onward. The proffer states as follows: "This becomes significant because Moseley missed all of the events and chaos at the West side of the Capitol building and regretfully cannot testify to anything other than

1

the admissibility of the video recordings.  Mr. Moseley approached the East side of the Capitol from the Supreme Court and could not find the permitted events advertised on the U.S. Capitol Grounds.").

Third, the documents attached to the proffer to which Mr. Moseley may testify are hearsay and do not appear to be (a) public documents, as contemplated by Rule 902 of the Federal Rules of Evidence—they are neither sealed or certified nor do they bear the signature of an appropriate officer or employee—or (b) business records as, contemplated by Rule 803(6) of the Federal Rules of Evidence.  Instead, they are a press release from the Mayor's website (ECF No. 120-1), a news article from an unknown source (ECF No. 120-2), and a report from a private consulting firm (ECF No. 120-3).

Fourth, the Government has in its possession and has provided to the defense team evidence that Mr. Moseley was on Restricted Capitol Grounds on January 6, 2021; therefore, the Government requests a proffer from the defense that it has discussed Mr. Moseley's potential criminal liability with him, and he has agreed to waive his 5th Amendment claims, as they relate to his presence within the Restricted Perimeter.

Fifth, the Government is concerned that the Defendant may use this witness as a back-door attempt at opinion testimony, which is improper.  The Government will object strenuously to any opinion testimony from Mr. Moseley, and this will waste additional time and resources.

Sixth, given Mr. Moseley's history as a formerly-barred attorney in the recent Oathkeepers trial where he interacted heavily with the Government's trial team, the Government is concerned that his cross-examination could be lengthy and distracting to the core issues of the case.

Finally, Mr. Moseley's reverse-Jencks will be extensive, and the Government is concerned the Defendant will not meet its obligations to provide all relevant statements to the Government before his cross-examination begins.

2. **Trennis Evans.**

First, the defense team has not sufficient addressed the Court's ethical concerns with respect to Mr. Pierce's prior representation of Mr. Evans and his current representation of Mr. Thomas.[1] Second, it is not clear whether Mr. Evans did, in fact, take "the exact same path" that Mr. Thomas did. *See* ECF No. 119 at 1. Third, in a similar manner to Mr. Moseley's testimony, the Government is concerned that the Defendant may use this witness as a back-door attempt at opinion testimony, which is improper. The Government will object strenuously to any testimony from Mr. Evans that invades the space of a lay expert, and this will waste additional time and resources. Fourth, due to Mr. Evans's history with the Government (as a failed cooperating witness and otherwise), and given Your Honor's remarks during his sentencing that he did not appear to be testifying truthfully, the Government is concerned that his cross-examination could be lengthy and distracting to the core issues of the case. *See generally United States v. Evans*, 21-cr-337. Finally, Mr. Evans's online presence and involvement in the post-January 6 activist community, Mr. Evans' reverse-Jencks will be extensive, and the Government is concerned the Defendant will not meet its obligations to provide all relevant statements to the Government before his cross-examination begins.

3. **David Sumrall.**

First, as described above, the Defense has offered three, perhaps four, separate witnesses as potential overview/summary witnesses: Mr. Hill, Ms. Lambert, Mr. Moseley, and Mr. Sumrall.

---

[1] Because the Government has recently briefed similar issues in another case involving Mr. Pierce, it attaches hereto as <u>Exhibit A</u> some basic authority on these issues.

Were all three of these witnesses to testify, their testimony would be cumulative and a usurpation of the Court's, the parties', and the jurors' time. Furthermore, given his testimony in the recent *Alberts* trial, the Government does not believe the same testimony will be helpful to the jury in this case. *See* 21-cr-26 (CRC); Exhibit B (transcript of testimony).

Second, the Government is concerned that the Defendant may use this witness as a back-door attempt at lay expert opinion, requiring frequent objections similar to Mr. Sumrall's testimony in the *Alberts* trial before Judge Cooper.

Third, because Mr. Sumrall has an extensive online presence, including a number of podcasts in which he discusses January 6, the Government is concerned that his cross-examination could be lengthy and distracting to the core issues of the case. *See, e.g., id.* Relatedly, Mr. Sumrall's reverse-Jencks will be extensive, and the Government is concerned the Defendant will not meet its obligations to provide all relevant statements to the Government before his cross-examination begins.

4. **Steven Hill.**

First, Mr. Hill represents the fourth potential overview/summary witness. In addition to the concerns about cumulative testimony, Mr. Hill's testimony in the recent Oathkeepers trial is unlikely to be helpful to the jury in this case. *See* 21-cr-00175 (TJK); Exhibit C (redacted transcript of testimony).

Second, in a similar manner to Mr. Moseley and Mr. Sumrall, the Government is concerned that Mr. Hill's testimony may be another attempt to introduce lay opinion, which this Court already has precluded. *See id.*

5. **Emily Lambert.**

Because the defense has listed several summary witnesses, Ms. Lambert's testimony appears cumulative of others. The government would not oppose her testimony, assuming it is relevant, non-cumulative, and relevant materials concerning her testimony have been produced.

## CONCLUSION

For these reasons, the Government respectfully requests the Court limit the defense's witnesses to only those with relevant, admissible, and non-cumulative testimony, and require the Defendant to timely provided all reverse-Jencks materials.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
DC Bar No. 481052

*/s/ Samantha R. Miller*
SAMANTHA R. MILLER
Assistant United States Attorney
New York Bar No. 5342175
United States Attorney's Office
For the District of Columbia
601 D Street, NW 20530
Samantha.Miller@usdoj.gov

SEAN P. McCAULEY
Assistant United States Attorney
New York Bar No. 5600523
United States Attorney's Office
For the District of Columbia
601 D. Street, NW
Washington, DC 20530
Sean.McCauley@usdoj.gov