UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Criminal Case No. |
| | : | |
| KENNETH JOSEPH OWEN THOMAS, | : | 1:21-cr-00552 (CRC) |
| | : | |
| Defendant | : | |
| | : | |

# DEFENDANT'S REPLY AND CLARIFICATION TO GOVERNMENT'S OBJECTIONS and RESPONSE TO DEFENSE WITNESS LIST AND PROFFERS

Defendant KENNETH JOSEPH OWEN THOMAS ("Thomas"), through the undersigned counsel, John M. Pierce, Esq. and Roger Roots, Esq., and hereby responds to the Government's objections to some of the Defendant's Witnesses.

To some extent, Defendant by counsel replies mainly to clarify. The Government repeats that the Defendant has proposed many witnesses on the same topics particularly "overview witnesses."

1) **Jonathan Moseley** – The Court may recall that in the courtroom on the first day the prosecution objected to Emily Lambert for reasons subsequently discussed at length and at that moment before the Court, Defendant's counsel spontaneously added Jonathan Moseley as a potential substitute for Ms. Lambert because of the Government's objections.

   Otherwise, for all the witnesses, the Government expresses concerns which are probably best addressed as objections at the time testimony or questions are presented.

1

Nevertheless, Second, the Defendant has not proffered Moseley as anything but a fact witness, and most specifically a witness to authenticate video recordings produced to the Defendant from the Government but which might not be chosen to be admitted by the Government. To emphasize the limited nature of that testimony, Defendant, by counsel, has explained what Moseley can and what Moseley cannot testify to because of what he knows and what he does not know. The Government is concerned about limitations that the Defendant volunteered to clarify the modest nature of the testimony.

Third, the admissibility of the Mayor's press release is not based upon Moseley as a resident (at that time) of the Greater Metropolitan Washington, D.C. area, but upon its status as a government document which is an official act of the D.C. Government. That is really an argument about the document not about the witness.

Defendant is separately serving a subpoena on the Mayor's Office Director of Communications. Defendant's counsel would expect that the Government here will afford comity to the D.C. Government by stipulating to the Mayor's News Release. However, of even greater concern is why the Government here did not produce the news release in *Brady v. Maryland* disclosures to the Defendants across the January 6 cases. Without Moseley's recollection of experiencing events in real time, Defendant would not have found this document.

Fourth, it is the firm conviction of Mr. Moseley and Defendant's counsel that there were no restricted grounds on the U.S. Capitol Grounds on January 6, 2021, after the public was deprived of legally-effective notice. The normal status of the 58.8 acres – confirmed in judicial precedent – as a public park requires a fairly extraordinary legal

act.  The U.S. Capitol Police leadership officer testified Wednesday that she did not know if the Secret Service was ever informed of any restricted area announced in its name.  That is, not only did the Secret Service not issue the restriction concerning a Secret Service protectee, but perhaps did not even know about the attempt to declare a restricted area or engage in a balancing act as to the size and scope of any restriction.  But without legally-effective notice to the public, there can be no restriction.  See Judgment by the Honorable Trevor McFadden, April 6, 2022, *United States v. Matthew Martin*, Case No. 1:21-cr-00394.  The absence of notice may be the result of criminal mischief by others removing the barriers and signs.  But nevertheless changing the normal status of the Capitol Grounds as a national park cannot depend upon citizens rummaging through the bottom of USCP's filing cabinets to look for documents.  Mr. Moseley's own videos for <u>National File</u> posted in September 2021 show the lack of any signs providing any notice of a restricted area.  The Government cannot seem to grasp that such a "knowingly" restriction – like all species of trespassing – is analyzed from the standpoint of the alleged trespasser, not from the secret, unexpressed, private thoughts of the accuser.

