UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CASE NO. 1:21-cr-00552 (DLF) |
| v. | : | |
| | : | |
| KENNETH JOSEPH OWEN THOMAS, | : | |
| | : | |
| Defendant. | : | |

**GOVERNMENT'S RESPONSE TO COURT'S MAY 20, 2023 ORDER ON
SELF-DEFENSE OR DEFENSE OF OTHERS JURY INSTRUCTION**

At the conclusion of the proceedings in this case on Friday, May 20, 2023, the Court ordered the Government and the Defense to provide the Court a list of cases in which a self-defense or defense of others instruction was given to a jury. Out of the more than fifty January 6 cases that have been tried to date, including approximately thirty jury trials, the Government has found only two such cases: *United States v. Webster*, 21-cr-208 (APM) and *United States v. Nordean et al.*, 21-cr-175 (TJK).[1] The final relevant instructions in these cases are attached hereto as Exhibit A.

The Government found a greater number of cases where a self-defense or defense of others instruction was requested, but not given, or where the Court declined to find such an affirmative defense had been shown in the context of bench trials. Those cases include the following:

Most recently, in *United States v. Smith & Wren*, 21-cr-59, which concluded earlier this month, there was extensive argument by the parties on this issue. Judge Walton declined to give a self-defense instruction in that case, which primarily involved assaults on officers at the same 4:20 p.m. "scrum line" that is the subject of Counts 5 and 6 in the instant case (trial transcripts are not yet available).

---

[1] In this five-defendant case, Judge Kelly only gave a self-defense instruction as to one Defendant, Dominic Pezzola.

1

In April, Judge Cooper declined to give any self-defense or defense of others instruction, despite urging by the Defendant. *See United States v. Alberts*, 21-cr-26. In *Alberts*, Judge Cooper inquired about Judge Mehta's self-defense instruction in *Webster*; however, citing *United States v. Drapeau*, 644 F.3d 646, 653 (8th Cir. 2011) and *United States v. Branch*, 91 F.3d 699, 714 (5th Cir. 1996), Judge Cooper declined to give a self-defense or defense of others instruction to the jury. *See* Exhibit B, *United States v. Alberts*, April 18, 2023 Trial Tr. at 1075-89.

Similarly, in January 2023, Chief Judge Boasberg also found the Defendant failed to prove self-defense in *United States v. Dennis*, 21-cr-679, stating as follows: "Further, I've already explained why the defense of self-defense is not valid here, given that I find that the defendant was the initial aggressor in relation to both Wyble and Stadnik[.] [T]he defendant in addition was the one who provoked the incident by approaching the officers in the first place. And again, he's the one who initiated contact. And the defense itself has disclaimed any defense of others defense. So those defenses, I believe, are invalid." *See* Exhibit C, *United States v. Dennis*, 21-cr-679, January 13, 2023 Verdict Tr. at 8.

Again in *United States v. Fitzsimons,* 21-cr-00158, Judge Contreras also considered a defense of others defense and found the evidence was insufficient. Initially, Judge Contreras found that there was some "evidence on both sides." *See* Exhibit D, *United States v. Fitzsimons*, September 27, 2022 Verdict Tr. at 27. However, ultimately, he "reject[ed] Mr. Fitzsimons' affirmative defense" regarding defense of others, finding Defendant's claims were "highly doubtful," among other things. *See id.* at 27-28 ("I seriously doubt that he could see enough to draw a conclusion about whether the woman in red was in imminent danger in that time."). Judge Contreras stated as follows:

> At most, the circumstantial evidence might suggest that Fitzsimons leaped to a conclusion that someone was in danger based on the shouts, but even assuming that

2

> -- that only gets Fitzsimons so far. The standard also requires that the defendant have reasonable grounds for that belief. There was simply not enough time or visibility between Mr. Fitzsimons' arrival and when he began to throw the bow for him to have had reasonable grounds to believe that the specific woman in red was in imminent danger of bodily harm.
>
> Even the defense's formulation requires, quote, reasonable fear that a real and specific threat existed at the time, close quote. There is not any evidence, whether from the video or any other after-the-fact statements, that there was anything reasonable about Mr. Fitzsimons' fear, assuming without deciding that he had one at all. As other courts have pointed out, "[a] third party is usually in an even worse position than the arrestee to make an adequate assessment of the initial legality of an arrest." That's *Glover v. State*, 88 Md. App. 393, *408 (1991). And that certainly was the case here.
>
> The throwing of the bow, as Officer Beaver credibly testified, impeded her ability to defend the Capitol. Throwing a bow also opposed and interfered with Officer Beaver within the ordinary meaning of those words. I also find that the throwing of the bow was an assault because it was an attempt or threat to inflict injury, coupled with the present ability to do so. There's no real doubt that Mr. Fitzsimons as he threw the bow had the present ability to inflict injury, although the defense claims that it was only meant to counter Lieutenant Bagshaw's force, it[,] at minimum[,] threatened to inflict injury.

*Id.* at 27-29.

Judge Contreras's rationale applies similarly here with respect to the one assault the Court has stated it believes *could maybe* warrant this instruction: in the 4:22 PM EST assault, Defendant Thomas continues forcefully pushing at least one officer (while repeatedly screaming "LET HIM UP, LET HIM UP, LET HIM UP") long after either of the two individuals potentially in need of assistance—(a) the older, balding man in camouflage, and (b) the man in a blue sweatshirt and tan beanie−stood back up and were retreating back to safety.  As the below freezeframes show, Defendant's "LET HIM UP" chant begins around 00:42 seconds into Government Trial Ex. 303.1, but continues until at least 1:06 of that video exhibit, despite that the two men are long gone from the Defendant's purported sphere of protection by 1:06.

3









Furthermore, the Government has previously briefed why such an instruction is inappropriate in this case. *See, e.g.,* ECF Nos. 89, 92, and 93.

However, if the Court is inclined to give any such instruction, the Government requests that it give the same instruction that Judge Kelly gave for Defendant Pezzola in *Nordean et al.* and that that the Court limit consideration of the defense of self-defense or defense of others to Count 5 of the indictment.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
DC Bar No. 481052

*/s/ Samantha R. Miller*
SAMANTHA R. MILLER
Assistant United States Attorney
New York Bar No. 5342175
United States Attorney's Office
For the District of Columbia
601 D Street, NW 20530
Samantha.Miller@usdoj.gov

SEAN P. McCAULEY
Assistant United States Attorney
New York Bar No. 5600523
United States Attorney's Office
For the District of Columbia
601 D. Street, NW
Washington, DC 20530
Sean.McCauley@usdoj.gov