*United States v. Thomas Webster*

21-cr-208 (APM)

Definitions

The term "act of physical violence" means any act involving an assault or other infliction or threat of infliction of death or bodily harm on an individual.

The term "United States Capitol Grounds" includes all squares, reservations, streets, roadways, walks, and other areas as defined on a map entitled "Map showing areas comprising United States Capitol Grounds," dated June 25, 1946, approved by the Architect of the Capitol, and recorded in the Office of the Surveyor of the District of Columba in book 127, page 8. You are instructed that the West Front of the United States Capitol, including the Lower West Terrace, is part of the "United States Capitol Grounds" for purposes of this count.

The terms "willfully" and "knowingly" have the same meanings described in the instructions above.

**Self-Defense**

Every person has the right to use a reasonable amount of force in self-defense if (1) he has a reasonable belief that the use of force was necessary to defend himself or another against the immediate use of excessive force and (2) uses no more force than was reasonably necessary in the circumstances. A person who was the initial aggressor does not act in self-defense.

If you find that Mr. Webster actually and reasonably believed that he was in imminent danger of serious bodily harm and that Mr. Webster had reasonable grounds for that belief, then Mr. Webster has a right to self-defense even if Mr. Webster also had other possible motives, such as feelings of anger toward Officer Rathbun or a desire for revenge. A defendant's other possible motives do not defeat an otherwise valid claim of self-defense but can be considered in evaluating whether Mr. Webster actually and reasonably believed that he was in imminent danger of serious bodily harm.

Self-defense is a defense to the charges in Counts I, II, III, IV, V, and VI. Mr. Webster is not required to prove that he acted in self-defense. Where evidence of self-defense is present, the government must prove beyond a reasonable doubt that Mr. Webster did not act in self-defense. If the government has failed to do so, you must find Mr. Webster not guilty on these counts.

Self-defense is not, however, a defense to the lesser included offenses in Counts III and IV. If you reach the lesser included offenses in Counts III and IV, the government need not prove beyond a reasonable doubt that Mr. Webster did not act in self-defense.

### Self-Defense – Amount of Force Permissible

A person may use a reasonable amount of force in self-defense. A person may use an amount of force which, at the time of the incident, he actually and reasonably believes is necessary to protect himself from imminent bodily harm.

Even if the other person is the aggressor and Mr. Webster is justified in using force in self-defense, he may not use any greater force than he actually and reasonably believes to be necessary under the circumstances to prevent the harm he reasonably believes is intended.

In deciding whether Mr. Webster used excessive force in defending himself, you may consider all the circumstances under which he acted. A person acting in the heat of passion caused by an assault does not necessarily lose his claim of self-defense by using greater force than would seem necessary to a calm mind. In the heat of passion, a person may actually and reasonably believe something that seems unreasonable to a calm mind.

### Self-Defense – Amount of Force Permissible Where Appearances Are False

If Mr. Webster actually and reasonably believes it is necessary to use force to prevent imminent bodily harm to himself, he may use a reasonable amount of force even though afterwards it turns out that the appearances were false.

26

### **Self-Defense – Where Defendant Might Have Been the Aggressor**

If you find that Mr. Webster was the aggressor, he cannot rely upon the right of self-defense to justify his use of force.

Mere words without more by Mr. Webster, however, do not constitute aggression.

### **Defendant's Position**

Officer Rathbun raised his hand and gestured toward defendant inviting him to engage in a fight. Defendant responded to Officer Rathbun's provocation by pushing on the police barrier.

Officer Rathbun struck defendant in his face. Defendant used the amount of force he reasonably believed necessary to protect himself by bringing Officer Rathbun to the ground.

# *United States v. Nordean et al.*

# 21-cr-175 (TJK)

United States Capitol Police, aided and abetted others in doing so, willfully caused others to do so, or as a result of co-conspirator liability. I have already described each of these four ways of committing the offense. If you find, unanimously and beyond a reasonable doubt, that the defendant committed the offense of assaulting, resisting, opposing, impeding, intimidating, or interfering with an officer from the United States Capitol Police in any one of these four ways, you should find the defendant guilty of Counts Eight and Nine and you need not consider whether the defendant committed the offense in the other three ways.

## Self-Defense

Dominic Pezzola has offered evidence that he acted in self-defense and/or defense of another. The use of force is justified when a person reasonably believes that force is necessary for the defense of oneself or another against the immediate use of unlawful force.

To find that Mr. Pezzola was justified in using force against law enforcement officers, you must first find that that the exercise of force by law enforcement was unlawful because it was excessive. If you so find, you may consider whether Mr. Pezzola reasonably defended himself or another from that unlawful exercise of force.

A person may use a reasonable amount of force in self-defense or defense of another. A person may use an amount of force which, at the time of the incident, he actually and reasonably believes is necessary to protect himself or another from imminent bodily harm.

The question is not whether looking back on the incident you believe that the use of force was necessary. The question is whether Mr. Pezzola, under the circumstances as they appeared to him at the time of the incident, actually believed he or another was in imminent danger of bodily harm and could reasonably hold that belief.

39

If you find that Mr. Pezzola provoked imminent danger of bodily harm upon himself or another, he cannot rely upon the right of self-defense or defense of another to justify his use of force. One who knowingly and unnecessarily places himself in a position in conscious disregard of a substantial risk that his presence will provoke a violent confrontation cannot claim self-defense or defense of another.

Self-defense is a defense to Counts Nine and Ten in the indictment. Mr. Pezzola is not required to prove that he acted in self-defense. Where evidence of self-defense or defense of another is present, the government must prove beyond a reasonable doubt that Mr. Pezzola did not act in self-defense or defense of another. If the government has failed to do so, you must find Mr. Pezzola not guilty.

## **Robbery of Personal Property of the United States**

Count Ten charges Dominic Pezzola with robbery of personal property of the United States, which is a violation of federal law. I will explain the elements of the offense, along with its associated definitions.

<u>Elements</u>

In order to find the defendant guilty of robbery of personal property of the United States, you must find the following six elements beyond a reasonable doubt, that

First, the defendant took property from a person,

Second, that the defendant did so against that person's will;

Third, that the defendant did so by force or violence;

Fourth, that the defendant carried the property away;

Fifth, that the defendant took the property without a right to it and intending to steal it, in other words, that he intended to permanently deprive the United States of it; and