UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | Criminal Case No. |
| : | |
| KENNETH JOSEPH OWEN THOMAS, : | 1:21-cr-00552 (CRC) |
| : | |
| Defendant : | |
| : | |

_____

**DEFENDANT'S ADDITIONAL PROPOSED JURY INSTRUCTIONS**

Defendant KENNETH JOSEPH OWEN THOMAS ("Thomas"), through the undersigned counsel, John L. Pierce, Esq. and Roger I. Roots, Esq., hereby moves the Court as instructed by the Court to propose additional jury instructions that the Court and the parties have been discussing in line with Defendant's motions and verbal requests. Defendant, by counsel, hereby submits his proposed instructions for the Court's consideration and possible editing and asks that the Court include these in the actual instructions provided to the jury for deliberation.

POLITICAL VIEWS AND FIRST AMENDMENTS

In all of the high-profile separate trials of the Oath Keepers (several groups were each tried in different trials), the Honorable District Court Judge Amit Mehta gave such an instruction. On Page 13 of the Jury Instructions filed Dkt. # 396, November 18, 2022, in Criminal Case No. 1:22-cr-00015-APM, Judge Mehta instructed the jury:

<u>Speech</u>

>  You have heard evidence about statements made to and by some defendants and other individuals. The First Amendment of the United States Constitution protects an individual's right to free speech, including speech that you may find to be vile, hateful, or offensive. The First Amendment does not, however, provide a right to engage in speech that is integral to criminal conduct. You may not find that a defendant committed a crime, or that a conspiracy existed, simply because you find that a defendant, or other individuals, engaged in speech you find to be offensive. You may, however, consider the statements made by defendants and other individuals as evidence that, for example, a conspiracy existed, a defendant entered into a conspiracy, or a defendant had a certain motive, intent, or knowledge.

In the Proud Boys' case *United States v. Nordean, et al.*, the Honorable District Court Judge Timothy J. Kelly also gave such an instruction, specifically on page 24 of Dkt. # 767, filed on April 26, 2023, in Case No. 1:21-cr-00175-TJK:

> Both goals of the seditious conspiracy require an agreement that physical force would be used. The First Amendment to the United States Constitution affords people the right to speak,  assemble, and to petition the government for the redress of grievances. So an agreement to accomplish the goals of the conspiracy only by litigation, advocacy, protest, or deceit is insufficient.

PROPOSED JURY INSTRUCTION HERE:

### PROVING INTENT IN CONTRAST TO POLITICAL VIEWS AND FIRST AMENDMENT ACTIVITY

Several of the crimes charged in various Counts require the Government to prove that the Defendant acted with a particular intent or purpose.  Of course, almost all crimes require that the accused acted intentionally not accidentally such as tripping and falling into someone involuntarily.  But in addition there are certain Counts that require an additional purpose or intent, such as the purpose of disrupting Congress or Congressional activities, or interfering with law enforcement during a civil disorder. For example, if someone visiting the Capitol had a medical emergency requiring an ambulance that would be disruptive, but the statute applies only to disruption done with a particular intent or purpose(s) as defined in these instructions elsewhere.

The Government has introduced various statements allegedly made by the Defendant as evidence for you to consider, made in various circumstances and ways.  The only purpose for which you may consider any such statements of the Defendant is in evaluating whether the Defendant had the necessary purpose or intent that you will see defined elsewhere in these jury instructions.  And similarly the Defendant has put on evidence of different meanings or intent of his statements.  You may not consider whether you agree with, disagree with, approve of, or disapprove of any of the Defendant's political beliefs or other philosophy.  Defendant's statements have not been introduced to suggest that there is anything improper about whatever a person in the United States wants to believe, but only whether the details of each charged crime have been proven.  One cannot be convicted purely because of their politics or other

philosophical beliefs but you will have to decide if the Defendant's statements or actions prove or add to proving the requirements of each crime charged, beyond a reasonable doubt.

Dated:  May 21, 2023                                            RESPECTFULLY SUBMITTED
**KENNETH JOSEPH OWEN THOMAS**,
*By Counsel*

_____/s/__Roger Roots_____
Roger I. Root, Esq.
John Pierce Law Firm
21550 Oxnard Street
3rd Floor, PMB #172
Woodland Hills, CA 91367
Tel: (213) 400-0725
Email: *jpierce@johnpiercelaw.com*
Attorney for Defendant


_____/s/__John M. Pierce_____
John M. Pierce, Esq.
John Pierce Law Firm
21550 Oxnard Street
3rd Floor, PMB #172
Woodland Hills, CA 91367
Tel: (213) 400-0725
Email: *jpierce@johnpiercelaw.com*
Attorney for Defendant

**CERTIFICATE OF SERVICE**

I hereby certify that this document is being filed on this May 21, 2023, with the Clerk of the Court by using the U.S. District Court for the District of Columbia's CM/ECF system, which will send an electronic copy of to the following CM/ECF participants.  From my review of the PACER account for this case the following attorneys are enrolled to receive notice and a copy through the ECF system.

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

        SAMANTHA R. MILLER
Assistant United States Attorney
New York Bar No. 5342175
United States Attorney's Office
601 D Street, NW
Washington, DC 20530
**Samantha.Miller@usdoj.gov**

SEAN P. McCAULEY
Assistant United States Attorney
New York Bar No. 5600523
United States Attorney's Office
For the District of Columbia
601 D. Street, NW
Washington, DC 20530
**Sean.McCauley@usdoj.gov**


        _____/s/Roger Roots_____
        Roger Root, Esq.