UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Criminal Case No. |
| | : | |
| KENNETH JOSEPH OWEN THOMAS, | : | 1:21-cr-00552 (CRC) |
| | : | |
| Defendant | : | |
| | : | |

_____

**DEFENDANT'S ADDITIONAL PROPOSED JURY INSTRUCTIONS
SELF DEFENSE OR DEFENSE OF OTHERS**

Defendant KENNETH JOSEPH OWEN THOMAS ("Thomas"), through the undersigned counsel, John L. Pierce, Esq. and Roger I. Roots, Esq., hereby moves the Court as instructed by the Court to propose additional jury instructions that the Court and the parties have been discussing in line with Defendant's motions and verbal requests.  Defendant, by counsel, hereby submits his proposed instructions for the Court's consideration and possible editing and asks that the Court include these in the actual instructions provided to the jury for deliberation.

The Ninth Circuit has a model criminal jury instruction number 6.8 on this topic.  See Manual of Model Criminal Jury Instructions (2010), U.S. Courts for the Ninth Circuit, **https://www.ce9.uscourts.gov/jury-instructions/node/385#:~:text=The%20defendant%20has%20offered%20evidence,immediate%20use%20of%20unlawful%20force**. *See, also, United States v. Span*, 970 F.2d 573 (9th Cir.1992), cert. denied, 507 U.S. 921, 113 S.Ct. 1283,

## 6.8 SELF–DEFENSE

The defendant has offered evidence of having acted in self-defense. Use of force is justified when a person reasonably believes that it is necessary for the defense of oneself or another against the immediate use of unlawful force. However, a person must use no more force than appears reasonably necessary under the circumstances.

Force likely to cause death or great bodily harm is justified in self-defense only if a person reasonably believes that such force is necessary to prevent death or great bodily harm.

The government must prove beyond a reasonable doubt that the defendant did not act in reasonable self-defense.

### Comment

The Ninth Circuit has found that the first two paragraphs of this instruction adequately inform the jury of defendant's defense where "[t]he court also instructed the jury that the prosecution bore the burden of proving beyond a reasonable doubt that the defendant had not acted in reasonable self-defense." *United States v. Keiser*, 57 F.3d 847, 850-52 (9th Cir. 1995). *See also United States v. Morsette*, 622 F.3d 1200, 1202 (9th Cir. 2010) ("the model jury instruction remains correct").

Failure of the trial court to instruct the jury that the government has the burden of disproving self-defense is reversible error. *United States v. Pierre*, 254 F.3d 872, 876 (9th Cir. 2001). When there is evidence of self-defense, an additional element should be added to the instruction on the substantive offense: for example, "Fourth, the defendant did not act in reasonable self-defense."

A defendant is entitled to a self-defense instruction when "there is any foundation in the evidence, even though the evidence may be weak, insufficient, inconsistent or of doubtful credibility." *United States v. Sanchez-Lima,* 161 F.3d 545, 549 (9th Cir. 1998).

The jury must unanimously reject the defendant's self-defense theory in order to find the defendant guilty. *United States v. Ramirez*, 537 F.3d 1075, 1083 (9th Cir. 2008).

This instruction is not appropriate when the defendant is charged with violating the Endangered Species Act. *See United States v. Wallen*, 874 F.3d 620, 628-29 (9th Cir. 2017) (holding that it was error to apply standard self-defense instruction to defense based on defendant's 'good faith belief'" ); *see also United States v. Charette*, 893 F.3d 1169, 1175-76 (9th Cir. 2018) (same).

*See also* Comment to Instruction 4.5 (Character of Victim) for a discussion of the admissibility of the victim's character where self-defense is claimed.

For self-defense claims involving excessive force, *see United States v. Ornelas*, 906 F.3d 1138, 1147-48 (9th Cir. 2018).

In the Proud Boys' case *United States v. Nordean, et al.*, the Honorable District Court Judge Timothy J. Kelly also gave such an instruction, specifically on page 40 of Dkt. # 767, filed on April 26, 2023, in Case No. 1:21-cr-00175-TJK:

<u>Self-Defense</u>

Dominic Pezzola has offered evidence that he acted in self-defense and/or defense of another. The use of force is justified when a person reasonably believes that force is necessary for the defense of oneself or another against the immediate use of unlawful force.

