**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| Complainant | : | |
| | : | **Criminal Case No.** |
| | : | |
| **v.** | : | **1:21-cr-00552 (DLF)** |
| | : | |
| **KENNETH JOSEPH OWEN** | : | |
| **THOMAS,** | : | |
| | : | |
| Defendant. | : | |
| | : | |

**DEFENDANT KENNETH JOSEPH OWEN THOMAS' RESPONSE AND OPPOSITION TO THE GOVERNMENT'S NOTICE OF EXPERT WITNESS ON EXCESSIVE USE OF FORCE BY LAW ENFORCEMENT**

COMES NOW Defendant Kenneth Joseph Owen Thomas ("Defendant" or "Thomas") by and through undersigned counsel, and responds to the Government's Notice of Government's Notice Of Authority Regarding Federal Rule Of Evidence 615 filed on May 16, 2023, at ECF Dkt # 122.

There is no dispute that Federal Rules of Evidence Rule 615 exists. The dispute is about its meaning and the facts claimed in the application of it.

Initially, a search of all Federal appellate cases nationwide revealed very few references to "case agents" or this situation under FRE Rule 615(b). Almost all cases that mention "case agents" deal with entirely different topics but mention "case agents" only in passing.

The Government recites that pursuant to Federal Rules of Evidence Rule 615

allows an exception to sequestration of a witness for:

> FRE 615(b) "an officer or employee of a party that is not a natural person, after being designated as the party's representative by its attorney".

Now, who is the party?  The party is the Complainant United States of America – not the Federal Bureau of Investigation.  Secondary and tertiary claimed victims are the U.S. Capitol Police, which is an agency of the Congress and part of the Legislative Branch.  If a party were to designate a "representative" the party would have to be the United States of America, the Congress, or the U.S. Capitol Police.  The FBI is not a proper designee for the exclusion under FRE 615(b).

And what is a "representative"?   A representative is someone who has the authority to make decisions on behalf of a company that is a party. The FBI "case agents" are not representatives.  They are simply "news readers" who know nothing personally about the case except what they have read in the file supplied by various other people. They are just reading the file.  But these "case agents" do not have authority to make decisions, concessions, plea deals, or approve litigation strategies on behalf of the United States of America.  They are not "representatives."  Compare this to the President of a small company who might sit at the table with his lawyers.

However, more to the point, the Government's assertions are simply off-base.

First, the Government argues for sequestration for the Defendant's chief researcher assisting at the table "because Ms. Lambert's testimony is unlikely to be critical to Defendant's case."   However, Defendant's counsel has already made clear by now that Ms. Lambert's testimony will be to introduce into the record the Government's

2

own video recordings – those the Government has produced to the Defendant but chooses not to show to the jury.

Therefore, it is difficult to assign much weight to the Government's argument that these would not be "critical" evidence.  They are the Government's own videos.  And they directly depict the scenes and activities central to most of the Counts of the case. (All should recall that there are several Counts and issues relevant to one Count might not be relevant to another Count, and vice versa.)

Second, the Government correctly cites – but again the dispute is the application of these principles on the facts – that

> "The purpose of the sequestration rule is to prevent the shaping of testimony by one witness to match that of another, and to discourage fabrication and collusion." *Id.* (citing *Minebea Co. v. Papsti*, 374 F. Supp. 2d 231, 236–37 (D.D.C. 2005)

However, Ms. Lambert's testimony will be to introduce the Government's own videos and perhaps report on the over-arching content of those videos (such as having reviewed all of the relevant body-cam video, none of the officers much less the crowd could hear an announcement to disperse, that is to testify to the absence of certain video recordings).

The videos are not going to change.

Ms. Lambert being at the defense team table is not going to shape or alter the content of the videos produced by the Government based upon Ms. Lambert's hearing events in the courtroom.  The videos say what they say.  And note that this means of course the videos disclosed by the Government that the Government has chosen not to

3

show to the jury, but Defendant does.

The Government correctly cites (but again the dispute is in the application):

> "In making a Rule 615 ruling, a district court must exercise discretion, and among the factors that might usefully inform the exercise of such discretion are:
>
> 1) how critical the testimony in question is, that is, whether it will involve controverted and material facts;
>
> 2) whether the information is ordinarily subject to tailoring . . ., such that cross-examination or other evidence . . ., could bring to light any deficiencies;
>
> 3) to what extent the testimony of the witness in question is likely to encompass the same issues as that of other witnesses, . . .
>
> 4) the order in which the witnesses will testify, *see id.* at 1286;
>
> 5) any potential for bias that might motivate the witness to tailor his testimony, . . . and
>
> 6) if the court is considering exempting the witness from sequestration under Rule 615(3), whether the witness's presence is "essential" rather than simply desirable." *See Jackson*, 60 F.3d at 135 (collecting cases, citations omitted). . . .

Playing for the jury the Government's own disclosure of videos fails the test of "2) whether the information is ordinarily subject to tailoring . . ., such that cross-examination or other evidence . . ., could bring to light any deficiencies."  The videos are not "subject to tailoring."  They are what they are, although of course they show some fast moving events in a crowd that will require stopping and replaying and pointing to the action in the video.  But the videos are not going to change.

