UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | Criminal Case No. |
| | : | |
| **KENNETH JOSEPH OWEN THOMAS,** | : | 1:21-cr-00552 (CRC) |
| | : | |
| **Defendant** | : | |

_____

### DEFENDANT THOMAS' REVERSE MOTION IN LIMINE TO INTRODUCE EVIDENCE OF SMITH'S AND WREN'S CONVICTIONS FOR ASSAULTING THE SAME GROUP OF OFFICERS ALLEGEDLY ASSAULTED BY THOMAS

Comes now the Defendant Kenneth Joseph Owen Thomas, by and through undersigned counsel, with this reverse motion in limine to introduce evidence of the government's prosecutions of Wren and Smith, relating to the same scrum in which Thomas is accused of assaulting.

Over this past weekend, the defense learned that one of the government's accusing witnesses, Anthony Campanale, testified around a month ago in a rival trial before another judge. From there, we learned that the rival trial involved overlapping facts with the Thomas trial.

Although the defense has been denied transcripts of Campanale's testimony, we have learned that the testimony relates to assaults of the identical scrum line of officers at or near the same time.

The defense has now pulled the Wren/Smith indictment (attached).  The indictment accused Wren and Smith of assaulting unnamed officers in Count 4.  Smith is then accused of assaulting other unnamed officers without Wren in Counts 5 and 6.  Thomas' counsel has reviewed videos of Thomas' alleged assault on Corporal Ainsworth extensively and reached out to Wren and Smith's trial counsel.  Upon information and belief, the assault accusations of officers in the Wren and Smith case directly overlaps with the accusations in Thomas' case.

Wren and Smith's counsel believe that Ainsworth—and perhaps another claimed victim of Thomas—were the very officers which the United States accused Wren and Smith of assaulting.  Moreover, counsel for Wren and Smith shared that the discovery provided to them by the United States regarding the incident is the same identical discovery the United States shared with the Thomas defense team.  And many of the exhibits used in the Wren/Smith trial are also identical.

This speaks to the reliability of the witness' testimony against Thomas where two different men in the same location were wearing otherwise distinctive light-tan jackets, but the other man has admitted to pushing and shoving the line of police (possibly to get someone on the ground out from being trampled, but nevertheless affecting the witness' perceptions).

If necessary to admit these documents into evidence, Defendant may recall FBI Case Officer Alexis Brown, whose assignment was to review all of these matters about this case.  Even if Brown does not know, that would be exculpatory with regard to the Government's case.

Whereas Thomas had just crawled up over a concrete planter and was standing approximately 10 feet away, Wren is seen on video and admits to and was convicted of being the one who actually pushed and shoved against the same officers that Thomas did not.

Only on Friday, May 19, 2023, late, we learned by email from the prosecutors that there was another case *United States v. Donnie Duane Wren* and his Cousin Smith in Criminal Case No. 1:21-cr-00599-RBW.  Therefore, Defendant's counsel had to spend some of the weekend not only writing motions for the Court but researching this *Wren* case and reaching out to Wren's attorney for clarification.

**Photograph of Donnie Duane Wren,
When Defendant Thomas was approximately 10 feet behind to the Left**



Where Officer Ainsworth already testified that he is 100% certain that Thomas shoved him over, and the video recordings show Ainsworth is 100% wrong, the likelihood of the Government's witnesses confusing two different men in the same place both wearing nearly

identical but distinctive light-tan jackets is evidence the jury is entitled to consider in evaluating the evidence under a standard of guilt beyond a reasonable doubt.

It appears from the entire video, in the opinion of counsel, that viewed here Wren is attempting to get police officers off of a person down on the ground who is in danger of being trampled. Defendant and counsel lacks sufficient information to accuse Wren of a crime.

Yet, nevertheless, the reliability of the officer's testimony – even if offered in good faith – is at issue. Even if the officers are honestly and sincerely mistaken, the jury is entitled to any evidence that may speak to the reliability (credibility not meaning bad faith) of the officer's accusations against Thomas. The possibility of confusion in the witness' perceptions is always admissible under Federal Rules of Evidence Rule 607.

**CONCLUSION**

The Defendant moves the Court to admit the two documents attached:

1) Defendant Wren's Motion To Permit Admission Of Statements Pursuant To Rule 106, Federal Rules Of Evidence, in Criminal Case *United States v. Wren*, Criminal Case No. 1:21-cr-00599-RBW, Filed at Dkt # 108 in that case on April 26, 2023.

2) Superseding Indictment of Wren and Smith in Criminal Case *United States v. Wren*, Criminal Case No. 1:21-cr-00599-RBW, Filed at Dkt # 51 in that case on December 7, 2022.

Dated: May 22, 2023                 RESPECTFULLY SUBMITTED
                                    **KENNETH JOSEPH OWEN THOMAS**,

                                    *By Counsel*

                                    _____/s/Roger Roots
                                    Roger Root, Esq.
                                    John Pierce Law Firm

21550 Oxnard Street
3rd Floor, PMB #172
Woodland Hills, CA 91367
Tel: (213) 400-0725
Email: *jpierce@johnpiercelaw.com*
Attorney for Defendant

**CERTIFICATE OF SERVICE**

I hereby certify that this document is being filed on this May 22, 2023, with the Clerk of the Court by using the U.S. District Court for the District of Columbia's CM/ECF system, which will send an electronic copy of to the following CM/ECF participants. From my review of the PACER account for this case the following attorneys are enrolled to receive notice and a copy through the ECF system.

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

SAMANTHA R. MILLER
Assistant United States Attorney
New York Bar No. 5342175
United States Attorney's Office
601 D Street, NW
Washington, DC 20530
**Samantha.Miller@usdoj.gov**

SEAN P. McCAULEY
Assistant United States Attorney
New York Bar No. 5600523
United States Attorney's Office
For the District of Columbia
601 D. Street, NW
Washington, DC 20530
**Sean.McCauley@usdoj.gov**

_____/s/_Roger Roots_____
Roger Root, Esq.