UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA :
:
v. : Case No. 21-CR-599 (RBW)
:
:
DONNIE DUANE WREN, :
THOMAS HARLEN SMITH :
:
Defendants. :

MOTION TO PERMIT ADMISSION OF STATEMENTS PURSUANT TO RULE 106, FEDERAL RULES OF EVIDENCE

**COMES NOW the** Defendant, Donnie Wren, by and through undersigned counsel and pursuant to Federal Rules of Evidence, Rule 106, moves to admit statements from his custodial interview, and as grounds therefor states:

STATEMENT OF FACTS

Mr. Wren submitted to a custodial interview immediately after his arrest in Miami-Dade County, Florida. Due to the location of his arrested, the Defendant was not interviewed by the case agent, but rather by two agents from the area who lacked familiarity with the case.

Immediately after being Mirandized, the Defendant was questioned regarding a widely circulated photo depicting him with his hands on a police shield. The Defendant admits that this is indeed him and begins referring to the crowd he was in. He states, "I shouldn't have been there." – When you consider the context of the interview, it is clear he is referring to the crowd of people when the photo was taken. In trial, the government introduced this statement without any context to implying that Mr. Wren stated he should not have been on the Capitol grounds.

Later, in the very same statement, one of the agents, agent Barrois, leaves the room to secure transport of Mr. Wren to the detention center. Mr. Wren and the remaining agent, Agent Collin, engage in conversation. Mr. Wren asks the agent, "So I am curious, being charged with trespassing, doesn't that mean you have to go in the building? Because aren't the grounds free to walk on?". The agent explains that he is not the case agent and that he is not sure because he is not the officer that pursued the charges. This is the statement that Mr. Wren seeks to admit consistent with Rule 106 of the Federal Rules of Evidence.

ARGUMENT

The underlying purpose of the "rule of completeness" – an evidentiary rule that governs the admissibility of certain statements or recordings – is fairness. A party should not be able to mislead the finder of fact with evidence that is incomplete or taken out of context.

The example cited by McCormick on Evidence § 56 is the expression – "The fool hath said in his heart, there is no God" – where only the latter phrase is quoted. Writes McCormick: "You could quote the Bible as saying 'there is no God'; but to do so would be a misleading half-truth because it divorces the quotation from its context."

To guard against the inherent unfairness of introducing such misleading evidence, the opposing party should thus have the ability not only to cross-examine the witness about the incomplete evidence but also to introduce – either directly or through the proponent – the accompanying evidence needed to put the statement into context. This could include evidence that might be otherwise inadmissible; as, for example, with respect to hearsay.

Moreover, because of the lasting and potentially unconscious impact of the partial evidence on the finder of fact, in some cases the evidence should be precluded from being introduced at all.

The rule is codified in Federal Rule of Evidence 106: "When a writing or recorded statement or part thereof is introduced by a party, an adverse party may require the introduction at that time of any other part or any other writing or recorded statement which ought in fairness to be considered contemporaneously with it."

The common law rule with respect to the rule of completeness has been adopted in D.C. through case law. For example, the D.C. Court of Appeals held in *Diggs v. United States*, 28 A.3d 585, 597 (D.C. 2011) that "the rule contemplates that other parts of the statement should be admitted, in the trial court's discretion, when this is necessary to explain the admitted portion, to place it into context, or to avoid misleading the trier of fact."

The Court continues: "As applied in a criminal case, the rule is 'typically implicated when the prosecution selectively introduces only the inculpatory portions of a defendant's statement, and fairness requires that exculpatory parts of the same statement be considered as well so that the defendant's meaning is not distorted or misunderstood." *Id.* (quoting *Henderson v. United States*, 632 A.2d 419, 426 (D.C. 1993).

As the District of Columbia Court of Appeals has held, the primary function of Rule 106, is to preserve fairness and avoid "the specter of distorted and misleading trials." *United States v. Sutton*, 801 F.2d 1346, 1369 (D.C. Cir. 1986). As the court stated:

> Rule 106 can adequately fulfill its function only by permitting the admission of some otherwise inadmissible evidence when the court finds in fairness that the proffered evidence should be considered contemporaneously. A contrary construction raises the specter of distorted and misleading trials, and creates difficulties for both litigants and the trial court.

> The most sensible course is to allow the prosecution to introduce the inculpatory statements. The defense can then argue to the court that the statements are misleading because of a lack of context, after which the court can, in its discretion, permit such limited portions to be contemporaneously introduced as will remove the distortion that otherwise would accompany the prosecution's evidence.

*Sutton* 801 F.2d at 1368

**WHEREFORE**, based upon the foregoing the Defendant respectfully requests that the Court enter an order granting the relief requested herein.

### CERTIFICATE OF SERVICE

I certify that on this 26th day of April, 2023, I electronically filed the foregoing with the Clerk of the Court using CM/ECF system which will send notification of such filing.

Respectfully Submitted,

**GEORGE T. PALLAS, P.A.**
2420 CORAL WAY
MIAMI, FL 33145
EMAIL: GEORGE@PALLASLAW.COM
BAR ID: FL0108

/s/ George T. Pallas

**BARKET LAWYERS**
CONCORDE BUILDING - 7TH FLOOR
66 W. FLAGLER STREET
MIAMI, FL, 33130
TELE: (305) 373-6711
DYLAN@BARKETLAWYERS.COM
Bar ID: FL00128

/s/ Dylan G. Barket