# UNITED STATES DISTRICT COURT
# FOR THE  DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **Criminal Case No.** |
| | : | |
| **KENNETH JOSEPH OWEN THOMAS,** | : | **1:21-cr-00552 (CRC)** |
| | : | |
| **Defendant** | : | |

_____

    Thomas' proposed Missing Witness Jury Instruction, and proffer of additional points regarding Thomas' justified-use-of-force in Counts 3, 4, 6, and 7.

    **Thomas proposes a Missing Witness Instruction.**

    As a general matter, a trial judge has discretion to give a missing witness instruction "if a party has it peculiarly within his power to produce witnesses whose testimony would elucidate the transaction." *Pennewell v. United States*, 353 F.2d 870, 871 (D.C.Cir.1965) (quoting *Graves v. United States*, 150 U.S. 118, 121, 14 S.Ct. 40, 41, 37 L.Ed. 1021 (1893)). "If such a person does not appear and one of the parties had some special ability to produce him, the law permits the jury to draw an inference-namely, that the missing witness would have given testimony damaging to that party." *United States v. Pitts*, 918 F.2d 197, 199 (D.C.Cir.1990).

    In this case, the government mysteriously declined to put on two of the five alleged victims of Thomas' "assaults": Nickerson and Versage. This testimony would have been crucial—almost necessary—for the government to properly

develop its assault claims.

The *Pitts* and *Pennewell* decisions also make clear, however, that "no inference can fairly be drawn against defendant from his failure to call [a witness] to the stand to incriminate himself." *Pennewell*, 353 F.2d at 871.

THOMAS' PROPOSED INSTRUCTION (TAKEN FROM U.S. v. GLENN (DC Cir. 1995), n. 3.)

**"If a witness who could have given material testimony on an issue in this case was peculiarly within the power of one party to produce, was not called by that party and his absence has not been sufficiently accounted for or explained, then you may, if you deem it appropriate, infer that the witness's testimony would have been unfavorable to the party which failed to call him.   However, you should not draw such an inference from a witness who was equally available to both parties or whose testimony would have been merely cumulative or immaterial."**

Or, stated differently,

[i]f it was peculiarly within the power of either the prosecution or the defense to produce a witness who could have given material testimony on an issue in this case, you may infer, from the party's failure to call that witness to testify, that his or her testimony would have been unfavorable to the party to whom the witness was peculiarly available.

U.S. v. Norris, 873 F.2d 1519 (D.C. Cir. 1989)

As Judge Fahy noted in Burgess, "[w]hen the court is asked to

give the instruction, then, a judgment is to be reached as to

whether from all the circumstances an inference of unfavorable

testimony from an absent witness is a natural and reasonable

one." 440 F.2d at 234. We have similarly held on other

occasions. See, e.g., Morrison v. United States, 365 F.2d 521,

524 (D.C.Cir.1966) ("The missing witness instruction is one

within the sound judicial discretion of the trial judge who must

decide whether in all the circumstances shown it is reasonable

for the jury to be permitted to draw an adverse inference from

one party's failure to call a witness peculiarly available to

him."). Thus, the instruction need not be given even if the

missing witness is under the control of one of the parties as long

as no inference of adverse testimony is justified. See United

States v. Bramble, 680 F.2d 590 (9th Cir.) (quoting and adopting

the above language from Burgess ), cert. denied, 459 U.S. 1072,

103 S.Ct. 493, 74 L.Ed.2d 635 (1982); see also United States v.

Busic, 587 F.2d 577, 586 (3d Cir.1978) (inference warranted

only when "testimony could be expected to favor" one party)

(citing, inter alia, Burgess ), rev'd on other grounds, 446 U.S.

398, 100 S.Ct. 1747, 64 L.Ed.2d 381 (1980); United States v.

Torres, 845 F.2d 1165, 1169 (2d Cir.1988). Cf. Graves v. United

States, 150 U.S. 118, 121, 14 S.Ct. 40, 41, 37 L.Ed. 1021 (1893)

(when unproduced testimony would "elucidate the transaction,"

presumption of unfavorable testimony arises).


