UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | Criminal Case No. |
| | : | |
| **KENNETH JOSEPH OWEN THOMAS,** | : | 1:21-cr-00552 (CRC) |
| | : | |
| **Defendant** | : | |
| | : | |

_____

# DEFENDANT KENNETH THOMAS' REPLY TO THE GOVERNMENT'S RESPONSE TO HIS RULE 29 AND 33 MOTIONS

Defendant KENNETH JOSEPH OWEN THOMAS ("Thomas"), through the undersigned counsel, John L. Pierce, Esq. presents this Reply to the Government's Response and Opposition to his Rule 29 and 33 Motions. Defendant asks this Court to set aside the jury's verdicts of guilty following a trial and presentation of evidence by both Government and defense, and to enter a judgment of acquittal or, in the alternative, grant a new trial. Thomas relies, incorporates and resubmits his prior filings.

To the extent the government offers new or consequential arguments, Defendant Thomas states the following:

The jury convicted the Defendant on seven counts: Count One, Civil Disorder, 18 U.S.C. § 231(a)(3); Count Three, Assaulting, Resisting or Impeding Certain Officers, 18 U.S.C. § 111(a)(1); Count Four, Assaulting, Resisting or Impeding Certain Officers, 18 U.S.C. § 111(a)(1); Count Six, Assaulting, Resisting or Impeding Certain Officers, 18 U.S.C. § 111(a)(1); Count Seven, Assaulting, Resisting or Impeding Certain Officers, 18 U.S.C. § 111(a)(1); Count Eight, Entering or Remaining in a Restricted Building or Grounds, 18 U.S.C. § 1752(a)(1); and Count Nine, Disorderly or Disruptive Conduct in a Restricted Building or Grounds, § 1752(a)(2).

**At least three of the four assault convictions must be invalidated as a matter of law.**

The evidence was insufficient to sustain convictions on at least three of the four § 111(a) assault convictions. One assault conviction, involving purported victim MPD officer Rodney Anderson, who testified that he didn't even remember Thomas; or being assaulted at all. Even after seeing the government's videos of the alleged incident, Anderson testified that he detected no intention of Thomas to harm or injure him.

Two additional assault convictions involved purported victims who never appeared or testified. Any evidence supporting such an assault notion came

through other police witnesses. These witnesses could not testify regarding whether the purported victims felt intimidated, opposed, or obstructed.

**Thomas had no reasonable notice, opportunity, or ability to call the missing government witnesses.**

Two of the four counts Thomas was convicted of involved alleged assaults of which no victim testified. The evidence of such assaults, such as it was, came mostly from bodycams and testimony of other, non-victim, officers. 18 U.S.C. Section 111(a) criminalizes assault, opposing, obstructing, or resisting a federal officer actively performing his duties. Proof of such assaultive conduct requires a victim's assessment that the perpetrator accomplished such feats.

In this case, these two essential victim witnesses were missing. Perhaps they would have testified that they had not been assaulted, opposed, impeded, intimidated, or interfered with at all.

The government argues that Thomas is not entitled to acquittal on the two assault counts or even the "missing witness" jury instruction because "even if the government does not call that individual as a witness, the defendant is free to do so," citing United States v. Norris, 873 F.2d 1519, 1522 (D.C. Cir. 1989), United States v. Tarantino, 846 F.2d 1384, 1404 (D.C. Cir. 1988)), and United States v. Adeniji, 31 F.3d 58, 65 (2d Cir. 1994).

But Thomas and his counsel received word that the government would not be calling the two victim witnesses until mid-trial, when it was in every essence impossible for defense counsel to subpoena the two witnesses. This missing testimony was also a missing opportunity to crossexamine or challenge the assault claims entirely. Thomas was unable to ask the witnesses if they were opposed, resisted, or assaulted, or if the witnesses even remembered the alleged episodes.

The facts simply do not support the government's arguments that prosecutors and law enforcement officers are not closely associated. Both of the missing witnesses are DC Metropolitan Police officers, whose offices are mere blocks away from the offices of the federal prosecutors. And at least two of the government's trial witnesses were also MPD officers—indicating the prosecutors had no difficulty summoning and presenting such officers.

Here, in this case, the ability of the defense and the prosecution to call these witnesses was not equal, as it was in *United States v. Nichols*, 912 F.2d 598, 602 (2d Cir. 1990). Across January 6 cases, the US Attorneys Office has forged a close working relationship with MPD and its many officers. "The logic underlying the missing witness rule is that where the party with peculiar or exclusive control of a witness fails to call that witness, there must be some reason for its failure." Norris 873 F.2d at 1522 (citing Burgess v. United States, 440 F.2d 226, 234 (D.C. Cir.

1970)). And in this case, with all its political dimensions, such an inference was justified.

**The evidence was insufficient to convict Thomas of 18 USC § 231 civil disorder.**

The government's claims in Count 1 fail due to lack of negative impact on commerce. The D.C. economy suffered no harms whatsoever from the Jan. 6 incident. The food truck industry did better than average, the hotels were packed, and the bars and restaurants were making fantastic profits during and after the event.

Nor did the Government prove its civil disorder claims on grounds that Thomas "obstructed, delayed, or adversely affected . . . the conduct or performance of any federally protected function." Thomas knew nothing about the location of the Vice President. Neither the Vice President nor his Secret Service detail knew of Thomas' presence. Nor could the Secret Service or the Vice President have heard anything Thomas said or yelled from inside the Capitol.

Thomas never entered the Capitol; and nothing Thomas said or did could have done anything to halt or obstruct any federal functions inside.

**The evidence was insufficient to convict Thomas of being in a restricted area.**

The evidence presented at trial failed to demonstrate any signs or posted notices in Thomas' path which informed Thomas that he was entering or remaining on restricted grounds.  Testimony from both Thomas and Dave Sumrall attested that all barriers in Thomas' pathways were removed, pushed aside, or taken down by the time Thomas strode through.

CONCLUSION

For all the foregoing reasons, Thomas requests the Court acquit him on the counts described, or order a new trial.

/s/ Roger Roots, esq.

CERTIFICATE OF SERVICE

I hereby certify that on July 13, 2021, I uploaded and served this document on counsel for the United States.

/s/ Roger Roots