```
                    BEFORE THE UNITED STATES DISTRICT COURT
                         FOR THE DISTRICT OF COLUMBIA


UNITED STATES OF AMERICA,        .
                                 .   Case Number 21-cr-552
          Plaintiff,             .
                                 .
     vs.                         .
                                 .   Washington, D.C.
KENNETH JOSEPH OWEN THOMAS,      .   May 30, 2023
                                 .   2:17 p.m.
          Defendant.             .
- - - - - - - - - - - - - - - - -


                  TRANSCRIPT OF JURY TRIAL, VOLUME 8
               BEFORE THE HONORABLE DABNEY L. FRIEDRICH
                      UNITED STATES DISTRICT JUDGE



APPEARANCES:

For the United States:      SAMANTHA MILLER, AUSA
                            United States Attorney's Office
                            601 D Street Northwest
                            Washington, D.C. 20579


For the Defendant:          JOHN PIERCE, ESQ.
                            John Pierce Law P.C.
                            21550 Oxnard Street
                            Third Floor, OMB #172
                            Woodland Hills, California 91367




Official Court Reporter:    SARA A. WICK, RPR, CRR
                            333 Constitution Avenue Northwest
                            Room 4704-B
                            Washington, D.C. 20001
                            202-354-3284


Proceedings recorded by stenotype shorthand.
Transcript produced by computer-aided transcription.
```

                        P R O C E E D I N G S

         (Jury not present.)

              MS. MILLER:  Good afternoon, Your Honor.  Samantha
    Miller on behalf of the United States.  I am here with Brianna
    Rummens, our paralegal.

              THE COURT:  Good afternoon.

              MR. PIERCE:  Good afternoon, Your Honor.  John Pierce
    on behalf of defendant Thomas, who is here as well.

              THE COURT:  All right.  Good afternoon, Mr. Pierce,
    Mr. Thomas.  Welcome back.

         We have three jury notes.  Let me start with the first for
    Count 12.

         Have the parties had a chance to discuss with one another
    any of these?

              MS. MILLER:  We have not, Your Honor.

              THE COURT:  Okay.  Let me share with you how I'm
    leaning with respect to Count 12.

         The question is, and this is the 12:25 p.m., "Does the
    meaning of the term 'act of physical violence' include threat to
    damage or destroy real or personal property, or does 'threat'
    only modify the infliction of death or bodily harm?"

         The Court believes that "act of physical violence" only
    modifies the "infliction of death or bodily harm."

         Do the parties agree?

              MS. MILLER:  Sorry, Your Honor.  I think you might

have misspoke.  You mean the word "threat" only modifies "bodily harm," and yes, we agree with that.

THE COURT:  Yes.  Sorry.  It's a long day.

MR. PIERCE:  Yes, we agree with that, Your Honor.

THE COURT:  All right.  So both sides are in agreement that "threat" only modifies the phrase "infliction of death or bodily harm."

MS. MILLER:  Yes.

THE COURT:  Okay.  Next one, "Is there a definition for 'government business or official functions' in Count 9?" This was 11:58, instruction.

The Court's view is no, they should apply the common and ordinary meaning of these terms.

Do you all disagree?

MR. PIERCE:  So on that one, Your Honor, I think what we were thinking is that it really -- although it's not precisely the same phraseology in terms of government business or official functions as it is in Count 2, official proceeding, we actually thought that it might make sense to refer back to the definition of "official proceeding" in Count 2.

THE COURT:  But is defending the Capitol an official function in this case?  Why would that not be an official government function?

MR. PIERCE:  I was under the impression that the government's theory on this one was it essentially was referring

1    to the congressional vote count proceedings.

2         THE COURT:  Ms. Miller?

3         MS. MILLER:  So we disagree with the defendant that

4    the definition of "official proceeding" would apply here.  We

5    agree with Your Honor's sort of inclination, which is that --

6    and I believe in closing, we actually on the slide had both.

7    The official proceeding could be one option, or any officer

8    performing their official duties could be another option.

9         I agree with Your Honor that there is no federal

10   definition, but there are some state decisions interpreting

11   "official function" where basically they do the same thing.

12   They say a dictionary definition should apply or common

13   understanding.

14        THE COURT:  All right.  Mr. Pierce, do you agree that

15   there's no relevant statutory -- there's no statutory

16   definition?

17        MR. PIERCE:  Yes.  I mean, we are not seeing any

18   statutory definition of that.

19        THE COURT:  So you're pointing to another statute for

20   that, and that's official proceeding, which I think is different

21   than -- government business or official functions, to me, is

22   quite broad.

23        MR. PIERCE:  Yeah, I understand the point, Your Honor.

24   I was just under the impression that that's what kind of the

25   theory of that was.

1          But yeah, the only alternative is to have them apply the

2    common --

3              THE COURT:  Common, ordinary meaning?

4              MR. PIERCE:  Yes.

5              THE COURT:  All right.  So I will say no, there's no

6    statutory definition for the phrase "government business or

7    official functions," the jury should give these words their

8    common, ordinary meaning or should give this phrase its -- or

9    these terms their common, ordinary meaning?  Are you all okay

10   with that?

11             MS. MILLER:  Yes, Your Honor.

12             THE COURT:  Mr. Pierce, noting your objection?

13             MR. PIERCE:  Yes, Your Honor.

14             THE COURT:  All right.  Okay.  Now, the harder one.

15        So in looking at this instruction, we noticed

16   that "knowingly" was improperly omitted out of the first

17   element, which I think based on the statute it definitely should

18   read, "First, that the defendant knowingly engaged in any act of

19   physical violence."

20        I assume neither party disagrees, given the language of the

21   statute is "knowingly engages in any act of physical violence"?

22             MS. MILLER:  Yes, Your Honor.

23             THE COURT:  So that's something they did not flag, but

24   I take it you agree, Mr. Pierce?

25             MR. PIERCE:  We definitely think "knowingly" applies

1    to that element for sure.

2            THE COURT:  So they haven't asked that question, but

3    we are going to make sure that they understand that "knowingly"

4    applies there.

5        Given that we just noticed this, it probably makes sense

6    for us to look at these instructions, you know, one more time to

7    make sure that there aren't any typos, because neither side

8    raised this, nor did the jury.

9            MS. MILLER:  Yes, Your Honor.  And sorry about that.

10   Obviously, that's an oversight.

11       I think the only other thing that we wanted to raise from

12   having taken a closer look at this is that under (a)(1), the

13   question that the jurors did flag does -- is properly there.

14   "Lawful authority" is a part of (a)(1).

15           THE COURT:  Is this (a)(1) or (a)(4)?

16           MS. MILLER:  They were asking why is there a

17   difference between (a)(1) and (a)(4).  So yes, we recognize in

18   looking at both of these that there was an error, both the error

19   Your Honor just recognized and the error that we added an

20   element to (a)(4) that doesn't exist.  But I wanted to make

21   clear that the government's position is that the (a)(1)

22   instruction does properly say "lawful authority," because that's

23   what is in the statute.

24           THE COURT:  Oh, the lawful, yeah.

25           MS. MILLER:  So that would be for Count 8, because the

jury is asking the difference -- the language in Count 8 versus
Count 10.

THE COURT:  So we're adding -- yeah.  So I need to
tell them that, that we're adding a "knowingly."  We need to
print that as well.

So which instruction number would that be adding
the "lawful" for?

MS. MILLER:  So the Count 10 instruction, I believe,
unless this has changed, is instruction number 23.

THE COURT:  No, the --

MS. MILLER:  I think we're getting confused, because
there's two different instructions for the two different counts,
that it's all within 1752.  So it's instruction 21 and 23.

THE COURT:  Count 10 is the one where the "lawful" is
missing, isn't it?

MS. MILLER:  It's where the "knowingly" is missing in
the first element, and then there's a second element that we
inadvertently added that shouldn't be there at all.

THE COURT:  Okay.  Just to be clear, we're all talking
about instruction number 23; correct?

MS. MILLER:  For Count 10, yes, but I think we should
also just quickly touch, before we finish, on Count 8 as well.

THE COURT:  Because you think there's an error with
that as well?

MS. MILLER:  No, I don't.  I just want to make sure

1    that we're clear -- because their question was I don't

2    understand why Count 8 and 10 are different and they have

3    different language.

4            THE COURT:  But we don't need to modify the other one;

5    right?

6            MS. MILLER:  Right.

7            THE COURT:  Okay.  So instruction 23 is the one that

8    needs to be modified in multiple ways; correct?

9            MS. MILLER:  Yes, Your Honor.

10           THE COURT:  So first, we need to add the knowingly,

11   and let's check --

12           MR. PIERCE:  "Knowingly engaged in any act of" --

13           THE COURT:  Yes, in the first element, "knowingly

14   engaged in any act of physical violence against a person or

15   property in a restricted building or grounds."  That's change

16   number 1.

17       Change number 2 is also one they didn't raise, and that is,

18   the addition of the word "lawful authority."  I know this is not

19   the big issue they're asking about, but that's another omitted

20   word.

21           MS. MILLER:  Well, I --

22           THE COURT:  I know you object to the whole thing, but

23   if it stays in there, it should say "lawful authority."

24           MS. MILLER:  Sure, I think that would be fine.  We can

25   just say it was accidental that we left it out of one.

1          THE COURT:  Well, all of this was mistakes.

2     But then the bigger issue is whether the mens rea of

3     "knowingly" should be imported throughout 1752(a)(4) such that

4     the "knowingly" modifies not only "engages in any act of

5     physical violence," but also -- "against a person or persons,"

6     but also "knowingly does so in a restricted building or

7     grounds"; right?

8     That's the big substantive issue they're asking us about.

9          MS. MILLER:  I'm not sure they actually raised that,

10    Your Honor.  I think they were just asking about --

11          THE COURT:  Oh, you've raised that, okay.

12          MS. MILLER:  And, Your Honor, if it's too late to

13    change it, I understand.  I just figured --

14          THE COURT:  I think this is a tough issue, because I

15    can see the government's point.  I can see the adverb modifying

16    the verb "engages," "knowingly engages in any act of physical

17    violence," and not the other two prepositional phrases.  I can

18    totally see that.

19     It's just that there's case law on both sides of this

20    issue, and I'm concerned about -- without clear authority from

21    the circuit, and honestly, I haven't had time to research this

22    enough to feel confident in how a panel would decide this, given

23    the short time frame we've had here.

24     But I take it Mr. Pierce would object to changing the

25    instruction to not require the jury to find that Mr. Thomas knew

1    he was in a restricted building or grounds.

2              MR. PIERCE:  Absolutely, Your Honor.

3              THE COURT:  And that's your point, right, Ms. Miller,

4    is that we don't -- we've injected something that the statute

5    doesn't require?

