UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | Criminal Case No. |
| | : | |
| **KENNETH JOSEPH OWEN THOMAS,** | : | 1:21-cr-00552 (CRC) |
| | : | |
| **Defendant** | : | |

MOTION FOR CLARIFICATION REGARDING DEFERMENT OF PAYMENTS OF FINE AND RESTITUTION FROM DEFENDANT'S COMMISSARY ACCOUNT

**Thomas also requests clarification regarding eligibility for programs which can impact his prison term.**

COMES NOW the Defendant, Kenneth Joseph Own Thomas ("Thomas"), by and through undersigned counsel of record, with this motion for clarification regarding payment of defendant's $20,000 fine, and additional restitution, from defendant's prison commissary.

Thomas has self-surrendered to FCI Memphis, where he is serving his nearly-five-year prison sentence. Unfortunately the Bureau of Prisons (BOP) has begun collecting Thomas' $20,000 fine (and apparently restitution as well) directly from Thomas's prison commissary funds. These funds would otherwise be

available for Thomas to purchase necessary personal items such as shampoo and deodorant and to allow Thomas to buy phone time to contact his family.

Thomas and Counsel understood from Thomas' sentencing that the $20,000 fine and restitution would be payable upon Thomas' release. Specifically, the Court seemed to order that these payments would be deferred until Thomas release from incarceration.

The most relevant direction of the Court is, "My concern is just this creates a real mess when people aren't able to make phone calls and the like because the BOP starts taking everything in their account." "But my inclination would be to defer these payments until after he's on supervision. Does the government have any objection?"

Assistant U.S. Attorney Miller responded, "No, Your Honor. I just don't want to not levy an objection if it's contrary to what the law provides, and I just don't know at this time whether the law provides --

THE COURT: I'm going to hold off on this, and I'm going to ask the sides, if you want to file a joint status report giving me your views and your objections or lack of objection, the **Court is inclined to do what it's stated**.

This discussion appears around **page 279** of the sentencing transcript.

The Court asked both Probation officers and government attorneys about imposing a threshold amount in Thomas' inmate commissary account which trigger mandatory payments, and about whether restitution and fines were treated differently in inmate personal commissary accounts.  **"But my inclination would be to defer these payments until after he's on supervision.":**


THE COURT: So to the extent that is going to happen, I'm wondering whether there can be a threshold that the account would reach. I would ask Probation to check on that. What I don't want is -- less than a couple hundred dollars, I don't think it should be interfered with, and I don't see how there's going to be large sums, even from prison work, beyond that.
**But my inclination would be to defer these payments until after he's on supervision.**
Does the government have any objection? That's the easier way to deal with this.
Basically what you're saying when you don't say this is that someone who has money to get deodorant or whatever, that's taken, and it's not like people in prison are getting a lot of money from anywhere. They need to make phone calls to families. I don't know what else they can do with money from prison other than use it in the commissary or use it to make phone calls.
Transcript, **page 279.**

## The Government did not object to deferring Thomas' fine and restitution payments until Thomas' release from prison.

Most importantly, the government did not oppose or object to deferment of restitution and fine payments until release from incarceration.:

THE COURT: Does the government have a different view?
MS. MILLER: No, Your Honor. I just don't want to not
levy an objection if it's contrary to what the law provides, and
I just don't know at this time whether the law provides --
THE COURT: I'm going to hold off on this, and I'm
going to ask the sides, if you want to file a joint status
report giving me your views and your objections or lack of
objection, the Court is inclined to do what it's stated.
If you tell me I don't have the authority to do that, the
Court would be inclined to set a threshold. I can't imagine
that -- I mean, in fact, I know the Court has to have the
authority, because Probation has told the Court in these
situations that I can change the J&C.
So I will let you look into this, but **I can't imagine that the Court doesn't have the authority to say restitution is deferred until he's out of custody. And that's what I would like to do, but I will give you until close of business to file any objection** (edited)
Transcript 279-80, 1:15 pm.

## The Court also ordered that rehabilitation and treatment programs be available for Thomas at his facility.

On page 283 of the Sentencing transcript, the Court also recommended that meaningful mental health, counseling, drug treatment and other rehabilitative services and classes be available for Thomas.:

THE COURT: . . . .can you in your PSR recommend the mental health treatment?

PROBATION OFFICER: We did not, because at the time of the interview there were no --

THE COURT: **Can you modify that? I'm concerned he won't get access to programs when someone reads this PSR.** Certainly, there's been enough evidence before the Court that suggests that he could benefit from that. His behavior alone on January 6 tells the Court he could benefit from mental health treatment.

So I don't know what programs -- I mean, even RDAP. He's not going to qualify for RDAP?

PROBATION OFFICER: I don't know, based on the qualification part --

THE COURT: He doesn't have a firearm.

PROBATION OFFICER: What we can do, Your Honor, is amend the presentence report to include the information that was addressed during the sealed portion of the hearing that the government provided.

THE COURT: But also his statements here. For whatever reason, he didn't say it to you, whether it was to sandbag or what, but the Court can't have the kind of conversation it had with Mr. Thomas and not conclude that there's a legitimate need, given his extensive trauma, to address these issues that are affecting his life in ways that he doesn't like either.

**So I think there's ample bases to have him get the Full Monty in prison, whatever that is, and substance abuse is tied to it.**

PROBATION OFFICER: Yes, Your Honor. And we can amend the report to include statements made today as well as the information.

And just for clarification, Your Honor, I'm sure Your Honor mentioned it, do we have -- will the Court allow the Probation Office to release the presentence report to all appropriate agencies?

THE COURT: Yes. I don't know that I said that, but yes, you may.

## CONCLUSION

Therefore, Thomas prays for a clarification to be communicated or sent to the BOP clarifying that Thomas's fine and restitution should not be taken from Tomas' prison commissary account, and that payments for the fine and restitution

will begin upon Thomas' release from prison.  Additionally, Thomas seeks the Court's clarification to the BOP that Thomas is eligible and recommended for all available rehabilitative, treatment, and educational programs and services.

| | |
|---|---|
| Date: June 13, 2024 | Respectfully Submitted,<br>/s/ John M. Pierce<br>John M. Pierce<br>John Pierce Law, P.C.<br><br>2550 Oxnard Street<br>3rd Floor, PMB #172<br>Woodlands, Hills, CA 91367<br>jpierce@johnpiercelaw.com<br>(213) 279 – 7648<br>Attorney for Defendant |

CERTIFICATE OF SERVICE
I, John M. Pierce, hereby certify that on this day, June 13, 2024, I caused a copy of the foregoing document to be served on all counsel through the Court's CM/ECF case filing system.
/s/ John M. Pierce
John M. Pierce