Fifth, the Defendant's counsel is confused by the Government's objection because opinion testimony appears to be what the Government intends to offer through its one or two "case agents."  Therefore, Defendant does not know how to separate what the Government intends to offer as "overview testimony" from the concern of "opinion testimony" from Moseley.  Defendant reserves the right to object to the Government's witnesses presenting argument.  But it would be odd indeed for the Government's FBI case agents to function as extra attorneys able to present

3

argument, but only for the Government and not for both sides.  Therefore, the Government's meaning remains unclear.  Perhaps we need to know what the Government intends as "overview testimony" to understand this better.

Sixth, the Government is limited to the scope of direct testimony and if the Government chooses to dive into largely irrelevant issues they should consider self-restraint rather than raising this as a reason for Moseley not to testimony.  Nevertheless, Moseley is a back-up possibility to other witnesses.  That means that Moseley would not be called if the primary choices testify.

2) **Steven K. Hill** – In light of the concerns and controversy raised, Defendant's counsel has extended great lengths to arrange for Steven Hill to be here and ready to testify to introduce the videos in preference to either Ms. Lambert or Mr. Moseley.  The Court previously ruled that Hill could not testify an expert, but could testify as a fact witness. Because his work has been becoming familiar with all of the video recordings and evidence, he is prepared to fulfill the function that either Ms. Lambert or Mr. Moseley could fulfill.

3) **Treniss Evans –** Evans can present classic circumstantial evidence – as the standard jury instructions describe about snow falling while someone is asleep – that there were no signs of a restricted grounds or area visible when he followed the same path as Defendant Thomas.

In the absence of evidence that the US Capitol Police ran out and put them back up in the midst of a vast crowd, this fits the jury instructions of circumstantial evidence to be treated as equally valid.  It is valid circumstantial evidence according to the jury instructions that will be given, for the jury to conclude that if the signs were absent

when Evans walked through they were also not there when Thomas walked through a bit later. That is a jury question, not a question for a prosecutor's veto.

The Government offers concerns that "Second, it is not clear whether Mr. Evans did, in fact, take 'the exact same path' that Mr. Thomas did. See ECF No. 119 at 1." However, it will be clear. Mr. Evans will view the video recordings made by Defendant Thomas to confirm that that is the same path Evans took. And of course that is the same path along the pedestrian path that almost everyone followed, because the walkway is bounded by knee-high "walls" on either side. And of course that is a question for the jury to evaluate.

Evans could also simply testify to the enormous crowds in the City adding to the consumer base of the D.C. economy. Thus, Moseley's testimony might not be needed.

4) **David Sumrall** – the Defendant's proffer makes clear his expected testimony. His testimony would also be to the lack of visible and legible signs effecting any closure of a restricted area. This is not cumulative, unless conceded, particularly where the Government wishes to contest the time and place. Thus, Sumrall is not a cumulative witness to Evans where it may be necessary to show the entirety of that area covering some periods of time.

5) **Potential Conflict of Issues Question --** The Government raises the speculative idea that there could be a conflict of interest between the John Pierce Law Firm's prior representation of Treniss Evans while calling him now as a witness on behalf of a current client Defendant Thomas. Attorney Steve Metcalf affiliated (on a case by case basis) with the John Pierce Law Firm represented Treniss Evans before the

Honorable District Court Judge Dabney L. Friedrich.

Counsel now for Defendant Thomas has consulted with and advised both Thomas and Evans of the possibility of a conflict of interest and their right to seek independent legal advice on the question. Both waive any potential conflict of interest.

First, Treniss Evans has been sentenced and his case is fully concluded. Nothing that might happen at this point would affect Treniss Evans' legal rights or circumstances in any way from merely testifying.

Second, the current Assistant U.S. Attorneys appear to be badly misinformed. While the law firm cannot on such short notice get a confirmation from attorney Metcalf, as the results of the hearing were reported at the time, there was no finding by the Court that Evans had made any false information and very serious concerns that the AUSA on that case had lied to the Court repeatedly.

But, Third, there was specifically no finding at all. When Evans asked to dismiss attorney Metcalf and speak for himself, and presented what he portrays as the extensive, long-running, stubborn misrepresentations of the FBI and the USAO to the Court, the topic arose as to whether an evidentiary hearing should be held.