To find that Mr. Pezzola was justified in using force against law enforcement officers, you must first find that that the exercise of force by law enforcement was unlawful because it was excessive. If you so find, you may consider whether Mr. Pezzola reasonably defended himself or another from that unlawful exercise of force. A person may use a reasonable amount of force in self-defense or defense of another. A person may use an amount of force which, at the time of the incident, he actually and reasonably believes is necessary to protect himself or another from imminent bodily harm.

The question is not whether looking back on the incident you believe that the use of force was necessary. The question is whether Mr. Pezzola, under the circumstances as they appeared to him at the time of the incident, actually believed he or another was in imminent danger of bodily harm and could reasonably hold that belief.

If you find that Mr. Pezzola provoked imminent danger of bodily harm upon himself or another, he cannot rely upon the right of self-defense or defense of another to justify his use of force. One who knowingly and unnecessarily places himself in a position in conscious disregard of a substantial risk that his presence will provoke a violent confrontation cannot claim self-defense or defense of another.

Self-defense is a defense to Counts Nine and Ten in the indictment. Mr. Pezzola is not required to prove that he acted in self-defense. Where evidence of self-defense or defense of another is present, the government must prove beyond a reasonable doubt that Mr. Pezzola did not act in self-defense or defense of another. If the government has failed to do so, you must find Mr. Pezzola not guilty.

PROPOSED JURY INSTRUCTION HERE FOR THOMAS:

<u>Self-Defense</u>

Kenneth Joseph Thomas has offered evidence that he acted in self-defense and/or defense of another or others. The use of force is justified when a person reasonably believes that force is necessary for the defense of oneself or another against the immediate use of unlawful force.

To find that Mr. Thomas was justified in using force against law enforcement officers, unlike a conflict between private citizens, you must first find that that the exercise of force by law enforcement was unlawful because it was excessive. If you so find, you may consider whether Mr. Thomas reasonably defended himself or another from that unlawful exercise of force.

However, a person may only use a reasonable amount of force in self-defense or defense of another. A person may use an amount of force which, at the time of the incident, he actually and reasonably believes is necessary to protect himself or another from imminent bodily harm.

The question is whether Mr. Thomas, under the circumstances as they appeared to him at the time of the incident, actually believed he or another was in imminent danger of bodily harm and he could hold that belief reasonably.

But if you find that Mr. Thomas provoked imminent danger of bodily harm upon himself or another, then he cannot rely upon the right of self-defense or defense of another to justify his use of force. One who knowingly and unnecessarily created or places himself in a position in conscious disregard of a substantial risk that his presence will provoke a violent confrontation cannot claim self-defense or defense of another.

Self-defense is a possible defense to Counts One and Three through Seven in the indictment. Mr. Thomas is not required to prove that he acted in self-defense. Where evidence of self-defense or defense of another is present, the government must prove beyond a reasonable doubt that Mr. Thomas did not act in self-defense or defense of another. If the government has failed to do so, you must find Mr. Thomas not guilty.

Dated:  May 21, 2023                                       RESPECTFULLY SUBMITTED
                                                           **KENNETH JOSEPH OWEN THOMAS**,
                                                               *By Counsel*

_____/s/__Roger Roots_____
Roger I. Root, Esq.
John Pierce Law Firm
21550 Oxnard Street
3rd Floor, PMB #172
Woodland Hills, CA 91367
Tel: (213) 400-0725
Email: *jpierce@johnpiercelaw.com*
Attorney for Defendant


_____/s/__John M. Pierce_____
John M. Pierce, Esq.
John Pierce Law Firm
21550 Oxnard Street
3rd Floor, PMB #172
Woodland Hills, CA 91367
Tel: (213) 400-0725
Email: *jpierce@johnpiercelaw.com*
Attorney for Defendant

**CERTIFICATE OF SERVICE**

I hereby certify that this document is being filed on this May 21, 2023, with the Clerk of the Court by using the U.S. District Court for the District of Columbia's CM/ECF system, which will send an electronic copy of to the following CM/ECF participants. From my review of the PACER account for this case the following attorneys are enrolled to receive notice and a copy through the ECF system.

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

SAMANTHA R. MILLER
Assistant United States Attorney
New York Bar No. 5342175
United States Attorney's Office
601 D Street, NW
Washington, DC 20530
**Samantha.Miller@usdoj.gov**

SEAN P. McCAULEY
Assistant United States Attorney
New York Bar No. 5600523
United States Attorney's Office
For the District of Columbia
601 D. Street, NW
Washington, DC 20530
**Sean.McCauley@usdoj.gov**

_____/s/Roger Roots_____
Roger Root, Esq.