Third, the Government argues that Ms. Lambert's testimony "is likely to be repetitive, given the Defendant has also suggested it intends to call at least two other

summary witnesses."  But the Defendant only named alternative witness Moseley in reaction to the Government's attempt to prevent Ms. Lambert from testifying.  It should be plain by now that these are not repetitive witnesses but alternative witnesses.  Moseley would testify precisely where it would *not* be repetitive.

The Defendant has also named Steve Hill because of his extensive study of the videos and the views shown in the videos.

These witnesses are alternatives to each other because of the Government's objections.  Their testimony may be summary also in the sense that there is not one continuous video but different views fit together in a whole.

Moseley has the superior knowledge of the local geography to authenticate the video scenes and lay the evidentiary foundation for admissibility.  But Steve Hill and Emily Lambert are intimately familiar with the videos and other evidence disclosed by the Government, both case-specific and global as to all January 6 Defendants.s

If Moseley testifies he may also take the time to address the massive numbers of people all around the Washington Monument and along Constitution Avenue, N.W., which would have offered hundreds of thousands of additional consumers to the commerce of the District of Columbia.  If Lambert or Hill testify, perhaps Moseley would testify only for about 5 minutes only on the size of the crowds and people selling merchandise and other looking for open restaurants.

Fourth, the Government argues that the

> final factor above also weighs in favor of sequestration, given the Defendant has not one, but two capable attorneys representing him at trial, who should be well acquainted with the filings and evidence in this case.

In other words, the Government, always eager these days to directly hamper the January 6 Defendant's Sixth Amendment rights to counsel including an effective legal team, is arguing that Ms. Lambert's assistance at defense counsel's table can be discarded.  It is an argument that her contribution is not essential.

But this is no different from the Government's FBI case agents.  The U.S. Attorney's Office for the District of Columbia has at least 80 prosecutors and have brought in about as many as detailees from around the country.  Does the Government not know its case by now?

Recall that unlike the Defendant, the Government has at least 5 years in which to bring criminal charges and can wait until it is ready to proceed.  The Defendant must respond on tight turn-around times and has no control over the timing.  Therefore, the Government can fully prepare its case before filing criminal charges.

Therefore, how "essential" are case agents who have no first-hand or personal knowledge of any of the subject matter but have merely reviewed documents in the file generated by others?

Ms. Lambert's testimony is "essential" for precisely the same reason that her presence at the defense table is "essential."  The Government has swamped January 6 Defendants with 7 terabytes of information (most of it not customized to individual Defendants, but in "global productions" applicable to all Defendants) most of which is irrelevant, but still has to be actively sorted through.

These cases are perhaps the cutting edge of a new technological phase in which there are thousands of hours of smart phone video recordings.

Ms. Lambert needs to help the attorneys locate documents, photographs, and videos not only for reference but to use as exhibits including cross-examination.  Surely no Court is happy to have delays of paper shuffling looking for things.

Sixth, it would clearly be an abuse of discretion to apply a different standard to the Defendant as to the prosecuting Government.  The Government already swamps the resources of Defendants' counsel.

In footnote 1, the Government explicitly argues for a double standard, or so it seems:

> Differently, "[i]t is undisputed that the government is entitled to one representative at counsel table under Rule 615(b). In re United States, 584 F.2d 666, 667 (5th Cir.1978). District courts have discretion whether to permit more than one government agent at counsel table during trial. United States v. Ratfield, 342 F. App'x 510, 512 (11th Cir.2002) (per curiam) (abuse of discretion standard)." United States v. McGregor, No. 2:10CR186-MHT, 2012 WL 235519, at *1 (M.D. Ala. Jan. 25, 2012) (permitting more than one agent at "counsel table" and citing case law from the Third, Fifth, Sixth, and Eleventh Circuits).

Whether the Court has discretion to allow more than one "representative" to assist prosecutors is a completely different question from whether a different standard applies to the Government than that which applies to the Defendant.

Again, this problem is one of the Government's own making by flooding the January 6 Defendants with 7 terabytes of data and video recordings – most of it entirely meaningless and of no import – and demands that somewhere in the mountain the Defendant's chief researcher Ms. Lambert dig to find the buried gems.

Dated: May 17, 2023                                  RESPECTFULLY SUBMITTED

**KENNETH JOSEPH OWEN THOMAS**,

*By Counsel*

/s/    Roger Roots


Roger Roots, Esq., PHV
John Pierce Law Firm
21550 Oxnard Street
3rd Floor, PMB #172
Woodland Hills, CA 91367
Tel: (213) 400-0725
Email: *jpierce@johnpiercelaw.com*
Attorney for Defendant


**CERTIFICATE OF SERVICE**

I hereby certify that this document is being filed on this May 17, 2023, with the Clerk of the Court by using the U.S. District Court for the District of Columbia's CM/ECF system, which will send an electronic copy of to the following CM/ECF participants.  From my review of the PACER account for this case the following attorneys are enrolled to receive notice and a copy through the ECF system.


MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

SAMANTHA R. MILLER
Assistant United States Attorney
New York Bar No. 5342175
United States Attorney's Office
601 D Street, NW
Washington, DC 20530
Samantha.Miller@usdoj.gov

SEAN P. McCAULEY
Assistant United States Attorney
New York Bar No. 5600523
United States Attorney's Office
For the District of Columbia
601 D. Street, NW
Washington, DC 20530

Sean.McCauley@usdoj.gov


_____/s/_____

Roger Roots, Esq.