U.S. v. Norris, 873 F.2d 1519 (D.C. Cir. 1989)


[b] Missing Witness Instruction

"A missing witness charge permitting the jury to infer that
the testimony of an unproduced witness would have favored one
party is appropriate if production of the witness is 'peculiarly
within [the] power' of the other party." United States v. Nichols,
912 F.2d 598, 601 (2d Cir. 1990) (quoting United States v.
Torres, 845 F.2d 1165, 1169 (2d Cir. 1988)). Rabbani asserts
that because Kamaran Khan and Zolfgar Virk were peculiarly
within the power of the government to produce as witnesses, the
district court erred in denying Rabbani's request to charge the

jury with a missing witness instruction. "[W]hen a witness is equally available to both sides, the failure to produce is open to an inference against both parties." Torres, 845 F.2d at 1169 (internal quotations omitted and emphasis removed). "Whether or not such a 'missing witness' charge should be given lies in the sound discretion of the trial court." United States v. Miranda, 526 F.2d 1319, 1330-31 (2d Cir. 1975). "We are particularly disinclined to secondguess [district courts'] decisions where, as in this case, a judge refrains from commenting on the inference to be drawn on the facts before the jury and allows counsel instead to argue the inference." Gaskin, 364 F.3d at 463 (internal quotation marks omitted).

United States v. Rabbani (2nd Cir. 2010)

The decision to refuse a missing witness instruction rests within the discretion of the trial court. United States v. Tarantino, 846 F.2d 1384, 1404 (D.C.Cir.1988). To be entitled to such an instruction, a party must establish two predicates: (1) that the witness is in the peculiar control of the opposing party and (2) that an adverse inference from that fact is warranted. United States v. Norris, 873 F.2d 1519, 1522 (D.C.Cir.), cert. denied, 493 U.S. 835 (1989). Speight has clearly failed to carry his burden as to the first. Kelsey was present at the trial and, as the trial court repeatedly pointed out, Speight was free to call him as a witness. He elected not to do so. Accordingly, we find no error in the trial court's declining to give a missing witness instruction.

*U.S. v. Speight*, 24 F.3d 1464 (D.C. Cir. 1994)

More facts concerning Thomas' justified use of force in Counts 6 and 7.

Here is a screenshot or still image of the moments surrounding Counts 6 and 7:



It is plain from this image, taken at the time of the alleged assaults in Counts 6 and 7.  Plainly there is a protestor who has been pushed down stairs or near stairs.  This is excessive force by law enforcement.

Dated:  May 22, 2023                    RESPECTFULLY SUBMITTED
                                        **KENNETH JOSEPH OWEN THOMAS**,

                                        *By Counsel*

                                        _____/s/Roger Roots
                                        Roger Root, Esq.
                                        John Pierce Law Firm
                                        21550 Oxnard Street
                                        3rd Floor, PMB #172
                                        Woodland Hills, CA 91367
                                        Tel: (213) 400-0725
                                        Email: *jpierce@johnpiercelaw.com*
                                        Attorney for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that this document is being filed on this May 22, 2023, with the Clerk of the Court by using the U.S. District Court for the District of Columbia's CM/ECF system, which will send an electronic copy of to the following CM/ECF participants.  From my review of the PACER account for this case the following attorneys are enrolled to receive notice and a copy through the ECF system.

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

SAMANTHA R. MILLER
Assistant United States Attorney

New York Bar No. 5342175
United States Attorney's Office
601 D Street, NW
Washington, DC 20530
**Samantha.Miller@usdoj.gov**

SEAN P. McCAULEY
Assistant United States Attorney
New York Bar No. 5600523
United States Attorney's Office
For the District of Columbia
601 D. Street, NW
Washington, DC 20530
**Sean.McCauley@usdoj.gov**


_____/s/\_Roger Roots_____
Roger Root, Esq.