6              MS. MILLER:  Yes, Your Honor, that's our point.

7              THE COURT:  So let me cite *Flores-Figueroa v. U.S.*,

8    556 U.S. at 646.  In this case there was a federal criminal

9    statute that forbid aggravated identity theft and imposes a

10   mandatory consecutive two-year prison term on individuals

11   convicted of certain other crimes if, during the commission of

12   those crimes, the offender knowingly transfers, possesses, or

13   uses without lawful authority a means of identification of

14   another person.  For the record, that's Title 18 United States

15   Code Section 1028A(a)(1).

16       And there, the question was whether the statute requires

17   the government to show that the defendant knew that the means of

18   identification he or she unlawfully transferred, possessed, or

19   used in fact belonged to another person, and the Court concluded

20   that it does.

21       Now, I think you can draw distinctions between that

22   statutory language.  It's not a prepositional phrase at the end.

23   But in light of this and not -- the absence of clear authority

24   within the circuit, at least that I'm aware of right now, I'm

25   reluctant to change that as the government suggested.

1        You did object at the time to this, so you did.  Your

2   objection's preserved.

3        MS. MILLER:  Sorry.  I didn't have a chance to go back

4   to our original objections.  Thank you, Your Honor.

5        THE COURT:  So the Court may be wrong on this, but at

6   this point I'm not inclined to change it for the reasons stated.

7        Just one moment.

8        So instruction 21, my law clerk is pointing out that we

9   have the same issue where we -- in the first element, we say

10  first that "the defendant entered or remained in a restricted

11  building or grounds without lawful authority to do so," without

12  a "knowingly."  And then we said, "Second, the defendant knew

13  that the building or grounds was restricted and he knew that he

14  lacked the lawful authority to enter or remain there."

15       But now I'm rethinking this.  So I'm just flagging whether

16  we should make the same change to instruction number 21 in an

17  abundance of caution.

18       I think that it's impossible that a jury, as a practical

19  matter, would find that somebody engaged in any act of physical

20  violence not knowing they were doing so, but I guess -- I mean,

21  in this case, perhaps if they thought Mr. Thomas was pushed, but

22  how they would find that -- I mean, I guess it's conceivable

23  they could find that.  It just seems highly unlikely, but I

24  think we probably ought to make the same correction in terms of

25  adding "knowingly" to the other instruction.  Again, that is

1    instruction number 21, Count 10.

2         So instruction 1 applies to Count -- instruction 21 applies

3    to Count 8 and instruction 23 to Count 10.  Right?  Are you

4    following me?

5              MS. MILLER:  I'm following you, Your Honor.

6         I think that's fine if Your Honor wants to do that in an

7    abundance of caution.  However, I do think because the second

8    element in instruction 21 includes the "knowingly" language --

9              THE COURT:  But this one did, too.

10             MR. PIERCE:  Yeah, I think that the language should

11   really kind of mirror each other.

12        And really, the distinction is on 21 it relates to lack of

13   lawful authority to enter or remain there, and in 23, it's lack

14   of lawful authority to remain there.

15        But I think the language should be the same in both.  So

16   for example, in 21, the second element, in the second part of

17   the second element, it says, "And he knew that he lacked the

18   lawful authority to enter or remain there."  I think in 23, it

19   should say, "And that he knew he lacked the lawful authority to

20   remain there."

21        I mean, it just seems like it should be parallel language

22   for all these purposes.

23             THE COURT:  Yeah, I agree.

24        But Mr. Pierce, your view with respect to Count 1 in both

25   counts, adding the "knowingly"?

1           MR. PIERCE:  I think that makes sense, out of an

2     abundance of caution, yes.

3           THE COURT:  Ms. Miller?

4           MS. MILLER:  I just want to make sure I'm

5     understanding, Your Honor.

6        So for the first element, for Count 8 and 10, we're

7     changing it to "the defendant knowingly entered or remained" for

8     Count 8 and "knowingly engaged in any"?

9           THE COURT:  Yeah.

10           MS. MILLER:  That's fine.

11           THE COURT:  Again, I think it's highly unlikely that a

12     jury would find those things without also finding the knowingly,

13     but in an abundance of caution, I think it's prudent to do so.

14           MS. MILLER:  Sure.

15           THE COURT:  Mr. Pierce's final point was conforming

16     the language in Count 2 -- I'm sorry, not Count 2, element 2 to

17     say that the defendant knew the building or grounds was

18     restricted and that he knew he lacked the authority to enter and

19     remain --

20           MR. PIERCE:  Lacked the lawful authority.

21           THE COURT:  -- just to conform it to the style of

22     instruction 21.

23           MR. PIERCE:  Yeah, and adding the word "lawful" like

24     we talked about before.

25           THE COURT:  And adding "lawful," yes.  Okay.

1    We're going to print this out.  Can we do it in the

2    courtroom?  Okay.  Jonathan, can you print this?  And then we'll

3    bring the jury back.  It will take a little bit of time to print

4    13 or whatever of these to get to the jury room, but we'll go

5    ahead and bring them in once you all have looked at that.

6        MS. MILLER:  Your Honor, just for posterity, I think I

7    should note there is a Supreme Court case interpreting

8    the "without lawful authority" language issue, *Flores-Figueroa*,

9    556 U.S. 646 from 2009.

10        And I think just for the record -- I know Your Honor has

11    made her decision, but for the 1752(a)(4) purposes, the problem

12    is that we're reading into the statute language that isn't in

13    that subsection at all.

14        THE COURT:  Okay.  Wait.  Slow down.  The (a)(4), this

15    is instruction 23.

16        MS. MILLER:  Right.

17        THE COURT:  You're saying there's a case

18    interpreting --

19        MS. MILLER:  How far "knowingly" should be read into

20    the statute.

21        THE COURT:  This is this very statute?

22        MS. MILLER:  I'm not certain on that one.

23        THE COURT:  Well, that makes a big difference.

24        MS. MILLER:  Let me pull it up.

25        Your Honor, I think it may be the statute you referenced in

the case you cited, 18 U.S.C. 1028A(a)(1).

THE COURT:  That's a different statute, 1028A(a)(1).
I was quoting *Flores-Figueroa*, a 2009 case.

Is this a later case?

MS. MILLER:  No, actually, Your Honor, it is that one.
It's -- I guess our reading of that case is the opposite of
yours.

THE COURT:  It wasn't the without lawful authority.
It was the identification of another person.

But that supports the point I was making about the -- I
wasn't focused on the "without lawful authority" portion of
that.  I was focused on the means of identification, and this,
unlike here, is not a prepositional phrase.  The "without lawful
authority" is, and I can see a really strong argument being made
that the "knowingly" doesn't modify what's inside prepositional
phrases.

MS. MILLER:  Right.  And I think our other point was
that 1752(a)(4) doesn't have the language "without lawful
authority" at all, but I believe we've now put it into the jury
instructions.

I think Your Honor was spot on that practically it probably
won't make a difference, but I just thought we should note that
for the record.

THE COURT:  Mr. Pierce, why shouldn't the second
element of that offense include "without lawful authority"?

1    That comes from (a)(1).  Why isn't it sufficient to say he

2    knowingly --

3              MR. PIERCE:  Well, I think that if hypothetically he

4    did have lawful authority to be there, then --

5              THE COURT:  I feel like we're holding the jury up.  I

6    just came off the bench.  I've got another hearing.  I need to

7    think about this.  I'm so wiped out right now.

8        I want to bring them back in, answer their first two

9    questions, and send them back and say that we're continuing to

10   discuss their fourth one and I'm sorry -- their third one.

11             MS. MILLER:  I apologize again, Your Honor, for not

12   catching this sooner.

13             THE COURT:  For now, just to be clear, I'm just going

14   to tell them that we're going to have to come back on

15   instruction 23 and on the instructions for Count 8 and 10, that

16   we're taking a closer look at those.  Okay?

17             MS. MILLER:  Yes, Your Honor.

18             MR. PIERCE:  Yes, Your Honor.

19             THE COURT:  Ms. Miller, it would be helpful to know

20   what other judges have done on this.  Does the government have a

21   grasp of that?

22             MS. MILLER:  I think the vast majority of the

23   instructions do not include that instruction, but we were

24   especially interested in raising this with Your Honor, because

25   we did have that issue in one other recent jury trial, and we

1    were trying to figure out how that became an issue.

2            THE COURT:  Okay.

3        (Jury entered courtroom.)

4            THE COURT:  Ladies and gentlemen, sorry for the delay.

5    It's been an extremely busy day.  I hope you all had a good

6    break, and I appreciate your patience and your diligence.

7        We have two of your three instructions -- or questions

8    answered, and I'm going to give you those, and then I will take

9    up your fourth and your third.  We wanted to discuss a little

10   bit more Counts 8 and 10 and the instructions that apply to

11   those.  And apologies.  That's going to take some more time.

12       But first, with respect to your question about -- this is

13   12:25, note about Count 12.  You asked, "Does the meaning of the

14   term 'act of physical violence' include threat to damage or

15   destroy real or personal property, or does 'threat' only modify

16   the 'infliction of death or bodily harm' language?"

17       The answer to that question is the term "threat" only

18   modifies the phrase "infliction of death or bodily harm."

19       The second question, 11:58 note, "Is there a definition for

20   'government business or official functions' in Count 9?"

21       The answer to this is no, there is no statutory definition

22   for the phrase "government business or official functions."  In

23   Count 9, the jury should give these terms their common -- the

24   terms and the phrase their common, ordinary meaning.

25           JUROR:  I'm sorry.  Common?

```
 1            THE COURT:  Ordinary meaning of these terms.
 2       So I will excuse you, and we will bring you back as soon as
 3  we possibly can.
 4       Mr. Hopkins is reminding me to give you all a time that you
 5  should leave today.  How do you all feel about staying until
 6  5:00, 5:30?  What's your schedule like?  Can you manage that?
 7            JUROR:  What time is it now?
 8            THE COURT:  It's quarter to 3:00.  Should we say 5:30
 9  or 5:00?  Do we have a consensus?
10       If you need a moment, you can let us know when you're back
11  in here, because we will bring you back as soon as we possibly
12  can.
13            COURTROOM DEPUTY:  Tomorrow morning?
14            THE COURT:  Tomorrow morning, 9:30?  Okay.
15       Thank you, ladies and gentlemen.
16       (Jury exited courtroom.)
17            THE COURT:  All right.  So we now have a fourth note
18  from today, and the question is, "Does the word 'assault' in the
19  instructions for Count 10 have the same meaning as the
20  definition of 'assault' in instruction number 20?"
21       We'll copy that for you.
22       I think this is the same answer we gave them before.
23            MS. MILLER:  Right.  I just pulled out the same thing
24  from last week, Your Honor.  It's a very similar question to the
25  one we received on May 23rd at 11:40 a.m.
```

1          THE COURT:  Interestingly, though, this one doesn't

2     have the "threat" language in it.  That comes from the statute.