The U.S. Sentencing Commission, Guidelines Manual, Annotated 2021 Chapter 6 - Sentencing Procedures, Plea Agreements, And Crime Victims' Rights explains:[1]

> **Commentary**
>
> Although lengthy sentencing hearings seldom should be necessary, ***disputes about sentencing factors must be resolved with care***. When a dispute exists about any factor important to the sentencing determination, ***the court must ensure that the parties have an adequate opportunity to***

---

[1] **https://www.ussc.gov/guidelines/2021-guidelines-manual/annotated-2021-chapter-6**

> *present relevant information.* Written statements of counsel or affidavits of witnesses may be adequate under many circumstances. See, e.g., United States v. Ibanez, 924 F.2d 427 (2d Cir. 1991). ***An evidentiary hearing may sometimes be the only reliable way to resolve disputed issues***. See, e.g., United States v. Jimenez Martinez, 83 F.3d 488, 494-95 (1st Cir. 1996) (finding error in district court's denial of defendant's motion for evidentiary hearing given questionable reliability of affidavit on which the district court relied at sentencing); United States v. Roberts, 14 F.3d 502, 521(10th Cir. 1993) (remanding because district court did not hold evidentiary hearing to address defendants' objections to drug quantity determination or make requisite findings of fact regarding drug quantity); see also, United States v. Fatico, 603 F.2d 1053, 1057 n.9 (2d Cir. 1979), cert. denied, 444 U.S. 1073 (1980). The sentencing court must determine the appropriate procedure in light of the nature of the dispute, its relevance to the sentencing determination, and applicable case law.

*Id. (Bolded and italicized emphases added).*

As reported at the time from Evans, faced with allegations from Evans that the FBI and USAO had actively worked to conceal the extent of Evans' cooperation to avoid threats to public safety, the Honorable Judge Friedrich explained to the AUSA on that case that Mr. Evans had a right to an evidentiary hearing, and asked the AUSA to consider carefully if the U.S. Attorney's Office really wanted to go down that route. Finally getting the message, the AUSA withdrew attempts to block a downward reduction in sentencing reports and waived the argument rather than holding a hearing. Mr. Evans was then sentenced with a sentence that would not have been possible if the Court had found that he had lied. Unfortunately, the claim by the USAO now sounds like a continuation of what Evans was complaining about then. But in any event, there was no finding of any kind because the formal fact-finding process was averted as the better part of valor. Mr. Evans recalls the USAO being reminded of its obligations under *Brady v. Maryland* which were apparently not met.

If this explanation sounds vague, it is, because Mr. Evans assistance to avoid a danger to public safety was supposed to remain under seal, but not officially denied. Nevertheless, both clients waive any potential conflict of interest.

Dated:  May 18, 2023                     RESPECTFULLY SUBMITTED
                                        **KENNETH JOSEPH OWEN THOMAS**,

                                        *By Counsel*

                                        _____/s/_____
                                        Roger Root, Esq.
                                        John Pierce Law Firm
                                        21550 Oxnard Street
                                        3rd Floor, PMB #172
                                        Woodland Hills, CA 91367
                                        Tel: (213) 400-0725
                                        Email: *jpierce@johnpiercelaw.com*
                                        Attorney for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that this document is being filed on this May 18, 2023, with the Clerk of the Court by using the U.S. District Court for the District of Columbia's CM/ECF system, which will send an electronic copy of to the following CM/ECF participants.  From my review of the PACER account for this case the following attorneys are enrolled to receive notice and a copy through the ECF system.

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

SAMANTHA R. MILLER
Assistant United States Attorney
New York Bar No. 5342175
United States Attorney's Office
601 D Street, NW
Washington, DC 20530
**Samantha.Miller@usdoj.gov**

SEAN P. McCAULEY
Assistant United States Attorney
New York Bar No. 5600523
United States Attorney's Office

        For the District of Columbia
        601 D. Street, NW
        Washington, DC 20530
        **Sean.McCauley@usdoj.gov**


        _____/s/_____
        Roger Root, Esq.