3          My recollection is the government wanted the broader

4     assault language, and the Court declined to give it.

5          MS. MILLER:  Yes, Your Honor.

6          THE COURT:  In light of that, do you agree that the

7     answer is the same?  Wait.  What did I say last time?

8          MS. MILLER:  I think we would just note our objection

9     and assume that Your Honor is going to do the same thing, which

10    is apply the same definition, even though we would have

11    requested a broader definition of "assault" because it's not

12    defined in the statute.

13          THE COURT:  Mr. Pierce?

14          MR. PIERCE:  Yes, we think it should be the same

15    answer as last time, Your Honor.

16          THE COURT:  Okay.  All right.

17          So Ms. Miller, this is a tough issue with respect to

18    Count 8 and 10.  It would be helpful to know what the other

19    judges have been doing with respect to this issue, to the extent

20    it's been raised.  I'm sure it has.  And you said the issue was

21    raised in another case recently.

22          MS. MILLER:  I actually misspoke, Your Honor.  I

23    forgot that was with respect to adding "knowingly" to both

24    preparatory phrases.  I was mistaken.  It was not with respect

25    to adding a second element about lawful authority to a

1    1752(a)(4) charge.

2            THE COURT:  I'm interested in both.  So to the extent

3    another court has resolved this other issue about the

4    knowingly --

5            MS. MILLER:  I do know Judge Lamberth recently

6    required "knowingly" for both phrases, and I don't believe we

7    actually had run into that issue yet until, I think it was, last

8    week or the week before.

9        With respect to the "lawful authority" language, I don't

10   believe --

11           THE COURT:  So Judge Lamberth said, "Second, that the

12   defendant knew that the building or grounds was restricted,"

13   period.  Is that your --

14           MS. MILLER:  For 1752(a)(4)?

15           THE COURT:  Yes.

16           MS. MILLER:  Yes.

17           THE COURT:  And you're saying the Court should not

18   import (a)(1) into (a)(4)?

19           MS. MILLER:  I actually think he was doing it for a

20   similar subsection.  I think it was (a)(3).  But it's a similar

21   issue for 1752(a)(3).

22           THE COURT:  And what case was that?

23           MS. MILLER:  Oh, you're testing me.  I am not certain,

24   Your Honor, but I can get back to you very quickly on that.

25           THE COURT:  Mr. Pierce, why would that not be

1    appropriate here?

2         I don't recall any evidence about Mr. Thomas having been

3    given the authority to be there, having a permit.  I mean,

4    certainly, there's a lot of evidence about whether he did or did

5    not know that the building or the grounds were restricted, but

6    this lawful authority, you know, permission to be there, I don't

7    recall any -- the defense presenting any evidence of that, and

8    it does really come from a completely different provision of the

9    statute.

10         MR. PIERCE:  Well, I think there's testimony that he

11    knew that there were permitted demonstrations that were going to

12    be going on at some locations on the grounds.  I think he

13    testified to that.

14         THE COURT:  I don't recall him saying he was a part of

15    those.

16         MR. PIERCE:  Well, I think he testified that he knew

17    that there were permitted demonstrations there on the grounds,

18    and he testified that -- and he testified that at all points in

19    time --

20         THE COURT:  I thought the defense was I had no idea I

21    was on restricted grounds, I didn't see any of those signs, not

22    I knew I was and I had permission.

23         MR. PIERCE:  Well, I don't know that it was that --

24    no, I don't think it was that explicit or clear, but he did

25    testify that he knew that there were permitted demonstrations

1  that were going on at the grounds.

2          THE COURT:  So you think that that instruction fits

3  the evidence here?

4          MR. PIERCE:  I do.  And, I mean, I don't think the

5  fact that that phrase is in section (1) but not in section (4)

6  really -- I mean, I don't think it should make that much of a

7  difference, because if hypothetically he did have lawful

8  authority to be there --

9          THE COURT:  Then he's not knowingly on restricted

10 grounds.

11         MR. PIERCE:  Well, right, but I think that logic also

12 applies to section (1), though.

13         THE COURT:  Ms. Miller?  You think hypothetically if

14 Mr. Thomas had a permit that put him lawfully there, could you

15 convict him because he knew he was on restricted grounds?

16         MS. MILLER:  I think that scenario is a factual

17 impossibility.  There would be no permit for a place that he

18 was -- that was restricted.  They're two factual separate

19 things.

20         THE COURT:  So why does it matter?  What is the

21 government worried about here?

22         MS. MILLER:  I think we conceded, Your Honor, that

23 practically it doesn't make a huge difference.  We're less -- so

24 I did find out the case name with Judge Lamberth.  It was

25 B-i-n-g-e-r-t, Bingert, 21-cr-91.  And there was multiple 1752

1    charges, (a)(1), (a)(2), and (a)(4).

2         I think the knowingly --

3         THE COURT:  So he gave it as to (a)(1), the "knowingly

4    on restricted grounds without lawful authority," and then for

5    the others, he just said "knowingly on restricted grounds"?

6         MS. MILLER:  I don't think the "lawful authority"

7    language came up at all in that case.  The question --

8         THE COURT:  It had to if he was in (1).

9         MS. MILLER:  I think everyone agreed that it is in

10   (a)(1), and there was no litigation around whether the words

11   "lawful authority" should be in the other subsections.

12        The litigation was around whether the term "knowingly"

13   applied to both his actions --

14        THE COURT:  And he said yes?

15        MS. MILLER:  Right, for the purposes of (a)(4).

16        THE COURT:  So he didn't address the lawful authority

17   issue?

18        MS. MILLER:  Correct, Your Honor.  And that is

19   definitely not in our proposed jury instructions in any of our

20   cases, because it's not in the -- in that subsection.

21        THE COURT:  I think it came from Reffitt, which is the

22   first one I had.

23        MS. MILLER:  It may have.

24        THE COURT:  So I don't remember how it got in there.

25   I don't remember whether it was the Court or the defense.  It

 1   clearly wasn't the government.

 2        All right.  So we're in agreement on the assault.  I want

 3   to go back, look at this case.

 4        I've got this detention hearing.  Are we all ready to go on

 5   the detention hearing?

 6             COURTROOM DEPUTY:  We are, Your Honor.

 7             THE COURT:  Okay.  Can you all let me deal with the

 8   detention hearing briefly and then come back and we will bring

 9   the jury in?

10        Do we have another one?  No.  All right.

11        Okay.  So I'm going to take a brief break, come back and

12   handle the detention hearing, and then we will deal with this.

13        (Recess taken from 2:58 p.m. to 4:05 p.m.)

14        (Jury not present.)

15             THE COURT:  All right.  So the second note is an easy

16   one.  I'm inclined to say, "For purposes of Count 10, assault

17   has the same definition as the one given in instruction 20."

18        Everyone agree with that?

19             MR. PIERCE:  Yes, Your Honor.

20             THE COURT:  Ms. Miller?

21             MS. MILLER:  Yes, Your Honor.

22             THE COURT:  All right.  For the harder one, let me

23   just tell you my thinking here.

24        I'm inclined to make three changes to these instructions.

25   First, in instruction 21, this is for Count 8, adding the

1  word "knowingly" to the first element, as we discussed.

2      Hi, Mr. Thomas.  We just started.  So you know, I told

3  counsel that I would give -- I would tell the jury that for

4  purposes of Count 10, assault has the same definition as the one

5  given in instruction 20.

6          THE DEFENDANT:  Yes, Your Honor.

7          THE COURT:  All right.  So for instructions 21 and 23,

8  which were raised in the other note relating to Counts 8 and 10,

9  for instruction 21, the Court would add the word "knowingly" to

10  the first element.

11      Any objections to that that aren't already noted?

12          MS. MILLER:  No, Your Honor.

13          MR. PIERCE:  No, Your Honor.

14          THE COURT:  Okay.  With respect to instruction 23,

15  again, adding the word "knowingly" to the first element.  So it

16  now states, "First, that the defendant knowingly engaged in any

17  acts of physical violence."  And that's the same as the other

18  change to 21.

19      And then I'm modifying the second element to add two

20  things.  I'm adding "lawful" before "authority" and "enter or"

21  before "remain" there.  So it now states, "Second, that the

22  defendant knew the building or grounds was restricted and he

23  knew that he lacked the lawful authority to enter or remain

24  there."

25      So technically, I think I made four changes.  All right?

Okay.

Now, let me explain, especially for the government's benefit, the government has argued here for the first time that 1752(a)(4) does not contain any requirement that the defendant knew he lacked lawful authority to enter or remain on restricted grounds.

I do recognize "without lawful authority" does not appear in (a)(4), only in (a)(3) -- (a)(1), sorry.  But I'm not going to now modify the jury instructions, as the government has requested, for a couple of reasons.

One, let me note that *Flores-Figueroa v. United States*, 556 U.S. 646, the case the Court cited and then the government cited, I don't find particularly instructive on this issue.  In that case, the words "without lawful authority" appeared in the statute, which was -- statutory provision at issue, which was Title 18 United States Code Section 1028A(a)(1).  And in that case, the government reluctantly conceded that the offender must know that he is transferring, possessing, or using something without lawful authority.  And that's at page 648.

So I'm going to read, Ms. Miller -- the relevant portion of that opinion states, "All parties agree that the provision applies only where the offender knows that he is transferring, possessing, or using something, and the government reluctantly conceded that the offender likely must know that he's transferring, possessing, or using that something without lawful

1    authority."

2        So I actually think it undermines your position, given the

3    government's concession there.  But in any event, I at least

4    here will not change the language because, one, it's a last-

5    minute objection, but two and most importantly, the government

6    conceded when asked here that whether the defendant knew he

7    lacked lawful authority is equivalent to whether he knew that

8    the building or grounds was restricted in this case.  I think

9    the words Ms. Miller used were that -- the scenario I described

10   where a defendant would be -- think he had the lawful authority

11   and be on restricted grounds.  You said that was a factual

12   impossibility, that he would then not be on restricted grounds

13   if he thought he had lawful authority.

14       So given that you've kind of equated the two here, I'm

15   concerned when the jury is clearly comparing instructions.  I

16   think the next question is going to be why are these not the

17   same, and I don't think we really have a good answer other than

18   the statute doesn't provide for it.

19       But given your point, Ms. Miller, that this is a factual

20   impossibility here that the defendant would be convicted if the

21   jury found that he thought he had the lawful authority to be

22   there but would find he's not on restricted grounds, the

23   government's position would be those grounds aren't restricted

24   anymore.  So I think it's potentially confusing to the jury.

25       So at least in this case -- I will revisit this in a future

case, but in this case at this hour, I'm not going to change it.
I think the last-minute argument coupled with the concession,
out of an abundance of caution, the Court won't remove the
requirement for Count 10 that the defendant knew he lacked
lawful authority in this case.

So that's my reasoning.  So any reason -- I'm just inclined
to read the question and then tell the jury that, you know,
you've helpfully pointed out some inconsistencies in the two
instructions, and based on your note, your question, and you've
prompted the Court to consider other inconsistencies, and as a
result of the question, the Court has made four changes to the
instructions, and then go through the four changes the Court has
made.

Is that clear?  Do you want me to restate it?

MR. PIERCE:  No.  Understood, Your Honor.  We agree.

THE COURT:  Ms. Miller, I understand you object
generally, but is that clear, if I just explain to the jury that
their inconsistencies have prompted further review of these
instructions and the Court has made four changes to these
instructions to respond?

MS. MILLER:  Yes.

THE COURT:  Okay.  All right.  So let's go ahead and
bring the jury in, and I'm going to -- even if they want to stay
until 5:30, I'm going to release them at 5:15, because I have to
be able to sign something by 6:30 in Bethesda.  So we're going

1    to release them at 5:15 tonight, and they will come back at

2    9:30.  All right?

3        (Pause.)

4        THE COURT:  The jury has decided on 5:00.  So we will

5    release them then.

6        (Jury entered courtroom.)

7        THE COURT:  All right.  Welcome back, ladies and

8    gentlemen.  Thank you for your patience.

9        I'm going to address the two notes that remain outstanding.

10    The first, the shorter one, is at 2:42.  The question is, "Does

11    the word 'assault' in the instructions for Count 10 have the

12    same meaning as the definition of 'assault' in instruction

13    number 20?"

14        And the answer is, for purposes of Count 10, assault has

15    the same definition as the one given in instruction 20.

16        All right.  The other note from today at 11:58 reads:

17        "The second element of Count 8 is that the defendant knew

18    that the building or grounds was restricted and he knew that he

19    lacked the lawful authority to enter or remain there.

20        "The second element of Count 10 is that the defendant knew

21    the building or grounds was restricted and that he lacked the

22    authority to remain there.

23        "Should we ascribe any significance to the fact that

24    Count 8 refers to knowledge of lawful authority and Count 10

25    does not?  Both are violations of Title 18 United States Code

1    Section 1752."

2         Ladies and gentlemen, you've helpfully pointed out some

3    inconsistencies in these instructions, which prompted the Court

4    to review them again, and as a result of your question, the

5    Court has made four changes to the instructions in instruction

6    number 21 and number 23. And I will read these for you now, and

7    we will give you new copies of those two instructions so that

8    you don't have to take copious notes.

9         All right. First, in instruction 21, and this is the

10   instruction that applies to Count 8, the Court has added the

11   word "knowingly" to the first element. It now states, "First,

12   the defendant knowingly entered or remained."

13        For instruction 23, this applies to Count 10, the Court has

14   also added a word "knowingly" to the first element. It now

15   states, "First, that the defendant knowingly engaged in any act

16   of physical violence."

17        The Court also modified the second element to add two

18   things. First, the Court added "lawful" before "authority" to

19   address the specific question you asked, and second, the Court

20   added "enter or" before "remain there."

21        The second element now states, "Second, that the defendant

22   knew the building or grounds was restricted and he knew that he

23   lacked the lawful authority to enter or remain there."

24        All right. Again, we will give you copies with the edits.

25        And I understand 5:00 is what you all agreed to. So I will

1    release you at 5:00.  You don't have to come back to court -- or

2    are the parties okay with them being released from the jury

3    room?  All right.

4         Again, ladies and gentlemen, I know you don't need this

5    warning again, but in an abundance of caution, I'm going to

6    remind you not to discuss the case with anyone and not to do any

7    research or listen to any press about this case or anything else

8    until you're back in the jury room tomorrow if you're still

9    deliberating.  All right?

10        Okay, then.  I will excuse you now.

11        (Jury exited courtroom.)

12             THE COURT:  All right.  I'm guessing that's the last

13   we hear from them today.  We do never know.  But they will be

14   back at 9:30.  You all will be available by phone.

15        All right, folks.  So the jury will be back at 9:30, and we

16   will be in touch if there are any additional notes or if there

17   is a verdict.  All right?

18        Thank you.

19        (Proceedings adjourned at 4:19 p.m.)

20

21

22

23

24

25

CERTIFICATE OF OFFICIAL COURT REPORTER


        I, Sara A. Wick, certify that the foregoing is a

correct transcript from the record of proceedings in the

above-entitled matter.



/s/ Sara A. Wick                    August 11, 2023

SIGNATURE OF COURT REPORTER         DATE

## #

**#172** [1] - 1:17

## '

**'act** [2] - 2:19, 17:14
**'assault'** [4] - 18:18, 18:20, 29:11, 29:12
**'government** [2] - 3:10, 17:20
**'infliction** [1] - 17:16
**'threat'** [2] - 2:20, 17:15

## /

**/s** [1] - 32:8

## 1

**1** [5] - 8:16, 12:2, 12:24, 22:5, 22:12
**1)** [1] - 23:8
**10** [21] - 7:2, 7:8, 7:14, 7:21, 8:2, 12:1, 12:3, 13:6, 16:15, 17:10, 18:19, 19:18, 24:16, 25:4, 25:8, 28:4, 29:11, 29:14, 29:20, 29:24, 30:13
**1028A(a)(1)** [4] - 10:15, 15:1, 15:2, 26:16
**11** [1] - 32:8
**11:40** [1] - 18:25
**11:58** [3] - 3:11, 17:19, 29:16
**12** [3] - 2:12, 2:17, 17:13
**12:25** [2] - 2:18, 17:13
**13** [1] - 14:4
**1752** [3] - 7:13, 22:25, 30:1
**1752(a)(3)** [1] - 20:21
**1752(a)(4** [6] - 9:3, 14:11, 15:18, 20:1, 20:14, 26:4
**18** [4] - 10:14, 15:1, 26:16, 29:25

## 2

**2** [6] - 3:18, 3:20, 8:17, 13:16
**20** [5] - 18:20, 24:17, 25:5, 29:13, 29:15
**20001** [1] - 1:22
**2009** [2] - 14:9, 15:3
**202-354-3284** [1] -

**1:23**
**2023** [2] - 1:6, 32:8
**20579** [1] - 1:14
**21** [15] - 7:13, 11:8, 11:16, 12:1, 12:2, 12:8, 12:12, 12:16, 13:22, 24:25, 25:7, 25:9, 25:18, 30:6, 30:9
**21-cr-552** [1] - 1:3
**21-cr-91** [1] - 22:25
**21550** [1] - 1:17
**23** [13] - 7:9, 7:13, 7:20, 8:7, 12:3, 12:13, 12:18, 14:15, 16:15, 25:7, 25:14, 30:6, 30:13
**23rd** [1] - 18:25
**2:17** [1] - 1:6
**2:42** [1] - 29:10
**2:58** [1] - 24:13

## 3

**30** [1] - 1:6
**333** [1] - 1:21
**3:00** [1] - 18:8

## 4

**4** [1] - 22:5
**4704-B** [1] - 1:22
**4:05** [1] - 24:13
**4:19** [1] - 31:19

## 5

**556** [3] - 10:8, 14:9, 26:12
**5:00** [5] - 18:6, 18:9, 29:4, 30:25, 31:1
**5:15** [2] - 28:24, 29:1
**5:30** [3] - 18:6, 18:8, 28:24

## 6

**601** [1] - 1:14
**646** [3] - 10:8, 14:9, 26:12
**648** [1] - 26:19
**6:30** [1] - 28:25

## 8

**8** [16] - 1:9, 6:25, 7:1, 7:22, 8:2, 12:3, 13:6, 13:8, 16:15, 17:10, 19:18, 24:25, 25:8, 29:17, 29:24, 30:10

## 9

**9** [3] - 3:10, 17:20, 17:23
**91367** [1] - 1:18
**9:30** [4] - 18:14, 29:2, 31:14, 31:15

## A

**a)(1** [9] - 6:12, 6:15, 6:17, 6:21, 20:18, 23:1, 23:3, 23:10, 26:8
**a)(1)** [2] - 6:14, 16:1
**a)(2** [1] - 23:1
**a)(3** [1] - 26:8
**a)(3)** [1] - 20:20
**a)(4** [5] - 6:15, 6:20, 14:14, 20:18, 26:8
**a)(4)** [3] - 6:17, 23:1, 23:15
**a.m** [1] - 18:25
**able** [1] - 28:25
**above-entitled** [1] - 32:5
**absence** [1] - 10:23
**absolutely** [1] - 10:2
**abundance** [6] - 11:17, 12:7, 13:2, 13:13, 28:3, 31:5
**accidental** [1] - 8:25
**act** [9] - 2:22, 5:18, 5:21, 8:12, 8:14, 9:4, 9:16, 11:19, 30:15
**actions** [1] - 23:13
**acts** [1] - 25:17
**add** [4] - 8:10, 25:9, 25:19, 30:17
**added** [6] - 6:19, 7:18, 30:10, 30:14, 30:18, 30:20
**adding** [12] - 7:3, 7:4, 7:6, 11:25, 12:25, 13:23, 13:25, 19:23, 19:25, 24:25, 25:15, 25:20
**addition** [1] - 8:18
**additional** [1] - 31:16
**address** [3] - 23:16, 29:9, 30:19
**adjourned** [1] - 31:19
**adverb** [1] - 9:15
**afternoon** [4] - 2:3, 2:6, 2:7, 2:9
**aggravated** [1] - 10:9
**agree** [12] - 2:24, 3:2, 3:4, 4:5, 4:9, 4:14, 5:24, 12:23, 19:6, 24:18, 26:21, 28:15

**agreed** [2] - 23:9, 30:25
**agreement** [2] - 3:5, 24:2
**ahead** [2] - 14:5, 28:22
**aided** [1] - 1:25
**alternative** [1] - 5:1
**AMERICA** [1] - 1:3
**answer** [8] - 16:8, 17:17, 17:21, 18:22, 19:7, 19:15, 27:17, 29:14
**answered** [1] - 17:8
**apologies** [1] - 17:11
**apologize** [1] - 16:11
**appear** [1] - 26:7
**APPEARANCES** [1] - 1:12
**appeared** [1] - 26:14
**applied** [1] - 23:13
**applies** [8] - 5:25, 6:4, 12:2, 22:12, 26:22, 30:10, 30:13
**apply** [8] - 3:12, 4:4, 4:12, 5:1, 17:10, 19:10
**appreciate** [1] - 17:6
**appropriate** [1] - 21:1
**argued** [1] - 26:3
**argument** [5] - 15:14, 28:2
**ascribe** [1] - 29:23
**assault** [6] - 19:4, 19:11, 24:2, 24:16, 25:4, 29:14
**assume** [2] - 5:20, 19:9
**Attorney's** [1] - 1:13
**August** [1] - 32:8
**AUSA** [1] - 1:13
**authority** [48] - 6:14, 6:22, 8:18, 8:23, 9:20, 10:13, 10:23, 11:11, 11:14, 12:13, 12:14, 12:18, 12:19, 13:18, 13:20, 14:8, 15:8, 15:11, 15:14, 15:19, 15:25, 16:4, 19:25, 20:9, 21:3, 21:6, 22:8, 23:4, 23:6, 23:11, 23:16, 25:20, 25:23, 26:5, 26:7, 26:14, 26:19, 27:1, 27:7, 27:10, 27:13, 27:21, 28:5, 29:19, 29:22, 29:24, 30:18, 30:23
**available** [1] - 31:14
**Avenue** [1] - 1:21
**aware** [1] - 10:24

**based** [2] - 5:17, 28:9
**became** [1] - 17:1
**BEFORE** [2] - 1:1, 1:9
**behalf** [2] - 2:4, 2:8
**believes** [1] - 2:22
**belonged** [1] - 10:19
**bench** [1] - 16:6
**benefit** [1] - 26:3
**Bethesda** [1] - 28:25
**between** [2] - 6:17, 10:21
**big** [3] - 8:19, 9:8, 14:23
**bigger** [1] - 9:2
**BINGERT** [1] - 22:25
**Bingert** [1] - 22:25
**bit** [2] - 14:3, 17:10
**bodily** [6] - 2:21, 2:23, 3:1, 3:7, 17:16, 17:18
**break** [2] - 17:6, 24:11
**Brianna** [1] - 2:4
**brief** [1] - 24:11
**briefly** [1] - 24:8
**bring** [7] - 14:3, 14:5, 16:8, 18:2, 18:11, 24:8, 28:23
**broad** [1] - 4:22
**broader** [2] - 19:3, 19:11
**building** [13] - 8:15, 9:6, 10:1, 11:11, 11:13, 13:17, 20:12, 21:5, 25:22, 27:8, 29:18, 29:21, 30:22
**business** [6] - 3:10, 3:17, 4:21, 5:6, 17:20, 17:22
**busy** [1] - 17:5

## C

**California** [1] - 1:18
**Capitol** [1] - 3:21
**Case** [1] - 1:3
**case** [25] - 3:22, 9:19, 10:8, 11:21, 14:7, 14:17, 15:1, 15:3, 15:4, 15:6, 19:21, 20:22, 22:24, 23:7, 24:3, 26:12, 26:14, 26:17, 27:8, 27:25, 28:1, 28:5, 31:6, 31:7
**cases** [1] - 23:20
**catching** [1] - 16:12
**caution** [6] - 11:17, 12:7, 13:2, 13:13,

28:3, 31:5
**certain** [3] - 10:11, 14:22, 20:23
**certainly** [1] - 21:4
**CERTIFICATE** [1] - 32:1
**certify** [1] - 32:3
**chance** [2] - 2:13, 11:3
**change** [9] - 8:15, 8:17, 9:13, 10:25, 11:6, 11:16, 25:18, 27:4, 28:1
**changed** [1] - 7:9
**changes** [6] - 24:24, 25:25, 28:11, 28:12, 28:19, 30:5
**changing** [2] - 9:24, 13:7
**charge** [1] - 20:1
**charges** [1] - 23:1
**check** [1] - 8:11
**circuit** [2] - 9:21, 10:24
**cite** [1] - 10:7
**cited** [3] - 15:1, 26:12, 26:13
**clear** [9] - 6:21, 7:19, 8:1, 9:20, 10:23, 16:13, 21:24, 28:14, 28:17
**clearly** [2] - 24:1, 27:15
**clerk** [1] - 11:8
**closer** [2] - 6:12, 16:16
**closing** [1] - 4:6
**Code** [3] - 10:15, 26:16, 29:25
**COLUMBIA** [1] - 1:1
**commission** [1] - 10:11
**common** [9] - 3:12, 4:12, 5:2, 5:3, 5:8, 5:9, 17:23, 17:24, 17:25
**comparing** [1] - 27:15
**completely** [1] - 21:8
**computer** [1] - 1:25
**computer-aided** [1] - 1:25
**conceded** [4] - 22:22, 26:17, 26:24, 27:6
**conceivable** [1] - 11:22
**concerned** [2] - 9:20, 27:15
**concession** [2] - 27:3, 28:2
**concluded** [1] - 10:19
**confident** [1] - 9:22

**conform** [1] - 13:21
**conforming** [1] - 13:15
**confused** [1] - 7:11
**confusing** [1] - 27:24
**congressional** [1] - 4:1
**consecutive** [1] - 10:10
**consensus** [1] - 18:9
**consider** [1] - 28:10
**Constitution** [1] - 1:21
**contain** [1] - 26:4
**continuing** [1] - 16:9
**convict** [1] - 22:15
**convicted** [2] - 10:11, 27:20
**copies** [2] - 30:7, 30:24
**copious** [1] - 30:8
**copy** [1] - 18:21
**correct** [4] - 7:20, 8:8, 23:18, 32:4
**correction** [1] - 11:24
**counsel** [1] - 25:3
**count** [1] - 4:1
**Count** [40] - 2:12, 2:17, 3:10, 3:18, 3:20, 6:25, 7:1, 7:2, 7:8, 7:14, 7:21, 7:22, 8:2, 12:1, 12:2, 12:3, 12:24, 13:6, 13:8, 13:16, 16:15, 17:13, 17:20, 17:23, 18:19, 19:18, 24:16, 24:25, 25:4, 28:4, 29:11, 29:14, 29:17, 29:20, 29:24, 30:10, 30:13
**Counts** [2] - 17:10, 25:8
**counts** [2] - 7:12, 12:25
**couple** [1] - 26:10
**coupled** [1] - 28:2
**Court** [22] - 1:21, 2:22, 10:19, 11:5, 14:7, 19:4, 20:17, 23:25, 25:9, 26:12, 28:3, 28:10, 28:11, 28:12, 28:19, 30:3, 30:5, 30:10, 30:13, 30:17, 30:18, 30:19
**COURT** [94] - 1:1, 2:6, 2:9, 2:16, 3:3, 3:5, 3:9, 3:21, 4:2, 4:14, 4:19, 5:3, 5:5, 5:12, 5:14, 5:23, 6:2, 6:15, 6:24, 7:3, 7:10, 7:14, 7:19, 7:23, 8:4, 8:7, 8:10, 8:13, 8:22, 9:1,

9:11, 9:14, 10:3, 10:7, 11:5, 12:9, 12:23, 13:3, 13:9, 13:11, 13:15, 13:21, 13:25, 14:14, 14:17, 14:21, 14:23, 15:2, 15:8, 15:24, 16:5, 16:13, 16:19, 17:2, 17:4, 18:1, 18:8, 18:14, 18:17, 19:1, 19:6, 19:13, 19:16, 20:2, 20:11, 20:15, 20:17, 20:22, 20:25, 21:14, 21:20, 22:2, 22:9, 22:13, 22:20, 23:3, 23:8, 23:14, 23:16, 23:21, 23:24, 24:7, 24:15, 24:20, 24:22, 25:7, 25:14, 28:16, 28:22, 29:4, 29:7, 31:12, 32:1, 32:9
**court** [2] - 20:3, 31:1
**Court's** [1] - 3:12
**courtroom** [5] - 14:2, 17:3, 18:16, 29:6, 31:11
**COURTROOM** [2] - 18:13, 24:6
**crimes** [2] - 10:11, 10:12
**criminal** [1] - 10:8
**CRR** [1] - 1:21

# D

**D.C** [3] - 1:5, 1:14, 1:22
**DABNEY** [1] - 1:9
**damage** [2] - 2:20, 17:14
**DATE** [1] - 32:9
**deal** [2] - 24:7, 24:12
**death** [5] - 2:21, 2:23, 3:6, 17:16, 17:18
**decide** [1] - 9:22
**decided** [1] - 29:4
**decision** [1] - 14:11
**decisions** [1] - 4:10
**declined** [1] - 19:4
**defendant** [21] - 2:8, 4:3, 5:18, 10:17, 11:10, 11:12, 13:7, 13:17, 20:12, 25:16, 25:22, 26:4, 27:6, 27:10, 27:20, 28:4, 29:17, 29:20, 30:12, 30:15, 30:21
**DEFENDANT** [1] - 25:6

**Defendant** [2] - 1:7, 1:16
**defending** [1] - 3:21
**defense** [3] - 21:7, 21:20, 23:25
**defined** [1] - 4:12
**definitely** [3] - 5:17, 5:25, 23:19
**definition** [17] - 3:9, 3:20, 4:4, 4:10, 4:12, 4:16, 4:18, 5:6, 17:19, 17:21, 18:20, 19:10, 19:11, 24:17, 25:4, 29:12, 29:15
**delay** [1] - 17:4
**deliberating** [1] - 31:9
**demonstrations** [3] - 21:11, 21:17, 21:25
**DEPUTY** [2] - 18:13, 24:6
**described** [1] - 27:9
**destroy** [2] - 2:20, 17:15
**detention** [4] - 24:4, 24:5, 24:8, 24:12
**dictionary** [1] - 4:12
**difference** [6] - 6:17, 7:1, 14:23, 15:22, 22:7, 22:23
**different** [7] - 4:20, 7:12, 8:2, 8:3, 15:2, 21:8
**diligence** [1] - 17:6
**disagree** [2] - 3:14, 4:3
**disagrees** [1] - 5:20
**discuss** [4] - 2:13, 16:10, 17:9, 31:6
**discussed** [1] - 25:1
**distinction** [1] - 12:12
**distinctions** [1] - 10:21
**DISTRICT** [3] - 1:1, 1:1, 1:10
**done** [1] - 16:20
**down** [1] - 14:14
**draw** [1] - 10:21
**during** [1] - 10:11
**duties** [1] - 4:8

# E

**easy** [1] - 24:15
**edits** [1] - 30:24
**element** [24] - 5:17, 6:1, 6:20, 7:17, 8:13, 11:9, 12:8, 12:16, 12:17, 13:6, 13:16, 15:25, 19:25, 25:1, 25:10, 25:15, 25:19,

29:17, 29:20, 30:11, 30:14, 30:17, 30:21
**end** [1] - 10:22
**engaged** [7] - 5:18, 8:12, 8:14, 11:19, 13:8, 25:16, 30:15
**engages** [4] - 5:21, 9:4, 9:16
**enter** [10] - 11:14, 12:13, 12:18, 13:18, 15:20, 25:23, 26:5, 29:19, 30:20, 30:23
**entered** [5] - 11:10, 13:7, 17:3, 29:6, 30:12
**entitled** [1] - 32:5
**equated** [1] - 27:14
**equivalent** [1] - 27:7
**error** [4] - 6:18, 6:19, 7:23
**especially** [2] - 16:24, 26:2
**ESQ** [1] - 1:16
**essentially** [1] - 3:25
**event** [1] - 27:3
**evidence** [4] - 21:2, 21:4, 21:7, 22:3
**example** [1] - 12:16
**excuse** [2] - 18:2, 31:10
**exist** [1] - 6:20
**exited** [2] - 18:16, 31:11
**explain** [2] - 26:2, 28:17
**explicit** [1] - 21:24
**extent** [2] - 19:19, 20:2
**extremely** [1] - 17:5

# F

**fact** [3] - 10:19, 22:5, 29:23
**factual** [4] - 22:16, 22:18, 27:11, 27:19
**far** [1] - 14:19
**federal** [2] - 4:9, 10:8
**Figueroa** [4] - 10:7, 14:8, 15:3, 26:11
**figure** [1] - 17:1
**figured** [1] - 9:13
**final** [1] - 13:15
**fine** [3] - 8:24, 12:6, 13:10
**finish** [1] - 7:22
**first** [22] - 2:11, 5:16, 5:18, 7:17, 8:10, 8:13, 11:9, 11:10, 13:6, 16:8, 17:12,

23:22, 24:25, 25:1, 25:10, 25:15, 26:3, 29:10, 30:9, 30:11, 30:14, 30:18
**First** [3] - 25:16, 30:11, 30:15
**fits** [1] - 22:2
**flag** [2] - 5:23, 6:13
**flagging** [1] - 11:15
**Floor** [1] - 1:17
**Flores** [4] - 10:7, 14:8, 15:3, 26:11
**Flores-Figueroa** [4] - 10:7, 14:8, 15:3, 26:11
**focused** [2] - 15:11, 15:12
**folks** [1] - 31:15
**following** [2] - 12:4, 12:5
**FOR** [1] - 1:1
**forbid** [1] - 10:9
**foregoing** [1] - 32:3
**forgot** [1] - 19:23
**four** [5] - 25:25, 28:11, 28:12, 28:19, 30:5
**fourth** [3] - 16:10, 17:9, 18:17
**frame** [1] - 9:23
**FRIEDRICH** [1] - 1:9
**function** [3] - 3:22, 3:23, 4:11
**functions** [4] - 3:18, 4:21, 5:7, 17:22
**functions'** [2] - 3:10, 17:20
**future** [1] - 27:25

### G

**generally** [1] - 28:17
**gentlemen** [5] - 17:4, 18:15, 19:8, 29:8, 30:2, 31:4
**given** [10] - 5:20, 6:5, 9:22, 21:3, 24:17, 25:5, 27:2, 27:14, 27:19, 29:15
**government** [17] - 3:17, 3:23, 4:21, 5:6, 10:17, 10:25, 16:20, 17:22, 19:3, 22:21, 24:1, 26:3, 26:9, 26:12, 26:17, 26:23, 27:5
**government's** [6] - 3:25, 6:21, 9:15, 26:2, 27:3, 27:23
**grasp** [1] - 16:21
**grounds** [26] - 8:15,

9:7, 10:1, 11:11, 11:13, 13:17, 20:12, 21:5, 21:12, 21:17, 21:21, 22:1, 22:10, 22:15, 23:4, 23:5, 25:22, 26:6, 27:8, 27:11, 27:12, 27:22, 27:23, 29:18, 29:21, 30:22
**guess** [3] - 11:20, 11:22, 15:6
**guessing** [1] - 31:12

### H

**handle** [1] - 24:12
**harder** [2] - 5:14, 24:22
**harm** [5] - 2:21, 2:23, 3:2, 3:7, 17:18
**harm'** [1] - 17:16
**hear** [1] - 31:13
**hearing** [6] - 16:6, 24:4, 24:5, 24:8, 24:12
**helpful** [2] - 16:19, 19:18
**helpfully** [2] - 28:8, 30:2
**hi** [1] - 25:2
**highly** [2] - 11:23, 13:11
**Hills** [1] - 1:18
**holding** [1] - 16:5
**honestly** [1] - 9:21
**Honor** [46] - 2:3, 2:7, 2:15, 2:25, 3:4, 3:15, 4:9, 4:23, 5:11, 5:13, 5:22, 6:9, 6:19, 8:9, 9:10, 9:12, 10:2, 10:6, 11:4, 12:5, 12:6, 13:5, 14:6, 14:10, 14:25, 15:5, 15:21, 16:11, 16:17, 16:18, 16:24, 18:24, 19:5, 19:9, 19:15, 19:22, 20:24, 22:22, 23:18, 24:6, 24:19, 24:21, 25:6, 25:12, 25:13, 28:15
**Honor's** [1] - 4:5
**HONORABLE** [1] - 1:9
**hope** [1] - 17:5
**Hopkins** [1] - 18:4
**hour** [1] - 28:1
**huge** [1] - 22:23
**hypothetically** [3] - 16:3, 22:7, 22:13

### I

**idea** [1] - 21:20
**identification** [4] - 10:13, 10:18, 15:9, 15:12
**identity** [1] - 10:9
**import** [1] - 20:18
**importantly** [1] - 27:5
**imported** [1] - 9:3
**imposes** [1] - 10:9
**impossibility** [3] - 22:17, 27:12, 27:20
**impossible** [1] - 11:18
**impression** [2] - 3:24, 4:24
**improperly** [1] - 5:16
**inadvertently** [1] - 7:18
**inclination** [1] - 4:5
**inclined** [4] - 11:6, 24:16, 24:24, 28:6
**include** [4] - 2:19, 15:25, 16:23, 17:14
**includes** [1] - 12:8
**inconsistencies** [4] - 28:8, 28:10, 28:18, 30:3
**individuals** [1] - 10:10
**infliction** [4] - 2:21, 2:23, 3:6, 17:18
**injected** [1] - 10:4
**inside** [1] - 15:15
**instruction** [35] - 3:11, 5:15, 6:22, 7:6, 7:8, 7:9, 7:13, 7:20, 8:7, 9:25, 11:8, 11:16, 11:25, 12:1, 12:2, 12:3, 12:8, 13:22, 14:15, 16:15, 16:23, 18:20, 22:2, 24:17, 24:25, 25:5, 25:9, 25:14, 29:12, 29:15, 30:5, 30:9, 30:10, 30:13
**instructions** [21] - 6:6, 7:12, 15:20, 16:15, 16:23, 17:7, 17:10, 18:19, 23:19, 24:24, 25:7, 26:9, 27:15, 28:9, 28:12, 28:19, 28:20, 29:11, 30:3, 30:5, 30:7
**instructive** [1] - 26:13
**interested** [2] - 16:24, 20:2
**interestingly** [1] - 19:1
**interpreting** [4] - 4:10, 14:7, 14:18
**issue** [18] - 8:19, 9:2,

9:8, 9:14, 9:20, 11:9, 14:8, 16:25, 17:1, 19:17, 19:19, 19:20, 20:3, 20:7, 20:21, 23:17, 26:13, 26:15

### J

**JOHN** [1] - 1:16
**John** [2] - 1:16, 2:7
**Jonathan** [1] - 14:2
**JOSEPH** [1] - 1:6
**Judge** [3] - 20:5, 20:11, 22:24
**JUDGE** [1] - 1:10
**judges** [2] - 16:20, 19:19
**JUROR** [2] - 17:25, 18:7
**jurors** [1] - 6:13
**Jury** [6] - 2:2, 17:3, 18:16, 24:14, 29:6, 31:11
**JURY** [1] - 1:9
**jury** [27] - 2:11, 5:7, 6:8, 7:1, 9:25, 11:18, 13:12, 14:3, 14:4, 15:19, 16:5, 16:25, 17:23, 23:19, 24:9, 25:3, 26:9, 27:15, 27:21, 27:24, 28:7, 28:17, 28:23, 29:4, 31:2, 31:8, 31:15

### K

**KENNETH** [1] - 1:6
**kind** [3] - 4:24, 12:11, 27:14
**knowing** [1] - 11:20
**knowingly** [41] - 5:16, 5:18, 5:21, 5:25, 6:3, 7:4, 7:16, 8:10, 8:12, 8:13, 9:3, 9:4, 9:6, 9:16, 10:12, 11:12, 11:25, 12:8, 12:25, 13:7, 13:8, 13:12, 14:19, 15:15, 16:2, 19:23, 20:4, 20:6, 22:9, 23:2, 23:3, 23:5, 23:12, 25:1, 25:9, 25:15, 25:16, 30:11, 30:12, 30:14, 30:15
**knowledge** [1] - 29:24
**knows** [1] - 26:22

### L

**lack** [2] - 12:12, 12:13

**lacked** [12] - 11:14, 12:17, 12:19, 13:18, 13:20, 25:23, 26:5, 27:7, 28:4, 29:19, 29:21, 30:23
**ladies** [5] - 17:4, 18:15, 29:7, 30:2, 31:4
**Lamberth** [3] - 20:5, 20:11, 22:24
**language** [18] - 5:20, 7:1, 8:3, 10:22, 12:8, 12:10, 12:15, 12:21, 13:16, 14:8, 14:12, 15:18, 17:16, 19:2, 19:4, 20:9, 23:7, 27:4
**last** [7] - 18:24, 19:7, 19:15, 20:7, 27:4, 28:2, 31:12
**last-minute** [1] - 28:2
**late** [1] - 9:12
**Law** [1] - 1:16
**law** [2] - 9:19, 11:8
**lawful** [48] - 6:14, 6:22, 6:24, 7:7, 7:14, 8:18, 8:23, 10:13, 11:11, 11:14, 12:13, 12:14, 12:18, 12:19, 13:20, 13:23, 13:25, 14:8, 15:8, 15:11, 15:13, 15:18, 15:25, 16:4, 19:25, 20:9, 21:6, 22:7, 23:4, 23:6, 23:11, 23:16, 25:20, 25:23, 26:5, 26:7, 26:14, 26:19, 26:25, 27:7, 27:10, 27:13, 27:21, 28:5, 29:19, 29:24, 30:18, 30:23
**lawfully** [2] - 22:14
**leaning** [1] - 2:17
**least** [3] - 10:24, 27:3, 27:25
**leave** [1] - 18:5
**left** [1] - 8:25
**less** [1] - 22:23
**light** [2] - 10:23, 19:6
**likely** [1] - 26:24
**listen** [1] - 31:7
**litigation** [2] - 23:10, 23:12
**locations** [1] - 21:12
**logic** [1] - 22:11
**look** [4] - 6:6, 6:12, 16:16, 24:3
**looked** [1] - 14:5
**looking** [2] - 5:15, 6:18

## M

**majority** [1] - 16:22
**manage** [1] - 18:6
**mandatory** [1] - 10:10
**matter** [3] - 11:19, 22:20, 32:5
**mean** [8] - 3:1, 4:17, 11:20, 11:22, 12:21, 21:3, 22:4, 22:6
**meaning** [10] - 2:19, 3:13, 5:3, 5:8, 5:9, 17:13, 17:24, 18:1, 18:19, 29:12
**means** [3] - 10:13, 10:17, 15:12
**mens** [1] - 9:2
**might** [2] - 2:25, 3:19
**MILLER** [57] - 1:13, 2:3, 2:15, 2:25, 3:8, 4:3, 5:11, 5:22, 6:9, 6:16, 6:25, 7:8, 7:11, 7:16, 7:21, 7:25, 8:6, 8:9, 8:21, 8:24, 9:9, 9:12, 10:6, 11:3, 12:5, 13:4, 13:10, 13:14, 14:6, 14:16, 14:19, 14:22, 14:24, 15:5, 15:17, 16:11, 16:17, 16:22, 18:23, 19:5, 19:8, 19:22, 20:5, 20:14, 20:16, 20:19, 20:23, 22:16, 22:22, 23:6, 23:9, 23:15, 23:18, 23:23, 24:21, 25:12, 28:21
**Miller** [12] - 2:4, 4:2, 10:3, 13:3, 16:19, 19:17, 22:13, 14:20, 26:20, 27:9, 27:19, 28:16
**minute** [2] - 27:5, 28:2
**mirror** [1] - 12:11
**missing** [2] - 7:15, 7:16
**misspoke** [2] - 3:1, 19:22
**mistaken** [1] - 19:24
**mistakes** [1] - 9:1
**modified** [2] - 8:8, 30:17
**modifies** [5] - 2:23, 3:1, 3:6, 9:4, 17:18
**modify** [5] - 2:21, 8:4, 15:15, 17:15, 26:9
**modifying** [2] - 9:15, 25:19
**moment** [2] - 11:7, 18:10
**morning** [2] - 18:13, 18:14
**most** [1] - 27:5
**MR** [26] - 2:7, 3:4, 3:15, 3:24, 4:17, 4:23, 5:4, 5:13, 5:25, 8:12, 10:2, 12:10, 13:1, 13:20, 13:23, 16:3, 16:18, 19:14, 21:10, 21:16, 21:23, 22:4, 22:11, 24:19, 25:13, 28:15
**MS** [56] - 2:3, 2:15, 2:25, 3:8, 4:3, 5:11, 5:22, 6:9, 6:16, 6:25, 7:8, 7:11, 7:16, 7:21, 7:25, 8:6, 8:9, 8:21, 8:24, 9:9, 9:12, 10:6, 11:3, 12:5, 13:4, 13:10, 13:14, 14:6, 14:16, 14:19, 14:22, 14:24, 15:5, 15:17, 16:11, 16:17, 16:22, 18:23, 19:5, 19:8, 19:22, 20:5, 20:14, 20:16, 20:19, 20:23, 22:16, 22:22, 23:6, 23:9, 23:15, 23:18, 23:23, 24:21, 25:12, 28:21
**multiple** [2] - 8:8, 22:25
**must** [2] - 26:17, 26:24

## N

**name** [1] - 22:24
**need** [7] - 7:3, 7:4, 8:4, 8:10, 16:6, 18:10, 31:4
**needs** [1] - 8:8
**never** [1] - 31:13
**new** [1] - 30:7
**next** [2] - 3:9, 27:16
**Northwest** [1] - 1:14, 1:21
**note** [11] - 14:7, 15:22, 17:13, 17:19, 18:17, 19:8, 24:15, 25:8, 26:11, 28:9, 29:16
**noted** [1] - 25:11
**notes** [4] - 2:11, 29:9, 30:8, 31:16
**noticed** [2] - 5:15, 6:5
**noting** [1] - 5:12
**Number** [1] - 1:3
**number** [11] - 7:6, 7:9, 7:20, 8:16, 8:17, 11:16, 12:1, 18:20, 29:13, 30:6

## O

**object** [4] - 8:22, 9:24, 11:1, 28:16
**objection** [3] - 5:12, 19:8, 27:5
**objection's** [1] - 11:2
**objections** [2] - 11:4, 25:11
**obviously** [1] - 6:10
**OF** [5] - 1:1, 1:3, 1:9, 32:1, 32:9
**offender** [4] - 10:12, 26:17, 26:22, 26:24
**offense** [1] - 15:25
**Office** [1] - 1:13
**officer** [1] - 4:7
**OFFICIAL** [1] - 32:1
**official** [5] - 3:10, 3:18, 3:20, 3:21, 3:22, 4:4, 4:7, 4:8, 4:11, 4:20, 4:21, 5:7, 17:20, 17:22
**Official** [1] - 1:21
**OMB** [1] - 1:17
**omitted** [2] - 5:16, 8:19
**once** [1] - 14:5
**one** [31] - 2:13, 3:9, 3:15, 3:25, 4:7, 5:14, 6:6, 7:14, 8:4, 8:7, 8:17, 8:25, 11:7, 12:9, 14:22, 15:5, 16:10, 16:25, 18:25, 19:1, 23:22, 24:10, 24:16, 24:17, 24:22, 25:4, 26:11, 27:4, 29:10, 29:15
**opinion** [1] - 26:21
**opposite** [1] - 15:6
**option** [2] - 4:7, 4:8
**ordinary** [6] - 3:13, 5:3, 5:8, 5:9, 17:24, 18:1
**original** [1] - 11:4
**ought** [1] - 11:24
**outstanding** [1] - 29:9
**oversight** [1] - 6:10
**OWEN** [1] - 1:6
**Oxnard** [1] - 1:17

## P

**P.C** [1] - 1:16
**p.m** [5] - 1:6, 2:18, 24:13, 31:19
**page** [1] - 26:19
**panel** [1] - 9:22
**paralegal** [1] - 2:5
**parallel** [1] - 12:21
**part** [3] - 6:14, 12:16, 21:14
**particularly** [1] - 26:13
**parties** [4] - 2:13, 2:24, 26:21, 31:2
**party** [1] - 5:20
**patience** [2] - 17:6, 29:8
**Pause** [1] - 29:3
**performing** [1] - 4:8
**perhaps** [1] - 11:21
**period** [1] - 20:13
**permission** [2] - 21:6, 21:22
**permit** [3] - 21:3, 22:14, 22:17
**permitted** [3] - 21:11, 21:17, 21:25
**person** [5] - 8:14, 9:5, 10:14, 10:19, 15:9
**personal** [2] - 2:20, 17:15
**persons** [1] - 9:5
**phone** [1] - 31:14
**phrase** [9] - 3:6, 5:6, 5:8, 10:22, 15:13, 17:18, 17:22, 17:24, 22:5
**phraseology** [1] - 3:17
**phrases** [4] - 9:17, 15:16, 19:24, 20:6
**physical** [11] - 2:19, 2:22, 5:19, 5:21, 8:14, 9:5, 9:16, 11:19, 17:14, 25:17, 30:16
**PIERCE** [27] - 1:16, 2:7, 3:4, 3:15, 3:24, 4:17, 4:23, 5:4, 5:13, 5:25, 8:12, 10:2, 12:10, 13:1, 13:20, 13:23, 16:3, 16:18, 19:14, 21:10, 21:16, 21:23, 22:4, 22:11, 24:19, 25:13, 28:15
**pierce** [9] - 2:9, 4:14, 5:12, 5:24, 9:24, 12:24, 15:24, 19:13, 20:25
**Pierce** [2] - 1:16, 2:7
**pierce's** [1] - 13:15
**place** [1] - 22:17
**Plaintiff** [1] - 1:4
**point** [9] - 4:23, 9:15, 10:3, 10:6, 11:6, 13:15, 15:10, 15:17, 27:19
**pointed** [2] - 28:8, 30:2
**pointing** [2] - 4:19, 11:8
**points** [1] - 21:18
**portion** [2] - 15:11, 26:20
**position** [3] - 6:21, 27:2, 27:23
**possessed** [1] - 10:18
**possesses** [1] - 10:12
**possessing** [3] - 26:18, 26:23, 26:25
**possibly** [2] - 18:3, 18:11
**posterity** [1] - 14:6
**potentially** [1] - 27:24
**practical** [1] - 11:18
**practically** [2] - 15:21, 22:23
**precisely** [1] - 3:17
**preparatory** [1] - 19:24
**prepositional** [4] - 9:17, 10:22, 15:13, 15:15
**present** [2] - 2:2, 24:14
**presenting** [1] - 21:7
**preserved** [1] - 11:2
**press** [1] - 31:7
**print** [4] - 7:5, 14:1, 14:2, 14:3
**prison** [1] - 10:10
**problem** [1] - 14:11
**proceeding** [5] - 3:18, 3:20, 4:4, 4:7, 4:20
**Proceedings** [2] - 1:24, 31:19
**proceedings** [2] - 4:1, 32:4
**produced** [1] - 1:25
**prompted** [3] - 28:10, 28:18, 30:3
**properly** [2] - 6:13, 6:22
**property** [3] - 2:20, 8:15, 17:15
**proposed** [1] - 23:19
**provide** [1] - 27:18
**provision** [3] - 21:8, 26:15, 26:21
**prudent** [1] - 13:13
**pull** [1] - 14:24
**pulled** [1] - 18:23
**purposes** [6] - 12:22, 14:11, 23:15, 24:16, 25:4, 29:14
**pushed** [1] - 11:21
**put** [2] - 15:19, 22:14

## Q

**quarter** [1] - 18:8
**questions** [2] - 16:9, 17:7
**quickly** [2] - 7:22, 20:24
**quite** [1] - 4:22
**quoting** [1] - 15:3

## R

**raise** [2] - 6:11, 8:17
**raised** [6] - 6:8, 9:9, 9:11, 19:20, 19:21, 25:8
**raising** [1] - 16:24
**rea** [1] - 9:2
**read** [5] - 5:18, 14:19, 26:20, 28:7, 30:6
**reading** [2] - 14:12, 15:6
**reads** [1] - 29:16
**ready** [1] - 24:4
**real** [2] - 2:20, 17:15
**really** [7] - 3:16, 12:11, 12:12, 15:14, 21:8, 22:6, 27:17
**reason** [1] - 28:6
**reasoning** [1] - 28:6
**reasons** [2] - 11:6, 26:10
**received** [1] - 18:25
**recent** [1] - 16:25
**recently** [2] - 19:21, 20:5
**Recess** [1] - 24:13
**recognize** [2] - 6:17, 26:7
**recognized** [1] - 6:19
**recollection** [1] - 19:3
**record** [4] - 10:14, 14:10, 15:23, 32:4
**recorded** [1] - 1:24
**refer** [1] - 3:19
**referenced** [1] - 14:25
**referring** [1] - 3:25
**refers** [1] - 29:24
**Reffitt** [1] - 23:21
**relates** [1] - 12:12
**relating** [1] - 25:8
**release** [4] - 28:24, 29:1, 29:5, 31:1
**released** [1] - 31:2
**relevant** [2] - 4:15, 26:20
**reluctant** [1] - 10:25
**reluctantly** [2] - 26:17, 26:23
**remain** [14] - 11:14,

12:13, 12:14, 12:18, 12:20, 13:19, 25:21, 25:23, 26:5, 29:9, 29:19, 29:22, 30:20, 30:23
**remained** [3] - 11:10, 13:7, 30:12
**remember** [2] - 23:24, 23:25
**remind** [1] - 31:6
**reminding** [1] - 18:4
**remove** [1] - 28:3
**REPORTER** [2] - 32:1, 32:9
**Reporter** [1] - 1:21
**requested** [2] - 19:11, 26:10
**require** [2] - 9:25, 10:5
**required** [1] - 20:6
**requirement** [2] - 26:4, 28:4
**requires** [1] - 10:16
**research** [2] - 9:21, 31:7
**resolved** [1] - 20:3
**respect** [9] - 2:17, 12:24, 17:12, 19:17, 19:19, 19:23, 19:24, 20:9, 25:14
**respond** [1] - 28:20
**restate** [1] - 28:14
**restricted** [24] - 8:15, 9:6, 10:11, 11:10, 11:13, 13:18, 20:12, 21:5, 21:21, 22:9, 22:15, 22:18, 23:4, 23:5, 25:22, 26:5, 27:8, 27:11, 27:12, 27:22, 27:23, 29:18, 29:21, 30:22
**result** [2] - 28:11, 30:4
**rethinking** [1] - 11:15
**review** [2] - 28:18, 30:4
**revisit** [1] - 27:25
**room** [3] - 14:4, 31:3, 31:8
**Room** [1] - 1:22
**RPR** [1] - 1:21
**Rummens** [1] - 2:5
**run** [1] - 20:7

## S

**SAMANTHA** [1] - 1:13
**Samantha** [1] - 2:3
**Sara** [2] - 32:3, 32:8
**SARA** [1] - 1:21
**scenario** [2] - 22:16, 27:9

**schedule** [1] - 18:6
**second** [16] - 7:17, 12:7, 12:16, 12:17, 15:24, 17:19, 19:25, 24:15, 25:19, 29:17, 29:20, 30:17, 30:19, 30:21
**Second** [2] - 11:12, 20:11, 25:21
**Section** [3] - 10:15, 26:16, 30:1
**section** [3] - 22:5, 22:12
**see** [5] - 9:15, 9:18, 15:14, 21:21
**seeing** [1] - 4:17
**send** [1] - 16:9
**sense** [3] - 3:19, 6:5, 13:1
**separate** [1] - 22:18
**share** [1] - 2:16
**short** [1] - 9:23
**shorter** [1] - 29:10
**shorthand** [1] - 1:24
**show** [1] - 10:17
**side** [1] - 6:7
**sides** [2] - 3:5, 9:19
**sign** [1] - 28:25
**SIGNATURE** [1] - 32:9
**significance** [1] - 29:23
**signs** [1] - 21:21
**similar** [3] - 18:24, 20:20
**slide** [1] - 4:6
**slow** [1] - 14:14
**soon** [2] - 18:2, 18:11
**sooner** [1] - 16:12
**sorry** [9] - 2:25, 3:3, 6:9, 11:3, 13:16, 16:10, 17:4, 17:25, 26:8
**sort** [1] - 4:5
**specific** [1] - 30:19
**spot** [1] - 15:21
**start** [1] - 2:11
**started** [1] - 25:2
**state** [1] - 4:10
**STATES** [3] - 1:1, 1:3, 1:10
**states** [6] - 25:16, 25:21, 26:21, 30:11, 30:15, 30:21
**States** [7] - 1:13, 1:13, 2:4, 10:14, 26:11, 26:16, 29:25
**statute** [17] - 4:19, 5:17, 5:21, 6:23, 10:4, 10:9, 10:16, 14:12, 14:20, 14:21,

14:25, 15:2, 19:2, 19:12, 21:9, 26:15, 27:18
**statutory** [7] - 4:15, 4:18, 5:6, 10:22, 17:21, 26:15
**stay** [1] - 28:23
**staying** [1] - 18:5
**stays** [1] - 8:23
**stenotype** [1] - 1:24
**still** [1] - 31:8
**Street** [2] - 1:14, 1:17
**strong** [1] - 15:14
**style** [1] - 13:21
**subsection** [3] - 14:13, 20:20, 23:20
**subsections** [1] - 23:11
**substantive** [1] - 9:8
**sufficient** [1] - 16:1
**suggested** [1] - 10:25
**supports** [1] - 15:10
**Supreme** [1] - 14:7

## T

**technically** [1] - 25:25
**term** [5] - 2:19, 10:10, 17:14, 17:17, 23:12
**terms** [7] - 3:13, 3:17, 5:9, 11:24, 17:23, 17:24, 18:1
**testified** [4] - 21:13, 21:16, 21:18
**testify** [1] - 21:25
**testimony** [1] - 21:10
**testing** [1] - 20:23
**THE** [95] - 1:1, 1:1, 1:9, 2:6, 2:9, 2:16, 3:3, 3:5, 3:9, 3:21, 4:2, 4:14, 4:19, 5:3, 5:5, 5:12, 5:14, 5:23, 6:2, 6:15, 6:24, 7:3, 7:10, 7:14, 7:19, 7:23, 8:4, 8:7, 8:10, 8:13, 8:22, 9:1, 9:11, 9:14, 10:3, 10:7, 11:5, 12:9, 12:23, 13:3, 13:9, 13:11, 13:15, 13:21, 13:25, 14:14, 14:17, 14:21, 14:23, 15:2, 15:8, 15:24, 16:5, 16:13, 16:19, 17:2, 17:4, 18:1, 18:8, 18:14, 18:17, 19:1, 19:6, 19:13, 19:16, 20:2, 20:11, 20:15, 20:17, 20:22, 20:25, 21:14, 21:20, 22:2, 22:9,

22:13, 22:20, 23:3, 23:8, 23:14, 23:16, 23:21, 23:24, 24:7, 24:15, 24:20, 24:22, 25:6, 25:7, 25:14, 28:16, 28:22, 29:4, 29:7, 31:12
**theft** [1] - 10:9
**theory** [2] - 3:25, 4:25
**thinking** [2] - 3:16, 24:23
**Third** [1] - 1:17
**third** [2] - 16:10, 17:9
**Thomas** [7] - 2:8, 2:10, 9:25, 11:21, 21:2, 22:14, 25:2
**THOMAS** [1] - 1:6
**threat** [6] - 2:19, 3:1, 3:6, 17:14, 17:17, 19:2
**three** [3] - 2:11, 7:7, 24:24
**throughout** [1] - 9:3
**Title** [3] - 10:14, 26:16, 29:25
**today** [4] - 18:5, 18:18, 29:16, 31:13
**tomorrow** [3] - 18:13, 18:14, 31:8
**tonight** [1] - 29:1
**totally** [1] - 9:18
**touch** [2] - 7:22, 31:16
**tough** [2] - 9:14, 19:17
**Transcript** [1] - 1:25
**transcript** [1] - 32:4
**TRANSCRIPT** [1] - 1:9
**transcription** [1] - 1:25
**transferred** [1] - 10:18
**transferring** [3] - 26:18, 26:22, 26:25
**transfers** [1] - 10:12
**trial** [1] - 16:25
**TRIAL** [1] - 1:9
**trying** [1] - 17:1
**two** [14] - 7:12, 9:17, 10:10, 16:8, 17:7, 22:18, 25:19, 27:5, 27:14, 28:8, 29:9, 30:7, 30:17
**two-year** [1] - 10:10
**typos** [1] - 6:7

## U

**U.S** [4] - 10:7, 10:8, 14:9, 26:12
**U.S.C** [1] - 15:1
**under** [3] - 3:24, 4:24, 6:12

| | **Y** |
|---|---|
| **undermines** [1] - 27:2 | **year** [1] - 10:10 |
| **understood** [1] - 28:15 | |
| **UNITED** [3] - 1:1, 1:3, 1:10 | |
| **United** [7] - 1:13, 1:13, 2:4, 10:14, 26:11, 26:16, 29:25 | |
| **unlawfully** [1] - 10:18 | |
| **unless** [1] - 7:9 | |
| **unlike** [1] - 15:13 | |
| **unlikely** [2] - 11:23, 13:11 | |
| **up** [4] - 14:24, 16:5, 17:9, 23:7 | |
| **uses** [1] - 10:13 | |

| **V** |
|---|
| **vast** [1] - 16:22 |
| **verb** [1] - 9:16 |
| **verdict** [1] - 31:17 |
| **versus** [1] - 7:1 |
| **view** [2] - 3:12, 12:24 |
| **violations** [1] - 29:25 |
| **violence** [9] - 2:22, 5:19, 5:21, 8:14, 9:5, 9:17, 11:20, 25:17, 30:16 |
| **violence'** [2] - 2:19, 17:14 |
| **VOLUME** [1] - 1:9 |
| **vote** [1] - 4:1 |
| **vs** [1] - 1:5 |

| **W** |
|---|
| **wait** [2] - 14:14, 19:7 |
| **wants** [1] - 12:6 |
| **warning** [1] - 31:5 |
| **Washington** [3] - 1:5, 1:14, 1:22 |
| **ways** [1] - 8:8 |
| **week** [3] - 18:24, 20:8 |
| **welcome** [2] - 2:10, 29:7 |
| **whole** [1] - 8:22 |
| **Wick** [2] - 32:3, 32:8 |
| **WICK** [1] - 1:21 |
| **wiped** [1] - 16:7 |
| **Woodland** [1] - 1:18 |
| **word** [11] - 3:1, 8:18, 8:20, 13:23, 18:18, 25:1, 25:9, 25:15, 29:11, 30:11, 30:14 |
| **words** [4] - 5:7, 23:10, 26:14, 27:9 |
| **worried** [1] - 22:21 |